Case No. _____

# United States Court of Appeals
# for the Federal Circuit

DYNATEMP INTERNATIONAL, INC.; FLUOROFUSION SPECIALTY CHEMICALS, INC.; HAROLD B. KIVLAN, IV; WILLIAM GRESHAM; AND DAVID COUCHOT,

*Plaintiffs-Respondents,*

*v.*

R421A, LLC; RMS OF GEORGIA, LLC, d/b/a CHOICE REFRIGERANTS; KENNETH M. PONDER,

*Defendants-Petitioners.*

*On Petition for Permission to Appeal from the United States District Court for the Eastern District of North Carolina Western Division Case No. 5:20-cv-142-FL Honorable Louise W. Flanagan*

## R421A, LLC, RMS OF GEORGIA, LLC AND KENNETH M. PONDER'S PETITION FOR PERMISSION TO APPEAL PURSUANT TO 28 U.S.C. § 1292(B) WITH SUPPORTING EXHIBITS

JOSEPH W. STALEY
SCOTT P. AMY
ANDREA P. NGUYEN
ANDREW J. WILSON
CYNTHIA J. LEE
PERILLA KNOX & HILDEBRANDT LLP
5871 GLENRIDGE DRIVE
SUITE 350
ATLANTA, GEORGIA 30328
(770) 927-7802
j.staley@pkhip.com
s.amy@pkhip.com
a.nguyen@pkhip.com
a.wilson@pkhip.com
c.lee@pkhip.com

*Counsel for Defendants-Petitioners*

AUGUST 16, 2024

FORM 9. Certificate of Interest

Form 9 (p. 1)
March 2023

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## CERTIFICATE OF INTEREST

**Case Number** _____

**Short Case Caption** _____

**Filing Party/Entity** R421A, LLC; RMS of Georgia, LLC; Kenneth M. Ponder

---

**Instructions:**

1. Complete each section of the form and select none or N/A if appropriate.

2. Please enter only one item per box; attach additional pages as needed, and check the box to indicate such pages are attached.

3. In answering Sections 2 and 3, be specific as to which represented entities the answers apply; lack of specificity may result in non-compliance.

4. Please do not duplicate entries within Section 5.

5. Counsel must file an amended Certificate of Interest within seven days after any information on this form changes.  Fed. Cir. R. 47.4(c).

---

I certify the following information and any attached sheets are accurate and complete to the best of my knowledge.

Date: August 16, 2024          Signature: /s/ Joseph W. Staley

Name: Joseph W. Staley

FORM 9. Certificate of Interest

| 1. Represented Entities. Fed. Cir. R. 47.4(a)(1). | 2. Real Party in Interest. Fed. Cir. R. 47.4(a)(2). | 3. Parent Corporations and Stockholders. Fed. Cir. R. 47.4(a)(3). |
|---|---|---|
| Provide the full names of all entities represented by undersigned counsel in this case. | Provide the full names of all real parties in interest for the entities. Do not list the real parties if they are the same as the entities.<br><br>☑ None/Not Applicable | Provide the full names of all parent corporations for the entities and all publicly held companies that own 10% or more stock in the entities.<br><br>☑ None/Not Applicable |
| R421A, LLC | | |
| RMS of Georgia, LLC d/b/a Choice Refrigerants | | |
| Kenneth M. Ponder | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

☐   Additional pages attached

FORM 9. Certificate of Interest

---

**4. Legal Representatives.** List all law firms, partners, and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this court for the entities. Do not include those who have already entered an appearance in this court. Fed. Cir. R. 47.4(a)(4).

☐  None/Not Applicable          ☐  Additional pages attached

| | | |
|---|---|---|
| Joseph W. Staley<br>Perilla Knox & Hildebrandt LLP | Andrea P. Nguyen<br>Perilla Knox & Hildebrandt LLP | Scott P. Amy<br>Perilla Knox & Hildebrandt LLP |
| Andrew J. Wilson<br>Perilla Knox & Hildebrandt LLP | Cynthia J. Lee<br>Perilla Knox & Hildebrandt LLP | T. Cullen Stafford<br>Wyrick, Robbins, Yates & Ponton, LLP |
| Charles George<br>Wyrick Robbins Yates & Ponton, LLP | Todd Deveau<br>Thomas Horstemeyer, LLP | David S. Wisz<br>Bailey & Dixon, L.L.P. |

---

**5. Related Cases.** Other than the originating case(s) for this case, are there related or prior cases that meet the criteria under Fed. Cir. R. 47.5(a)?

☐  Yes (file separate notice; see below)    ☑  No    ☐  N/A (amicus/movant)

If yes, concurrently file a separate Notice of Related Case Information that complies with Fed. Cir. R. 47.5(b). **Please do not duplicate information.** This separate Notice must only be filed with the first Certificate of Interest or, subsequently, if information changes during the pendency of the appeal. Fed. Cir. R. 47.5(b).

---

**6. Organizational Victims and Bankruptcy Cases**. Provide any information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees). Fed. Cir. R. 47.4(a)(6).

☑  None/Not Applicable          ☐  Additional pages attached

| | | |
|---|---|---|
| | | |
| | | |

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................. ii

INTRODUCTION ............................................................................1

QUESTIONS PRESENTED...............................................................2

STATEMENT OF FACTS ................................................................3

    I.    The Underlying Litigation Arose from Respondent's Intentional Copying of Petitioner's Patented Product.........................3

    II.    Respondents Invoked an Advice of Counsel Defense, Relying on a Heavily Redacted "Opinion" of Counsel ......................................4

    III.    RMS Moved to Compel Production of the Unredacted "Opinion" and Related Materials ...........................................................5

    IV.    The District Court Certified Its Order For Interlocutory Appeal........................................................................................6

ARGUMENT ...................................................................................8

    I.    The District Court's Order Involves Controlling Issues of Law Regarding the Scope of Subject Matter Waiver ...........................9

    II.    District Courts Are Fragmented on These Issues, Showing Substantial Ground for Disagreement.................................................11

    III.    Interlocutory Resolution of These Issues Will Materially Advance Termination of the Underlying Litigation ...........................16

    IV.    Exceptional Circumstances Warrant Exercise of the Court's Discretion to Permit Appeal.................................................19

RELIEF SOUGHT AND CONCLUSION ...........................................20

# TABLE OF AUTHORITIES

**Page(s)**

**Cases:**

*Fort James Corp. v. Solo Cup Co.*,
412 F.3d 1340 (Fed. Cir. 2005)......................................................14

*Genentech, Inc. v. Insmed, Inc.*,
442 F. Supp. 2d 838 (N.D. Cal. 2006) ...........................................13

*Golight, Inc. v. Wal-Mart Stores, Inc.*,
355 F.3d 1327 (Fed. Cir. 2004)......................................................17

*In re Convertible Rowing Exercise Patent Litigation*,
903 F.3d 822 (Fed. Cir. 1990)................................................. 8, 19

*In re EchoStar Commc'ns Corp.*,
448 F.3d 1294 (Fed. Cir. 2006)................................. 12, 13, 14, 20

*Kimberly-Clark Corp. v. Tyco Healthcare Retail Grp.*,
No. 05–C–985, 2007 WL 218721 (E.D. Wis. Jan. 26, 2007).......................15

*Kimberly-Clark Worldwide, Inc. v. First Quality Baby Prods., LLC, et al.*,
407 Fed. Appx. 431 (Fed. Cir. 2011) ................................. 8, 10, 19

*Marriott Int'l. Resorts, L.P. v. U.S.*,
122 Fed. Appx. 490 (Fed. Cir. 2005)........................................8-9, 10, 11, 19

*MLC Intellectual Prop., LLC v. Micron Tech., Inc.*,
794 Fed. Appx. 951 (Fed. Cir. 2020)............................................17

*Mobile Micromedia Sols. LLC v. Nissan N. Am., Inc.*, No.,
5:05CV230, 2007 WL 9724766 (E.D. Tex. Nov. 14, 2007), on
reconsideration in part, No. 5:05-CV-230, 2007 WL 9724765
(E.D. Tex. Dec. 27, 2007)........................................................ 12-13

*Mohawk Indus., Inc. v. Carpenter*,
558 U.S. 100 (2009).....................................................................9

*Pacon Corp. v. Mafcote Indus., Inc.*,
No. 05-C-1099, 2008 WL 11344926 (E.D. Wis. Aug. 29, 2008).................15

*Procter & Gamble Co. v. Team Techs., Inc.*,
No. 1:12-CV-552, 2013 WL 3778740 (S.D. Ohio July 18, 2013).................15

ii

*Research Corp. Techs., Inc. v. Pharmachemie, B.V.*,
  49 Fed. Appx. 298 (Fed. Cir. 2002) ..............................................................20

*Sunoco Partners Mktg. & Terminals L.P. v. U.S. Venture, Inc.*,
  32 F.4th 1161 (Fed. Cir. 2022)..................................................... 13-14, 17, 20

*The Heil Co. v. McNeilus Truck & Mfg., Inc.*,
  230 F.3d 1381 (Fed. Cir. 2000) ....................................................................19

*Tyco Healthcare Grp. LP v. E–Z–EM, Inc.*,
  No. 2:07–CV–262 (TJW), 2010 WL 2079920
  (E.D. Tex., May 24, 2010) .............................................................................15

*Waldemar Link, GmbH & Co. v. Osteonics Corp.*,
  14 F.3d 612 (Fed. Cir. 1993) .........................................................................18

*XYZ Corp. v. U.S.*,
  348 F.3d 16 (1st Cir. 2003) ............................................................................14

*Zen Design Grp., Ltd. v. Scholastic, Inc.*,
  No. 16-12936, 2019 WL 4891206 (E.D. Mich. Mar. 26, 2019)....................12

**Statutes & Other Authorities:**

28 U.S.C. § 1292(b) ........................................................ 8, 9, 10, 16, 18, 19

28 U.S.C. § 1292(c)(1)...............................................................................8

35 U.S.C. § 285 .......................................................................................17

16 Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure*
  § 3929 (3d ed. 2024) .....................................................................................16

## <u>INTRODUCTION</u>

This petition requests permission to obtain the Court's formal guidance on important questions regarding the scope of the waiver that follows an alleged infringer's invocation of an advice of counsel defense to an allegation of willful patent infringement. In *Echostar*, this Court unambiguously established that once an alleged infringer asserts an advice-of-counsel defense to a charge of willful infringement, "it waives its immunity for any document or opinion that embodies or discusses a communication to or from [the alleged infringer] concerning whether that patent is valid, enforceable, and infringed." Nonetheless, district courts across the country have splintered in interpreting this standard.

As noted by the district court, this "wide fragmentation" has occurred in the "absence of further guidance from the Federal Circuit" in the nearly twenty years since it last addressed these issues. Many district courts have found that, as written in *Echostar*, relying on an advice of counsel defense waives immunity for any document concerning whether the patent-at-issue is valid, enforceable, and/or infringed, while others have greatly narrowed the associated waiver in various ways. These divergent readings of *Echostar* by district courts have created unpredictability and disparate results for litigants across the country.

In fact, the district court here has adopted perhaps the narrowest interpretation of the *Echostar* standard yet and has permitted Respondents to heavily redact the

very opinion of counsel that they seek to rely upon, disclosing only cherry-picked portions of the same. This result allows Respondents to use the attorney-client privilege as both a sword and shield – it prevents RMS from exploring both the competence of the opinion as a whole and Respondents' fully-informed state of mind regarding their willful infringement, even as Respondents may simultaneously offer favorable portions of the opinion at trial to defend against willfulness.

While resolution of the questions presented here have broad national significance, resolution of these questions is equally important for materially advancing efficient termination of the underlying litigation. The district court correctly notes that "[w]illful infringement is a, if not the, central issue in discovery in this case, and it carries heavy influence upon the parties' legal positions and settlement prospects." Resolution of these questions now, before fact and expert discovery are complete, would prevent the parties from completely re-doing discovery in the event the district court's ruling on these issues is reversed following a trial. For at least these reasons, and as further explained in detail below, RMS seeks permission to appeal.

## QUESTIONS PRESENTED

The underlying certified order presents the following questions:

1. Does reliance on advice of counsel as a defense to allegations of willful infringement waive attorney-client privilege and work product immunities

as to the entire document in which that advice is contained?

2.  Does reliance on advice of counsel as a defense to allegations of willful infringement, where the advice relied upon is about invalidity of a patent, waive attorney-client privilege and work product immunities as to opinions about infringement and enforceability of that same patent?

3.  When an accused infringer defends against a charge of willful infringement by relying on an opinion of counsel rendered by attorneys who also serve as trial counsel, does the resulting waiver encompass communications involving the accused infringer and its trial counsel?

## STATEMENT OF FACTS

**I.  The Underlying Litigation Arose from Respondent's Intentional Copying of Petitioner's Patented Product.**

Petitioners R421A, LLC and RMS of Georgia, LLC (collectively, "RMS"), are leaders in the refrigerant industry. Appx199. In anticipation of new environmental regulations requiring more ozone-friendly refrigerants, RMS invested significant resources to develop a novel blend of refrigerant gases to meet these requirements. *Id*. This blend is marketed and sold under the name Choice® R-421A. *Id*. RMS also obtained patent protection for its novel refrigerant blends, including U.S. Patent Nos. 9,982,179; 8,197,706; and 10,703,949 (collectively, the "Asserted Patents"). *Id*.

Beginning around 2012, Respondent Dynatemp partnered with RMS to

distribute RMS's Choice® R421A refrigerant. Appx204. This continued until October 2019, when instead of continuing the agreed-upon arrangement, Dynatemp unilaterally decided to produce its own competing refrigerant. Appx204-05. Before doing so, Dynatemp demanded that RMS license its patents on R421A to Dynatemp. *Id.* RMS declined. *Id.* Nevertheless, Dynatemp began marketing its own product as a replacement for, and in direct competition with, Choice® R421A. *Id.*

In 2020, RMS filed the underlying suit against Dynatemp and related parties, alleging willful infringement of the Asserted Patents.[1] Appx018. RMS alleges that Plaintiffs knew that their competing product would infringe the Asserted Patents, yet chose to go to market anyway – thus, deliberately and intentionally infringing RMS's patents. Appx171, Appx173, Appx181-85.

## II.    Respondents Invoked an Advice of Counsel Defense, Relying on a Heavily Redacted "Opinion" of Counsel.

Confronted with these allegations and aware that their infringement of the Asserted Patents was both deliberate and intentional, Respondents elected to rely upon an advice of counsel defense. Appx153. Respondents informed RMS of this defense in October 2022 and postponed the scheduled depositions of their witnesses pending production of materials related to their advice of counsel defense. *Id.*

Respondents eventually produced a heavily redacted document which they

---

[1] On October 23, 2020, the patent infringement action was consolidated with another pending action. Appx018.

claim to be an invalidity opinion upon which they intend to rely. Appx112-36. The undated and unsigned "opinion" letter is entitled "R421A Preliminary Patent Invalidity Analysis," and the executive summary describes the document only as a "preliminary patent invalidity analysis." Appx117. The letter includes sections entitled "Review of the '179 Patent," "Review of the '706 Patent," and "Preliminary Invalidity Analysis," respectively. Appx117-22. Yet despite that this document appears to be strictly an invalidity analysis, Respondents redacted portions throughout, including tiger stripes of redactions obscuring portions of the executive summary, as well as portions of the patent background sections. *Id.*

In addition to heavily redacting the invalidity letter, Respondents either completely withheld or redacted significant volumes of information related to the letter and its subject matter, including attorney-client communications from the entire infringement period and communications between and among opinion counsel, trial counsel, and Respondents. Appx088, Appx094. Although RMS sought the full letter and related materials, Respondents refused. Appx088.

### III.    RMS Moved to Compel Production of the Unredacted "Opinion" and Related Materials.

On November 13, 2023, after months of attempting to resolve this dispute without judicial intervention, RMS moved to compel production of the unredacted invalidity opinion, as well as materials within the scope of the subject matter waiver. Appx088; Appx137-151. Respondents defended their redactions with vague

declarations that the letter at issue "includes an invalidity opinion as well as redacted privileged information unrelated to invalidity," and contains "redacted advice on other subject matter upon which Dynatemp does not rely to support its advice-of-counsel defense." Appx103, Appx099-100. Respondents seemed to take issue with the fact that "RMS seeks privileged information upon which Dynatemp will not rely in their advice-of-counsel defense." Appx100.

On April 24, 2024, the district court denied RMS's Motion to Compel in its entirety. Appx088-096 (the "Waiver Order"). Without the benefit of an *in camera* review, the district court concluded that "the opinion at issue also discusses infringement issues behind plaintiffs' redactions." Appx089. The district court further determined that resolution of RMS's Motion to Compel turned on a legal issue that has caused "a split among district courts," and looked to the district courts of the Fourth Circuit for guidance. Appx091. After examining those cases, the court declined to order production of the full invalidity letter or any other related materials, holding that "other issues in the opinion simply are not relevant to [Respondents' advice of counsel] defense." Appx092. After issuance of the district court's Waiver Order, Respondents stipulated to infringement under the district court's claim construction. Appx083. RMS timely moved to certify the Waiver Order. Appx074.

### IV.    The District Court Certified Its Order For Interlocutory Appeal.

On August 6, 2024, the district court issued a detailed order (the "Certification

Order"), denying RMS's motion for reconsideration, but granting certification of the Waiver Order for interlocutory appeal. Appx078-87. In the Certification Order, the district court found that the Waiver Order involves controlling issues of law related to the proper scope of subject matter waiver when an accused infringer invokes an advice of counsel defense against a charge of willful infringement. Appx0081-83. The district court also detailed the decades-long split among district courts interpreting the Federal Circuit's guidance on subject matter waiver. Appx083-84. The district court, reflecting upon the significant role of willful infringement in this case and the undeniable impact these issues will have on the parties' ongoing discovery efforts, potential settlement, and trial, also found that immediate resolution of these issues will materially advance the termination of this litigation. Appx084-85. Finally, the district court noted that the Waiver Order presents those "exceptional circumstances" that appellate courts look for when permitting interlocutory appeal. Appx085.

Recognizing that discovery remains open with no date certain for its close, the Certification Order directed the parties to meet and confer regarding the current scheduling order and submit "proposed alterations" to that schedule to "promote efficiencies in discovery and adjudication of this case going forward." Appx086-87, Appx097-98. The parties met and conferred on August 15, 2024, and agreed to hold discovery deadlines in abeyance until after this Court's resolution of the instant

petition (including any resulting appeal). No trial date is set.

## ARGUMENT

This Court retains the ultimate discretion to grant or deny permission to appeal interlocutory orders certified by a trial court. *See In re Convertible Rowing Exercise Patent Litigation*, 903 F.3d 822 (Fed. Cir. 1990); 28 U.S.C. §§ 1292(b), 1292(c)(1). RMS respectfully submits that this Court should exercise its discretion under Section 1292(b) to permit appeal and resolution of legal questions of special consequence that have splintered district courts. The certified interlocutory Waiver Order presents those exceptional circumstances which Section 1292(b) was designed to address. Not only does the Waiver Order involve controlling issues of law upon which district courts are fragmented, but the interlocutory resolution of these issues will also materially advance the termination of the pending litigation in this case. Further, these issues are of special consequence and resolution will provide much needed guidance to future litigants and district courts wrestling with the same issues. Because of the context in which these issues arise, such guidance is unlikely to come other than through an interlocutory appeal.

This would not be the first time that this Court has granted permission to appeal under Section 1292(b) to resolve important issues of privilege. *See, e.g., Kimberly-Clark Worldwide, Inc. v. First Quality Baby Prods., LLC et al.*, 407 Fed. Appx. 431 (Fed. Cir. 2011) (unpublished); *Marriott Int'l. Resorts, L.P. v. U.S.*, 122

Fed. Appx. 490, 492 (Fed. Cir. 2005) (unpublished). Consistent with this Court's

approach, the Supreme Court has noted that Section 1292(b) acts as an important

"safety valve," allowing for interlocutory resolution of privilege disputes of special

consequence. *Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 110–11 (2009).

## I.    The District Court's Order Involves Controlling Issues of Law Regarding the Scope of Subject Matter Waiver.

As recognized by the district court, the Waiver Order involves controlling

issues of law regarding the proper scope of subject matter waiver where an accused

infringer chooses to invoke an advice of counsel defense to allegations of willful

infringement. Appx0078-87, Appx088-096. Specifically, the district court identified

a clear question of law set in the context of indisputable facts: holding that the

Waiver Order "turns on a pure question of law, namely what is the proper standard

for waiver of attorney-client privilege announced in two Federal Circuit cases, not

on how to apply [that] standard to the facts of this case." Appx082.

These questions of pure law will also materially affect the conduct and

outcome of this litigation. As the district court held, "[t]his question of the proper

standard poses a potentially serious impact on this case, as it is crucial for the

determination of Dynatemp's willful infringement defense," and its resolution may

"dramatically alter the merits and potential damages in this suit, and thus the

remainder of discovery, the course of trial, and possible settlement negotiations." *Id.*

The documents subject to the Waiver Order bear directly on Respondents' state of

mind and, thus, on the merits of RMS's claims of willful infringement and Respondents' defense against those claims. In turn, the production or non-production of these documents will impact the conduct of this litigation, including discovery and presentation of issues at trial, as well as the parties' settlement positions.

This Court has previously granted review under Section 1292(b) to resolve special questions relating to privilege, like those presented here. *See Kimberly-Clark Worldwide*, 407 Fed. Appx. 431 (permitting interlocutory appeal of order on a motion to compel patentee to produce documents related to arbitration where patentee alleged the documents were protected under a mediation-type privilege); *see also Marriott Int'l*, 122 Fed. Appx. at 492 (permitting appeal where interlocutory order involved question of executive privilege).

In determining that the Waiver Order involved a controlling issue of law, the district court rejected all of Respondents' objections. First, the district court rejected Respondents' argument that such an issue must be entirely case dispositive. Appx082. Instead, citing this Court's precedent, the district court rightly noted that is sufficient for the issue to "have a serious impact on the conduct of the litigation, practically or legally." *Id.* This Court has previously permitted appeal under Section 1292(b) where the petitioner acknowledged that "disposition of the issue would not dispose of the litigation," but argued that "review of the issue might simplify the litigation or affect other cases with similar important issues." *Marriott Int'l.*, 122

Fed. Appx. at 491. Such is true here.

The district court also rejected Respondents' argument that interlocutory appeal of a privilege question is improper unless the interlocutory order requires *production* of arguably privileged documents (as opposed to an order that declines to do so). Appx082-83. The district court "disagree[d] that only such defensive interlocutory appeals of privilege rulings are permitted," noting that Respondents "present[ed] no authority for th[eir] proposition." *Id.*

Finally, Respondents argued that interlocutory appeal was not warranted because, following the Waiver Order, Respondents stipulated to infringement under the district court's claim construction and thus do not intend to present a non-infringement defense at trial. Appx083. This argument completely misses the important distinction between the defense of non-infringement (at trial and under the district court's claim construction), and the willfulness inquiry (whether Respondents knew of their infringement when they decided to go to market with their competing product). Also, as the district court noted, reversal of the Waiver Order could allow discovery into Respondents' purported good faith belief in non-infringement at various prior times, notwithstanding their current concession of infringement under the district court's claim construction. Appx083.

## II. District Courts Are Fragmented on These Issues, Showing Substantial Ground for Disagreement.

The appropriate scope of waiver when a party invokes an advice of counsel

defense to willful infringement is an issue which has divided district courts for the last two decades. Nearly twenty years ago, this Court announced a standard for the scope of the waiver when a party chooses to defend against a charge of willful infringement with an advice of counsel defense:

> when an alleged infringer asserts its advice-of-counsel defense regarding willful infringement of a particular patent, it waives its immunity for any document or opinion that embodies or discusses a communication to or from it concerning whether that patent is valid, enforceable, and infringed by the accused.

*In re EchoStar Commc'ns Corp.*, 448 F.3d 1294, 1304 (Fed. Cir. 2006). A plain reading of this language mandates that relying on any advice of counsel defense to willful infringement of a particular patent waives immunity for any document concerning whether "that patent is valid, enforceable, and infringed." *Id*. That is, invocation of an advice of counsel defense waives the privilege as to all opinions of counsel on matters impacting liability for infringement of the same patent. While many district courts have concluded the same, others (including the district court here) have limited the waiver in various ways. As one district court remarked in 2019, "[i]nterpreting the 'same subject matter' standard established by *Echostar* has proved difficult, and courts have come to varying conclusions." *Zen Design Grp., Ltd. v. Scholastic, Inc.*, No. 16-12936, 2019 WL 4891206, at *3 (E.D. Mich. Mar. 26, 2019). Other courts have made similar observations that there is no uniform agreement on these questions. Appx083-84. *See Mobile Micromedia Sols. LLC v.*

*Nissan N. Am., Inc.*, No. 5:05CV230, 2007 WL 9724766, at *3 (E.D. Tex. Nov. 14, 2007), on reconsideration in part, No. 5:05-CV-230, 2007 WL 9724765 (E.D. Tex. Dec. 27, 2007) ("Courts applying *EchoStar*'s 'subject matter' waiver have reached different results on the issue of whether waiver of an opinion on one defense (i.e. non-infringement) also triggers a waiver of an opinion of other defenses (i.e. invalidity and unenforceability)"); *Genentech, Inc. v. Insmed Inc.*, 442 F. Supp. 2d 838, 846-48 (N.D. Cal. 2006) (comparing various interpretations of *Echostar*, noting courts "have not arrived at any consistent rulings").

In practice, this fragmentation has led to disparate results for litigants. The Waiver Order is perhaps the narrowest interpretation of the *Echostar* standard to date. The interpretation proposed by Respondents and adopted by the district court allows the accused infringer to rely upon a unilaterally redacted opinion of counsel, revealing only those specific lines of the legal opinion upon which they choose to rely in their defense. Appx088-096. Under this interpretation, the scope of waiver is limited only to what the accused infringer chooses, all without so much as an *in camera* review to determine the nature of the redacted material. *Id.* The patent owner is thus prevented from exploring aspects of the opinion that the accused infringer has chosen to hide, hampering a full inquiry into both the competence of the opinion[2]

---

[2] This Court recently reiterated that an opinion of counsel "must be competent or it is of little value in showing the good faith belief of the infringer." *Sunoco Partners*

and the accused infringer's state of mind as informed by any opinions on liability that the accused infringer has elected to withhold. This approach takes the teeth out of the subject matter waiver, significantly handicapping discovery into the key facts. As this Court explained, "selective waiver of the privilege may lead to the inequitable result that the waiving party could waive its privilege for favorable advice while asserting its privilege on unfavorable advice." *Echostar*, 448 F.3d at 1301 (citing *XYZ Corp. v. U.S.*, 348 F.3d 16, 24 (1st Cir. 2003)). This Court further explained that subject matter waiver was intended to prevent the use of the "attorney-client privilege as both a sword and a shield." *Id.* (citing *XYZ Corp.*, 348 F.3d at 24 and *Fort James Corp. v. Solo Cup Co.*, 412 F.3d 1340, 1349 (Fed. Cir. 2005)). There is no clearer example of invoking privilege as both a sword and a shield than the narrow approach advocated by Respondents and endorsed by the district court: it allows the accused infringer to reveal only those aspects of its state of mind that advance its defense while withholding the rest, keeping the patentee and the factfinder ignorant of the full picture. *Id.* Although the district court's approach here is particularly narrow, it is not the only court to take a limited view of waiver. Appx090-91, Appx083-84. Yet even among those courts, there is no consensus regarding the precise parameters of the waiver. Appx090-91, Appx083-84.

---

*Mktg. & Terminals L.P. v. U.S. Venture, Inc.*, 32 F.4th 1161, 1178 (Fed. Cir. 2022). Consideration of competence necessitates review of the full letter and other advice on liability received by the accused infringer.

On the other hand, district courts adopting a plain language interpretation of *Echostar* have found that "[w]hen a party waives privilege over a patent opinion, that waiver extends to all communications concerning whether that patent is valid, enforceable, and infringed by the accused products." *See, e.g., Procter & Gamble Co. v. Team Techs., Inc.*, No. 1:12-CV-552, 2013 WL 3778740, at *3, n.2 (S.D. Ohio July 18, 2013) (gathering cases in support); *Kimberly-Clark Corp. v. Tyco Healthcare Retail Grp.*, No. 05–C–985, 2007 WL 218721, at *2 (E.D. Wis. Jan. 26, 2007) ("The subject matter of the communications is whether Tyco's products infringe on K-C's patents. Tyco's waiver of the attorney-client privilege extends to all communications regarding this subject matter, including whether K-C's patents are valid and enforceable."); *Tyco Healthcare Grp. LP v. E–Z–EM, Inc.*, No. 2:07–CV–262 (TJW), 2010 WL 2079920, at *10 (E.D. Tex., May 24, 2010) ("it is clear that the waiver of attorney client privilege extends to all subjects that are discussed in the opinion letter: prosecution history, claim construction, non-infringement literally or under the doctrine of equivalence, inequitable conduct, anticipation, and obviousness"); *Pacon Corp. v. Mafcote Indus., Inc.*, No. 05-C-1099, 2008 WL 11344926, at *4 (E.D. Wis. Aug. 29, 2008) (where accused infringer relied on a non-infringement opinion, court held that "communications relevant to favorable or unfavorable advice on the underlying issue of liability are relevant to the alleged infringer's state of mind and thus part of the same subject matter").

As demonstrated above and as the district court recounted in both the Waiver Order and the Certification Order, there is "wide fragmentation among district courts nationally on the proper approach for addressing the privilege issue presented," and courts have adopted various approaches "all in the absence of further guidance from the Federal Circuit." Appx083-84, Appx090-092. In finding this second requirement of Section 1292(b) to be met, the district court rejected Respondents' argument that the split among district courts was insufficient to justify interlocutory appeal, explaining that "the degree of disagreement here goes far beyond a mere lack of unanimity; district courts nationwide are fractured on the pertinent standard here some two decades after the last two Federal Circuit opinions to address it." Appx084.

### III. Interlocutory Resolution of These Issues Will Materially Advance Termination of the Underlying Litigation.

As the district court aptly noted, "[w]illful infringement is a, if not the, central issue in discovery in this case, and it carries heavy influence upon the parties' legal positions and settlement prospects." Appx084. The district court, which has been presiding over this case for the last four years, also noted the significant impact an immediate appeal of the Waiver Order would have on the course of the underlying litigation. Appx084; *see* 16 Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 3929 (3d ed. 2024) (Section 1292(b)'s requirement that the district court must first certify an order was "adopted to secure an initial judgment on the desirability of appeal by the trial judge as the person most familiar with the

16

litigation"). Immediate resolution of the issues involved will significantly impact the parties' claims, defenses, and settlement positions, influence the course of this litigation, and obviate the potential for revisiting a significant portion of discovery in the event the district court's decision is ultimately reversed. An immediate appeal will also avoid the potential for duplication of a host of pretrial matters as well as trial. Appx084.

The issue at hand – an advice of counsel defense against charges of willful infringement – is one of great significance and with the real potential to impact the litigation and settlement negotiations between the parties. A finding of willful infringement exposes Respondents to the possibility of enhanced damages. It is also a sufficient basis for finding a case exceptional under 35 U.S.C. § 285, thus opening the door to an award of attorney's fees. *See*, *e.g.*, *Golight, Inc. v. Wal-Mart Stores, Inc.*, 355 F.3d 1327, 1340 (Fed. Cir. 2004). And, of course, a defense based on advice of counsel remains a critical one in defending against a charge of willful infringement. *Sunoco*, 32 F.4th at 1178.

Also, the scope of waiver related to Respondents' good faith belief regarding liability (including communications informing Respondents' state of mind) will necessarily impact the scope of what is presented at trial, which favors permitting an appeal. *MLC Intellectual Prop., LLC v. Micron Tech., Inc.*, 794 Fed. Appx. 951, 952-53 (Fed. Cir. 2020) (unpublished) (permitting appeal, noting that the certified order

significantly impacted the scope of trial); *Waldemar Link, GmbH & Co. v. Osteonics Corp.*, 14 F.3d 612 (Fed. Cir. 1993), *opinion after grant of appeal sub nom Waldemar Link v. Osteonics Corp.*, 32 F.3d 556 (Fed. Cir. 1994) (unpublished) (granting permission to appeal under Section 1292(b) where the subject of the appeal was "intertwined with several issues that may or may not need to be presented at trial").

Respondents have long acknowledged that the scope of the waiver significantly influences the course of discovery. Appx152-158, Appx141. For instance, Respondents postponed their witnesses' depositions pending production of materials related to their advice of counsel defense. Appx152-158. Those depositions, originally contemplated to take place in Fall 2022, remain unscheduled. Appx152-158, Appx141. As the district court found, it would be most efficient to resolve these issues now before the parties complete fact and expert discovery. Appx082-85. Not doing so would raise the possibility of a second trial, and could necessitate a complete re-do of discovery, pretrial matters, and trial. Appx082-85. In finding this third requirement satisfied, the Court rejected Respondents' arguments and noted that although reversal of the Waiver Order might require more discovery, "such increased discovery obligations are certainly less than the extraordinary waste of party and judicial resources that would ensue should remand and retrial become required as a result of an erroneous ruling here." Appx082-83, Appx085.

Unlike cases where litigation has progressed too far for interlocutory appeal

to have a significant impact, discovery here remains open pending resolution of other issues and the parties have agreed to a proposal to keep it open pending resolution of this petition (and any resulting appeal). Appx152-158, Appx141, Appx082-86. Document production is ongoing, with party depositions postponed indefinitely. *Id.* No trial date has been set. Appx087, Appx097-98. Thus, interlocutory resolution would avoid unnecessary waste of judicial and party resources. *See The Heil Co. v. McNeilus Truck & Mfg., Inc.*, 230 F.3d 1381 (Fed. Cir. 2000) (declining to permit appeal because trial was set to begin that month).

## IV.    Exceptional Circumstances Warrant Exercise of the Court's Discretion to Permit Appeal.

RMS appreciates that even if all three statutory requirements under Section 1292(b) are met, the decision to permit appeal of an interlocutory order under Section 1292(b) rests entirely within this Court's discretion. *See In re Convertible*, 903 F.3d at 822. RMS respectfully requests that this Court exercise that discretion to permit appeal under Section 1292(b) to resolve these important issues of privilege. *See Kimberly-Clark Worldwide*, 407 Fed. Appx. 431 (permitting an interlocutory appeal to resolve a novel question of privilege); *Marriott Int'l*, 122 Fed. Appx. at 492 (permitting appeal of an interlocutory order involving executive privilege, "in view of the split among the circuits and within the Court of Federal Claims") .

Permitting appeal would resolve often-encountered yet unsettled questions of privilege waiver, notably the disparate district court interpretations of this Court's

guidance in *EchoStar*. District courts have written at length about the lack of a consistent approach to these central questions concerning the scope of subject matter waiver that arise in the context of an advice of counsel defense. And, as this Court has recently acknowledged, reliance on advice of counsel remains relevant to an accused infringer's state of mind. *Sunoco*, 32 F.4th at 1178. Because of this, the proper interpretation of the *Echostar* standard is an issue encountered by many, if not all, litigants in cases where an accused infringer chooses to rely upon advice of counsel in defense to a charge of willful infringement. These issues are also ones which significantly impact the course of discovery, trial, and settlement in such cases. *See* Appx084-85. Thus, a legal ruling on these issues would have broad applicability to other cases. *See Research Corp. Techs., Inc. v. Pharmachemie, B.V.*, 49 Fed. Appx. 298, 299 (Fed. Cir. 2002) (unpublished) (deeming interlocutory review unwarranted because a legal ruling might not have broad applicability to other cases). All courts and litigants encountering these subject matter waiver issues would benefit from this Court's clarification of these issues.

## **RELIEF SOUGHT AND CONCLUSION**

RMS respectfully requests this Court's permission to appeal the district court's Waiver Order.

Respectfully submitted, this 16th day of August, 2024.

*/s/ Joseph W. Staley*
Joseph W. Staley
Scott P. Amy
Andrea P. Nguyen
Andrew J. Wilson
Cynthia J. Lee
PERILLA KNOX & HILDEBRANDT LLP
5871 Glenridge Dr., Suite 350
Atlanta, GA 30328
Telephone: (770) 927-7802
j.staley@pkhip.com
s.amy@pkhip.com
a.nguyen@pkhip.com
a.wilson@pkhip.com
c.lee@pkhip.com

***Attorneys for Defendants-Appellants R421A LLC, RMS of Georgia LLC, and Kenneth M. Ponder***

**ADDENDUM**

| ADDENDUM PAGES | DOCUMENT |
|---|---|
| Appx001 – Appx077 | Exhibit A - District Court Docket Sheet for Case No. 5:20-cv-00142-FL-RN, as of August 15, 2024 |
| Appx078 – Appx087 | Exhibit B - Docket No. 445: August 6, 2024, Order Granting Certification for Interlocutory Appeal ("Certification Order") |
| Appx088 – Appx096 | Exhibit C - Docket No. 421: April 24, 2024, Order On Motion to Compel Production of Documents and Information Subject to Plaintiffs' Advice of Counsel Waiver ("Waiver Order") |
| Appx097 – Appx098 | Exhibit D - Docket Entry 407: Scheduling Order |
| Appx099 – Appx111 | Exhibit E - Docket Entry 359: Respondents' Opposition to Motion to Compel |
| Appx112 – Appx136 | Exhibit F - Docket Entry 351: Undated Redacted Preliminary Invalidity Analysis (Dedesignated) |
| Appx137 – Appx151 | Exhibit G - Docket Entry 350: RMS's Motion to Compel |
| Appx152 – Appx158 | Exhibit H - Docket Entry 350-1: October 3, 2022 Email from E. Haas to J. Staley |
| Appx159 – Appx195 | Exhibit I - Docket Entry 131: April 22, 2021, Second Amended Complaint |
| Appx196 – Appx208 | Exhibit J - Docket Entry 65-02: October 28, 2020 Declaration of Kenneth Ponder |
| Appx209 – Appx220 | Exhibit K - Docket Entry 29: October 23, 2020, Consolidation Order |

# Exhibit A –

District Court Docket Sheet for
Case No. 5:20-cv-00142-FL-RN,
as of August 15, 2024
(Appx001 – Appx077)

Consolidated,Jury Trial,MEDIATION,USMJ Numbers

**U.S. District Court**
**EASTERN DISTRICT OF NORTH CAROLINA (Western Division)**
**CIVIL DOCKET FOR CASE #: 5:20-cv-00142-FL**

| | |
|---|---|
| Dynatemp International, Inc. et al v. RMS of Georgia, LLC et al | Date Filed: 04/06/2020 |
| Assigned to: District Judge Louise Wood Flanagan | Jury Demand: Both |
| related Case: 5:20-cv-00147-FL | Nature of Suit: 840 Trademark |
| Cause: 28:1331 Fed. Question | Jurisdiction: Federal Question |

**Plaintiff**

**Dynatemp International, Inc.**                represented by   **Allison Mullins**
Mullins Duncan Harrell & Russell/Turning
Point Litigation
300 N. Greene St.
Suite 2000
Greensboro, NC 27401
336-645-3321
Fax: 336-645-3330
Email: amullins@turningpointlit.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Robert J. Morris**
Smith, Anderson, Blount, Dorsett, Mitchell
& Jernigan, LLP
P.O. Box 2611
Wells Fargo Capitol Center
150 Fayetteville St., Suite 2300
Raleigh, NC 27602-2611
919-821-1220
Fax: 821-6800
Email: jmorris@smithlaw.com
*TERMINATED: 09/12/2023*
*LEAD ATTORNEY*

**Stephen McDaniel Russell , Jr.**
Mullins Duncan Harrell & Russell
PLLC/Turning Point Litigati
300 North Greene Street
Suite 2000
Greensboro, NC 27401
336-645-3320
Email: srussell@mullinsduncan.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Emily M. Haas**
Michael Best & Friedrich LLP
4509 Creedmoor Road
Ste 501

Raleigh, NC 27612
984-220-8750
Email: emhaas@michaelbest.com
*ATTORNEY TO BE NOTICED*

**Jon R. Trembath**
Michael Best & Friedrich LLP
675 15th St.
Suite 2000
Denver, CO 80202
720-745-4868
Email: jrtrembath@michaelbest.com
*ATTORNEY TO BE NOTICED*

**Michael Ryan Laing**
Michael Best & Friedrich LLP
790 N Water Street
Suite 2500
Milwaukee, WI 53202
414-271-6560
Fax: 414-277-0656
Email: michael.laing@michaelbest.com
*ATTORNEY TO BE NOTICED*

**Robin Jackson**
Michael Best & Friedrich LLP
675 15th Street
Suite 2000
Denver, CO 80202
720-398-0021
Email: rajackson@michaelbest.com
*ATTORNEY TO BE NOTICED*

**Russell M. Racine**
Cranfill Sumner LLP
2907 Providence Road, Suite 200
Charlotte, NC 28211
704-940-3418
Fax: 704-831-5501
Email: rracine@cshlaw.com
*TERMINATED: 10/21/2022*

**Plaintiff**

**FluoroFusion Specialty Chemicals, Inc.**          represented by **Allison Mullins**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Robert J. Morris**
(See above for address)
*TERMINATED: 09/12/2023*
*LEAD ATTORNEY*

**Stephen McDaniel Russell , Jr.**

(See above to address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Emily M. Haas**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jon R. Trembath**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Michael Ryan Laing**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Robin Jackson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Russell M. Racine**
(See above for address)
*TERMINATED: 10/21/2022*

**Plaintiff**

**Harold B. Kivlan, IV**                    represented by    **Allison Mullins**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Robert J. Morris**
(See above for address)
*TERMINATED: 09/12/2023*
*LEAD ATTORNEY*

**Stephen McDaniel Russell , Jr.**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Emily M. Haas**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jon R. Trembath**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Michael Ryan Laing**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Robin Jackson**
(See above for address)

*ATTORNEY TO BE NOTICED*

**Russell M. Racine**
(See above for address)
*TERMINATED: 10/21/2022*

<u>**Plaintiff**</u>

**William Gresham**                        represented by    **Allison Mullins**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Robert J. Morris**
(See above for address)
*TERMINATED: 09/12/2023*
*LEAD ATTORNEY*

**Stephen McDaniel Russell , Jr.**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Emily M. Haas**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jon R. Trembath**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Michael Ryan Laing**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Robin Jackson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Russell M. Racine**
(See above for address)
*TERMINATED: 10/21/2022*

<u>**Plaintiff**</u>

**David Couchot**                        represented by    **Allison Mullins**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Robert J. Morris**
(See above for address)
*TERMINATED: 09/12/2023*
*LEAD ATTORNEY*

**Stephen McDaniel Russell , Jr.**

(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Emily M. Haas**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jon R. Trembath**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Michael Ryan Laing**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Robin Jackson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Russell M. Racine**
(See above for address)
*TERMINATED: 10/21/2022*

V.

**<u>Defendant</u>**

**RMS of Georgia, LLC**                   represented by   **Charles George**
*a/b/a Choice Refrigerants*                                Wyrick Robbins Yates & Ponton, LLP
                                                           4101 Lake Boone Trail, Suite 300
                                                           Raleigh, NC 27607
                                                           919-781-4000
                                                           Fax: 919-781-4865
                                                           Email: cgeorge@wyrick.com
                                                           *LEAD ATTORNEY*
                                                           *ATTORNEY TO BE NOTICED*

                                                           **David S. Wisz**
                                                           Bailey & Dixon, L.L.P.
                                                           Post Office Box 1351
                                                           434 Fayetteville Street, Suite 2500
                                                           Raleigh, NC 27602-1351
                                                           919-828-0731
                                                           Fax: 919-828-6592
                                                           Email: dwisz@bdixon.com
                                                           *LEAD ATTORNEY*
                                                           *ATTORNEY TO BE NOTICED*

                                                           **T. Cullen Stafford**
                                                           Wyrick, Robbins, Yates & Ponton, LLP
                                                           4101 Lake Boone Trail, Ste. 300
                                                           Raleigh, NC 27607
                                                           919-781-4000

Fax: 919-781-4865
Email: cstafford@wyrick.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Thomas Cullen Stafford**
Wyrick Robbins Yates & Ponton, LLP
4101 Lake Boone Trail, Suite 300
Raleigh, NC 27607
919-781-4000
Fax: 919-781-4865
Email: cstafford@wyrick.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Andrea Pham Nguyen**
Perilla Knox & Hildebrandt LLP
5871 Glenridge Drive
Suite 350
Atlanta, GA 30328
404-852-6565
Fax: 877-389-6779
Email: a.nguyen@pkhip.com
*ATTORNEY TO BE NOTICED*

**Andrew Wilson**
Perilla Knox & Hildebrandt LLP
5871 Glenridge Drive
Suite 350
Atlanta, GA 30328
770-927-7802
Email: a.wilson@pkhip.com
*ATTORNEY TO BE NOTICED*

**Cynthia J. Lee**
Perilla Knox & Hildebrandt LLP
5871 Glenridge Drive
Suite 350
Atlanta, GA 30328
470-890-5697
Fax: 877-389-6779
Email: c.lee@pkhip.com
*ATTORNEY TO BE NOTICED*

**Joseph W. Staley**
Perilla Knox & Hildebrandt LLP
5871 Glenridge Drive
Suite 350
Atlanta, GA 30328
770-927-7802
Fax: 877-389-6779
Email: j.staley@pkhip.com
*ATTORNEY TO BE NOTICED*

**Scott Patrick Amy**
Perilla Knox & Hildebrandt LLP
5871 Glenridge Drive
Suite 350
Atlanta, GA 30328
470-890-0132
Fax: 877-389-6779
Email: s.amy@pkhip.com
*ATTORNEY TO BE NOTICED*

**Todd Deveau**
Thomas Horstemeyer, LLP
3200 Windy Hill Road, SE, Suite 1600 E
Atlanta, GA 30339
770-933-9500
Fax: 770-951-0933
Email: t.deveau@thip.law
*TERMINATED: 08/03/2023*

**Defendant**

**Lenz Sales & Distributing, Inc.**          represented by   **William John Cathcart , Jr.**
Brown Crump Vanore & Tierney, PLLC
801 Oberlin Road
Suite 330
Raleigh, NC 27605
919-890-4469
Fax: 919-835-0915
Email: jcathcart@bcvtlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Andrew A. Vanore , III**
Brown, Crump, Vanore and Tierney, LLP
801 Oberlin Road
Suite 330
Raleigh, NC 27605
919-835-0909
Fax: 919-835-0915
Email: drewvanore@bcvtlaw.com
*TERMINATED: 10/26/2023*

**Noelle Kathleen Demeny**
Brown Crump Vanore & Tierney
805 Oberlin Road
Suite 330
Raleigh, NC 27605
919-890-4471
Fax: 919-890-4471
Email: ndemeny@bcvtlaw.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**R421A, LLC**          represented by   **Andrea Pham Nguyen**
(See above for address)

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Charles George**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**T. Cullen Stafford**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Thomas Cullen Stafford**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Andrew Wilson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Cynthia J. Lee**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Joseph W. Staley**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Scott Patrick Amy**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Todd Deveau**
(See above for address)
*TERMINATED: 08/03/2023*

**Defendant**

**Kenneth M. Ponder**                    represented by **Charles George**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**David S. Wisz**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Thomas Cullen Stafford**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Andrea Pham Nguyen**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Andrew Wilson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Cynthia J. Lee**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Joseph W. Staley**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Scott Patrick Amy**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Todd Deveau**
(See above for address)
*TERMINATED: 08/03/2023*

**Counter Claimant**

**RMS of Georgia, LLC**                 represented by   **Charles George**
*a/b/a Choice Refrigerants*                              (See above for address)
                                                         *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*

**David S. Wisz**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**T. Cullen Stafford**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Andrea Pham Nguyen**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Andrew Wilson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Cynthia J. Lee**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Joseph W. Staley**
(See above for address)

*ATTORNEY TO BE NOTICED*

**Todd Deveau**
(See above for address)
*TERMINATED: 08/03/2023*

V.

**Counter Defendant**

**Dynatemp International, Inc.**                    represented by   **Robert J. Morris**
(See above for address)
*TERMINATED: 09/12/2023*
*LEAD ATTORNEY*

**Emily M. Haas**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jon R. Trembath**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Robin Jackson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Russell M. Racine**
(See above for address)
*TERMINATED: 10/21/2022*

**Counter Claimant**

**RMS of Georgia, LLC**                    represented by   **Charles George**
*a/b/a Choice Refrigerants*                                  (See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**David S. Wisz**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**T. Cullen Stafford**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Andrea Pham Nguyen**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Andrew Wilson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Cynthia J. Lee**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Joseph W. Staley**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Todd Deveau**
(See above for address)
*TERMINATED: 08/03/2023*

V.

**Counter Defendant**

**Dynatemp International, Inc.**             represented by    **Robert J. Morris**
(See above for address)
*TERMINATED: 09/12/2023*
*LEAD ATTORNEY*

**Emily M. Haas**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jon R. Trembath**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Robin Jackson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Russell M. Racine**
(See above for address)
*TERMINATED: 10/21/2022*

**Counter Defendant**

**FluoroFusion Specialty Chemicals, Inc.**    represented by    **Robert J. Morris**
(See above for address)
*TERMINATED: 09/12/2023*
*LEAD ATTORNEY*

**Emily M. Haas**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jon R. Trembath**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Robin Jackson**
(See above for address)

*ATTORNEY TO BE NOTICED*

**Russell M. Racine**
(See above for address)
*TERMINATED: 10/21/2022*

<u>**Counter Claimant**</u>

**Dynatemp International, Inc.**                    represented by    **Robert J. Morris**
(See above for address)
*TERMINATED: 09/12/2023*
*LEAD ATTORNEY*

**Emily M. Haas**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jon R. Trembath**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Robin Jackson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Russell M. Racine**
(See above for address)
*TERMINATED: 10/21/2022*

V.

<u>**Counter Defendant**</u>

**R421A, LLC**                    represented by    **Andrea Pham Nguyen**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Charles George**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**T. Cullen Stafford**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Andrew Wilson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Cynthia J. Lee**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Joseph W. Staley**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Todd Deveau**
(See above for address)
*TERMINATED: 08/03/2023*

**Counter Defendant**

| | | |
|---|---|---|
| **RMS of Georgia, LLC**<br>*a/b/a Choice Refrigerants* | represented by | **Charles George**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

**David S. Wisz**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**T. Cullen Stafford**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Andrea Pham Nguyen**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Andrew Wilson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Cynthia J. Lee**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Joseph W. Staley**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Todd Deveau**
(See above for address)
*TERMINATED: 08/03/2023*

**Counter Claimant**

| | | |
|---|---|---|
| **FluoroFusion Specialty Chemicals, Inc.** | represented by | **Robert J. Morris**<br>(See above for address)<br>*TERMINATED: 09/12/2023*<br>*LEAD ATTORNEY* |

**Emily M. Haas**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jon R. Trembath**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Robin Jackson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Russell M. Racine**
(See above for address)
*TERMINATED: 10/21/2022*

V.

## Counter Defendant

**R421A, LLC**                    represented by    **Andrea Pham Nguyen**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Charles George**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**T. Cullen Stafford**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Andrew Wilson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Cynthia J. Lee**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Joseph W. Staley**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Todd Deveau**
(See above for address)
*TERMINATED: 08/03/2023*

## Counter Defendant

**RMS of Georgia, LLC**            represented by    **Charles George**
*a/b/a Choice Refrigerants*                        (See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**David S. Wisz**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**T. Cullen Stafford**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Andrea Pham Nguyen**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Andrew Wilson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Cynthia J. Lee**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Joseph W. Staley**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Todd Deveau**
(See above for address)
*TERMINATED: 08/03/2023*

| Date Filed | # | Docket Text |
|------------|---|-------------|
| 04/06/2020 | 1 | COMPLAINT against RMS of Georgia, LLC ( Filing fee $ 400 receipt number 0417-5382046.), filed by Dynatemp International, Inc., FluoroFusion Specialty Chemicals, Inc.. (Attachments: # 1 Exhibit "Phasing Out HCFC Refrigerants To Protect The Ozone Layer", # 2 Exhibit Choice Refrigerants Press Release, # 3 Exhibit Dynatemp R-421A Safety Data Sheet, # 4 Exhibit Choice R-421A Safety Data Sheet, # 5 Exhibit "Counterfeit R-421A Refrigerant", # 6 Exhibit "dynatemp" Google Search Results, # 7 Exhibit "fluorofusion" Google Search Results, # 8 Proposed Summons Proposed Summons, # 9 Civil Cover Sheet Civil Cover Sheet) (Morris, Robert) (Entered: 04/06/2020) |
| 04/06/2020 | 2 | Financial Disclosure Statement by Dynatemp International, Inc. (Morris, Robert) (Entered: 04/06/2020) |
| 04/06/2020 | 3 | Financial Disclosure Statement by FluoroFusion Specialty Chemicals, Inc. (Morris, Robert) (Entered: 04/06/2020) |
| 04/06/2020 | 4 | Notice of Appearance filed by Robert J. Morris on behalf of Dynatemp International, Inc., FluoroFusion Specialty Chemicals, Inc.. (Morris, Robert) (Entered: 04/06/2020) |
| 04/07/2020 |  | Notice to Counsel - All Counsel should file a Notice of Appearance pursuant to Local Civil Rule 5.2(a). (Rudd, D.) (Entered: 04/07/2020) |

| 04/07/2020 | 5 | Summons Issued as to RMS of Georgia, LLC. *(\*NOTICE: Counsel shall print the attached summons and serve with other case opening documents in accordance with Fed.R.Civ.P. 4.\*)* (Rudd, D.) (Entered: 04/07/2020) |
|---|---|---|
| 04/21/2020 | | Case Selected for Mediation - A printable list of certified mediators for the Eastern District of North Carolina is available on the court's Website, http://www.nced.uscourts.gov/attorney/mediators.aspx. Please serve this list on all parties. (Collins, S.) (Entered: 04/21/2020) |
| 07/07/2020 | 6 | Notice to Counsel of Failure to Make Service within 90 Days regarding Defendant RMS of Georgia, LLC. (Collins, S.) (Entered: 07/07/2020) |
| 07/21/2020 | 7 | Waiver of Service Returned Executed filed by Dynatemp International, Inc., FluoroFusion Specialty Chemicals, Inc.. RMS of Georgia, LLC waiver sent on 7/6/2020, answer due 9/4/2020. (Morris, Robert) (Entered: 07/21/2020) |
| 07/21/2020 | 8 | RESPONSE by Plaintiffs Dynatemp International, Inc., FluoroFusion Specialty Chemicals, Inc. regarding 6 Notice to Counsel of Failure to Make Service within 120 Days regarding defendant (Morris, Robert) (Entered: 07/21/2020) |
| 08/06/2020 | | **TEXT ORDER regarding 8 response to notice to counsel for failure to make service within 90 days. Upon review of plaintiffs' response, the court finds that plaintiffs demonstrated good cause for the action to continue, where defendants waived service. Signed by District Judge Louise Wood Flanagan on 8/6/2020.** (Collins, S.) (Entered: 08/06/2020) |
| 09/04/2020 | 9 | Notice of Appearance filed by David S. Wisz on behalf of RMS of Georgia, LLC. (Wisz, David) (Entered: 09/04/2020) |
| 09/04/2020 | 10 | **CORRECTED AND REFILED AT 12 ** Financial Disclosure Statement by RMS of Georgia, LLC (Wisz, David) Modified on 9/15/2020 (Collins, S.). (Entered: 09/04/2020) |
| 09/04/2020 | 11 | ANSWER to 1 Complaint,, by RMS of Georgia, LLC. (Wisz, David) (Entered: 09/04/2020) |
| 09/09/2020 | | NOTICE OF DEFICIENCY - Failure to File Correct Financial Disclosure Statement as to RMS of Georgia, LLC regarding 10 Financial Disclosure Statement. Pursuant to 7.1 of the Federal Rules of Civil Procedure and Local Civil Rule 7.3, all parties shall file a financial disclosure statement. A negative statement is required if a party has no disclosures to make. **The disclosure statement must be on a form provided by the clerk.** This form is available at the clerk's office and on the court's website. (Collins, S.) (Entered: 09/09/2020) |
| 09/09/2020 | 12 | Financial Disclosure Statement by RMS of Georgia, LLC (Wisz, David) (Entered: 09/09/2020) |
| 09/09/2020 | 13 | **INITIAL ORDER REGARDING PLANNING AND SCHEDULING - Discovery Plan due by 10/14/20. Counsel should read attached order in its entirety for critical information and deadlines. Signed by District Judge Louise Wood Flanagan on 9/9/2020.** (Collins, S.) (Entered: 09/09/2020) |
| 09/25/2020 | 14 | **CORRECTED AND REFILED AT 19 ** Notice of Special Appearance for non-district by David S. Wisz *on beha,f c,f counsel Todd Deveau* on behalf of RMS of Georgia, LLC. (Wisz, David) Modified on 9/28/2020 to revise docket text. (Collins, S.). Modified on 10/7/2020 (Collins, S.). (Entered: 09/25/2020) |
| 09/25/2020 | 15 | **CORRECTED AND REFILED AT 20 ** Notice of Special Appearance for non-district by David S. Wisz *on beha,f c,f attorney Andrea Bonner* on behalf of RMS of |

| | | |
|---|---|---|
| | | Georgia, LLC. (Wisz, David) Modified on 9/28/2020 to revise docket text. (Collins, S.). Modified on 10/7/2020 (Collins, S.). (Entered: 09/25/2020) |
| 09/25/2020 | 16 | DEFENDANT'S AMENDED ANSWER TO COMPLAINT AND COUNTERCLAIMS against Dynatemp International, Inc., filed by RMS of Georgia, LLC. (Attachments: # 1 Index of Exhibits, # 2 Exhibit A - download and printed copy of a web page dated 5/4/2020 of Johnstone Supply, # 3 Exhibit B - download and printed copy of a more recent web page dated 8/29/2020 of Johnstone Supply, # 4 Exhibit C - download and printed copy of a web page dated 9/1/2020 accessed by clicking on the link All Dynatemp Products on the Johnstone Supply web site, promoting R421A Refrigerant, # 5 Exhibit D - download and printed copy of a web page dated 8/6/2020 of Southern Pipe & Supply, # 6 Exhibit E - Press Release regarding the Dynatemp R421A product, # 7 Exhibit F - Gresham Statement regarding the Dynatemp R421A product, # 8 Exhibit G - true copy of the Safety Data Sheet for the Dynatemp R421A product) (Wisz, David) Modified on 9/28/20 to revise docket text. (Collins, S.) (Entered: 09/25/2020) |
| 09/25/2020 | 17 | **FIRST** AMENDED COMPLAINT against RMS of Georgia, LLC, Lenz Sales & Distributing, Inc., filed by Dynatemp International, Inc., FluoroFusion Specialty Chemicals, Inc.. (Attachments: # 1 Exhibit EPA - Phasing Out HCFC Refrigerants to Protect the Ozone Layer, # 2 Exhibit Choice Refrigerants Press Release 3/27/20, # 3 Exhibit Dynatemp R-421A Safety Data Sheet, # 4 Exhibit Choice R-421A Safety Data Sheet, # 5 Exhibit RefrigerantHQ.com 3/28/20, # 6 Exhibit Google Advertisement, # 7 Exhibit Google Advertisement, # 8 Proposed Summons Proposed Summons - Lenz Sales & Distributing, Inc.) (Morris, Robert) Modified on 9/28/2020 to revise docket text. (Collins, S.). (Entered: 09/25/2020) |
| 09/28/2020 | | NOTICE OF DEFICIENCY regarding 14 Notice of Special Appearance on behalf of counsel Todd Deveau, 15 Notice of Special Appearance on behalf of attorney Andrea Bonner. Pursuant to Section VI.C.2 of the CM/ECF Policies and Procedures Manual, each attorney making an appearance in the case must be a registered CM/ECF filer with this court and must file his or her own Notice of Appearance. (Collins, S.) (Entered: 09/28/2020) |
| 09/28/2020 | 18 | Summons Issued as to Lenz Sales & Distributing, Inc. *(*NOTICE: Counsel shall print the attached summons and serve with other case opening documents in accordance with Fed.R.Civ.P. 4.*)* (Collins, S.) (Entered: 09/28/2020) |
| 09/29/2020 | 19 | Notice of Special Appearance for non-district by Todd Deveau on behalf of RMS of Georgia, LLC. (Deveau, Todd) (Entered: 09/29/2020) |
| 09/29/2020 | 20 | Notice of Special Appearance for non-district by Andrea N. Bonner on behalf of RMS of Georgia, LLC. (Bonner, Andrea) (Entered: 09/29/2020) |
| 10/09/2020 | 21 | ANSWER to 17 Amended Complaint,, by RMS of Georgia, LLC. (Wisz, David) (Entered: 10/09/2020) |
| 10/14/2020 | 22 | Rule 26(f) Report (joint) filed by Dynatemp International, Inc., FluoroFusion Specialty Chemicals, Inc.. (Attachments: # 1 Exhibit Proposed Schedule) (Morris, Robert) (Entered: 10/14/2020) |
| 10/16/2020 | 23 | MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM filed by Dynatemp International, Inc.. (Morris, Robert) (Entered: 10/16/2020) |
| 10/16/2020 | 24 | MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM filed by FluoroFusion Specialty Chemicals, Inc.. (Morris, Robert) (Entered: 10/16/2020) |

| 10/16/2020 | 25 | Memorandum in Support regarding 23 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM , 24 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM filed by Dynatemp International, Inc., FluoroFusion Specialty Chemicals, Inc.. (Morris, Robert) (Entered: 10/16/2020) |
|---|---|---|
| 10/23/2020 | 26 | Notice of Appearance filed by Andrew A. Vanore, III on behalf of Lenz Sales & Distributing, Inc.. (Vanore, Andrew) (Entered: 10/23/2020) |
| 10/23/2020 | 27 | Financial Disclosure Statement by Lenz Sales & Distributing, Inc. (Vanore, Andrew) (Entered: 10/23/2020) |
| 10/23/2020 | 28 | MOTION for Extension of Time to File Answer regarding 17 Amended Complaint,, filed by Lenz Sales & Distributing, Inc.. (Attachments: # 1 Text of Proposed Order) (Vanore, Andrew) (Entered: 10/23/2020) |
| 10/23/2020 | 29 | **ORDER - The court hereby CONSOLIDATES in all respects the above-captioned matters into one case, designating case 142 as the repository for filings in the consolidated case. The clerk is DIRECTED to re-file in case 142 all the filings made previously in case 147 and then to CLOSE administratively the case file in case 147. Thereafter, the parties shall make all filings only in this consolidated case 142. R421A and any opposing patent party shall file a joint claim construction statement pursuant to Local Patent Rule 304.3 by March 26, 2021. All claim construction discovery shall be completed by April 28, 2021. Opening briefs on claim construction shall be filed by May 14, 2021. Responsive briefs shall be filed by June 16, 2021. Signed by District Judge Louise Wood Flanagan on 10/23/2020.** (Collins, S.) (Entered: 10/23/2020) |
| 10/23/2020 | 30 | *DE20 in 147 case entitled Amended Complaint.* (Attachments: # 1 Exhibit A - U.S. Patent No. 9982179, # 2 Exhibit B - U.S. Patent No. 8197706, # 3 Exhibit C - U.S. Patent No. 10703949,, # 4 Exhibit D - Dynatemp R421A Statement, # 5 Exhibit E - Safety Data Sheet,, # 6 Exhibit F - Promotion Information) (Collins, S.) (Entered: 10/23/2020) |
| 10/23/2020 | 31 | *DE2 in 147 case entitled "Notice - Cover Sheet".* (Collins, S.) (Entered: 10/23/2020) |
| 10/23/2020 | 32 | *DE3 from 147 case entitled Notice - Proposed Summons".* (Collins, S.) (Entered: 10/23/2020) |
| 10/23/2020 | 33 | *DE4 in 147 case* - Financial Disclosure Statement by R421A LLC. (Collins, S.) (Entered: 10/23/2020) |
| 10/23/2020 | 34 | *DE5 in 147 case* Notice of Appearance Local 83.1 Counsel filed by Thomas Cullen Stafford on behalf of R421A LLC. (Collins, S.) (Entered: 10/23/2020) |
| 10/23/2020 | 35 | *DE6 in 147 case* Notice of Appearance filed by Charles George on behalf of R421A LLC. (Collins, S.) (Entered: 10/23/2020) |
| 10/23/2020 | 36 | *DE7 in 147 case* PATENT REPORT: Copy of report and complaint forwarded to Mail Stop 8, Director of the U.S. Patent and Trademark Office, P.O. Box 1450 Alexandria, VA 22313-1450 via US Mail on April 9, 2020. (Collins, S.) (Entered: 10/23/2020) |
| 10/23/2020 | 37 | *DE8 in 147 case* Summons Issued as to BMP USA, Inc., David Couchot, Dynatemp International, Inc., FluoroFusion Specialty Chemicals, Inc., William Gresham, IGAS USA, Inc., Harold B Kivlan. (Collins, S.) (Entered: 10/23/2020) |
| 10/23/2020 | 38 | *DE9 in 147 case* **ORDER REASSIGNING CASE. Case reassigned to District Judge Louise Wood Flanagan for all further proceedings. District Judge Richard E. Myers II no longer assigned to case. All future documents shall reflect the** |

| | | |
|---|---|---|
| | | **revised case number of 5:20-cv-147-FL. Signed by Peter A. Moore, Jr., Clerk of Court on 4/13/2020.** (Collins, S.) (Entered: 10/23/2020) |
| 10/23/2020 | [39](#) | *DE10 in 147 case* Notice to Counsel of Failure to Make Service within 90 Days regarding all defendants. (Collins, S.) (Entered: 10/23/2020) |
| 10/23/2020 | [40](#) | *DE11-DE18 in 147 case* Affidavit of Service for Summons and Complaint filed by R421A LLC served on Registered Agent, BMP USA, Inc. on July 7, 2020. (Attachments: # [1](#) DE12 Affidavit of Service for Summons and Complaint filed by R421A LLC served on David Couchot on July 7, 2020, # [2](#)DE13 Affidavit of Service for Summons and Complaint filed by R421A LLC served on Registered Agent, Dynatemp International, Inc. on July 7, 2020, # [3](#) Proof of Service Receipt DE13, # [4](#)DE14 Affidavit of Service for Summons and Complaint filed by R421A LLC served on Registered Agent, FluoroFusion Specialty Chemicals, Inc. on July 7, 2020, # [5](#) Proof of Delivery Receipt DE14, # [6](#)DE15 Affidavit of Service for Summons and Complaint filed by R421A LLC served on Harold B. Kivlan, IV on July 7, 2020., # [7](#) Proof of Delivery Receipt DE15, # [8](#) DE16 Affidavit of Service for Summons and Complaint filed by R421A LLC served on Registered Agent, IGas USA, Inc. on July 7, 2020, # [9](#) Proof of Delivery Receipt DE16, # [10](#) DE17 Affidavit of Service for Summons and Complaint filed by R421A LLC served on William Gresham on July 7, 2020., # [11](#) Proof of Delivery Receipt DE17, # [12](#)DE18 Waiver of Service Returned Executed filed by R421A LLC. David Couchot waiver sent on 7/6/2020, answer due 9/4/2020; Dynatemp International, Inc. waiver sent on 7/6/2020, answer due 9/4/2020; FluoroFusion Specialty Chemicals, Inc. waiver sent on 7/6/2020, answer due 9/4/2020; William Gresham waiver sent on 7/6/2020, answer due 9/4/2020; Harold B Kivlan waiver sent on 7/6/2020, answer due 9/4/2020.) (Collins, S.) (Entered: 10/23/2020) |
| 10/23/2020 | [41](#) | *DE19 in 147 case* RESPONSE by Plaintiff R421A LLC regarding 10 Notice to Counsel of Failure to Make Service within 120 Days regarding defendant. (Attachments: # [1](#) Exhibit A - Affidavits of Service, # [2](#) Exhibit B - Defendants' Waiver of Service of Summons) (Collins, S.) (Entered: 10/23/2020) |
| 10/23/2020 | [42](#) | *DE21 in 147 case* Certificate of Service filed by R421A LLC regarding Notice of Deficiency, 20 Amended Complaint. (Collins, S.) (Entered: 10/23/2020) |
| 10/23/2020 | [43](#) | *DE22 in 147 case* Affirmative Defenses and ANSWER to 1 Complaint, by BMP USA, Inc., IGAS USA, Inc. (Collins, S.) (Entered: 10/23/2020) |
| 10/23/2020 | [44](#) | *DE23 in 147 case* Notice of Special Appearance for non-district by Andrea N. Bonner on behalf of R421A LLC. (Collins, S.) (Entered: 10/23/2020) |
| 10/23/2020 | | *Text Order entered in 147 case* **TEXT ORDER regarding 19 response to notice to counsel for failure to make service within 90 days. Upon review of plaintiff's response, the court finds that plaintiff demonstrated good cause for the action to continue, where plaintiff effected service within the time period required by Federal Rule of Civil Procedure 4(m). Signed by District Judge Louise Wood Flanagan on 8/6/2020.** (Collins, S.) (Entered: 10/23/2020) |
| 10/23/2020 | [45](#) | *DE24 in 147 case* STIPULATION of Dismissal Joint Stipulation of Dismissal without Prejudice against Defendants BMP USA, Inc. and IGas USA, Inc. by R421A LLC. (Collins, S.) (Entered: 10/23/2020) |
| 10/23/2020 | [46](#) | *DE25 in 147 case* Notice of Special Appearance for non-district by Todd Deveau on behalf of R421A LLC. (Collins, S.) (Entered: 10/23/2020) |
| 10/23/2020 | [47](#) | *DE26 to 147 case* ANSWER to DE20 Amended Complaint, COUNTERCLAIM against R421A LLC by Dynatemp International, Inc. (Collins, S.) (Entered: 10/23/2020) |

| 10/23/2020 | 48 | *DE27 to 147 case* Financial Disclosure Statement by Dynatemp International, Inc. (Collins, S.) (Entered: 10/23/2020) |
|---|---|---|
| 10/23/2020 | 49 | *DE28 in 147 case* ANSWER to 20 Amended Complaint, COUNTERCLAIM against R421A LLC by FluoroFusion Specialty Chemicals, Inc. (Collins, S.) (Entered: 10/23/2020) |
| 10/23/2020 | 50 | *DE29 in 147 case* Financial Disclosure Statement by FluoroFusion Specialty Chemicals, Inc. (Collins, S.) (Entered: 10/23/2020) |
| 10/23/2020 | 51 | *DE30 in 147 case* Financial Disclosure Statement by Harold B. Kivlan, IV. (Collins, S.) (Entered: 10/23/2020) |
| 10/23/2020 | 52 | *DE31 in 147 case* ANSWER to 20 Amended Complaint,, by William Gresham. (Collins, S.) (Entered: 10/23/2020) |
| 10/23/2020 | 53 | *DE32 in 147 case* Financial Disclosure Statement by William Gresham. (Collins, S.) (Entered: 10/23/2020) |
| 10/23/2020 | 54 | *DE33 in 147 case* ANSWER to DE20 Amended Complaint by David Couchot. (Collins, S.) (Entered: 10/23/2020) |
| 10/23/2020 | 55 | *DE34 in 147 case* Financial Disclosure Statement by David Couchot. (Collins, S.) (Entered: 10/23/2020) |
| 10/23/2020 | 56 | *DE35 in 147 case* Notice of Appearance filed by Robert J. Morris on behalf of David Couchot, Dynatemp International, Inc., FluoroFusion Specialty Chemicals, Inc., William Gresham, Harold B. Kivlan, IV. (Collins, S.) (Entered: 10/23/2020) |
| 10/23/2020 | 57 | *DE36 in 147 case* ANSWER to DE20 Amended Complaint by Harold B. Kivlan, IV. (Collins, S.) (Entered: 10/23/2020) |
| 10/23/2020 | 58 | *DE37 in 147 case* **INITIAL ORDER REGARDING PLANNING AND SCHEDULING - Discovery Plan due by 10/14/20. Counsel should read attached order in its entirety for critical information and deadlines. Signed by District Judge Louise Wood Flanagan on 9/9/2020.** (Collins, S.) (Entered: 10/23/2020) |
| 10/23/2020 | 59 | *DE38 in 147 case* ANSWER to DE26 Answer to Amended Complaint, Counterclaim by R421A LLC (d/b/a Choice Refrigerants). (Collins, S.) (Entered: 10/23/2020) |
| 10/23/2020 | 60 | *DE39 in 147 case* ANSWER to DE28 Answer to Amended Complaint, Counterclaim by R421A LLC (d/b/a Choice Refrigerants). (Collins, S.) (Entered: 10/23/2020) |
| 10/23/2020 | 61 | *DE40 in 147 case* Rule 26(f) Report (joint) filed by David Couchot, Dynatemp International, Inc., FluoroFusion Specialty Chemicals, Inc., William Gresham, Harold B. Kivlan, IV. (Attachments: # 1 Proposed Schedule (Collins, S.) (Entered: 10/23/2020) |
| 10/28/2020 |  | Motion Referred to Peter A. Moore, Jr., Clerk of Court regarding 28 MOTION for Extension of Time to File Answer regarding 17 Amended Complaint. (Collins, S.) (Entered: 10/28/2020) |
| 10/28/2020 | 62 | **ORDER granting 28 Motion for Extension of Time to Answer regarding 17 Amended Complaint. Lenz Sales & Distributing, Inc. answer due 11/25/2020. Signed by District Judge Louise Wood Flanagan on 10/28/2020.** (Collins, S.) (Entered: 10/28/2020) |
| 10/29/2020 | 63 | *CORRECTED AND REFILED AT 64 65 & MOTION for Preliminary Injunction filed by RMS of Georgia, LLC. (Attachments: # 1 Text of Proposed Order, # 2 Memorandum of Law in Support of Motion for Preliminary Injunction, # 3 Ex. A |

| | | |
|---|---|---|
| | | Declaration of Kenneth Ponder, # 4 Ex. 1 to Ex. A- Award, # 5 Ex. 2 to Ex. A- Claim Chart for '949 Patent, # 6 Ex. 3 to Ex. A- Claim Chart for '706 Patent, # 7 Ex. B- U.S. Patent No. 10,703,949, # 8 Ex. C- U.S. Patent No. 8,197,706, # 9 Ex. D- Kivlan Group Statement R421A is the Easy R22 Replacement, # 10 Ex. E- Dynatemp Late Summer Refrigerant Industry Update, # 11 Ex. F- HVAC Refrigeration Daily Choice R421A Showcase at AHR Expo in Chicago by B. Kivlan., # 12 Ex. G- Dynatemp R421A product listing on Dynatemp website, # 13 Ex. H- Dynatemp R421A Safety Data Sheet, # 14 Ex. I- EPA-HQ-OAR-2003-0118, EPA SNAP Application for Choice R421A, # 15 Ex. J- Dynatemp R421A canister showing composition, # 16 Ex. K- Dynatemp Gresham Statement, # 17 Ex. L- Johnstone Supply website selling Dynatemp R421A, # 18 Ex. M- Additional Johnstone Supply website selling Dynatemp R421A, # 19 Ex. N- Southern Pipe & Supply website selling Dynatemp R421A, # 20 Ex. O- Amended Complaint, Dynatemp v. RMS, Civil Action No. 520-CV-00142-FL (Doc. 17)) (Deveau, Todd) Modified on 10/30/2020 (Tripp, S.). (Entered: 10/29/2020) |
| 10/29/2020 | | NOTICE OF DEFICIENCY regarding 63 Motion for Preliminary Injunction - Pursuant to Local Civil Rule 56.1 and Section V.E. of the court's CM/ECF Administrative Policies and Procedures Manual, all memoranda of law in support of motions must be filed as separate docket entries and not as an attachment to the motion. Additionally, when filing a document with more than five (5) exhibits or attachments, the first attached document must be an index of all of the subsequently attached documents. Counsel is directed to refile the documents with the necessary corrections. (Tripp, S.) (Entered: 10/29/2020) |
| 10/30/2020 | 64 | MOTION for Preliminary Injunction filed by RMS of Georgia, LLC. (Attachments: # 1 Text of Proposed Order) (Deveau, Todd) (Entered: 10/30/2020) |
| 10/30/2020 | 65 | Memorandum in Support regarding 64 MOTION for Preliminary Injunction filed by RMS of Georgia, LLC. (Attachments: # 1 Index of Exhibits, # 2 Exhibit A Declaration of Kenneth Ponder, # 3 Exhibit 1 to Exhibit A Contracting Business.com Award, # 4 Exhibit 2 to Exhibit A Claim Chart for '949 Patent, # 5 Exhibit 3 to Exhibit A Claim Chart for '706 Patent, # 6 Exhibit B U.S. Patent No. 10,703,949, # 7 Exhibit C U.S. Patent No. 8,197,706, # 8 Exhibit D Kivlan Group Statement R5421A is the Easy R22 Replacement, # 9 Exhibit E Dynatemp Late Summer Refrigerant Industry Update, # 10 Exhibit F HVAC Refrigeration Daily Choice R421A Showcase at AHR Expo in Chicago by B. Kivlan., # 11 Exhibit G Dynatemp R421A product listing on Dynatemp website, # 12 Exhibit H Dynatemp R421A Safety Data Sheet, # 13 Exhibit I - EPA-HQ-OAR-2003-0118, EPA SNAP Application for Choice R421A, # 14 Exhibit J Dynatemp R421A canister showing composition, # 15 Exhibit K Dynatemp Gresham Statement, # 16 Exhibit L Johnstone Supply website selling Dynatemp R421A, # 17 Exhibit M Additional Johnstone Supply website selling Dynatemp R421A, # 18 Exhibit N Southern Pipe & Supply website selling Dynatemp R421A, # 19 Exhibit O Amended Complaint, Dynatemp v. RMS, Civil Action No. 5:20-CV-00142-FL (Doc. 17)) (Deveau, Todd) (Entered: 10/30/2020) |
| 11/05/2020 | 66 | MOTION for Extension of Time to File Response/Reply as to 23 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM , 24 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM filed by RMS of Georgia, LLC. (Attachments: # 1 Text of Proposed Order Proposed Order) (Wisz, David) (Entered: 11/05/2020) |
| 11/05/2020 | 67 | **ORDER granting 66 Motion for Extension of Time to File Response/Reply regarding 23 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM - Responses due by 11/13/2020. Signed by District Judge Louise Wood Flanagan on 11/5/2020.** (Tripp, S.) (Entered: 11/05/2020) |

| | | |
|---|---|---|
| 11/13/2020 | 68 | RESPONSE in Opposition regarding 23 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM , 24 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM filed by RMS of Georgia, LLC. (Deveau, Todd) (Entered: 11/13/2020) |
| 11/16/2020 | 69 | Consent MOTION for Extension of Time to File Response/Reply as to 64 MOTION for Preliminary Injunction filed by Dynatemp International, Inc., FluoroFusion Specialty Chemicals, Inc.. (Attachments: # 1 Text of Proposed Order Text of Proposed Order) (Morris, Robert) (Entered: 11/16/2020) |
| 11/16/2020 | 70 | **ORDER granting 69 Motion for Extension of Time to File Response regarding 64 MOTION for Preliminary Injunction. Responses due by 12/4/2020. Signed by District Judge Louise Wood Flanagan on 11/16/2020.** (Collins, S.) (Entered: 11/16/2020) |
| 11/18/2020 | 71 | MOTION for Leave to File *First Amended Counterclaims* filed by RMS of Georgia, LLC. (Attachments: # 1 Index of Exhibits to RMS of Georgia LLC's Motion for Leave to File First Amended Counterclaims, # 2 Proposed Order Granting RMS of Georgia, LLCs Motion for Leave to File First Amended Counterclaims, # 3 RMS of Georgia LLC's First Amended Counterclaims, # 4 REDLINES of RMS of Georgia LLC's First Amended Counterclaims, # 5 Exhibit A U.S. Patent No. 9,982,179, # 6 Exhibit B U.S. Patent No. 8,197,706, # 7 Exhibit C U.S. Patent No. 10,703,949, # 8 Exhibit D 8-4-2012 Kivlan Group Statement R5421A is the Easy R22 Replacement, # 9 Exhibit E Dynatemp Late Summer Refrigerant Industry Update, # 10 Exhibit F HVAC Refrigeration Daily Choice R421A Showcase at AHR Expo in Chicago by B. Kivlan, # 11 Exhibit G Gresham Statement regarding R421A, # 12 Exhibit H 5-4-2020 Screenshot of Johnstone Supply website, # 13 Exhibit I 8-29-2020 Screenshot of Johnstone Supply website selling Dynatemp R421A, # 14 Exhibit J 9-1-2020 Screenshot of Johnstone Supply website selling Dynatemp R421A, # 15 Exhibit K 8-6-2020 Screenshot of Southern Pipe & Supply website selling Dynatemp R421A, # 16 Exhibit L Dynatemp 3-27-2020 R421A Statement, # 17 Exhibit M Dynatemp R421A Safety Data Sheet) (Deveau, Todd) (Entered: 11/18/2020) |
| 11/18/2020 | 72 | Memorandum in Support regarding 71 MOTION for Leave to File *First Amended Counterclaims* filed by RMS of Georgia, LLC. (Deveau, Todd) (Entered: 11/18/2020) |
| 11/24/2020 | 73 | ANSWER to 17 Amended Complaint,, by Lenz Sales & Distributing, Inc.. (Vanore, Andrew) (Entered: 11/24/2020) |
| 12/03/2020 | 74 | Consent MOTION for Extension of Time to File Response/Reply as to 64 MOTION for Preliminary Injunction filed by Dynatemp International, Inc., FluoroFusion Specialty Chemicals, Inc.. (Attachments: # 1 Text of Proposed Order Text of Proposed Order) (Morris, Robert) (Entered: 12/03/2020) |
| 12/04/2020 | 75 | **ORDER granting 74 Consent Motion for Extension of Time to File Response regarding 64 MOTION for Preliminary Injunction. Responses due by 12/11/2020. Signed by District Judge Louise Wood Flanagan on 12/4/2020.** (Collins, S.) (Entered: 12/04/2020) |
| 12/10/2020 | 76 | RESPONSE to Motion regarding 71 MOTION for Leave to File *First Amended Counterclaims* filed by Dynatemp International, Inc., FluoroFusion Specialty Chemicals, Inc.. (Morris, Robert) (Entered: 12/10/2020) |
| 12/10/2020 | | Motions Submitted to District Judge Louise Wood Flanagan regarding 23 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM, 71 MOTION for Leave to File *First Amended Counterclaims,* 24 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM. (Collins, S.) (Entered: 12/10/2020) |

| 12/10/2020 | 77 | Consent MOTION for Extension of Time to File Response/Reply as to 64 MOTION for Preliminary Injunction filed by Dynatemp International, Inc., FluoroFusion Specialty Chemicals, Inc.. (Attachments: # 1 Text of Proposed Order Text of Proposed Order) (Morris, Robert) (Entered: 12/10/2020) |
|---|---|---|
| 12/11/2020 | | Motion Submitted to District Judge Louise Wood Flanagan regarding 77 Consent MOTION for Extension of Time to File Response/Reply as to 64 MOTION for Preliminary Injunction. (Tripp, S.) (Entered: 12/11/2020) |
| 12/11/2020 | 78 | **ORDER granting 77 Motion for Extension of Time to File Response/Reply regarding 64 MOTION for Preliminary Injunction - Responses due by 12/15/2020. Signed by District Judge Louise Wood Flanagan on 12/11/2020.** (Tripp, S.) (Entered: 12/11/2020) |
| 12/11/2020 | | **TEXT ORDER regarding 23 Motion to Dismiss for Failure to State a Claim, 24 Motion to Dismiss for Failure to State a Claim, and 71 Motion for Leave to File *First Amended Counterclaims* - This matter is before the court on Dynatemp International, Inc.'s ("Dynatemp") motion to dismiss counterclaims, Fluorofusion Specialty Chemicals, Inc.'s ("Fluorofusion") motion to dismiss counterclaims, and RMS of Georgia, LLC's ("RMS") motion for leave to amend counterclaims. Where Dynatemp and Fluorofusion consent to RMS's motion to amend, and where leave to amend shall be freely given when justice so requires, Fed.R.Civ.P.15(a)(2), RMS's motion to amend is GRANTED, and the clerk is DIRECTED to lodge RMS's amended counterclaims (DE 71-3) on the docket. Furthermore, since "an amended pleading ordinarily supersedes the original and renders it of no legal effect," <u>Young v. City of Mount Ranier</u>, 238 F.3d 567, 573 (4th Cir. 2001), Dynatemp's and Fluorofusion's motions to dismiss, are DENIED as MOOT. Signed by District Judge Louise Wood Flanagan on 12/11/2020.** (Tripp, S.) (Entered: 12/11/2020) |
| 12/11/2020 | 79 | AMENDED COUNTERCLAIM against Dynatemp International, Inc., FluoroFusion Specialty Chemicals, Inc., filed by RMS of Georgia, LLC. (Attachments: # 1 Exhibit G - Gresham Statement regarding R421A *Exhibit cover page corrected by clerk's office to replace "K" with "G"*, # 2 Exhibit H - 5-4-2020 Screenshot of Johnstone Supply website, # 3 Exhibit I - 8-29-2020 Screenshot of Johnstone Supply website selling Dynatemp R421A, # 4 Exhibit J - 9-1-2020 Screenshot of Johnstone Supply website selling Dynatemp R421A, # 5 Exhibit K - 8-6-2020 Screenshot of Southern Pipe & Supply website selling Dynatemp R421A, # 6 Exhibit L - Dynatemp 3-27-2020 R421A Statement *No cover page provided by counsel*, # 7 Exhibit M - Dynatemp R421A Safety Data Sheet) (Tripp, S.) (Entered: 12/11/2020) |
| 12/15/2020 | 80 | SEALED RESPONSE *(Selected Participants Only)* by Dynatemp International, Inc., FluoroFusion Specialty Chemicals, Inc., Harold B. Kivlan, IV, David Couchot, William Gresham (available to: Plaintiff Dynatemp International, Inc., Counter Defendant FluoroFusion Specialty Chemicals, Inc., Defendants Lenz Sales & Distributing, Inc., RMS of Georgia, LLC) regarding 64 MOTION for Preliminary Injunction . (Morris, Robert) Modified on 7/30/2021 to remove 'proposed' from docket text. (Tripp, S.). (Entered: 12/15/2020) |
| 12/15/2020 | 81 | SEALED Declaration *(Selected Participants Only)* by Dynatemp International, Inc., FluoroFusion Specialty Chemicals, Inc., Harold B. Kivlan, IV, David Couchot, William Gresham (available to: Plaintiffs Dynatemp International, Inc., FluoroFusion Specialty Chemicals, Inc., Defendants Lenz Sales & Distributing, Inc., RMS of Georgia, LLC) regarding 80 PROPOSED SEALED Response,. (Morris, Robert) Modified on 7/30/2021 to remove 'proposed' from docket text. (Tripp, S.). (Entered: 12/15/2020) |

| | | |
|---|---|---|
| 12/16/2020 | 82 | Notice filed by Dynatemp International, Inc., FluoroFusion Specialty Chemicals, Inc. regarding 80 PROPOSED SEALED Response, *(Appendix - Exhibits 1-5)*. (Attachments: # 1 Exhibit "Phasing Out HCFC Refrigerants to Protect the Ozone Layer", # 2 Exhibit R421A LLC Responses to Dynatemp/FluoroFusion First Set of Interrogatories, # 3 Exhibit R421A LLC Responses to Dynatemp/FluoroFusion First Request for Production of Documents, # 4 Exhibit Filed Provisionally Under Seal, # 5 Exhibit IPR Petition - 179 Patent) (Morris, Robert) (Entered: 12/16/2020) |
| 12/16/2020 | 83 | Notice filed by Dynatemp International, Inc., FluoroFusion Specialty Chemicals, Inc. regarding 80 PROPOSED SEALED Response, *(Appendix - Exhibit 6 (Part 1))*. (Attachments: # 1 Exhibit Exhibits to IPR Petition - 179 Patent (Part 1)) (Morris, Robert) (Entered: 12/16/2020) |
| 12/16/2020 | 84 | Notice filed by Dynatemp International, Inc., FluoroFusion Specialty Chemicals, Inc. regarding 80 PROPOSED SEALED Response, *(Appendix Exhibit 6 (Part 2) - Exhibit 8)*. (Attachments: # 1 Exhibit Exhibits to IPR Petition - 179 Patent (Part 2), # 2 Exhibit Groll Declaration re IPR Petition - 179 Patent, # 3 Exhibit PGR Petition - 949 Patent) (Morris, Robert) (Entered: 12/16/2020) |
| 12/16/2020 | 85 | Notice filed by Dynatemp International, Inc., FluoroFusion Specialty Chemicals, Inc. regarding 80 PROPOSED SEALED Response, *(Appendix - Exhibit 9)*. (Attachments: # 1 Exhibit Exhibits to PGR Petition - 949 Patent (Part 1), # 2 Exhibit Exhibits to PGR Petition - 949 Patent (Part 2), # 3 Exhibit Exhibits to PGR Petition - 949 Patent (Part 3)) (Morris, Robert) (Entered: 12/16/2020) |
| 12/16/2020 | 86 | Notice filed by Dynatemp International, Inc., FluoroFusion Specialty Chemicals, Inc. regarding 80 PROPOSED SEALED Response, *(Appendix - Exhibits 10-12)*. (Attachments: # 1 Exhibit Groll Declaration re PGR Petition - 949 Patent, # 2 Exhibit IPR Petition - 706 Patent, # 3 Exhibit Exhibits to IPR Petition - 706 Patent (Part 1), # 4 Exhibit Exhibits to IPR Petition - 706 Patent (Part 2), # 5 Exhibit Exhibits to IPR Petition - 706 Patent (Part 3), # 6 Exhibit Exhibits to IPR Petition - 706 Patent (Part 4)) (Morris, Robert) (Entered: 12/16/2020) |
| 12/16/2020 | 87 | Notice filed by Dynatemp International, Inc., FluoroFusion Specialty Chemicals, Inc. regarding 80 PROPOSED SEALED Response, *(Appendix - Exhibits 13-18)*. (Attachments: # 1 Exhibit Groll Declaration re IPR Petition - 706 Patent, # 2 Exhibit Choice Refrigerants Press Release 3/27/20, # 3 Exhibit R421A LLC Articles of Incorporation and Certificate of Organization, # 4 Errata Refrigeration Management Services of Georgia, LLC Certificate of Organization by Election, # 5 Errata Certificate of Name Change - RMS of Georgia, LLC, # 6 Exhibit Plaintiff R421A LLC's Disclosure of Asserted Claims and Preliminary Infringement Contentions) (Morris, Robert) (Entered: 12/16/2020) |
| 12/16/2020 | 88 | SEALED Document: *Exhibit 4 (Selected Participants Only)* by Dynatemp International, Inc., FluoroFusion Specialty Chemicals, Inc., Harold B. Kivlan, IV, David Couchot, William Gresham (available to: Plaintiffs Dynatemp International, Inc., FluoroFusion Specialty Chemicals, Inc., Defendants Lenz Sales & Distributing, Inc., RMS of Georgia, LLC) regarding 80 PROPOSED SEALED Response,. (Morris, Robert) Modified on 12/17/2020 to revise docket text. (Collins, S.). Modified on 7/30/2021 to remove 'proposed' from docket text. (Tripp, S.). (Entered: 12/16/2020) |
| 12/16/2020 | 89 | Notice filed by Dynatemp International, Inc., FluoroFusion Specialty Chemicals, Inc. regarding 80 PROPOSED SEALED Response, 88 PROPOSED SEALED Document, *(Notice of Filing of Material Provisionally Under Seal)*. (Morris, Robert) (Entered: 12/16/2020) |

| | | |
|---|---|---|
| 12/16/2020 | | **TEXT ORDER regarding 64 MOTION for Preliminary Injunction. The court DIRECTS the parties to deliver to the court a courtesy copy of the documents filed by that party, and all outstanding motions and briefs related thereto, including all exhibits and attachments thereto, tabbed by docket entry and exhibit number, but not bound, no later than ten (10) days from the date of the text order, or sooner if possible. Such courtesy copies are to be addressed for delivery to the Honorable Louise W. Flanagan, United States District Court, Eastern District of North Carolina, ATTN: Ms. Sandra Collins, 413 Middle St., New Bern, NC 28560. Signed by District Judge Louise Wood Flanagan on 12/16/2020.** (Collins, S.) (Entered: 12/16/2020) |
| 12/16/2020 | 90 | MOTION to Seal Document 80 PROPOSED SEALED Response, 81 PROPOSED SEALED Declaration, filed by Dynatemp International, Inc., FluoroFusion Specialty Chemicals, Inc.. (Attachments: # 1 Exhibit Filed Provisionally Under Seal, # 2 Exhibit Kivlan Declaration (Redacted), # 3 Text of Proposed Order Text of Proposed Order) (Morris, Robert) (Entered: 12/16/2020) |
| 12/16/2020 | 91 | Memorandum in Support regarding 90 MOTION to Seal Document 80 PROPOSED SEALED Response, 81 PROPOSED SEALED Declaration, filed by Dynatemp International, Inc., FluoroFusion Specialty Chemicals, Inc.. (Morris, Robert) (Entered: 12/16/2020) |
| 12/16/2020 | 92 | Exhibit 1 - Redaction of Dynatemp/Fluorufusion Parties' Response in Opposition to R421A LLC's Motion for Preliminary Injunction by Dynatemp International, Inc., FluoroFusion Specialty Chemicals, Inc., Harold B. Kivlan, IV, David Couchot, William Gresham (available to: Plaintiffs Dynatemp International, Inc., FluoroFusion Specialty Chemicals, Inc., Defendants Lenz Sales & Distributing, Inc., RMS of Georgia, LLC) regarding 90 MOTION to Seal Document 80 PROPOSED SEALED Response, 81 PROPOSED SEALED Declaration, . (Morris, Robert) Modified on 12/17/2020 to revise docket text. (Collins, S.). Modified on 1/5/2021 to unseal pursuant to no motion to seal having been filed and notice having been given. (Collins, S.). (Entered: 12/16/2020) |
| 12/16/2020 | 93 | Notice filed by Dynatemp International, Inc., FluoroFusion Specialty Chemicals, Inc. regarding 92 PROPOSED SEALED Document, *(Notice of Filing of Material Provisionally Under Seal)*. (Morris, Robert) (Entered: 12/16/2020) |
| 12/28/2020 | 94 | Consent MOTION for Extension of Time to File Response/Reply as to 80 PROPOSED SEALED Response, filed by RMS of Georgia, LLC. (Attachments: # 1 Text of Proposed Order) (Deveau, Todd) Modified on 12/29/2020 to create docket entry relationship to motion 64 . (Collins, S.). (Entered: 12/28/2020) |
| 12/28/2020 | 95 | Consent MOTION for Extension of Time to File Answer regarding 79 Counterclaim,,, filed by Dynatemp International, Inc., FluoroFusion Specialty Chemicals, Inc.. (Attachments: # 1 Text of Proposed Order Text of Proposed Order) (Morris, Robert) (Entered: 12/28/2020) |
| 12/29/2020 | 96 | **ORDER granting 94 Motion for Extension of Time to File Reply regarding 64 MOTION for Preliminary Injunction. Reply due by 1/22/2021. Signed by District Judge Louise Wood Flanagan on 12/29/2020.** (Collins, S.) (Entered: 12/29/2020) |
| 12/29/2020 | | Motion Referred to Peter A. Moore, Jr., Clerk of Court regarding 95 Consent MOTION for Extension of Time to File Answer regarding 79 Counterclaim. (Collins, S.) (Entered: 12/29/2020) |
| 12/29/2020 | | Notice regarding 92 PROPOSED SEALED Document, 88 PROPOSED SEALED Document. Notice of Documents To Be Unsealed regarding 92 and 88 - The Plaintiff |

| | | |
|---|---|---|
| | | having given proper notice of the filing of materials that have been designated confidential and there having been no motion to seal filed in response, the Court will remove the temporary seals placed on certain documents at 92 and 88 **within 5 days** pursuant to Section V.G.1(g)(iii) of the CM/ECF Policy and Procedures Manual, should no motion to seal be filed. (Collins, S.) (Entered: 12/29/2020) |
| 12/30/2020 | 97 | **ORDER granting 95 Motion for Extension of Time to Answer regarding 79 Counterclaim. Dynatemp International, Inc. and FluoroFusion Specialty Chemicals, Inc. answer to counterclaim due 1/6/2021. Signed by Peter A. Moore, Jr., Clerk of Court on 12/30/2020.** (Collins, S.) (Entered: 12/30/2020) |
| 01/04/2021 | 98 | MOTION to Seal 88 PROPOSED SEALED Document, filed by RMS of Georgia, LLC. (Attachments: # 1 Exhibit 1- Proposed Order) (Deveau, Todd) (Entered: 01/04/2021) |
| 01/04/2021 | 99 | Memorandum in Support regarding 98 MOTION to Seal 88 PROPOSED SEALED Document, filed by RMS of Georgia, LLC. (Deveau, Todd) (Entered: 01/04/2021) |
| 01/05/2021 | | Notice regarding 92 PROPOSED SEALED Document. Notice of Document Unsealed regarding 92 - The Plaintiff having given proper notice of the filing of materials that have been designated confidential and there having been no motion to seal filed in response, the Court has removed the temporary seal placed on certain document at 92 pursuant to Section V.G.1(g)(iii) of the CM/ECF Policy and Procedures Manual. (Collins, S.) (Entered: 01/05/2021) |
| 01/06/2021 | 100 | MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM *Partial - Against RMS of Georgia, LLC's First Amended Counterclaims* 79 filed by Dynatemp International, Inc.. (Morris, Robert) Modified on 1/7/2021 to revise docket text. (Collins, S.). (Entered: 01/06/2021) |
| 01/06/2021 | 101 | MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM *against RMS of Georgia LLC's First Amended Counterclaims* 79 filed by FluoroFusion Specialty Chemicals, Inc.. (Morris, Robert) Modified on 1/7/2021 to revise docket text. (Collins, S.). (Entered: 01/06/2021) |
| 01/06/2021 | 102 | Memorandum in Support regarding 101 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM , 100 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM filed by Dynatemp International, Inc., FluoroFusion Specialty Chemicals, Inc.. (Morris, Robert) (Entered: 01/06/2021) |
| 01/08/2021 | 103 | Notice of Appearance filed by Russell M. Racine on behalf of Dynatemp International, Inc., FluoroFusion Specialty Chemicals, Inc.. (Racine, Russell) (Entered: 01/08/2021) |
| 01/21/2021 | 104 | Consent MOTION for Extension of Time to File Response/Reply as to 80 PROPOSED SEALED Response, filed by RMS of Georgia, LLC. (Attachments: # 1 Exhibit 1- Proposed Order) (Deveau, Todd) (Entered: 01/21/2021) |
| 01/22/2021 | 105 | **ORDER granting 104 Consent Motion for Extension of Time to File Reply regarding 64 MOTION for Preliminary Injunction. Reply due by 1/29/2021. Signed by District Judge Louise Wood Flanagan on 1/22/2021.** (Collins, S.) (Entered: 01/22/2021) |
| 01/26/2021 | 106 | Consent MOTION for Extension of Time to File Response/Reply as to 101 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM , 100 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM filed by RMS of Georgia, LLC. (Attachments: # 1 Exhibit 1- Proposed Order) (Deveau, Todd) (Entered: 01/26/2021) |
| 01/27/2021 | 107 | **ORDER granting 106 Motion for Extension of Time to File Responses regarding 100 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM, 101** |

| | | |
|---|---|---|
| | | **MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM. Responses due by 2/5/2021. Signed by District Judge Louise Wood Flanagan on 1/27/2021.** (Collins, S.) (Entered: 01/27/2021) |
| 01/27/2021 | | Motions Submitted to District Judge Louise Wood Flanagan regarding 98 MOTION to Seal 88 PROPOSED SEALED Document, 90 MOTION to Seal Document 80 PROPOSED SEALED Response, 81 PROPOSED SEALED Declaration. (Collins, S.) (Entered: 01/27/2021) |
| 01/29/2021 | 108 | **CORRECTED AND REFILED AT 109 ** RESPONSE regarding 80 PROPOSED SEALED Response, *by R421A LLC* filed by RMS of Georgia, LLC. (Attachments: # 1 Index of Exhibits, # 2 Ex. 1- Patent Owners Preliminary Response in IPR2020-01660, # 3 Ex. 2- Screenshot of Dynatemps website featuring R422Bplus, # 4 Ex. 3- Screenshot of FluoroFusions website featuring R422B+, # 5 Ex. 4- Goble (US Patent 6,863,840), # 6 Ex. 5- Notice of Allowance for 949 Patent) (Deveau, Todd) Modified on 2/9/2021 (Collins, S.). (Entered: 01/29/2021) |
| 02/02/2021 | | NOTICE OF DEFICIENCY regarding 108 Response. Wrong event used. Counsel shall refile using the event "Reply to Response to Motion", and linking the reply to the appropriate motion when prompted to do so. (Collins, S.) (Entered: 02/02/2021) |
| 02/02/2021 | 109 | REPLY to Response to Motion regarding 64 MOTION for Preliminary Injunction *filed by R421A LLC* filed by RMS of Georgia, LLC. (Attachments: # 1 Index of Exhibits, # 2 Ex. 1- Patent Owners Preliminary Response in IPR2020-01660, # 3 Ex. 2- Screenshot of Dynatemps website featuring R422Bplus, #, # 4 Ex. 3- Screenshot of FluoroFusions website featuring R422B+, # 5 Ex. 4- Goble (US Patent 6,863,840), # 6 Ex. 5- Notice of Allowance for 949 Patent) (Deveau, Todd) (Entered: 02/02/2021) |
| 02/05/2021 | 110 | RESPONSE in Opposition regarding 101 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM , 100 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM filed by RMS of Georgia, LLC. (Deveau, Todd) (Entered: 02/05/2021) |
| 02/10/2021 | 111 | **ORDER - This matter is before the court on its own initiative for purposes of administrative management of the docket in this consolidated action. To ensure that all counsel of record for all parties in this consolidated action receive notices, the clerk is DIRECTED to refile notices of appearance from the administratively closed related case (No. 5:20-CV-142-FL) as active documents in this lead case. In addition, to ensure that all parties in the consolidated action are actively displayed on the face of the docket and future order captions for the instant consolidated action, consistent with the alignment of parties as recognized in the court's consolidation order (see Oct. 23, 2020 Order (DE 29) at 4), the court DIRECTS the clerk to designate R421A, LLC as a defendant, and to designate Harold B. Kivlan, IV, William Gresham, and David Couchot as plaintiffs, in this consolidated action. These party designations are solely for purposes of administration of the docket and they are subject to further realignment or designation by the court, as warranted, as the case proceeds. Signed by District Judge Louise Wood Flanagan on 2/10/2021.** (Collins, S.) (Entered: 02/10/2021) |
| 02/10/2021 | 112 | Notice of Appearance filed by T. Cullen Stafford on behalf of R421A, LLC, RMS of Georgia, LLC. (Collins, S.) (Entered: 02/10/2021) |
| 02/10/2021 | 113 | Notice of Appearance filed by Charles George on behalf of R421A, LLC, RMS of Georgia, LLC. (Collins, S.) (Entered: 02/10/2021) |
| 02/10/2021 | 114 | Notice of Special Appearance for non-district by Andrea N. Bonner on behalf of R421A, LLC, RMS of Georgia, LLC. (Collins, S.) (Entered: 02/10/2021) |

| 02/10/2021 | 115 | Notice of Special Appearance for non-district by Todd Deveau on behalf of R421A, LLC, RMS of Georgia, LLC. (Collins, S.) (Entered: 02/10/2021) |
| 02/10/2021 | 116 | Notice of Appearance filed by Robert J. Morris on behalf of David Couchot, Dynatemp International, Inc., FluoroFusion Specialty Chemicals, Inc., William Gresham, Harold B. Kivlan, IV. (Collins, S.) (Entered: 02/10/2021) |
| 02/19/2021 | 117 | REPLY to Response to Motion regarding 101 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM , 100 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM filed by Dynatemp International, Inc., FluoroFusion Specialty Chemicals, Inc.. (Morris, Robert) (Entered: 02/19/2021) |
| 02/21/2021 | | Motions Submitted to District Judge Louise Wood Flanagan regarding 101 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM; 100 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM. (Castania, M) (Entered: 02/21/2021) |
| 02/21/2021 | | Motion Submitted to District Judge Louise Wood Flanagan regarding 64 MOTION for Preliminary Injunction. (Castania, M) (Entered: 02/21/2021) |
| 03/02/2021 | 118 | Notice of Appearance filed by Emily M. Haas on behalf of David Couchot, Dynatemp International, Inc., FluoroFusion Specialty Chemicals, Inc., William Gresham, Harold B. Kivlan, IV. (Haas, Emily) (Entered: 03/02/2021) |
| 03/25/2021 | 119 | Joint MOTION for Extension of Time to File *Joint Claim Construction Statement* filed by David Couchot, Dynatemp International, Inc., FluoroFusion Specialty Chemicals, Inc., William Gresham, Harold B. Kivlan, IV. (Attachments: # 1 Text of Proposed Order Text of Proposed Order) (Morris, Robert) (Entered: 03/25/2021) |
| 03/30/2021 | | Motion Submitted to District Judge Louise Wood Flanagan regarding 119 Joint MOTION for Extension of Time to File *Joint Claim Construction Statement*. (Collins, S.) (Entered: 03/30/2021) |
| 04/01/2021 | 120 | **ORDER granting 119 Joint MOTION for Extension of Time to File *Joint Claim Construction Statement*. Counsel is reminded to read the order in its entirety for critical deadlines and information. Signed by District Judge Louise Wood Flanagan on 4/1/2021.** (Collins, S.) (Entered: 04/01/2021) |
| 04/06/2021 | 121 | Notice of Special Appearance for non-district by Joseph W. Staley on behalf of R421A, LLC. (Staley, Joseph) (Entered: 04/06/2021) |
| 04/06/2021 | 122 | Notice of Special Appearance for non-district by Joseph W. Staley on behalf of RMS of Georgia, LLC. (Staley, Joseph) (Entered: 04/06/2021) |
| 04/07/2021 | 123 | Joint MOTION for Extension of Time to File *Joint Claim Construction Statement* filed by David Couchot, Dynatemp International, Inc., FluoroFusion Specialty Chemicals, Inc., William Gresham, Harold B. Kivlan, IV. (Attachments: # 1 Text of Proposed Order Text of Proposed Order) (Morris, Robert) (Entered: 04/07/2021) |
| 04/09/2021 | | Motion Submitted to District Judge Louise Wood Flanagan regarding 123 Joint MOTION for Extension of Time to File *Joint Claim Construction Statement*. (Collins, S.) (Entered: 04/09/2021) |
| 04/09/2021 | 124 | Joint Claim Construction Statement by David Couchot, Dynatemp International, Inc., FluoroFusion Specialty Chemicals, Inc., William Gresham, Harold B. Kivlan, IV. (Attachments: # 1 Exhibit 1 - Agreed Proposed Constructions, # 2 Exhibit 2 - Disputed Proposed Constructions, # 3 Exhibit 3 - R421A LLC Proposed Constructions, # 4 Exhibit 4 - Dynatemp/FluoroFusion Parties Proposed Constructions) (Morris, Robert) (Entered: 04/09/2021) |

| | | |
|---|---|---|
| 04/14/2021 | 125 | **ORDER granting 123 Joint Motion for Extension of Time to File** *Joint Claim Construction Statement* **- Signed by District Judge Louise Wood Flanagan on 4/14/2021.** (Tripp, S.) (Entered: 04/14/2021) |
| 04/14/2021 | 126 | **DYNATEMP INTERNATIONAL INC'S AND FLUOROFUSION SPECIALTY CHEMICALS, INC.'S SECOND AMENDED COMPLAINT** against Lenz Sales & Distributing, Inc., RMS of Georgia, LLC, Kenneth M. Ponder, filed by FluoroFusion Specialty Chemicals, Inc., Dynatemp International, Inc.. (Attachments: # 1 Exhibit 1 - "Phasing Out HCFC Refrigerants to Protect the Ozone Layer", # 2 Exhibit 2 - Choice Refrigerants Press Release 3/27/20, # 3 Exhibit 3 - Dynatemp R-421A Safety Data Sheet, # 4 Exhibit 4 - Choice R-421A Safety Data Sheet, # 5 Exhibit 5 - Ponder E-mail 3/27/20, # 6 Exhibit 6 - Refrigerant HQ Blog Post, # 7 Exhibit 7 - Google Paid Search Result, # 8 Exhibit 8 - Google Paid Search Result, # 9 Proposed Summons Proposed Summons - Kenneth M. Ponder) (Morris, Robert) Modified on 4/22/2021 to revise docket text. (Collins, S.). (Entered: 04/14/2021) |
| 04/15/2021 | 127 | Consent MOTION for Leave to File *Second Amended Complaint* filed by R421A, LLC, RMS of Georgia, LLC. (Attachments: # 1 Index of Attachments, # 2 Text of Proposed Order, # 3 Second Amended Complaint, # 4 Redline Version of Second Amended Complaint, # 5 Exhibit A to Second Amended Complaint, # 6 Exhibit B to Second Amended Complaint, # 7 Exhibit C to Second Amended Complaint, # 8 Exhibit D to Second Amended Complaint, # 9 Exhibit E to Second Amended Complaint, # 10 Exhibit F to Second Amended Complaint) (Staley, Joseph) (Entered: 04/15/2021) |
| 04/21/2021 | | Motion Submitted to District Judge Louise Wood Flanagan regarding 127 Consent MOTION for Leave to File *Second Amended Complaint*. (Collins, S.) (Entered: 04/21/2021) |
| 04/22/2021 | 128 | Summons Issued as to Kenneth M. Ponder. *(*NOTICE: Counsel shall print the attached summons and serve with other case opening documents in accordance with Fed.R.Civ.P. 4.*)* (Collins, S.) (Entered: 04/22/2021) |
| 04/22/2021 | 129 | **ORDER granting 127 Consent MOTION for Leave to File** *Second Amended Complaint*. **R421A, LLC and RMS of Georgia, LLC shall file the Proposed Second Amended Complaint on the docket within 5 days of the date of this Order. Signed by District Judge Louise Wood Flanagan on 4/22/2021.** (Collins, S.) (Entered: 04/22/2021) |
| 04/22/2021 | 130 | Notice of Suggestion of Subsequently Controlling Decided Authority filed by R421A, LLC . (Attachments: # 1 Exhibit PTAB Decision) (Staley, Joseph) Modified on 4/29/2021 to create docket entry relationship to 64 motion. (Collins, S.). (Entered: 04/22/2021) |
| 04/22/2021 | 131 | **R421A, LLC AND RMS OF GEORGIA LLC'S SECOND AMENDED COMPLAINT** against David Couchot, Dynatemp International, Inc., FluoroFusion Specialty Chemicals, Inc., William Gresham, Harold B. Kivlan, IV, filed by RMS of Georgia, LLC, R421A, LLC. (Attachments: # 1 Exhibit A - US Pat. No. 9982179, # 2 Exhibit B - US Pat. No. 8197706, # 3 Exhibit C - US Pat. No. 10703949, # 4 Exhibit D - Dynatemp R421A Statement, # 5 Exhibit E - Dynatemp Safety Data Sheet, # 6 Exhibit F - Dynatemp Packaging) (Staley, Joseph) Modified on 4/26/2021 to revise docket text. (Collins, S.). (Entered: 04/22/2021) |
| 04/29/2021 | | **TEXT ORDER - This matter is before the court on notice of suggestion of subsequently controlling decided authority filed by R421A, LLC DE 130 . Upon consideration thereof, the court ALLOWS the parties to file supplemental briefing to the address the effect, if any, of the Patent Trial and Appeal Boards** |

| | | |
|---|---|---|
| | | April 20, 2021, decision denying institution of Inter Partes Review on U.S. Patent No. 9,982,179 on R421A, LLC's motion for preliminary injunction. DE 64 Any response by Dynatemp International, Inc., Fluorofusion Specialty Chemicals, Inc., Harold B. Kivlan, IV, William Gresham, and David Couchot, (the "Dynatemp/Fluorofusion parties") shall be filed not later than May 13, 2021. R421A, LLCs reply, if any, shall be filed by May 23, 2021. Signed by District Judge Louise Wood Flanagan on 4/29/2021. (Collins, S.) (Entered: 04/29/2021) |
| 05/03/2021 | 132 | ANSWER to 126 Amended Complaint,,, by Kenneth M. Ponder, RMS of Georgia, LLC. (Staley, Joseph) (Entered: 05/03/2021) |
| 05/04/2021 | | Notice to Counsel - All counsel who represents newly added defendant Kenneth Ponder should file a Notice of Appearance pursuant to Local Civil Rule 5.2(a). (Collins, S.) (Entered: 05/04/2021) |
| 05/04/2021 | 133 | Notice of Appearance filed by David S. Wisz on behalf of Kenneth M. Ponder. (Wisz, David) (Entered: 05/04/2021) |
| 05/04/2021 | 134 | Notice of Appearance filed by Thomas Cullen Stafford on behalf of Kenneth M. Ponder. (Stafford, Thomas) (Entered: 05/04/2021) |
| 05/04/2021 | 135 | Notice of Appearance filed by Charles George on behalf of Kenneth M. Ponder. (George, Charles) (Entered: 05/04/2021) |
| 05/04/2021 | 136 | Notice of Special Appearance for non-district by Joseph W. Staley on behalf of Kenneth M. Ponder. (Staley, Joseph) (Entered: 05/04/2021) |
| 05/04/2021 | 137 | Notice of Special Appearance for non-district by Todd Deveau on behalf of Kenneth M. Ponder. (Deveau, Todd) (Entered: 05/04/2021) |
| 05/04/2021 | 138 | Notice of Special Appearance for non-district by Andrea N. Bonner on behalf of Kenneth M. Ponder. (Bonner, Andrea) (Entered: 05/04/2021) |
| 05/04/2021 | 139 | Financial Disclosure Statement by Kenneth M. Ponder (Staley, Joseph) (Main Document 139 flattened and replaced on 5/19/2021 (Edwards, S.). (Entered: 05/04/2021) |
| 05/07/2021 | 140 | ANSWER to 131 Amended Complaint,, , COUNTERCLAIM against R421A, LLC, RMS of Georgia, LLC by Dynatemp International, Inc.. (Morris, Robert) (Entered: 05/07/2021) |
| 05/07/2021 | 141 | ANSWER to 131 Amended Complaint,, , COUNTERCLAIM against R421A, LLC, RMS of Georgia, LLC by FluoroFusion Specialty Chemicals, Inc.. (Morris, Robert) (Entered: 05/07/2021) |
| 05/07/2021 | 142 | ANSWER to 131 Amended Complaint,, by Harold B. Kivlan, IV. (Morris, Robert) (Entered: 05/07/2021) |
| 05/07/2021 | 143 | ANSWER to 131 Amended Complaint,, by William Gresham. (Morris, Robert) (Entered: 05/07/2021) |
| 05/07/2021 | 144 | ANSWER to 131 Amended Complaint,, by David Couchot. (Morris, Robert) (Entered: 05/07/2021) |
| 05/07/2021 | 145 | ANSWER to 126 Amended Complaint,,, by Lenz Sales & Distributing, Inc.. (Vanore, Andrew) (Entered: 05/07/2021) |
| 05/12/2021 | 146 | Joint MOTION for Extension of Time *to File Claim Construction Briefs and Supplemental Briefing in response to April 29, 2021 Text Order* filed by David Couchot, Dynatemp International, Inc., FluoroFusion Specialty Chemicals, Inc., |

| | | |
|---|---|---|
| | | William Gresham, Harold B. Kivlan, IV. (Attachments: # 1 Text of Proposed Order Text of Proposed Order) (Morris, Robert) (Entered: 05/12/2021) |
| 05/13/2021 | | Notice to Counsel regarding: 139 Financial Disclosure Statement. Counsel is reminded that the filing user must lock or "flatten" the PDF document. Failure to flatten documents may result in the clerks office issuing a notice of deficiency. Counsel should "flatten" the document prior to attaching it in accordance with Section IV.B of the CM/ECF Policies and Procedures Manual. (Collins, S.) (Entered: 05/13/2021) |
| 05/13/2021 | | Motion Submitted to District Judge Louise Wood Flanagan regarding 146 Joint MOTION for Extension of Time *to File Claim Construction Briefs and Supplemental Briefing in response to April 29, 2021 Text Order*. (Collins, S.) (Entered: 05/13/2021) |
| 05/14/2021 | 147 | **ORDER granting 146 Joint MOTION for Extension of Time *to File Claim Construction Briefs and Supplemental Briefing in response to April 29, 2021 Text Order*. Counsel is reminded to read the order in its entirety for critical deadlines and information. Signed by District Judge Louise Wood Flanagan on 5/14/2021.** (Collins, S.) (Entered: 05/14/2021) |
| 05/21/2021 | 148 | Joint MOTION for Extension of Time *for Pending Briefing* filed by David Couchot, Dynatemp International, Inc., FluoroFusion Specialty Chemicals, Inc., William Gresham, Harold B. Kivlan, IV. (Attachments: # 1 Text of Proposed Order Text of Proposed Order) (Morris, Robert) (Entered: 05/21/2021) |
| 05/25/2021 | | Motion Submitted to District Judge Louise Wood Flanagan regarding 148 Joint MOTION for Extension of Time *for Pending Briefing*. (Collins, S.) (Entered: 05/25/2021) |
| 05/25/2021 | 149 | **ORDER granting 148 Joint MOTION for Extension of Time *for Pending Briefing*. Counsel is reminded to read the order in its entirety for critical deadlines and information. Signed by District Judge Louise Wood Flanagan on 5/25/2021.** (Collins, S.) (Entered: 05/25/2021) |
| 05/28/2021 | 150 | ANSWER to 140 Answer to Amended Complaint, Counterclaim by R421A, LLC, RMS of Georgia, LLC. (Staley, Joseph) (Entered: 05/28/2021) |
| 05/28/2021 | 151 | ANSWER to 141 Answer to Amended Complaint, Counterclaim by R421A, LLC, RMS of Georgia, LLC. (Staley, Joseph) (Entered: 05/28/2021) |
| 06/01/2021 | 152 | RESPONSE regarding Text Order,,, *(Dynatemp/FluoroFusion Parties' Memorandum in Response to April 29, 2021 Text Order)* filed by David Couchot, Dynatemp International, Inc., FluoroFusion Specialty Chemicals, Inc., William Gresham, Harold B. Kivlan, IV. (Attachments: # 1 Exhibit 1 - Petitioners' Reply (179 IPR Petition), # 2 Exhibit 2 - Patent Owner's Sur-Reply (179 IPR Petition), # 3 Exhibit 3 - PTAB 949 Order, # 4 Exhibit 4 - PTAB 706 Order) (Morris, Robert) Modified on 6/23/2021 to create docket entry relationship to 64 . (Collins, S.). (Entered: 06/01/2021) |
| 06/04/2021 | 153 | **Opening Claim Construction Brief** by R421A, LLC, RMS of Georgia, LLC. (Attachments: # 1 Index of Exhibits, # 2 Exhibit A - Summary of the Parties Proposed Constructions, # 3 Exhibit B - U.S. Patent No. 8,197,706, # 4 Exhibit C - Prosecution History of the '706 Patent, # 5 Exhibit D - Defendant's Petition for IPR2021-00199, # 6 Exhibit E - Declaration of Dr. Eckhard Groll for IPR2021-00199, # 7 Exhibit F - U.S. Patent No. 9,982,179, # 8 Exhibit G - Prosecution History of the '179 Patent, # 9 Exhibit H - Defendants' Petition for IPR2020-01660, # 10 Exhibit I - U.S. Patent No. 10,703,949, # 11 Exhibit J - Prosecution History of the '949 Patent, # 12 Exhibit K - Defendants' Petition for PGR2021-00008, # 13 Exhibit L - PTAB Order Dismissing IPR2021-00199, # 14 Exhibit M - PTAB Order Denying Institution of IPR2020-01660, # 15 Exhibit N - PTAB Order Dismissing PGR2021-00008, # 16 Exhibit O - PEDIAA |

| | | |
|---|---|---|
| | | Article Difference Between Bubble Point and Dew Point, # [17](#) Exhibit P - Declaration of Donald Bivens for IPR2020-01660) (Staley, Joseph) Modified on 6/23/2021 (Collins, S.). (Entered: 06/04/2021) |
| 06/04/2021 | [154](#) | **Opening Claim Construction Brief** by David Couchot, Dynatemp International, Inc., FluoroFusion Specialty Chemicals, Inc., William Gresham, Harold B. Kivlan, IV. (Morris, Robert) Modified on 6/23/2021 (Collins, S.) (Entered: 06/04/2021) |
| 06/05/2021 | [155](#) | Notice filed by David Couchot, Dynatemp International, Inc., FluoroFusion Specialty Chemicals, Inc., William Gresham, Harold B. Kivlan, IV regarding [154](#) Opening Claim Construction Brief *(Appendix of Exhibits)*. (Attachments: # [1](#) Exhibit 1 - "Phasing Out HCFC Refrigerants to Protect the Ozone Layer", # [2](#) Exhibit 2 - Fed Reg Vol 71, No. 188, # [3](#) Exhibit 3 - Heating and Cooling Essentials (excerpts), # [4](#) Exhibit 4 - Figure 10-1, # [5](#) Exhibit 5 - Figure 10-9, # [6](#) Exhibit 6 - Figure 10-2, # [7](#) Exhibit 7 - Figure 10-3, # [8](#) Exhibit 8 - Figure 12-24, # [9](#) Exhibit 9 - 706 patent, # [10](#) Exhibit 10 - 179 patent, # [11](#) Exhibit 11 - 849 patent, # [12](#) Exhibit 12 - Second Ponder Declaration, # [13](#) Exhibit 13 - ASHRAE "refrigerant", # [14](#) Exhibit 14 - ANSI/ASHRAE Standard 34-2019, # [15](#) Exhibit 15 - Fluorocarbon Handbook, # [16](#) Exhibit 16 - Figure 9-8, # [17](#) Exhibit 17 - ASHRAE "standard conditions", # [18](#) Exhibit 18 - www.pediaa.com Home Page) (Morris, Robert) (Entered: 06/05/2021) |
| 06/08/2021 | [156](#) | **CORRECTED AND REFILED AT [157](#)** ** Notice of Special Appearance for non-district by Jon R. Trembath on behalf of David Couchot, Dynatemp International, Inc., FluoroFusion Specialty Chemicals, Inc., William Gresham, Harold B. Kivlan, IV. (Trembath, Jon) Modified on 6/23/2021 (Collins, S.). (Entered: 06/08/2021) |
| 06/09/2021 | | NOTICE OF DEFICIENCY regarding [156](#) Notice of Special Appearance. Local Civil Rule 83.1 (e) requires attorneys to file the Notice of Special Appearance that is available on the court's website. Counsel should file a Notice of Special Appearance that complies with this rule. (Collins, S.) (Entered: 06/09/2021) |
| 06/10/2021 | [157](#) | Notice of Special Appearance for non-district by Jon R. Trembath on behalf of David Couchot, Dynatemp International, Inc., FluoroFusion Specialty Chemicals, Inc., William Gresham, Harold B. Kivlan, IV. (Trembath, Jon) (Entered: 06/10/2021) |
| 06/15/2021 | [158](#) | RESPONSE to Order regarding Text Order *(R421A LLC's Brief in Reply to Dynatemp/Fluorofusion Parties' Memorandum))* filed by R421A, LLC. (Staley, Joseph) Modified on 6/23/2021 to create docket entry relationship to [64](#) . (Collins, S.). (Entered: 06/15/2021) |
| 06/29/2021 | [159](#) | Joint MOTION for Extension of Time *to File Responsive Claim Construction Briefs* filed by Dynatemp International, Inc., FluoroFusion Specialty Chemicals, Inc., R421A, LLC, RMS of Georgia, LLC. (Attachments: # [1](#) Exhibit 1 - Proposed Order) (Staley, Joseph) (Entered: 06/29/2021) |
| 07/02/2021 | | Motion Submitted to District Judge Louise Wood Flanagan regarding [159](#) Joint MOTION for Extension of Time *to File Responsive Claim Construction Briefs*. (Collins, S.) (Entered: 07/02/2021) |
| 07/02/2021 | [160](#) | **ORDER granting [159](#) Joint MOTION for Extension of Time *to File Responsive Claim Construction Briefs*. Counsel is reminded to read the order in its entirety for critical deadlines and information. Signed by District Judge Louise Wood Flanagan on 7/2/2021.** (Collins, S.) (Entered: 07/02/2021) |
| 07/14/2021 | [161](#) | **Joint Claim Construction Statement** by Dynatemp International, Inc., FluoroFusion Specialty Chemicals, Inc., Lenz Sales & Distributing, Inc., Kenneth M. Ponder, R421A, LLC, RMS of Georgia, LLC. (Attachments: # [1](#) Exhibit 1 - Revised JCCS Agreed Constructions, # [2](#) Exhibit 2 - Revised JCCS Disputed Constructions, # [3](#) |

| | | |
|---|---|---|
| | | Exhibit 3 - Revised JCCS R421A Constructions, # 4 Exhibit 4 - Revised JCCS Dyna Proposed Constructions) (Staley, Joseph) (Entered: 07/14/2021) |
| 07/14/2021 | 162 | Responsive Claim Construction Brief by R421A, LLC, RMS of Georgia, LLC. (Attachments: # 1 Exhibit A - U.S. Patent Publication No. 2003-0062508 to Singh, # 2 Exhibit B - Excerpts of ASHRAE Glossary) (Staley, Joseph) (Entered: 07/14/2021) |
| 07/14/2021 | 163 | Notice filed by Dynatemp International, Inc., FluoroFusion Specialty Chemicals, Inc., R421A, LLC, RMS of Georgia, LLC(d/b/a Choice Refrigerants) *Joint Report on Markman Hearing*. (Staley, Joseph) (Entered: 07/14/2021) |
| 07/14/2021 | 164 | Responsive Claim Construction Brief by David Couchot, Dynatemp International, Inc., FluoroFusion Specialty Chemicals, Inc., William Gresham, Harold B. Kivlan, IV. (Morris, Robert) (Entered: 07/14/2021) |
| 07/14/2021 | 165 | Notice filed by David Couchot, Dynatemp International, Inc., FluoroFusion Specialty Chemicals, Inc., William Gresham, Harold B. Kivlan, IV regarding 164 Responsive Claim Construction Brief *(Appendix of Exhibits)*. (Attachments: # 1 Exhibit 1 - Concise Oxford Dictionary ("apparatus"), # 2 Exhibit 2 - ASHRAE Terminology ("refrigeration"), # 3 Exhibit 3 - International Dictionary of Refrigeration ("refrigeration"), # 4 Exhibit 4 - Marks' Standard Handbook for Engineers, # 5 Exhibit 5 - New World Encyclopedia, # 6 Exhibit 6 - Heating & Cooling Essentials, # 7 Exhibit 7 - ASHRAE Terminology ("standard condition"), # 8 Exhibit 8 - Remarks in Support of Pre-Brief Conference, # 9 Exhibit 9 - Remarks regarding Preliminary Amendment, # 10 Exhibit 10 - ANSI/ASHRAE Standard 34-2019, # 11 Exhibit 11 - Second Ponder Declaration, # 12 Exhibit 12 - Oxford Dictionary of Mechanical Engineering ("standard state"), # 13 Exhibit 13 - The Merck Index, # 14 Exhibit 14 - The Merck Index Online, # 15 Exhibit 15 - R-113 Safety Data Sheet, # 16 Exhibit 16 - Refrigerants Reference Pages (R-113), # 17 Exhibit 17 - R-11 Safety Data Sheet, # 18 Exhibit 18 - Choice R-22 Safety Data Sheet, # 19 Exhibit 19 - Choice R-421A Safety Data Sheet, # 20 Exhibit 20 - AHRI Standard 700, # 21 Exhibit 21 - PubChem (6370), # 22 Exhibit 22 - PubChem (6389), # 23 Exhibit 23 - CRC Handbook) (Morris, Robert) (Entered: 07/15/2021) |
| 07/27/2021 | 166 | MOTION to Strike *Portions of Defendants' Responsive Claim Construction Brief* filed by RMS of Georgia, LLC(d/b/a Choice Refrigerants). (Attachments: # 1 **corrected and refiled at 168 with exhibits** Memo In Support Of Motion to Strike Portions of Defendants' Responsive Claim Construction Brief, # 2 Proposed Order, # 3 Index of Exhibits, # 4 Exhibit 1 - Defendants' Disclosure of Preliminary Constructions 3-16-21, # 5 Exhibit 2 - Plaintiffs Email to Defendants 6-18-21, # 6 Exhibit 3 - Plaintiffs Email to Defendants 7-2-21, # 7 Exhibit 4 - Defendants Email to Plaintiffs 7-14-21, # 8 Exhibit 5 - Defendants' Responsive Claim Construction Brief with new evidence highlighted, # 9 Exhibit 6 - Defendants' Appendix of Exhibits to Responsive Claim Construction Brief with new evidence highlighted, # 10 Exhibit 7 - Plaintiffs July 15, 2021 letter to Defendants) (Staley, Joseph) Modified on 8/10/2021 (Collins, S.). (Entered: 07/27/2021) |
| 07/28/2021 | | NOTICE OF DEFICIENCY regarding 166 Motion to Strike. Exhibit DE166-1 is labeled as "Memo In Support Of Motion to Strike Portions of Defendants' Responsive Claim Construction Brief" however it is duplicative title of pleading of DE166. However, a memorandum in support should be filed as a separate pleading. Counsel is directed to file their memorandum in support of this motion to strike by using the MEMORANDUM IN SUPPORT event located under the Responses and Replies category, linking to the Motion to Strike when prompted to do so. See Section V.E.1(b) of the CM/ECF Policies and Procedures Manual. (Collins, S.) Modified on 7/28/2021 to revise docket text. (Collins, S.). (Entered: 07/28/2021) |

| 07/28/2021 | 167 | **CORRECTED AND REFILED AT 168 ** Memorandum in Support regarding 166 MOTION to Strike *Portions of Defendants' Responsive Claim Construction Brief* filed by RMS of Georgia, LLC(d/b/a Choice Refrigerants). (Staley, Joseph) Modified on 8/10/2021 (Collins, S.). (Entered: 07/28/2021) |
|---|---|---|
| 07/29/2021 | | NOTICE OF DEFICIENCY regarding 167 Memorandum in Support. The title of this pleading states "PLAINTIFFS' MOTION TO STRIKE PORTIONS OF DEFENDANTS' RESPONSIVE CLAIM CONSTRUCTION BRIEF", rather than notating a memorandum. Counsel shall refile. (Collins, S.) (Entered: 07/29/2021) |
| 07/29/2021 | 168 | Memorandum in Support regarding 166 MOTION to Strike *Portions of Defendants' Responsive Claim Construction Brief* filed by R421A, LLC, RMS of Georgia, LLC. (Attachments: # 1 Index of Exhibits, # 2 Exhibit 1 - Defendants' Disclosure of Preliminary Constructions 3-16-21, # 3 Exhibit 2 - Plaintiffs Email to Defendants 6-18-21, # 4 Exhibit 3 - Plaintiffs Email to Defendants 7-2-21, # 5 Exhibit 4 - Defendants Email to Plaintiffs 7-14-21, # 6 Exhibit 5 - Defendants' Responsive Claim Construction Brief with new evidence highlighted, # 7 Exhibit 6 - Defendants' Appendix of Exhibits to Responsive Claim Construction Brief with new evidence highlighted, # 8 Exhibit 7 - Plaintiffs July 15, 2021 letter to Defendants) (Staley, Joseph) (Entered: 07/29/2021) |
| 07/30/2021 | 169 | **ORDER denying 64 Motion for Preliminary Injunction; granting 90 Motion to Seal Document; granting 98 Motion to Seal; granting in part and denying in part as moot 100 Motion to Dismiss for Failure to State a Claim *Partial - Against RMS of Georgia, LLC's First Amended Counterclaims;* and, granting in part and denying in part as moot 101 Motion to Dismiss for Failure to State a Claim *against RMS of Georgia LLC's First Amended Counterclaims* - Signed by District Judge Louise Wood Flanagan on 7/30/2021.** (Tripp, S.) (Entered: 07/30/2021) |
| 08/10/2021 | 170 | **Order - A claim construction hearing is set to commence at New Bern on August 31, 2021, at 10:00 a.m. Signed by District Judge Louise Wood Flanagan on 8/10/2021.** (Collins, S.) (Entered: 08/10/2021) |
| 08/13/2021 | 171 | ANSWER to 79 Counterclaim,,, by Dynatemp International, Inc.. (Morris, Robert) (Entered: 08/13/2021) |
| 08/17/2021 | 172 | Consent MOTION for Extension of Time to File Response/Reply as to 166 MOTION to Strike *Portions of Defendants' Responsive Claim Construction Brief* filed by David Couchot, Dynatemp International, Inc., FluoroFusion Specialty Chemicals, Inc., William Gresham, Harold B. Kivlan, IV. (Attachments: # 1 Text of Proposed Order Text of Proposed Order) (Morris, Robert) (Entered: 08/17/2021) |
| 08/18/2021 | 173 | **ORDER granting 172 Motion for Extension of Time to File Response regarding 166 MOTION to Strike *Portions of Defendants' Responsive Claim Construction Brief.* Response due by 8/19/2021. Signed by District Judge Louise Wood Flanagan on 8/18/2021.** (Collins, S.) (Entered: 08/18/2021) |
| 08/19/2021 | 174 | RESPONSE in Opposition regarding 166 MOTION to Strike *Portions of Defendants' Responsive Claim Construction Brief* filed by David Couchot, Dynatemp International, Inc., FluoroFusion Specialty Chemicals, Inc., William Gresham, Harold B. Kivlan, IV. (Attachments: # 1 Exhibit Staley email 5/4/21, # 2 Exhibit Staley email 6/18/21, # 3 Exhibit Staley email 7/2/21, # 4 Exhibit Morris email 7/6/21, # 5 Exhibit Staley email 7/7/21, # 6 Exhibit Morris email 7/7/21, # 7 Exhibit Morris email 7/7/21) (Morris, Robert) (Entered: 08/19/2021) |
| 08/19/2021 | 175 | Declaration regarding 174 Response in Opposition to Motion,, *(Declaration of Jon R. Trembath)* by David Couchot, Dynatemp International, Inc., FluoroFusion Specialty Chemicals, Inc., William Gresham, Harold B. Kivlan, IV (Attachments: # 1 Exhibit |

| | | |
|---|---|---|
| | | Merck, # 2 Exhibit CRC) (Morris, Robert) Modified on 8/20/2021 to create docket entry relationship (Waddell, K.). (Entered: 08/20/2021) |
| 08/20/2021 | 176 | Declaration regarding 174 Response in Opposition to Motion,, *(Declaration of Robert J. Morris)* by David Couchot, Dynatemp International, Inc., FluoroFusion Specialty Chemicals, Inc., William Gresham, Harold B. Kivlan, IV (Morris, Robert) Modified on 8/20/2021 to create docket entry relationship (Waddell, K.). (Entered: 08/20/2021) |
| 08/25/2021 | 177 | Notice of Special Appearance for non-district by Scott P. Amy on behalf of Kenneth M. Ponder, R421A, LLC, RMS of Georgia, LLC. (Amy, Scott) (Entered: 08/25/2021) |
| 08/30/2021 | 178 | REPLY to Response to Motion regarding 166 MOTION to Strike *Portions of Defendants' Responsive Claim Construction Brief* filed by R421A, LLC, RMS of Georgia, LLC. (Attachments: # 1 Exhibit A - Dynatemp-FluoroFusion Parties' Disclosure of Proposed Terms) (Staley, Joseph) (Entered: 08/30/2021) |
| 08/30/2021 | 179 | Declaration regarding 178 Reply to Response to Motion, *(Declaration of Joseph W. Staley)* by R421A, LLC, RMS of Georgia, LLC (Staley, Joseph) (Entered: 08/30/2021) |
| 08/30/2021 | 180 | MOTION Motion to Excuse In-Person Appearance filed by R421A, LLC, RMS of Georgia, LLC. (Attachments: # 1 Text of Proposed Order) (Stafford, Thomas) (Entered: 08/30/2021) |
| 08/30/2021 | 181 | **ORDER granting 180 Motion to Excuse In-Person Appearance. Local Counsel T. Cullen Stafford, of the law firm Wyrick Robbins Yates & Ponton LLP, shall be permitted to attend the claim construction hearing by telephone. Signed by District Judge Louise Wood Flanagan on 8/30/2021.** (Collins, S.) (Entered: 08/30/2021) |
| 08/31/2021 | 182 | Courtroom Technology Certification of Training by R421A, LLC, RMS of Georgia, LLC (Staley, Joseph) (Entered: 08/31/2021) |
| 08/31/2021 | 183 | Courtroom Technology Certification of Training by R421A, LLC, RMS of Georgia, LLC (Bonner, Andrea) (Entered: 08/31/2021) |
| 08/31/2021 | 184 | Minute Entry for proceedings held before District Judge Louise Wood Flanagan: Claim Construction and Motion Hearing on 166 MOTION to Strike *Portions of Defendants' Responsive Claim Construction Brief* held on 8/31/2021. Counsel present for all parties. Court hears arguments of counsel - Oral motion by Attorney Vanore to be allowed to attend remainder of hearing via telephone - Oral Order allowing oral motion by Attorney Vanore - Oral motion by plaintiffs for leave to manually file DVD of video presentations - Oral order allowing Oral motion for leave to manually file - Exhibit presentations shall be filed on docket by end of day Friday, September 3, 2021 - Court takes under advisement - Written order to follow. (Court Reporter Tracy McGurk) (Collins, S.) (Entered: 08/31/2021) |
| 08/31/2021 | | Oral Motion for leave by Attorney Vanore to attend remainder of hearing via telephone filed by Lenz Sales & Distributing, Inc. (Collins, S.) (Entered: 08/31/2021) |
| 08/31/2021 | | **ORAL ORDER granting Oral Motion for leave by Attorney Vanore to attend remainder of hearing via telephone. Entered by District Judge Louise Wood Flanagan on 8/31/2021.** (Collins, S.) (Entered: 08/31/2021) |
| 08/31/2021 | | Oral motion by plaintiffs for leave to manually file DVD of video presentations filed by Dynatemp International, Inc., Harold B. Kivlan, IV. (Collins, S.) (Entered: 08/31/2021) |
| 08/31/2021 | | **ORAL ORDER granting Oral motion by plaintiffs for leave to manually file DVD of video presentations. Entered by District Judge Louise Wood Flanagan on** |

| | | |
|---|---|---|
| | | **8/31/2021.** (Collins, S.) (Entered: 08/31/2021) |
| 09/02/2021 | 185 | Notice filed by R421A, LLC, RMS of Georgia, LLC regarding 184 Evidentiary Hearing,,, *Defendants' Claim Construction Presentation.* (Staley, Joseph) (Entered: 09/02/2021) |
| 09/03/2021 | 186 | Notice filed by David Couchot, Dynatemp International, Inc., FluoroFusion Specialty Chemicals, Inc., William Gresham, Harold B. Kivlan, IV regarding 184 Evidentiary Hearing,,, *(Notice of Filing - Dynatemp/FluoroFusion Parties' Hearing Materials).* (Attachments: # 1 Exhibit 1 - Markman Hearing PowerPoint Slides, # 2 Exhibit 2 - Other Slides) (Morris, Robert) (Entered: 09/03/2021) |
| 09/03/2021 | 187 | Notice filed by David Couchot, Dynatemp International, Inc., FluoroFusion Specialty Chemicals, Inc., William Gresham, Harold B. Kivlan, IV regarding 184 Evidentiary Hearing,,, Order on Motion for Miscellaneous Relief *(Notice of Manual Filing - CD).* (Morris, Robert) (Entered: 09/03/2021) |
| 09/03/2021 | | Remark - Hearing Materials 185 and 186 submitted to District Judge Louise Wood Flanagan. (Collins, S.) (Entered: 09/03/2021) |
| 09/10/2021 | 188 | Letter from Attorney Robert Morris enclosing manually filed CD of videos presented during hearing pursuant to Notice of Manual Filing 187 . (Collins, S.) (Entered: 09/10/2021) |
| 09/17/2021 | 189 | **ORDER denying RMS parties' 166 Motion to Strike. Pursuant to section (D)(2) of the court's October 23, 2020, order, the parties are DIRECTED to file within 14 days of the date of this order a jointly proposed order, setting forth case management deadlines to govern this case going forward. Signed by District Judge Louise Wood Flanagan on 9/17/2021.** (Collins, S.) (Entered: 09/17/2021) |
| 09/29/2021 | 190 | OFFICIAL TRANSCRIPT of Claim Construction and Motion Hearing held on 8/31/2021, before Judge Louise Wood Flanagan. Court Reporter/Transcriber Tracy McGurk, Telephone number 419-392-6626. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Please review Attorney obligations regarding the redaction of electronic transcripts of court proceedings available on the court's website Redaction Request due 10/23/2021. Redacted Transcript Deadline set for 11/2/2021. Release of Transcript Restriction set for 12/31/2021. (McGurk, T.) (Entered: 09/29/2021) |
| 09/29/2021 | | NOTICE of Filing of Official Transcript 190 Transcript,,,. The parties have seven calendar days from the filing of the transcript to file a Notice of Intent to Request Redaction. The parties must also serve a copy on the court reporter or transcriber. After filing the Notice of Intent to Request Redaction, a party must submit to the court reporter or transcriber, within 21 calendar days of the filing of the transcript, a written statement indicating where the personal data identifiers to be redacted appear in the transcript. (McGurk, T.) (Entered: 09/29/2021) |
| 10/01/2021 | 191 | Notice filed by David Couchot, Dynatemp International, Inc., FluoroFusion Specialty Chemicals, Inc., William Gresham, Harold B. Kivlan, IV regarding 189 Order on Motion to Strike, *(Joint Case Management Proposal and Proposed Order).* (Attachments: # 1 Text of Proposed Order Text of Proposed Order) (Morris, Robert) (Entered: 10/01/2021) |
| 10/08/2021 | 192 | **AMENDED CASE MANAGEMENT ORDER - *Discovery in this case may be governed by a protective order.* Mediation Deadline set for 10/17/2022. Discovery due by 10/17/2022. Motions due by 11/17/2022. After the court has ruled on any dispositive motion(s), the court will enter a scheduling order governing deadlines** |

| | | |
|---|---|---|
| | | **and procedures for final pretrial conference and trial, as appropriate. Counsel should read order in its entirety for critical information and deadlines. Signed by District Judge Louise Wood Flanagan on 10/8/2021.** (Tripp, S.) (Entered: 10/08/2021) |
| 11/23/2021 | 193 | Joint MOTION for Court-Hosted Settlement Conference filed by David Couchot, Dynatemp International, Inc., FluoroFusion Specialty Chemicals, Inc., William Gresham, Harold B. Kivlan, IV. (Attachments: # 1 Text of Proposed Order Text of Proposed Order) (Morris, Robert) (Entered: 11/23/2021) |
| 11/24/2021 | | Motion Submitted to District Judge Louise Wood Flanagan regarding 193 Joint MOTION for Court-Hosted Settlement Conference. (Collins, S.) (Entered: 11/24/2021) |
| 11/29/2021 | 194 | **ORDER granting 193 Joint MOTION for Court-Hosted Settlement Conference. This case is referred to U.S. Magistrate Judge Robert T. Numbers, II for a court-hosted settlement conference. Signed by District Judge Louise Wood Flanagan on 11/29/2021.** (Collins, S.) (Entered: 11/29/2021) |
| 12/01/2021 | 195 | **ORDER - The court has referred this matter to the undersigned to hold a court-hosted settlement conference. No later than Wednesday, December 22, 2021, each party shall submit a confidential mediation statement to the court. Counsel is reminded to read the order in its entirety for critical deadlines and information. Signed by Magistrate Judge Robert T. Numbers, II on 12/1/2021.** (Collins, S.) (Entered: 12/01/2021) |
| 01/21/2022 | | **** Set Hearings: Videoconference set for 1/26/2022 at 04:00 PM. Clerk will provide the parties with the necessary information to join the videoconference. (Brewer, C) (Entered: 01/21/2022) |
| 01/26/2022 | 196 | Minute Entry for proceedings held before Magistrate Judge Robert T. Numbers, II via videoconference - Status/Scheduling Conference held on 1/26/2022. Parties present via video. Parties speak as to the status of discovery and the scheduling of the settlement conference. Written order to follow (Court Reporter - FTR) (Brewer, C) (Entered: 01/26/2022) |
| 02/07/2022 | 201 | **ORDER - Settlement Conference set for Tuesday 3/29/2022 at 10:00 AM and Wednesday 3/30/2022 at 10:00 AM in Raleigh - 5th Floor Courtroom before Magistrate Judge Robert T. Numbers II. Signed by Magistrate Judge Robert T. Numbers, II on 2/7/2022.** (Collins, S.) Modified on 3/24/2022 to attach order missing from original docket entry. (Collins, S.). (Entered: 02/07/2022) |
| 02/16/2022 | 197 | **CORRECTED AND REFILED AT 198 ** Notice filed by Kenneth M. Ponder, RMS of Georgia, LLC regarding Set Hearings, . (Attachments: # 1 Exhibit -A, # 2 Text of Proposed Order) (Wisz, David) Modified on 2/18/2022 (Collins, S.). (Entered: 02/16/2022) |
| 02/16/2022 | | NOTICE OF DEFICIENCY regarding 197 Notice - other. The document should have been filed using a motion event. Counsel is directed to refile the document using the proper motion event. In addition, counsel is reminded that exhibits must be properly identified pursuant to Section V.E. of the CM/ECF Policies and Procedures Manual (i.e., "Exhibit A" is not a sufficient description). (Collins, S.) (Entered: 02/16/2022) |
| 02/16/2022 | 198 | MOTION to Excuse Insurance Claims Representative from In Person Attendance at Mediation Conference regarding Set Hearings, filed by Kenneth M. Ponder, RMS of Georgia, LLC. (Attachments: # 1 Exhibit A- Consent Email, # 2 Text of Proposed Order) (Wisz, David) Modified on 2/18/2022 to revise docket text. (Collins, S.). (Entered: 02/16/2022) |

| 02/18/2022 | | Motion Referred to US Magistrate Judge Robert T. Numbers, II regarding 198 MOTION regarding Set Hearings. (Collins, S.) (Entered: 02/18/2022) |
|---|---|---|
| 02/22/2022 | 199 | **ORDER granting 198 MOTION to Excuse Insurance Claims Representative from In Person Attendance at Mediation Conference. Signed by Magistrate Judge Robert T. Numbers, II on 2/22/2022.** (Collins, S.) (Entered: 02/22/2022) |
| 03/22/2022 | 200 | Joint MOTION to Continue *Court-Hosted Settlement Conference* filed by David Couchot, Dynatemp International, Inc., FluoroFusion Specialty Chemicals, Inc., William Gresham, Harold B. Kivlan, IV. (Attachments: # 1 Text of Proposed Order Text of Proposed Order) (Morris, Robert) (Entered: 03/22/2022) |
| 03/23/2022 | | Motion Referred to US Magistrate Judge Robert T. Numbers, II regarding 200 Joint MOTION to Continue *Court-Hosted Settlement Conference.* (Collins, S.) (Entered: 03/23/2022) |
| 03/25/2022 | 202 | **ORDER - United States Magistrate Judge Robert T. Numbers, II will hold a court-hosted settlement conference on Wednesday, May 25, 2022 and Thursday, May 26, 2022 beginning at 10:00 a.m.. The settlement conference will take place in the 5th Floor Courtroom of the Terry Sanford Federal Building, 310 New Bern Ave., Raleigh, North Carolina. Signed by Magistrate Judge Robert T. Numbers, II on 3/25/2022.**<br><br>*Counsel is reminded to read the order in its entirety for critical deadlines and information.* (Collins, S.) (Entered: 03/25/2022) |
| 05/12/2022 | 203 | **CORRECTED AND REFILED AT 204 ** RESPONSE to Order regarding 202 Order,,, Set Hearings,, *Consent Motion for Representative to Attend Settlement Conference by Telephone* filed by Lenz Sales & Distributing, Inc.. (Attachments: # 1 Text of Proposed Order) (Vanore, Andrew) Modified on 5/12/2022 (Collins, S.). (Entered: 05/12/2022) |
| 05/12/2022 | | NOTICE OF DEFICIENCY regarding 203 Response. The document should have been filed using a motion event. Counsel is directed to refile the document using the proper motion event. In addition, counsel should include a proposed order for consideration by the court. (Collins, S.) (Entered: 05/12/2022) |
| 05/12/2022 | 204 | Consent MOTION for Settlement *Conference allowing representative to attend by telephone* filed by Lenz Sales & Distributing, Inc.. (Attachments: # 1 Text of Proposed Order) (Vanore, Andrew) (Entered: 05/12/2022) |
| 05/12/2022 | | Motion Referred to US Magistrate Judge Robert T. Numbers, II regarding 204 Consent MOTION for Settlement *Conference allowing representative to attend by telephone.* (Collins, S.) (Entered: 05/12/2022) |
| 05/13/2022 | 205 | **ORDER granting 204 Consent MOTION for Settlement Conference *allowing representative to attend by telephone.* Signed by Magistrate Judge Robert T. Numbers, II on 5/13/2022.** (Collins, S.) (Entered: 05/13/2022) |
| 05/18/2022 | 206 | Joint MOTION for Extension of Time to Complete Discovery filed by Kenneth M. Ponder, R421A, LLC, RMS of Georgia, LLC. (Attachments: # 1 Text of Proposed Order) (Staley, Joseph) Modified on 5/19/2022 to correctly identify attachment (Castania, M). (Entered: 05/18/2022) |
| 05/19/2022 | | Motion Submitted to District Judge Louise Wood Flanagan regarding 206 Joint MOTION for Extension of Time to Complete Discovery. (Castania, M) (Entered: 05/19/2022) |

| | | |
|---|---|---|
| 05/20/2022 | 207 | **ORDER granting 206 Motion to Amend Case Management Order. All other provisions of the Amended Case Management Order (DE 192) remain as set forth therein. Signed by District Judge Louise Wood Flanagan on 5/20/2022.** (Castania, M) (Entered: 05/20/2022) |
| 05/25/2022 | 208 | Minute Entry for proceedings held before Magistrate Judge Robert T. Numbers, II in Raleigh - Settlement Conference held on 5/25/2022. Parties present in the courtroom and by telephone. The Court makes opening remarks. The parties break for discussions. Settlement Conference adjourned at 4:23pm - to reconvene tomorrow, 5/26/2022 at 11:00am. (Court Reporter - FTR) (Brewer, C) (Entered: 05/25/2022) |
| 05/25/2022 | | **** Reset Hearing: Settlement Conference to reconvene on 5/26/2022 at 11:00 AM in Raleigh - 5th Floor Courtroom before Magistrate Judge Robert T. Numbers II. (Brewer, C) (Entered: 05/25/2022) |
| 05/25/2022 | 209 | Minute Entry for proceedings held before Magistrate Judge Robert T. Numbers, II in Raleigh - Continuation of settlement Conference held on 5/26/2022. Parties present. Parties break for discussions at 11:00am. Court adjourns at 4:30pm. Status Conference set for 6/7/2022 at 03:00 PM via telephone before Magistrate Judge Robert T. Numbers II. (Court Reporter - FTR) (Brewer, C) (Entered: 05/26/2022) |
| 06/07/2022 | 210 | Minute Entry for proceedings held before Magistrate Judge Robert T. Numbers, II in Raleigh via teleconference - Status Conference and continuation of settlement conference held on 6/7/2022. Parties present via telephone. Settlement Conference reaches an impasse. (Brewer, C) (Entered: 06/07/2022) |
| 08/09/2022 | 211 | Joint MOTION for Extension of Time to Complete Discovery filed by David Couchot, Dynatemp International, Inc., FluoroFusion Specialty Chemicals, Inc., William Gresham, Harold B. Kivlan, IV. (Attachments: # 1 Text of Proposed Order 1 - Text of Proposed Order) (Morris, Robert) (Entered: 08/09/2022) |
| 08/10/2022 | | Motion Submitted to District Judge Louise Wood Flanagan regarding 211 Joint MOTION for Extension of Time to Complete Discovery. (Collins, S.) (Entered: 08/10/2022) |
| 08/10/2022 | 212 | **ORDER granting 211 Joint Motion for Extension of Time to Complete Discovery. Counsel is reminded to read the order in its entirety for critical deadlines and information. Signed by District Judge Louise Wood Flanagan on 8/10/2022.** (Collins, S.) (Entered: 08/10/2022) |
| 08/11/2022 | 213 | Notice of Change of Address filed by Jon R. Trembath filed by on behalf of David Couchot, Dynatemp International, Inc., FluoroFusion Specialty Chemicals, Inc., William Gresham, Harold B. Kivlan, IV. (Trembath, Jon) (Entered: 08/11/2022) |
| 08/18/2022 | | Notice to Counsel regarding: 213 Notice of Change of Address. Counsel should refer to Pages 5 and 6 of the CM/ECF Policy and Procedure Manual for instructions on updating law firm information. Once updated, the new contact information will be reflected on the docket of all cases in which counsel entered an appearance. (Collins, S.) (Entered: 08/18/2022) |
| 09/06/2022 | 214 | MOTION for Clarification/Reconsideration of Markman Order regarding 189 Order on Motion to Strike, filed by David Couchot, Dynatemp International, Inc., FluoroFusion Specialty Chemicals, Inc., William Gresham, Harold B. Kivlan, IV. (Attachments: # 1 Text of Proposed Order 1- Text of Proposed Order) (Morris, Robert) (Entered: 09/06/2022) |
| 09/06/2022 | 215 | Memorandum in Support regarding 214 MOTION for Clarification/Reconsideration of Markman Order regarding 189 Order on Motion to Strike, filed by David Couchot, |

| | | Dynatemp International, Inc., FluoroFusion Specialty Chemicals, Inc., William Gresham, Harold B. Kivlan, IV. (Morris, Robert) (Entered: 09/06/2022) |
|---|---|---|
| 09/06/2022 | 216 | Declaration regarding 214 MOTION for Clarification/Reconsideration of Markman Order regarding 189 Order on Motion to Strike, *(Declaration of Jon R. Trembath) (Exhibits 1-18))* by David Couchot, Dynatemp International, Inc., FluoroFusion Specialty Chemicals, Inc., William Gresham, Harold B. Kivlan, IV (Attachments: # 1 Index Table of Exhibits, # 2 Exhibit 1 - Defendants'/Counter-Plaintiffs' Claim Construction Presentation [DE 185], # 3 Exhibit 2 - Ponder Deposition Transcript 5/20/22, # 4 Exhibit 3 - ASHRAE Terminology, # 5 Exhibit 4 - UN Recommendations on the Transport of Dangerous Goods, # 6 Exhibit 5 - Transcript of Markman Hearing 8/31/21, # 7 Exhibit 6 - Collins Dictionary, # 8 Exhibit 7 - 179 Patent, # 9 Exhibit 8 - Refrigeration Industry Leaders Organize Global Refrigerant Management Initiative, # 10 Exhibit 9 - AHRI Complaint in Intervention, # 11 Exhibit 10 - AHRI Guideline N-2017, # 12 Exhibit 11 - ARI Guideline N-2002, # 13 Exhibit 12 - Intertek Report (Filed Provisionally Under Seal), # 14 Exhibit 13 - AHRI Standard 700-2019, # 15 Exhibit 14 - AHRI Standard 700-2006, # 16 Exhibit 15 - ARI Standard 700-1999, # 17 Exhibit 16 - Choice R-421A Flyer, # 18 Exhibit 17 - Refrigerant Transaction and Recovery Certification Program Manual, # 19 Exhibit 18 - ASHRAE Standard 34-2019) (Morris, Robert) (Entered: 09/06/2022) |
| 09/06/2022 | 217 | Notice filed by David Couchot, Dynatemp International, Inc., FluoroFusion Specialty Chemicals, Inc., William Gresham, Harold B. Kivlan, IV regarding 216 Declaration,,,,, *(Exhibit 19 to Declaration of Jon R. Trembath)*. (Attachments: # 1 Exhibit 19 - UN Globally Harmonized System of Classification and Labelling of Chemicals (Part 1)) (Morris, Robert) (Entered: 09/07/2022) |
| 09/07/2022 | 218 | Notice filed by David Couchot, Dynatemp International, Inc., FluoroFusion Specialty Chemicals, Inc., William Gresham, Harold B. Kivlan, IV regarding 216 Declaration,,,,, *(Exhibit 19 to Declaration of Jon R. Trembath)*. (Attachments: # 1 Exhibit 19 - UN Globally Harmonized System of Classification and Labelling of Chemicals (Part 2)) (Morris, Robert) (Entered: 09/07/2022) |
| 09/07/2022 | 219 | Notice filed by David Couchot, Dynatemp International, Inc., FluoroFusion Specialty Chemicals, Inc., William Gresham, Harold B. Kivlan, IV regarding 216 Declaration,,,,, *(Exhibit 19 to Declaration of Jon R. Trembath)*. (Attachments: # 1 Exhibit 19 - UN Globally Harmonized System of Classification and Labelling of Chemicals (Part 3)) (Morris, Robert) (Entered: 09/07/2022) |
| 09/07/2022 | 220 | Notice filed by David Couchot, Dynatemp International, Inc., FluoroFusion Specialty Chemicals, Inc., William Gresham, Harold B. Kivlan, IV regarding 216 Declaration,,,,, *(Exhibit 19 to Declaration of Jon R. Trembath)*. (Attachments: # 1 Exhibit 19 - UN Globally Harmonized System of Classification and Labelling of Chemicals (Part 4)) (Morris, Robert) (Entered: 09/07/2022) |
| 09/07/2022 | 221 | Notice filed by David Couchot, Dynatemp International, Inc., FluoroFusion Specialty Chemicals, Inc., William Gresham, Harold B. Kivlan, IV regarding 216 Declaration,,,,, *(Exhibit 19 to Declaration of Jon R. Trembath)*. (Attachments: # 1 Exhibit 19 - UN Globally Harmonized System of Classification and Labelling of Chemicals (Part 5)) (Morris, Robert) (Entered: 09/07/2022) |
| 09/07/2022 | 222 | Notice filed by David Couchot, Dynatemp International, Inc., FluoroFusion Specialty Chemicals, Inc., William Gresham, Harold B. Kivlan, IV regarding 216 Declaration,,,,, *(Exhibit 19 to Declaration of Jon R. Trembath)*. (Attachments: # 1 Exhibit 19 - UN Globally Harmonized System of Classification and Labelling of Chemicals (Part 6)) (Morris, Robert) (Entered: 09/07/2022) |

| 09/07/2022 | 223 | Notice filed by David Couchot, Dynatemp International, Inc., FluoroFusion Specialty Chemicals, Inc., William Gresham, Harold B. Kivlan, IV regarding 216 Declaration,,,,, *(Exhibit 19 to Declaration of Jon R. Trembath)*. (Attachments: # 1 Exhibit 19 - UN Globally Harmonized System of Classification and Labelling of Chemicals (Part 7)) (Morris, Robert) (Entered: 09/07/2022) |
|---|---|---|
| 09/07/2022 | 224 | Notice filed by David Couchot, Dynatemp International, Inc., FluoroFusion Specialty Chemicals, Inc., William Gresham, Harold B. Kivlan, IV regarding 216 Declaration,,,,, *(Exhibit 19 to Declaration of Jon R. Trembath)*. (Attachments: # 1 Exhibit 19 - UN Globally Harmonized System of Classification and Labelling of Chemicals (Part 8)) (Morris, Robert) (Entered: 09/07/2022) |
| 09/07/2022 | 225 | Notice filed by David Couchot, Dynatemp International, Inc., FluoroFusion Specialty Chemicals, Inc., William Gresham, Harold B. Kivlan, IV regarding 216 Declaration,,,,, *(Exhibits 20-31 to Declaration of Jon R. Trembath)*. (Attachments: # 1 Exhibit 20 - RMS Purchase Order (Filed Provisionally Under Seal), # 2 Exhibit 21 - RMS Purchase Order (Filed Provisionally Under Seal), # 3 Exhibit 22 - RMS Packaging Photos, # 4 Exhibit 23 - RMS Sales by Item (Filed Provisionally Under Seal), # 5 Exhibit 24 - SDS for Choice R-420A, # 6 Exhibit 25 - SDS for Choice R-421A, # 7 Exhibit 26 - SDS for Choice R-421B, # 8 Exhibit 27 - SDS for R-113, # 9 Exhibit 28 - SDS for Pentane, # 10 Exhibit 29 - SDS for Dynatemp 421A, # 11 Exhibit 30 - EPA Substance Registry Service, # 12 Exhibit 31 - EPA Substance Registry Service pages for R-22, R-125, R-134a, R-113 and Pentane) (Morris, Robert) (Entered: 09/07/2022) |
| 09/07/2022 | 226 | Notice filed by David Couchot, Dynatemp International, Inc., FluoroFusion Specialty Chemicals, Inc., William Gresham, Harold B. Kivlan, IV regarding 216 Declaration,,,,, *(Exhibits 32-38 to Declaration of Jon R. Trembath)*. (Attachments: # 1 Exhibit 32 - NIH PubChem pages for R-22, R-125, R-134a, R-113 and Pentane, # 2 Exhibit 33 - A-Gas Containers Photo, # 3 Exhibit 34 - National Containers Photo, # 4 Exhibit 35 - J Calm, Options & Outlook for Chiller Refrigerants, # 5 Exhibit 36 - James M. Calm, # 6 Exhibit 37 - Calm Report, # 7 Exhibit 38 - J Calm and G. Hourahan, Refrigerant Data Summary) (Morris, Robert) (Entered: 09/07/2022) |
| 09/07/2022 | 227 | Declaration regarding 214 MOTION for Clarification/Reconsideration of Markman Order regarding 189 Order on Motion to Strike, *(Declaration of Harold B. Kivlan, IV)* by David Couchot, Dynatemp International, Inc., FluoroFusion Specialty Chemicals, Inc., William Gresham, Harold B. Kivlan, IV (Attachments: # 1 Exhibit A - Shipping Docs, # 2 Exhibit B - Shipping Docs, # 3 Exhibit C - Shipping Docs) (Morris, Robert) (Entered: 09/07/2022) |
| 09/07/2022 | 228 | SEALED Exhibit *(Selected Participants Only)* by Dynatemp International, Inc., FluoroFusion Specialty Chemicals, Inc., David Couchot, Harold B. Kivlan, IV, William Gresham (available to: Plaintiffs David Couchot, Dynatemp International, Inc., FluoroFusion Specialty Chemicals, Inc., William Gresham, Harold B. Kivlan, IV, Defendants Lenz Sales & Distributing, Inc., Kenneth M. Ponder, R421A, LLC, RMS of Georgia, LLC) regarding 216 Declaration,,,,,. (Attachments: # 1 Exhibit 12 - Intertek Report, # 2 Exhibit 20 - RMS Purchase Order, # 3 Exhibit 21 - RMS Purchase Order, # 4 Exhibit 23 - RMS Sales by Item) (Morris, Robert) Modified on 5/12/2023 to remove word proposed. (Collins, S.). (Entered: 09/07/2022) |
| 09/07/2022 | 229 | Notice filed by David Couchot, Dynatemp International, Inc., FluoroFusion Specialty Chemicals, Inc., William Gresham, Harold B. Kivlan, IV regarding 228 PROPOSED SEALED Exhibit,, *(Notice of Filing Material Provisionally Under Seal)*. (Morris, Robert) (Entered: 09/07/2022) |

| 09/07/2022 | | **TEXT ORDER regarding DE214-DE228: The court DIRECTS the parties to deliver to the court a courtesy copy of the documents filed by that party, and all outstanding motions and briefs related thereto, including all exhibits and attachments thereto, tabbed by docket entry and exhibit number, (but not bound, including no notebooks) no later than ten (10) days from the date of the text order, or sooner if possible. *Counsel is requested to send the copies with no signature required.*** <br><br> **Such courtesy copies are to be addressed for delivery to the Honorable Louise W. Flanagan, United States District Court, Eastern District of North Carolina, ATTN: Ms. Sandra Collins, 413 Middle St., New Bern, NC 28560. Signed by District Judge Louise Wood Flanagan on 9/7/2022.** (Collins, S.) (Entered: 09/07/2022) |
| 09/23/2022 | 230 | Consent MOTION for Extension of Time to File Response/Reply as to 214 MOTION for Clarification/Reconsideration of Markman Order regarding 189 Order on Motion to Strike, filed by R421A, LLC, RMS of Georgia, LLC. (Attachments: # 1 Text of Proposed Order) (Staley, Joseph) (Entered: 09/23/2022) |
| 09/26/2022 | 231 | **ORDER granting 230 Consent Motion for Extension of Time to File Response/Reply regarding 214 MOTION for Clarification/Reconsideration of Markman Order regarding 189 Order on Motion to Strike. Response due by 10/4/2022. Signed by District Judge Louise Wood Flanagan on 9/26/2022.** (Collins, S.) (Entered: 09/26/2022) |
| 09/26/2022 | | Notice of Documents Unsealed regarding DE 228 - The Plaintiffs having given proper notice of the filing of materials at DE 229 that have been designated confidential and there having been no motion to seal filed in response, the Court will remove the temporary seals placed on certain documents at 228 pursuant to Section V.G.1(g)(iii) of the CM/ECF Policy and Procedures Manual *in five (5) days from the date of this notice if no motion to seal is filed.* (Collins, S.) (Entered: 09/26/2022) |
| 09/28/2022 | 232 | MOTION to Seal 216 Declaration,,,,, 225 Notice - other,,, filed by Kenneth M. Ponder, R421A, LLC, RMS of Georgia, LLC. (Attachments: # 1 Text of Proposed Order) (Staley, Joseph) (Entered: 09/28/2022) |
| 09/28/2022 | 233 | Memorandum in Support regarding 232 MOTION to Seal 216 Declaration,,,,, 225 Notice - other,,, filed by Kenneth M. Ponder, R421A, LLC, RMS of Georgia, LLC. (Staley, Joseph) (Entered: 09/28/2022) |
| 09/29/2022 | 234 | Amended MOTION to Seal 228 PROPOSED SEALED Exhibit,, filed by Kenneth M. Ponder, R421A, LLC, RMS of Georgia, LLC. (Attachments: # 1 Text of Proposed Order) (Staley, Joseph) (Entered: 09/29/2022) |
| 09/29/2022 | 235 | Memorandum in Support regarding 234 Amended MOTION to Seal 228 PROPOSED SEALED Exhibit,, filed by Kenneth M. Ponder, R421A, LLC, RMS of Georgia, LLC. (Staley, Joseph) (Entered: 09/29/2022) |
| 09/29/2022 | 236 | WITHDRAWAL of Motion by Kenneth M. Ponder, R421A, LLC, RMS of Georgia, LLC(d/b/a Choice Refrigerants). regarding 232 MOTION to Seal 216 Declaration,,,,, 225 Notice - other,,, filed by R421A, LLC, RMS of Georgia, LLC, Kenneth M. Ponder (Staley, Joseph) (Entered: 09/29/2022) |
| 09/29/2022 | 237 | MOTION to Strike 214 MOTION for Clarification/Reconsideration of Markman Order regarding 189 Order on Motion to Strike, , 215 Memorandum in Support, *and all extrinsic evidence submitted therewith* filed by Kenneth M. Ponder, R421A, LLC, |

| | | RMS of Georgia, LLC. (Attachments: # 1 Text of Proposed Order) (Staley, Joseph) (Entered: 09/29/2022) |
|---|---|---|
| 09/29/2022 | 238 | Memorandum in Support regarding 237 MOTION to Strike 214 MOTION for Clarification/Reconsideration of Markman Order regarding 189 Order on Motion to Strike, , 215 Memorandum in Support, *and all extrinsic evidence submitted therewith* filed by Kenneth M. Ponder, R421A, LLC, RMS of Georgia, LLC. (Staley, Joseph) (Entered: 09/29/2022) |
| 10/01/2022 | 239 | MOTION for Leave to File *Amended Counterclaims and Affirmative Defenses to Assert Inequitable Conduct in Prosecution of the Asserted Patents* filed by David Couchot, Dynatemp International, Inc., FluoroFusion Specialty Chemicals, Inc., William Gresham, Harold B. Kivlan, IV. (Attachments: # 1 Exhibit A - Dynatemp/FluoroFusion Amended Affirmative Defenses and Counterclaims [Proposed] - Filed Provisionally Under Seal, # 2 Exhibit B - Dynatemp/FluoroFusion Amended Affirmative Defenses and Counterclaims [Proposed] (Changes Highlighted) - Filed Provisionally Under Seal, # 3 Exhibit C- Kivlan Amended Affirmative Defenses [Proposed], # 4 Exhibit D - Kivlan Amended Affirmative Defenses [Proposed] - Changes Highlighted, # 5 Exhibit E - Gresham Amended Affirmative Defenses [Proposed], # 6 Exhibit F - Gresham Amended Affirmative Defenses [Proposed] - Changes Highlighted, # 7 Exhibit G - Couchot Amended Affirmative Defenses [Proposed], # 8 Exhibit H - Couchot Amended Affirmative Defenses [Proposed] - Changes Highlighted, # 9 Text of Proposed Order I - Text of Proposed Order) (Morris, Robert) (Entered: 10/01/2022) |
| 10/01/2022 | 240 | PROPOSED SEALED Document: *(Selected Participants Only)*by Dynatemp International, Inc., FluoroFusion Specialty Chemicals, Inc., David Couchot, Harold B. Kivlan, IV, William Gresham (available to: Defendants Lenz Sales & Distributing, Inc., Kenneth M. Ponder, R421A, LLC, RMS of Georgia, LLC) regarding 239 MOTION for Leave to File *Amended Counterclaims and Affirmative Defenses to Assert Inequitable Conduct in Prosecution of the Asserted Patents*. (Attachments: # 1 Exhibit B - Dynatemp/Flurofusion Amended Affirmative Defenses and Counterclaims [Proposed] - Changes Highlighted) (Morris, Robert) (Entered: 10/01/2022) |
| 10/01/2022 | 241 | Notice filed by David Couchot, Dynatemp International, Inc., FluoroFusion Specialty Chemicals, Inc., William Gresham, Harold B. Kivlan, IV regarding 240 PROPOSED SEALED Document,, 239 MOTION for Leave to File *Amended Counterclaims and Affirmative Defenses to Assert Inequitable Conduct in Prosecution of the Asserted Patents (Appendix of Exhibits to Dynatemp/Fluorofusion Amended Affirmative Defenses and Counterclaims [Proposed] (Exhibit A)) (Part 1)*. (Attachments: # 1 Exhibit 1 - Phasing Out HCFC Refrigerants, # 2 Exhibit 2 - US Patent No. 8,197,706, # 3 Exhibit 3 - US Patent Application No. 10/937,736, # 4 Exhibit 4 - US Patent No. 9,982,179, # 5 Exhibit 5 - US Patent 10,703,949, # 6 Exhibit 6 - US Provisional Patent Application No. 60/051,049, # 7 Exhibit 7 - R421A LLC's Objections and Resopnses to Dynatemp/FluoroFusion Parties' Third Set of Interrogatories (Nos. 19-23) 12-20-21 (Filed Provisionally Under Seal), # 8 Exhibit 8 - K Ponder Deposition 5-20-22, # 9 Exhibit 9 - Final Rejection 12-11-06 (736 Application), # 10 Exhibit 10 - US Patent No. 6,428,720 (Roberts), # 11 Exhibit 11 - Response and Request for Reconsideration 2-12-07 (736 Application), # 12 Exhibit 12 - Advisory Action Before Filing of Appellate Brief 3-6-07 (736 Application), # 13 Exhibit 13 - Response to Advisory Action and Request for Reconsideration 3-12-07 (736 Appliacation), # 14 Exhibit 14 - Advisory Action Before Filing of Appellate Brief 3-27-07 (736 Application), # 15 Exhibit 15 - Notice of Appeal to BPAI 4-11-07 (736 Application), # 16 Exhibit 16 - Pre-Appeal Brief Request for Review 4-11-07 (736 Application), # 17 Exhibit 17 - Notice of Panel Decision from Pre-Appeal Brief Review 4-23-07 (736 Application), # 18 Exhibit 18 - Interview Summary 8-10-07 (736 Application), # 19 Exhibit 19 - |

| | | |
|---|---|---|
| | | Request for Continued Examination and Preliminary Amendment 8-13-07 (736 Application), # 20 Exhibit 20 - Non-Final Rejection 8-20-07 (736 Application), # 21 Exhibit 21 - Declaration of A Gbur 9-17-07 (736 Application), # 22 Exhibit 22 - US Patent Application No. 2005 US 0082510, # 23 Exhibit 23 - Response and Amendment 10-30-07 (736 Application), # 24 Exhibit 24 - Non-Final Rejection 12-17-07 (736 Application), # 25 Exhibit 25 - US Patent No. 6,207,071 (Takigawa)) (Morris, Robert) (Entered: 10/01/2022) |
| 10/01/2022 | 242 | Notice filed by David Couchot, Dynatemp International, Inc., FluoroFusion Specialty Chemicals, Inc., William Gresham, Harold B. Kivlan, IV regarding 240 PROPOSED SEALED Document,, 239 MOTION for Leave to File *Amended Counterclaims and Affirmative Defenses to Assert Inequitable Conduct in Prosecution of the Asserted Patents (Appendix of Exhibits to Dynatemp/Fluorofusion Amended Affirmative Defenses and Counterclaims [Proposed] (Exhibit A)) (Part 2)*. (Attachments: # 1 Exhibit 26 - Final Rejection 6-27-08 (736 Application), # 2 Exhibit 27 - Notice of Appeal to BPAI 12-9-08 (736 Application), # 3 Exhibit 28 - Decision on Appeal 4-29-10 (736 Application), # 4 Exhibit 29 - Request for Reopening Prosecution or for Rehearing of Decision on Appeal 6-29-10 (736 Application), # 5 Exhibit 30 - Decision on Request for Rehearing 10-4-10 (736 Application), # 6 Exhibit 31 - Petition for Review 12-3-10 (736 Application), # 7 Exhibit 32 - Fed Cir Case Summary, # 8 Exhibit 33 - Preliminary Amendment 3-22-11 (706 Application), # 9 Exhibit 34 - Non-Final Rejection 7-11-11 (706 Application), # 10 Exhibit 35 - Response to Non-Final Rejection 1-11-12 (706 Application), # 11 Exhibit 36 - Applicant-Initiated Interview Summary 2-9-12 (706 Application), # 12 Exhibit 37 - Applicant-Initiated Interview Summary 2-15-12 (706 Application), # 13 Exhibit 38 - Notice of Alloance 2-15-12 (706 Application), # 14 Exhibit 39 - 1998 ASHRAE Handbook - Refrigeration (excerpt), # 15 Exhibit 40 - Non-Final Rejection 3-25-13 (179 Application), # 16 Exhibit 41 - Response to Non-Final Office Action 8-26-13 (179 Application), # 17 Exhibit 42 - Declaration of K Ponder 8-26-13 (179 Application), # 18 Exhibit 43 - 71 Fed. Reg. No. 188 9-28-06, # 19 Exhibit 44 - Q and A about SNAP Alternatives, # 20 Exhibit 45 - 59 Fed. Reg. No. 53 3-18-94, # 21 Exhibit 46 - SNAP Glossary, # 22 Exhibit 47 - Final Rejection 9-9-13 (179 Application), # 23 Exhibit 48 - Petition for Extension of Time 3-10-14 (179 Application), # 24 Exhibit 49 - Request for Continued Examination 3-10-14 (179 Application), # 25 Exhibit 50 - Notice of Improper Request for Continued Examination 3-13-14 (179 Application)) (Morris, Robert) (Entered: 10/01/2022) |
| 10/01/2022 | 243 | Notice filed by David Couchot, Dynatemp International, Inc., FluoroFusion Specialty Chemicals, Inc., William Gresham, Harold B. Kivlan, IV regarding 240 PROPOSED SEALED Document,, 239 MOTION for Leave to File *Amended Counterclaims and Affirmative Defenses to Assert Inequitable Conduct in Prosecution of the Asserted Patents (Appendix of Exhibits to Dynatemp/Fluorofusion Amended Affirmative Defenses and Counterclaims [Proposed] (Exhibit A)) (Part 3)*. (Attachments: # 1 Exhibit 51 - Notice of Abandonment 3-24-14 (179 Application), # 2 Exhibit 52 - Petition for Revival 3-24-16 (179 Application), # 3 Errata 53 - Decision on Petition 7-26-14 (179 Application), # 4 Exhibit 54 - Email Thread between J Calm and K Ponder 3-12-14 to 3-14-14 (Filed Provisionally Under Seal), # 5 Exhibit 55 - J Calm Email to K Ponder 3-16-14 (Filed Provisionally Under Seal), # 6 Exhibit 56 - J Calm Ltr to K Ponder 3-16-14 (Filed Provisionally Under Seal), # 7 Exhibit 57 - J Calm Invoice 3-16-14 (Filed Provisionally Under Seal), # 8 Exhibit 58 - Signed J Calm Ltr to K Ponder 3-20-14 (Filed Provisionally Under Seal), # 9 Exhibit 59 - Email Thread between J Calm and K Ponder 3-20-14 (Filed Provisionally Under Seal), # 10 Exhibit 60 - Dynatemp Parties' Second Request to R421A LLC for Producdtion of Documents and Tangible Things (No. 8-126) 2-3-21, # 11 Exhibit 61 - T Deveau Email to J Morris 3-3-21, # 12 Exhibit 62 - Subpoena to Thomas Horstemeyer 9-9-22, # 13 Exhibit 63 - R421A LLC's |

| | | |
|---|---|---|
| | | Objections and Responses to Dynatemp/FluoroFusion Parties' Second Set of Interrogatories (No. 4-17), # 14 Exhibit 64 - Response to Final Office Action 3-24-16 (179 Application), # 15 Exhibit 65 - Non-Final Rejection 8-29-16) (179 Application), # 16 Exhibit 66 - Response to Non-Final Office Action 2-28-17 (179 Application), # 17 Exhibit 67 - Non-Final Rejection 3-28-17 (179 Application), # 18 Exhibit 68 - Response to Non-Final Office Action 9-28-17 (179 Application), # 19 Exhibit 69 - Final Rejection 10-12-17 (179 Application), # 20 Exhibit 70 - Applicant-Initiated Interview Summary 12-5-17 (179 Application)) (Morris, Robert) (Entered: 10/01/2022) |
| 10/01/2022 | 244 | Notice filed by David Couchot, Dynatemp International, Inc., FluoroFusion Specialty Chemicals, Inc., William Gresham, Harold B. Kivlan, IV regarding 240 PROPOSED SEALED Document,. 239 MOTION for Leave to File *Amended Counterclaims and Affirmative Defenses to Assert Inequitable Conduct in Prosecution of the Asserted Patents (Appendix of Exhibits to Dynatemp/Fluorofusion Amended Affirmative Defenses and Counterclaims [Proposed] (Exhibit A)) (Part 4)*. (Attachments: # 1 Exhibit 71 - Response to Final Office Action 12-21-17 (179 Application), # 2 Exhibit 72 - Second Declaration of K Ponder 12-21-17 (179 Application), # 3 Exhibit 73 - Widiatmo (1997), # 4 Exhibit 74 - Madermacher (1992)) (Morris, Robert) (Entered: 10/01/2022) |
| 10/01/2022 | 245 | Notice filed by David Couchot, Dynatemp International, Inc., FluoroFusion Specialty Chemicals, Inc., William Gresham, Harold B. Kivlan, IV regarding 240 PROPOSED SEALED Document,. 239 MOTION for Leave to File *Amended Counterclaims and Affirmative Defenses to Assert Inequitable Conduct in Prosecution of the Asserted Patents (Appendix of Exhibits to Dynatemp/Fluorofusion Amended Affirmative Defenses and Counterclaims [Proposed] (Exhibit A) (Part 5)*. (Attachments: # 1 Exhibit 74A - Madermacher (cont.), # 2 Exhibit 75 - Japanese Patent No. JP07-042454 (Segami), # 3 Exhibit 76 - Information Disclosure Statement 2-12-07 (736 Application), # 4 Exhibit 77 - J Calm & G Hourahan (2001), # 5 Exhibit 78 - P Domanski (1999), # 6 Exhibit 79 - ASHRAE Standard 34-2001 (736 Application), # 7 Exhibit 80 - Second Declaration of K Ponder 6-29-10 (736 Application), # 8 Exhibit 81 - Selected docs produced by RMS Parties re R-421A capacity (Filed Provisionally Under Seal), # 9 Exhibit 82 - J Calm, 421-A Mass Flow Rate Comparisons 1-13-14, # 10 Exhibit 83 - Non-Final Rejection 2-23-18 (179 Application), # 11 Exhibit 84 - Preliminary Amendment 6-5-18 (949 Application), # 12 Exhibit 85 - Non-Final Rejection 9-24-19 (949 Application), # 13 Exhibit 86 - Second Declaration of K Ponder 2-24-20 (949 Application), # 14 Exhibit 87 - Resopnse to Non-Final Office Action 2-24-20 (949 Application), # 15 Exhibit 88 - Final Rejection 3-9-20 (949 Patent), # 16 Exhibit 89 - Resopnse to Final Office Action 4-30-20 (949 Application), # 17 Exhibit 90 - US Patent No. 6,606,868 (Powell), # 18 Exhibit 91 -Second Declaration of A Gbur 5-16-08 (736 Application), # 19 Exhibit 92 - Notice of Allowability 5-18-20 (949 Application)) (Morris, Robert) (Entered: 10/01/2022) |
| 10/01/2022 | 246 | SEALED Document: *(Selected Participants Only)*by Dynatemp International, Inc., FluoroFusion Specialty Chemicals, Inc., David Couchot, Harold B. Kivlan, IV, William Gresham (available to: Plaintiffs David Couchot, Dynatemp International, Inc., FluoroFusion Specialty Chemicals, Inc., William Gresham, Harold B. Kivlan, IV, Defendants Lenz Sales & Distributing, Inc., Kenneth M. Ponder, R421A, LLC, RMS of Georgia, LLC) regarding 245 Notice - other,,,,,,, 241 Notice - other 243 Notice - other. (Attachments: # 1 Exhibit 7 - R421A LLC Objections and Responses to Dynatemp/FluoroFusion Parties' Third Set of Interrogatories (No. 19-23), # 2 Exhibit 54 - Email Thread between J Calm and K Ponder 3-12-14 to 3-14-14, # 3 Exhibit 55 - J Calm Email to K Ponder 3-16-14, # 4 Exhibit 56 J Calm Ltr to K Ponder 3-16-14, # 5 Exhibit 57 - J Calm Invoice 3-16-14, # 6 Exhibit 58 - Signed J Calm Ltr to K Ponder 3-20-14, # 7 Exhibit 59 - Email Thread between J Calm and K Ponder 7-7-14 to 7-14-14, |

| | | |
|---|---|---|
| | | # <u>8</u> Exhibit 81 - Selected docs produced by RMS Parties re R-421A capacity) (Morris, Robert) Modified on 5/12/2023 to remove word proposed. (Collins, S.). (Entered: 10/01/2022) |
| 10/01/2022 | <u>247</u> | Notice filed by David Couchot, Dynatemp International, Inc., FluoroFusion Specialty Chemicals, Inc., William Gresham, Harold B. Kivlan, IV regarding <u>240</u> PROPOSED SEALED Document,, <u>246</u> PROPOSED SEALED Document,,,, *(Notice of Filing Material Provisionally Under Seal)*. (Morris, Robert) (Entered: 10/01/2022) |
| 10/01/2022 | <u>248</u> | Memorandum in Support regarding <u>239</u> MOTION for Leave to File *Amended Counterclaims and Affirmative Defenses to Assert Inequitable Conduct in Prosecution of the Asserted Patents (Exhibits Part 1 of 2)* filed by David Couchot, Dynatemp International, Inc., FluoroFusion Specialty Chemicals, Inc., William Gresham, Harold B. Kivlan, IV. (Attachments: # <u>1</u> Index Table of Exhibits, # <u>2</u> Exhibit 1 - Dynatemp/FluoroFusion Parties' First Set of Interrogatories to R421A, LLC (No. 1-3), # <u>3</u> Exhibit 2 - Dynatmep/FluoroFusion Parties' First Request to R421A LLC for Production of Documents and Tangible Things, # <u>4</u> Exhibit 3 - Dynatemp/FluoroFusion Parties' Second Set of Interrogatories to R421A LLC (No. 4-17), # <u>5</u> Exhibit 4 - Dynatemp/FluoroFusion Parties' Second Request to R421A LLC for Production of Documents and Tangible Things (No. 8-126), # <u>6</u> Exhibit 5 - Dynatemp International, Inc.'s First Set of Interrogatories to RMS of Georgia, LLC (No. 18-27), # <u>7</u> Exhibit 6 - Dynatemp International, Inc.'s and FluoroFusion Specialty Chemicals, Inc.'s First Request to RMS of Georgia, LLC for Production of Documents and Tangible Things (No. 127-266), # <u>8</u> Exhibit 7 - Plaintiff R421A LLC's Disclosure of Asserted Claims and Preliminary Infringement Contentions 11-13-20, # <u>9</u> Exhibit 8 - H Reyes E-mail to D Vanore 3-26-21, # <u>10</u> Exhibit 9 - H Reyes E-mail to D Vanore 4-16-21, # <u>11</u> Exhibit 10 - O Mazza E-mail to J Morris 10-28-21, # <u>12</u> Exhibit 11 - R Morris Ltr to J. Staley 11-18-21, # <u>13</u> Exhibit 12 - R Morris Ltr to J Staley 11-18-21, # <u>14</u> Exhibit 13 - R Morris Ltr to J Staley 10-12-21, # <u>15</u> Exhibit 14 - J Morris E-mail to J Staley 11-18-21, # <u>16</u> Exhibit 15 - S Amy E-mail to J Morris 11-23-21, # <u>17</u> Exhibit 16 - J Morris E-mail to J Staley 11-19-21, # <u>18</u> Exhibit 17 - J Morris E-mail to J Staley 12-9-21, # <u>19</u> Exhibit 18 - S Amy E-mail to J Morris 12-16-21, # <u>20</u> Exhibit 19 - J Staley E-mail to J Morris 1-26-22, # <u>21</u> Exhibit 20 - Notice of Deposition of K Ponder 2-15-22, # <u>22</u> Exhibit 21 - J Morris E-mail to S Amy 2-14-22, # <u>23</u> Exhibit 22 - S Amy E-mail to J Morris 2-16-22, # <u>24</u> Exhibit 23 - E Haas E-mail to S Amy 2-17-21, # <u>25</u> Exhibit 24 - S Amy E-mail to E Haas 2-21-22, # <u>26</u> Exhibit 25 - E Haas E-mail to S Amy 2-21-22, # <u>27</u> Exhibit 26 - J Staley E-mail to J Morris 2-22-22, # <u>28</u> Exhibit 27 - J Morris E-mail to J Staley 2-24-22, # <u>29</u> Exhibit 28 - R Morris Ltr to J Staley 2-24-22, # <u>30</u> Exhibit 29 - J Morris E-mail to J Staley 3-7-22, # <u>31</u> Exhibit 30 - J Staley E-mail to J Morris 3-15-22) (Morris, Robert) (Entered: 10/01/2022) |
| 10/01/2022 | <u>249</u> | Notice filed by David Couchot, Dynatemp International, Inc., FluoroFusion Specialty Chemicals, Inc., William Gresham, Harold B. Kivlan, IV regarding <u>248</u> Memorandum in Support,,,,,,,,, *(Exhibits Part 2 of 2)*. (Attachments: # <u>1</u> Exhibit 31 - J Morris E-mail to J Staley 4-20-22, # <u>2</u> Exhibit 32 - Amended Notice of Deposition of K Ponder 4-21-22, # <u>3</u> Exhibit 33 - Notice of Deposition of L Ponder 4-21-22, # <u>4</u> Exhibit 34 - Notice of Deposition of L Nalley 4-21-22, # <u>5</u> Exhibit 35 - J Staley E-mail to J Morris 4-27-22, # <u>6</u> Exhibit 36 - J Morris E-mail to J Staley 5-3-22, # <u>7</u> Exhibit 37 - J Staley e-mail to J Morris 5-3-22, # <u>8</u> Exhibit 38 - Second Amended Notice of Deposition of K Ponder 5-9-22, # <u>9</u> Exhibit 39 - J Morris E-mail to J Staley 5-3-22, # <u>10</u> Exhibit 40 - J Staley Ltr to J Morris 5-4-22, # <u>11</u> Exhibit 41 - N Wood E-mail to J Morris 5-10-22, # <u>12</u> Exhibit 42 - N Wood E-mail to J Morris 5-12-22, # <u>13</u> Exhibit 43 - N Wood E-mail to J Morris 5-13-22, # <u>14</u> Exhibit 44 - N Wood E-mail to J Morris 5-18-22, # <u>15</u> Exhibit 45 - N Wood E-mail to J Morris 6-15-22, # <u>16</u> Exhibit 46 - Deposition of K Ponder 5-20-22, # <u>17</u> Exhibit 47 - S Amy Ltr to J Morris 9-2-22, # <u>18</u> Exhibit 48 - |

| | | |
|---|---|---|
| | | Subpoena to Thomas Horstemeyer 9-9-22, # 19 Exhibit 49 - T Deveau E-mail to J Morris 3-3-21, # 20 Exhibit 50 - Ponder Deposition Exh. 8 (excerpt)) (Morris, Robert) (Entered: 10/01/2022) |
| 10/01/2022 | 250 | Declaration regarding 248 Memorandum in Support,,,,,,,,,, 239 MOTION for Leave to File *Amended Counterclaims and Affirmative Defenses to Assert Inequitable Conduct in Prosecution of the Asserted Patents (Declaration of Joseph J. Morris)* by David Couchot, Dynatemp International, Inc., FluoroFusion Specialty Chemicals, Inc., William Gresham, Harold B. Kivlan, IV (Attachments: # 1 Exhibit A - J Staley Ltr to R Morris 4-7-21, # 2 Exhibit B - J Staley Ltr to R Morris 4-30-21) (Morris, Robert) (Entered: 10/01/2022) |
| 10/04/2022 | 251 | RESPONSE in Opposition regarding 214 MOTION for Clarification/Reconsideration of Markman Order regarding 189 Order on Motion to Strike, filed by Kenneth M. Ponder, R421A, LLC, RMS of Georgia, LLC. (Attachments: # 1 Exhibit A; Declaration of Joseph W. Staley) (Staley, Joseph) (Entered: 10/04/2022) |
| 10/13/2022 | | Notice of Documents Unsealed regarding DE 240 and DE 246 - The Plaintiffs having given proper notice of the filing of materials at DE 240 and DE 246 that have been designated confidential and there having been no motion to seal filed in response, the Court will remove the temporary seals placed on certain documents at 240 and 246 pursuant to Section V.G.1(g)(iii) of the CM/ECF Policy and Procedures Manual *in five (5) days from the date of this notice if no motion to seal is filed.* (Collins, S.) (Entered: 10/13/2022) |
| 10/13/2022 | | **TEXT ORDER regarding 245 Notice filed by FluoroFusion Specialty Chemicals, Inc., Dynatemp International, Inc., Harold B. Kivlan, IV, William Gresham, David Couchot, 240 PROPOSED SEALED Document, 246 PROPOSED SEALED Document, 250 Declaration, filed by FluoroFusion Specialty Chemicals, Inc., Dynatemp International, Inc., Harold B. Kivlan, IV, William Gresham, David Couchot, 248 Memorandum in Support, filed by FluoroFusion Specialty Chemicals, Inc., Dynatemp International, Inc., Harold B. Kivlan, IV, William Gresham, David Couchot, 242 Notice - other, filed by FluoroFusion Specialty Chemicals, Inc., Dynatemp International, Inc., Harold B. Kivlan, IV, William Gresham, David Couchot, 243 Notice - other, filed by FluoroFusion Specialty Chemicals, Inc., Dynatemp International, Inc., Harold B. Kivlan, IV, William Gresham, David Couchot, 239 MOTION for Leave to File *Amended Counterclaims and Affirmative Defenses to Assert Inequitable Conduct in Prosecution of the Asserted Patents* filed by FluoroFusion Specialty Chemicals, Inc., Dynatemp International, Inc., Harold B. Kivlan, IV, William Gresham, David Couchot, 241 Notice - other, filed by FluoroFusion Specialty Chemicals, Inc., Dynatemp International, Inc., Harold B. Kivlan, IV, William Gresham, David Couchot, 244 Notice - other, filed by FluoroFusion Specialty Chemicals, Inc., Dynatemp International, Inc., Harold B. Kivlan, IV, William Gresham, David Couchot, 249 Notice - other, filed by FluoroFusion Specialty Chemicals, Inc., Dynatemp International, Inc., Harold B. Kivlan, IV, William Gresham, David Couchot.**<br><br>**The court DIRECTS the parties to deliver to the court a courtesy copy of the documents filed by that party, and all outstanding motions and briefs related thereto, including all exhibits and attachments thereto, tabbed by docket entry and exhibit number, (but not bound, including no notebooks) no later than ten (10) days from the date of the text order, or sooner if possible. *Counsel is requested to send the copies with no signature required.*** |

| | | |
|---|---|---|
| | | **Such courtesy copies are to be addressed for delivery to the Honorable Louise W. Flanagan, United States District Court, Eastern District of North Carolina, ATTN: Ms. Sandra Collins, 413 Middle St., New Bern, NC 28560. Signed by District Judge Louise Wood Flanagan on 10/13/2022.** (Collins, S.) (Entered: 10/13/2022) |
| 10/17/2022 | 252 | MOTION to Seal 240 PROPOSED SEALED Document,, 246 PROPOSED SEALED Document,,,, filed by Kenneth M. Ponder, R421A, LLC, RMS of Georgia, LLC. (Attachments: # 1 Text of Proposed Order) (Staley, Joseph) (Entered: 10/17/2022) |
| 10/17/2022 | 253 | Memorandum in Support regarding 252 MOTION to Seal 240 PROPOSED SEALED Document,, 246 PROPOSED SEALED Document,,,, filed by Kenneth M. Ponder, R421A, LLC, RMS of Georgia, LLC. (Staley, Joseph) (Entered: 10/17/2022) |
| 10/17/2022 | 254 | Consent MOTION for Extension of Time to File Response/Reply as to 237 MOTION to Strike 214 MOTION for Clarification/Reconsideration of Markman Order regarding 189 Order on Motion to Strike, , 215 Memorandum in Support, *and all extrinsic evidence submitted therewith.* 214 MOTION for Clarification/Reconsideration of Markman Order regarding 189 Order on Motion to Strike, filed by David Couchot, Dynatemp International, Inc., FluoroFusion Specialty Chemicals, Inc., William Gresham, Harold B. Kivlan, IV. (Attachments: # 1 Text of Proposed Order Text of Proposed Order) (Morris, Robert) (Entered: 10/17/2022) |
| 10/18/2022 | 255 | **ORDER granting 254 Motion for Extension of Time to File Response and Reply regarding 237 MOTION to Strike 214 MOTION for Clarification/Reconsideration of Markman Order. Reply due by 10/25/2022. Response due by 10/27/2022. Signed by District Judge Louise Wood Flanagan on 10/18/2022.** (Collins, S.) (Entered: 10/18/2022) |
| 10/21/2022 | 256 | Consent MOTION for Extension of Time to File Response/Reply as to 239 MOTION for Leave to File *Amended Counterclaims and Affirmative Defenses to Assert Inequitable Conduct in Prosecution of the Asserted Patents* filed by Kenneth M. Ponder, R421A, LLC, RMS of Georgia, LLC. (Attachments: # 1 Text of Proposed Order) (Staley, Joseph) (Entered: 10/21/2022) |
| 10/21/2022 | 257 | Consent MOTION to Withdraw as Attorney *by Russell Racine* filed by David Couchot, Dynatemp International, Inc., FluoroFusion Specialty Chemicals, Inc., William Gresham, Harold B. Kivlan, IV. (Attachments: # 1 Text of Proposed Order Allowing Withdrawal) (Racine, Russell) (Entered: 10/21/2022) |
| 10/21/2022 | 258 | **ORDER granting 256 Consent MOTION for Extension of Time to File Response as to 239 MOTION for Leave to File *Amended Counterclaims and Affirmative Defenses to Assert Inequitable Conduct in Prosecution of the Asserted Patents.* Response due by 10/31/2022. Signed by District Judge Louise Wood Flanagan on 10/21/2022.** (Collins, S.) (Entered: 10/21/2022) |
| 10/21/2022 | 259 | **ORDER granting 257 Consent Motion to Withdraw as Attorney. Attorney Russell M. Racine terminated. Signed by District Judge Louise Wood Flanagan on 10/21/2022.** (Collins, S.) (Entered: 10/21/2022) |
| 10/25/2022 | 260 | REPLY to Response to Motion regarding 214 MOTION for Clarification/Reconsideration of Markman Order regarding 189 Order on Motion to Strike, filed by David Couchot, Dynatemp International, Inc., FluoroFusion Specialty Chemicals, Inc., William Gresham, Harold B. Kivlan, IV. (Haas, Emily) (Entered: 10/25/2022) |
| 10/26/2022 | 261 | ***CORRECTED AND REFILED AT 269 ** MOTION for Sanctions *for the Destruction of Evidence* filed by Kenneth M. Ponder, R421A, LLC, RMS of Georgia, |

| | | LLC. (Attachments: # 1 Text of Proposed Order) (Staley, Joseph) Modified on 11/4/2022 (Collins, S.). (Entered: 10/26/2022) |
|---|---|---|
| 10/26/2022 | 262 | Memorandum in Support regarding 269 MOTION for Sanctions *for the Destruction of Evidence (Redacted)* filed by Kenneth M. Ponder, R421A, LLC, RMS of Georgia, LLC. (Attachments: # 1 Index of Exhibits, # 2 Declaration of Scott P. Amy, # 3 Ex. A Dynatemps Second Amended and Supplemental Responses to Second Set of Interrogatories (Filed provisionally under seal), # 4 Ex. B DFF-05660, # 5 Ex. C Fluorofusions Objections and Responses to Third Set of Requests for Production, # 6 Ex. D Dynatemps Objections and Responses to Third Set of Requests for Production, # 7 Ex. E 9-2-22 Letter from S. Amy to J. Morris, # 8 Ex. F 9-15-22 Letter from J. Trembath to S. Amy (Filed provisionally under seal), # 9 Ex. G DFF-27658-27659 (Filed provisionally under seal), # 10 Ex. H 9-20-22 Email from S. Amy to J. Morris, # 11 Ex. I 9-21-22 Email from J. Morris to S. Amy, # 12 Ex. J 10-18-22 Letter from S. Amy to J. Morris, # 13 Ex. K 10-19-22 Letter from E. Haas to S. Amy, # 14 Ex. L 10-21-22 Letter from S. Amy to E. Haas, # 15 Ex. M 10-21-22 Letter from E. Haas to S. Amy, # 16 Ex. N 10-26-22 Letter from S. Amy to E. Haas) (Staley, Joseph) Modified on 11/4/2022 to link memorandum to corrected motion at 269 . (Collins, S.). (Entered: 10/26/2022) |
| 10/26/2022 | 263 | SEALED Memorandum in Support *(Selected Participants Only)*by Defendants RMS of Georgia LLC, R421A LLC, and Kenneth M. Ponder (available to: Plaintiffs David Couchot, Dynatemp International, Inc., FluoroFusion Specialty Chemicals, Inc., William Gresham, Harold B. Kivlan, IV) regarding 261 MOTION for Sanctions *for the Destruction of Evidence.* (Staley, Joseph) Modified on 5/12/2023 to remove word proposed. (Collins, S.). (Entered: 10/26/2022) |
| 10/26/2022 | 264 | SEALED Exhibit *(Selected Participants Only)*by Defendants RMS of Georgia LLC, R421A LLC, and Kenneth M. Ponder (available to: Plaintiffs David Couchot, Dynatemp International, Inc., FluoroFusion Specialty Chemicals, Inc., William Gresham, Harold B. Kivlan, IV) regarding 262 Memorandum in Support. (Attachments: # 1 Ex. F 9-15-22 Letter from J. Trembath to S. Amy (Filed provisionally under seal), # 2 Ex. G DFF-27658-27659 (Filed provisionally under seal)) (Staley, Joseph) Modified on 5/12/2023 to remove word proposed. (Collins, S.). (Entered: 10/26/2022) |
| 10/26/2022 | 265 | Notice filed by Kenneth M. Ponder, R421A, LLC, RMS of Georgia, LLC regarding 264 PROPOSED SEALED Exhibit,, 263 PROPOSED SEALED Memorandum in Support, *Notice of Filing Materials Provisionally Under Seal.* (Staley, Joseph) (Entered: 10/26/2022) |
| 10/27/2022 | 266 | RESPONSE in Opposition regarding 237 MOTION to Strike 214 MOTION for Clarification/Reconsideration of Markman Order regarding 189 Order on Motion to Strike, , 215 Memorandum in Support, *and all extrinsic evidence submitted therewith* filed by David Couchot, Dynatemp International, Inc., FluoroFusion Specialty Chemicals, Inc., William Gresham, Harold B. Kivlan, IV. (Haas, Emily) (Entered: 10/27/2022) |
| 10/27/2022 | 267 | Declaration regarding 266 Response in Opposition to Motion, *[of Jon R. Trembath In Support of ]* by David Couchot, Dynatemp International, Inc., FluoroFusion Specialty Chemicals, Inc., William Gresham, Harold B. Kivlan, IV (Attachments: # 1 Exhibit 1 - examples of archival copies of the RMS website - 33807913.1, # 2 Exhibit 2 - copy of Kenneth Ponder Deposition Exhibit 14) (Haas, Emily) (Entered: 10/27/2022) |
| 10/31/2022 | 268 | Memorandum in Opposition regarding 239 MOTION for Leave to File *Amended Counterclaims and Affirmative Defenses to Assert Inequitable Conduct in Prosecution* |

| | | |
|---|---|---|
| | | *of the Asserted Patents* filed by Kenneth M. Ponder, R421A, LLC, RMS of Georgia, LLC. (Staley, Joseph) (Entered: 10/31/2022) |
| 11/01/2022 | | NOTICE OF DEFICIENCY regarding 261 Motion for Sanctions. The caption of this pleading is incomplete. Counsel shall refile. (Collins, S.) (Entered: 11/01/2022) |
| 11/01/2022 | | Notice to Counsel regarding: 266 Response in Opposition to Motion. Counsel indicated the incorrect division. In future filings, please reference the Western Division in the case caption. No action by counsel required. (Collins, S.) (Entered: 11/01/2022) |
| 11/01/2022 | 269 | Corrected MOTION for Sanctions *for the Destruction of Evidence* filed by Kenneth M. Ponder, R421A, LLC, RMS of Georgia, LLC. (Attachments: # 1 Text of Proposed Order) (Staley, Joseph) (Entered: 11/01/2022) |
| 11/04/2022 | | Notice to Counsel. Notice of Documents To Be Unsealed regarding DE 263 and DE 264 - The Defendants having given proper notice of the filing of materials at DE263 and DE264 that have been designated confidential and there having been no motion to seal filed in response, the Court will remove the temporary seals placed on certain documents at 263 and 264 pursuant to Section V.G.1(g)(iii) of the CM/ECF Policy and Procedures Manual *in five (5) days from the date of this notice if no motion to seal is filed.* (Collins, S.) (Entered: 11/04/2022) |
| 11/09/2022 | 270 | MOTION to Seal Document 262 Memorandum in Support,,,,, 264 PROPOSED SEALED Exhibit,, 263 PROPOSED SEALED Memorandum in Support, filed by David Couchot, Dynatemp International, Inc., FluoroFusion Specialty Chemicals, Inc., William Gresham, Harold B. Kivlan, IV. (Attachments: # 1 Amy Declaration Exhibit A [DE 264] - Redacted, # 2 Exhibit 2 - Amy Declaration Exhibit F [DE 264-1] - Redacted, # 3 Exhibit 3 - RMS Parties Memorandum [DE 262 and 263] - Redacted, # 4 Text of Proposed Order 4 - Text of Proposed Order) (Morris, Robert) (Entered: 11/09/2022) |
| 11/09/2022 | 271 | Memorandum in Support regarding 270 MOTION to Seal Document 262 Memorandum in Support,,,,, 264 PROPOSED SEALED Exhibit,, 263 PROPOSED SEALED Memorandum in Support, filed by David Couchot, Dynatemp International, Inc., FluoroFusion Specialty Chemicals, Inc., William Gresham, Harold B. Kivlan, IV. (Morris, Robert) (Entered: 11/09/2022) |
| 11/10/2022 | 272 | REPLY to Response to Motion regarding 237 MOTION to Strike 214 MOTION for Clarification/Reconsideration of Markman Order regarding 189 Order on Motion to Strike, , 215 Memorandum in Support, *and all extrinsic evidence submitted therewith* filed by Kenneth M. Ponder, R421A, LLC, RMS of Georgia, LLC. (Attachments: # 1 Exhibit A; Declaration of Kenneth Ponder) (Staley, Joseph) (Entered: 11/10/2022) |
| 11/14/2022 | 273 | REPLY to Response to Motion regarding 239 MOTION for Leave to File *Amended Counterclaims and Affirmative Defenses to Assert Inequitable Conduct in Prosecution of the Asserted Patents* filed by David Couchot, Dynatemp International, Inc., FluoroFusion Specialty Chemicals, Inc., William Gresham, Harold B. Kivlan, IV. (Attachments: # 1 Exhibit 1 - Montgomery v. Anne Arundel County Scheduling Order, # 2 Exhibit 2 - Markman Hearing Transcript (excerpt), # 3 Exhibit 3 - Decision Denying Inter Partes Review, Symantec Corp. v. Finjan, Inc. (PTAB IPR2015-01897), # 4 Exhibit 4 - Decision Denying Inter Partes Review, Dynatemp International, Inc. v. R421A LLC (PTAB IPR2020-01660), # 5 Exhibit 5 - Decision - Dismissal Prior to Institution of Trial, Dynatemp International, Inc. v. R421A, LLC (PTAB IPR2021-00199)) (Morris, Robert) (Entered: 11/14/2022) |
| 11/15/2022 | 274 | Consent MOTION for Extension of Time to File Response/Reply as to 261 MOTION for Sanctions *for the Destruction of Evidence*, 269 Corrected MOTION for Sanctions *for the Destruction of Evidence* filed by David Couchot, Dynatemp International, Inc., |

| | | |
|---|---|---|
| | | FluoroFusion Specialty Chemicals, Inc., William Gresham, Harold B. Kivlan, IV. (Attachments: # 1 Text of Proposed Order Text of Proposed Order) (Morris, Robert) (Entered: 11/15/2022) |
| 11/15/2022 | 275 | **ORDER granting 274 Consent Motion for Extension of Time to File Response as to 261 MOTION for Sanctions *for the Destruction of Evidence*, 269 Corrected MOTION for Sanctions *for the Destruction of Evidence*, 269 Corrected MOTION for Sanctions *for the Destruction of Evidence*. Response due by 11/23/2022. Signed by District Judge Louise Wood Flanagan on 11/15/2022.** (Collins, S.) (Entered: 11/15/2022) |
| 11/16/2022 | 276 | **CORRECTED AND REFILED AT 277 ** Joint MOTION for Extension of Time to Complete Discovery filed by David Couchot, Dynatemp International, Inc., FluoroFusion Specialty Chemicals, Inc., William Gresham, Harold B. Kivlan, IV. (Attachments: # 1 Text of Proposed Order Text of Proposed Order) (Morris, Robert) Modified on 11/17/2022 (Collins, S.). (Entered: 11/16/2022) |
| 11/17/2022 | | NOTICE OF DEFICIENCY regarding 276 Motion for Extension of Time to Complete Discovery. This type of motion must indicate prior consultation with opposing counsel and the views of all opposing counsel. Counsel is directed to refile this motion adhering to this requirement and expressing the views of counsel for Lenz Sales & Distributing, Inc. (Collins, S.) (Entered: 11/17/2022) |
| 11/17/2022 | 277 | Joint MOTION for Extension of Time to Complete Discovery filed by David Couchot, Dynatemp International, Inc., FluoroFusion Specialty Chemicals, Inc., William Gresham, Harold B. Kivlan, IV. (Attachments: # 1 Text of Proposed Order Text of Proposed Order) (Morris, Robert) (Entered: 11/17/2022) |
| 11/17/2022 | | Motion Submitted to District Judge Louise Wood Flanagan regarding 277 Joint MOTION for Extension of Time to Complete Discovery. (Collins, S.) (Entered: 11/17/2022) |
| 11/23/2022 | 278 | **ORDER granting 277 Joint Motion for Extension of Time to Complete Discovery. Counsel is reminded to read the order in its entirety for critical deadlines and information. Signed by District Judge Louise Wood Flanagan on 11/23/2022.** (Collins, S.) (Entered: 11/23/2022) |
| 11/23/2022 | 279 | Notice of Appearance filed by Allison Mullins on behalf of David Couchot, Dynatemp International, Inc., FluoroFusion Specialty Chemicals, Inc., William Gresham, Harold B. Kivlan, IV. (Mullins, Allison) (Entered: 11/23/2022) |
| 11/23/2022 | 280 | Notice of Appearance filed by Stephen McDaniel Russell, Jr on behalf of All Plaintiffs. (Russell, Stephen) (Entered: 11/23/2022) |
| 11/23/2022 | 281 | RESPONSE in Opposition regarding 261 MOTION for Sanctions *for the Destruction of Evidence*, 269 Corrected MOTION for Sanctions *for the Destruction of Evidence* filed by David Couchot, Dynatemp International, Inc., FluoroFusion Specialty Chemicals, Inc., William Gresham, Harold B. Kivlan, IV. (Attachments: # 1 Exhibit 1 - Excerpts from Dynatemp Parties' discovery responses (Redacted), # 2 Exhibit 2 - E-mail Correspondence between J. Morris and S. Amy dated 9/2/22-9/8/22, # 3 Exhibit 3 - Defendants' Third Set of Requests for Production of Documents and Things (11/29/21)) (Morris, Robert) (Entered: 11/23/2022) |
| 11/23/2022 | 282 | SEALED Exhibit *(Selected Participants Only)* by Dynatemp International, Inc., FluoroFusion Specialty Chemicals, Inc., David Couchot, Harold B. Kivlan, IV, William Gresham (available to: Plaintiffs David Couchot, Dynatemp International, Inc., FluoroFusion Specialty Chemicals, Inc., William Gresham, Harold B. Kivlan, IV, Defendants Lenz Sales & Distributing, Inc., Kenneth M. Ponder, R421A, LLC, RMS |

| | | |
|---|---|---|
| | | of Georgia, LLC) regarding 281 Response in Opposition to Motion. (Morris, Robert) Modified on 5/12/2023 to remove word proposed. (Collins, S.). (Entered: 11/23/2022) |
| 11/23/2022 | 283 | MOTION to Seal Document 282 PROPOSED SEALED Exhibit,, filed by David Couchot, Dynatemp International, Inc., FluoroFusion Specialty Chemicals, Inc., William Gresham, Harold B. Kivlan, IV. (Attachments: # 1 Text of Proposed Order Text of Proposed Order) (Morris, Robert) (Entered: 11/23/2022) |
| 11/23/2022 | 284 | Memorandum in Support regarding 283 MOTION to Seal Document 282 PROPOSED SEALED Exhibit,, filed by David Couchot, Dynatemp International, Inc., FluoroFusion Specialty Chemicals, Inc., William Gresham, Harold B. Kivlan, IV. (Morris, Robert) (Entered: 11/23/2022) |
| 11/23/2022 | 285 | Declaration regarding 281 Response in Opposition to Motion,, *(Declaration of Harold B. Kivlan, IV)* by David Couchot, Dynatemp International, Inc., FluoroFusion Specialty Chemicals, Inc., William Gresham, Harold B. Kivlan, IV (Attachments: # 1 Exhibit 1 - DOT Manufacturer Cylinder Listing Data (excerpt), # 2 Exhibit 2- Photo - Pressure Relief Bursting Disc, # 3 Exhibit 3 - Photo - Cylinder Before Filling, # 4 Exhibit 4 - Photos - Empty DOT-39 Cylinder, # 5 Exhibit 5 - Photo - Valve Cap After Filling, # 6 Exhibit 6 - Photos - Branded Heat Shrink, # 7 Exhibit 7 - Photos - Date Stamps, # 8 Exhibit 8 - Photo - Dynatemp 421A Cylinders, # 9 Exhibit Photos - Cylinder 1, # 10 Exhibit Photos - Cylinder 2, # 11 Exhibit Photos - Cylinder 3, # 12 Exhibit Photos - Cylinder 4) (Morris, Robert) (Entered: 11/23/2022) |
| 11/23/2022 | 286 | Declaration regarding 281 Response in Opposition to Motion,, *(Declaration of William Gresham)* by David Couchot, Dynatemp International, Inc., FluoroFusion Specialty Chemicals, Inc., William Gresham, Harold B. Kivlan, IV (Attachments: # 1 Exhibit 1 - E-mail with Trible's 9/29/22, # 2 Exhibit 2- Photo - Trible's Appliance Parts, # 3 Exhibit 3 - Credit Memo to Trible's) (Morris, Robert) (Entered: 11/23/2022) |
| 11/23/2022 | 287 | Declaration regarding 281 Response in Opposition to Motion,, *(Declaration of Dr. Stefan Elbel)* by David Couchot, Dynatemp International, Inc., FluoroFusion Specialty Chemicals, Inc., William Gresham, Harold B. Kivlan, IV (Attachments: # 1 Exhibit A - Dynatemp 421A Safety Data Sheet, # 2 Exhibit B - Choice Refrigerants Pressure Temperature Chart) (Morris, Robert) (Entered: 11/23/2022) |
| 12/05/2022 | 288 | Consent MOTION for Extension of Time to File Response/Reply as to 269 Corrected MOTION for Sanctions *for the Destruction of Evidence* filed by Kenneth M. Ponder, R421A, LLC, RMS of Georgia, LLC. (Attachments: # 1 Text of Proposed Order) (Staley, Joseph) (Entered: 12/05/2022) |
| 12/14/2022 | 289 | **ORDER granting 288 Motion for Extension of Time to File Reply regarding as to 269 Corrected MOTION for Sanctions *for the Destruction of Evidence* , 261 MOTION for Sanctions *for the Destruction of Evidence.* Reply due by 12/21/2022. Signed by District Judge Louise Wood Flanagan on 12/14/2022.** (Collins, S.) (Entered: 12/14/2022) |
| 12/21/2022 | 290 | REPLY to Response to Motion regarding 261 MOTION for Sanctions *for the Destruction of Evidence* filed by Kenneth M. Ponder, R421A, LLC, RMS of Georgia, LLC. (Staley, Joseph) (Entered: 12/21/2022) |
| 12/22/2022 | | Motions Submitted to District Judge Louise Wood Flanagan regarding 239 MOTION for Leave to File Amended Counterclaims and Affirmative Defenses to Assert *Inequitable Conduct in Prosecution of the Asserted Patents,* 237 MOTION to Strike 214 MOTION for Clarification/Reconsideration of Markman Order regarding 189 Order on Motion to Strike, , 215 Memorandum in Support, *and all extrinsic evidence submitted therewith,* 261 MOTION for Sanctions *for the Destruction of Evidence,* 234 Amended MOTION to Seal 228 PROPOSED SEALED Exhibit,, , 214 MOTION for |

| | | |
|---|---|---|
| | | Clarification/Reconsideration of Markman Order regarding 189 Order on Motion to Strike, , 283 MOTION to Seal Document 282 PROPOSED SEALED Exhibit,, , 252 MOTION to Seal 240 PROPOSED SEALED Document,, 246 PROPOSED SEALED Document,,,, , 270 MOTION to Seal Document 262 Memorandum in Support,,,,, 264 PROPOSED SEALED Exhibit,, 263 PROPOSED SEALED Memorandum in Support, , 269 Corrected MOTION for Sanctions *for the Destruction of Evidence*. (Collins, S.) (Entered: 12/22/2022) |
| 01/29/2023 | 291 | RESPONSE in Opposition regarding 214 MOTION for Clarification/Reconsideration of Markman Order regarding 189 Order on Motion to Strike, *via Supplemental Memorandum* filed by Kenneth M. Ponder, R421A, LLC, RMS of Georgia, LLC. (Attachments: # 1 Sealed Exhibit A - Letter from Mr. Scott Amy to Counsel for the Dynatemp Parties, # 2 Exhibit B - Email Response from Mr. Jon Trembath to Counsel for the RMS Parties) (Staley, Joseph) Modified on 1/31/2023 to provisionally seal at the request of attorney Joe Staley due to confidential information contained in Exhibit A. (Collins, S.). Modified on 5/12/2023 TO SEAL exhibit 1.(Collins, S.). (Entered: 01/29/2023) |
| 02/08/2023 | 292 | MOTION for Leave to File *Sur-Reply* filed by David Couchot, Dynatemp International, Inc., FluoroFusion Specialty Chemicals, Inc., William Gresham, Harold B. Kivlan, IV. (Attachments: # 1 Exhibit 1 (Proposed Order), # 2 Exhibit 2 (Proposed Sur-Reply to RMS's Supplemental Memorandum)) (Russell, Stephen) (Entered: 02/08/2023) |
| 03/02/2023 | | Motion Submitted to District Judge Louise Wood Flanagan regarding 292 MOTION for Leave to File *Sur-Reply*. (Collins, S.) (Entered: 03/02/2023) |
| 03/02/2023 | | Notice to Counsel regarding: 291 Response in Opposition to Motion - Exhibit A - Counsel should file a motion to seal the document at [DE291] pursuant to Section V.G of the CM/ECF Policies and Procedures Manual for this document to remain under provisional seal. (Collins, S.) (Entered: 03/02/2023) |
| 03/06/2023 | 293 | MOTION to Seal Document 291 Response in Opposition to Motion,, *(Motion to Seal [DE 291-1])* filed by David Couchot, Dynatemp International, Inc., FluoroFusion Specialty Chemicals, Inc., William Gresham, Harold B. Kivlan, IV. (Attachments: # 1 Exhibit 1 - Proposed Redacted Copy of Exhibit A [DE 291-1], # 2 Text of Proposed Order 2 - Text of Proposed Order) (Morris, Robert) (Entered: 03/06/2023) |
| 03/06/2023 | 294 | Memorandum in Support regarding 293 MOTION to Seal Document 291 Response in Opposition to Motion,, *(Motion to Seal [DE 291-1])* filed by David Couchot, Dynatemp International, Inc., FluoroFusion Specialty Chemicals, Inc., William Gresham, Harold B. Kivlan, IV. (Morris, Robert) (Entered: 03/06/2023) |
| 03/07/2023 | 295 | **CORRECTED AT 297 ** Emergency MOTION to Amend/Correct 278 Order on Motion for Extension of Time to Complete Discovery, 212 Order on Motion for Extension of Time to Complete Discovery, filed by Kenneth M. Ponder, R421A, LLC, RMS of Georgia, LLC. (Attachments: # 1 Memorandum in Support, # 2 Ex. A- Excerpts from White Report, # 3 Ex. B- Excerpts from Elbel Report, # 4 Text of Proposed Order) (Staley, Joseph) Modified on 3/16/2023 (Collins, S.). (Entered: 03/07/2023) |
| 03/10/2023 | 296 | Notice of Special Appearance for non-district by Robin Jackson on behalf of David Couchot, Dynatemp International, Inc., FluoroFusion Specialty Chemicals, Inc., William Gresham, Harold B. Kivlan, IV. (Jackson, Robin) (Entered: 03/10/2023) |
| 03/13/2023 | | NOTICE OF DEFICIENCY regarding 295 Motion to Amend/Correct. Counsel is directed to refile their Motion to Amend and Memorandum in Support as separate pleadings. Counsel should first file the Motion to Amend using the motion event. |

| | | |
|---|---|---|
| | | Counsel should then file the Memorandum in Support, using the MEMORANDUM IN SUPPORT event located under the Responses and Replies category, linking to the Motion to Amend when prompted to do so. See Section V.E.1(b) of the CM/ECF Policies and Procedures Manual. (Collins, S.) (Entered: 03/13/2023) |
| 03/13/2023 | 297 | Emergency MOTION to Amend/Correct 278 Order on Motion for Extension of Time to Complete Discovery, 212 Order on Motion for Extension of Time to Complete Discovery, filed by Kenneth M. Ponder, R421A, LLC, RMS of Georgia, LLC. (Attachments: # 1 Text of Proposed Order) (Staley, Joseph) (Entered: 03/13/2023) |
| 03/13/2023 | 298 | Memorandum in Support regarding 297 Emergency MOTION to Amend/Correct 278 Order on Motion for Extension of Time to Complete Discovery, 212 Order on Motion for Extension of Time to Complete Discovery, filed by Kenneth M. Ponder, R421A, LLC, RMS of Georgia, LLC. (Attachments: # 1 Exhibit A- White report excerpt, # 2 Exhibit B- Elbel report excerpt) (Staley, Joseph) (Entered: 03/13/2023) |
| 03/16/2023 | | **TEXT ORDER - This matter is before the court on emergency motion by defendants R421A LLC, RMS of Georgia, LLC d/b/a Choice Refrigerants, and Kenneth M. Ponder (collectively "RMS defendants") to modify the case management order as amended at docket entry 278. (See DE 297 ). For good cause shown, this motion is GRANTED. In addition, the court of its own initiative STAYS all other discovery deadlines until resolution of motions now pending at docket entries 214 , 237 , 239 , 261 , and 269 . Signed by District Judge Louise Wood Flanagan on 3/16/2023. (Collins, S.) Modified on 3/16/2023 to revise docket text. (Collins, S.). (Entered: 03/16/2023)** |
| 04/27/2023 | 299 | Notice filed by Kenneth M. Ponder, R421A, LLC, RMS of Georgia, LLC *of Leave of Absence of Defendants' Counsel*. (Staley, Joseph) (Entered: 04/27/2023) |
| 05/11/2023 | | Motion Submitted to District Judge Louise Wood Flanagan regarding 293 MOTION to Seal Document 291 Response in Opposition to Motion,, *(Motion to Seal [DE 291-1])*. (Collins, S.) (Entered: 05/11/2023) |
| 05/12/2023 | 300 | **ORDER - Plaintiffs' motion for reconsideration of the court's September 17, 2021, claim construction order, DE 214 , is GRANTED IN PART and DENIED IN PART as set forth herein; the RMS parties' motion to strike the same, DE 237 , and plaintiffs' motion for leave to file surreply, DE 292 both are TERMINATED AS MOOT; and the court has construed the disputed claim term as set forth herein. Plaintiffs' motion for leave to file amended counterclaims and affirmative defenses, DE 239 , is GRANTED. Where the amended counterclaims and affirmative defenses include information the RMS parties contend is competitively sensitive, both sides shall confer and jointly propose a redacted version of the file within 30 days from the date of this order. Plaintiffs also shall file an unredacted version under seal by that same time. Opposing parties may file an answer thereto within 14 days thereafter, pursuant to Fed. R. Civ. P. 15(a)(3). The RMS parties' motion for spoliation sanctions, DE 269 , is DENIED WITHOUT PREJUDICE. The motions to seal at docket entries 234 , 270 , 283 , and 293 are GRANTED and the motion to seal at 252 is GRANTED IN PART AND DENIED IN PART, as set forth herein. The court LIFTS the stay of discovery activities imposed by March 16, 2023, text order. Where scheduling deadlines were interrupted by the pending motions, and where additional discovery likely is necessary in light of the court's revised construction of the disputed term, the parties are DIRECTED to file within 14 days of the date of this order a jointly proposed order, setting forth remaining case management deadlines to govern this case going forward. Signed by District Judge Louise Wood Flanagan on 5/12/2023. (Collins, S.) (Entered: 05/12/2023)** |

| 05/19/2023 | 301 | Consent MOTION for Extension of Time *to file Amended Joint Proposed Case Management Order* filed by Kenneth M. Ponder, R421A, LLC, RMS of Georgia, LLC. (Attachments: # 1 Text of Proposed Order) (Staley, Joseph) (Entered: 05/19/2023) |
| --- | --- | --- |
| 05/19/2023 | | Motion Submitted to District Judge Louise Wood Flanagan regarding 301 Consent MOTION for Extension of Time *to file Amended Joint Proposed Case Management Order*. (Collins, S.) (Entered: 05/19/2023) |
| 05/22/2023 | 302 | **ORDER granting 301 Consent MOTION for Extension of Time to file *Amended Joint Proposed Case Management Order*. Counsel is reminded to read the order in its entirety for critical deadlines and information. Signed by District Judge Louise Wood Flanagan on 5/22/2023.** (Collins, S.) (Entered: 05/22/2023) |
| 06/09/2023 | 303 | Joint MOTION to Amend/Correct *Case Management Order* filed by Kenneth M. Ponder, R421A, LLC, RMS of Georgia, LLC. (Attachments: # 1 Joint Proposed Case Management Order) (Staley, Joseph) (Entered: 06/09/2023) |
| 06/09/2023 | 304 | PROPOSED SEALED Document: *AMENDED AFFIRMATIVE DEFENSES AND COUNTERCLAIMS (Selected Participants Only)*by Dynatemp International, Inc., FluoroFusion Specialty Chemicals, Inc. (available to: Plaintiffs David Couchot, Dynatemp International, Inc., FluoroFusion Specialty Chemicals, Inc., William Gresham, Harold B. Kivlan, IV, Defendants Lenz Sales & Distributing, Inc., Kenneth M. Ponder, R421A, LLC, RMS of Georgia, LLC) regarding 131 Amended Complaint,,. (Attachments: # 1 Appendix Appendix of Exhibits to Dynatemp/FluoroFusion Amended Affirmative Defenses and Counterclaims, # 2 Exhibit 7 - R421A LLC Objections and Responses to Dynatemp/FluoroFusion Parties' Third Set of Interrogatories (No. 19-23), # 3 Exhibit 54 - Email Thread between J Calm and K Ponder 3-12-14 to 3-14-14, # 4 Exhibit 55 - J Calm Email to K Ponder 3-16-14, # 5 Exhibit 56 - J Calm Ltr to K Ponder 3-16-14, # 6 Exhibit 57 - J Calm Invoice 3-16-14, # 7 Exhibit 58 - Signed J Calm Ltr to K Ponder 3-20-14, # 8 Exhibit 59 - Email Thread between J Calm and K Ponder 7-7-14 to 7-14-14, # 9 Exhibit 81 - Selected docs produced by RMS Parties re R421A capacity) (Morris, Robert) Modified on 6/12/2023 to revise docket text. (Collins, S.). (Entered: 06/09/2023) |
| 06/09/2023 | 305 | Notice filed by Dynatemp International, Inc., FluoroFusion Specialty Chemicals, Inc. regarding 304 PROPOSED SEALED Document,,,, *(Notice of Filing Material Provisionally Under Seal)*. (Morris, Robert) (Entered: 06/09/2023) |
| 06/09/2023 | 306 | Notice filed by Dynatemp International, Inc., FluoroFusion Specialty Chemicals, Inc. regarding 304 PROPOSED SEALED Document,,,, *(Appendix of Exhibits to Dynatemp International, Inc.'s and FluoroFusion Specialty Chemicals, Inc.'s Amended Affirmative Defenses and Counterclaims - Part 1)*. (Attachments: # 1 Exhibit 1 - Phasing Out HCFC Refrigerants, # 2 Exhibit 2 - US Patent No. 8,197,706, # 3 Exhibit 3 - US Patent Application No. 10/937,736, # 4 Exhibit 4 - US Patent No. 9,982,179, # 5 Exhibit 5 - US Patent No. 10,703,949, # 6 Exhibit 6 - US Provisional Patent Application No. 60/051,049, # 7 Exhibit 7 - R421A LLC Objections and Responses to Dynatemp/FluoroFusion Parties' Third Set of Interrogatories (No. 19-23) (Filed Provisionally Under Seal), # 8 Exhibit 8 - K Ponder Deposition 5-20-22, # 9 Exhibit 9 - Final Rejection 12-11-06 (736 Application), # 10 Exhibit 10 - US Patent No. 6,428,720 (Roberts), # 11 Exhibit 11 - Response and Request for Reconsideration 2-12-07 (736 Application), # 12 Exhibit 12 - Advisory Action Before Filing of Appellate Brief 3-6-07 (736 Application), # 13 Exhibit 13 - Response to Advisory Action and Request for Reconsideration 3-12-07 (736 Application), # 14 Exhibit 14 - Advisory Action Before Filing of Appellate Brief 3-27-07 (736 Application), # 15 Exhibit 15 - Notice of Appeal to BPAI 4-11-07 (736 Application), # 16 Exhibit 16 - Pre-Appeal Brief Request for Review 4-11-07 (736 Application), # 17 Exhibit 17 - Notice of Panel |

| | | |
|---|---|---|
| | | Decision from Pre-Appeal Brief Review 4-23-07 (736 Application), # 18 Exhibit 18 - Interview Summary 8-10-07 (736 Application), # 19 Exhibit 19 - Request for Continued Examination and Preliminary Amendment 8-13-07 (736 Application), # 20 Exhibit 20 - Non-Final Rejection 8-20-07 (736 Application), # 21 Exhibit 21 - Declaration of A Gbur 9-17-07 (736 Application), # 22 Exhibit 22 - US Patent Application No. 2005 US 0082510, # 23 Exhibit 23 - Response and Amendment 10-30-07 (736 Application), # 24 Exhibit 24 - Non-Final Rejection 12-17-07 (736 Application), # 25 Exhibit 25 - US Patent No. 6,207,071 (Takigawa)) (Morris, Robert) (Entered: 06/09/2023) |
| 06/09/2023 | 307 | Notice filed by Dynatemp International, Inc., FluoroFusion Specialty Chemicals, Inc. regarding 304 PROPOSED SEALED Document,,,, *(Appendix of Exhibits to Dynatemp International, Inc.'s and FluoroFusion Specialty Chemicals, Inc.'s Amended Affirmative Defenses and Counterclaims - Part 2).* (Attachments: # 1 Exhibit 26 - Final Rejection 6-27-08 (736 Application), # 2 Exhibit 27 - Notice of Appeal to BPAI 12-9-08 (736 Application), # 3 Exhibit 28 - Decision on Appeal 4-29-10 (736 Application), # 4 Exhibit 29 - Request for Reopening Prosecution or for Rehearing of Decision on Appeal 6-29-10 (736 Application), # 5 Exhibit 30 - Decision on Request for Rehearing 10-4-10 (736 Application), # 6 Exhibit 31 - Petition for Review 12-3-10 (736 Application), # 7 Exhibit 32 - Fed Cir Case Summary, # 8 Exhibit 33 - Preliminary Amendment 3-22-11 (706 Application), # 9 Exhibit 34 - Non-Final Rejection 7-11-11 (706 Application), # 10 Exhibit 35 - Response to Non-Final Rejection 1-11-12 (706 Application), # 11 Exhibit 36 - Applicant-Initiated Interview Summary 2-9-12 (706 Application), # 12 Exhibit 37 - Applicant-Initiated Interview Summary 2-15-12 (706 Application), # 13 Exhibit 38 - Notice of Allowance 2-15-12 (706 Application), # 14 Exhibit 39 - 1998 ASHRAE Refrigeration Handbook (excerpt), # 15 Exhibit 40 - Non-Final Rejection 3-25-13 (179 Application), # 16 Exhibit 41 - Response to Non-Final Office Action 8-26-13 (179 Application), # 17 Exhibit 42 - Declaration of K Ponder 8-26-13 (179 Application), # 18 Exhibit 43 - 71 Fed. Reg. No. 188 9-28-06, # 19 Exhibit 44 - Q and A about SNAP Alternatives, # 20 Exhibit 45 - 59 Fed. Reg. No. 53 3-18-94, # 21 Exhibit 46 - SNAP Glossary, # 22 Exhibit 47 - Final Rejection 9-9-13 (179 Application), # 23 Exhibit 48 - Petition for Extension of Time 3-10-14 (179 Application), # 24 Exhibit 49 - Request for Continued Examination 3-10-14 (179 Application), # 25 Exhibit 50 - Notice of Improper Request for Continued Examination 3-13-14 (179 Application)) (Morris, Robert) (Entered: 06/09/2023) |
| 06/09/2023 | 308 | Notice filed by Dynatemp International, Inc., FluoroFusion Specialty Chemicals, Inc. regarding 304 PROPOSED SEALED Document,,,, *(Appendix of Exhibits to Dynatemp International, Inc.'s and FluoroFusion Specialty Chemicals, Inc.'s Amended Affirmative Defenses and Counterclaims - Part 3).* (Attachments: # 1 Exhibit 51 - Notice of Abandonment 3-24-14 (179 Application), # 2 Exhibit 52 - Petition for Revival 3-24-16 (179 Application), # 3 Exhibit 53 - Decision on Petition 7-26-14 (179 Application), # 4 Exhibit 54 - Email Thread between J Calm and K Ponder 3-12-14 to 3-14-14 (Filed Provisionally Under Seal), # 5 Exhibit 55 - J Calm Email to K Ponder 3-16-14 (Filed Provisionally Under Seal), # 6 Exhibit 56 - J Calm Ltr to K Ponder 3-16-14 (Filed Provisionally Under Seal), # 7 Exhibit 57 - J Calm Invoice 3-16-14 (Filed Provisionally Under Seal), # 8 Exhibit 58 - Signed J Calm Ltr to K Ponder 3-20-14 (Filed Provisionally Under Seal), # 9 Exhibit 59 - Email Thread between J Calm and K Ponder 7-7-14 to 7-14-14 (Filed Provisionally Under Seal), # 10 Exhibit 60 - Dynatemp/FluoroFusion Parties' Second Request for Production of Documents (No. 8-126) 2-3-21, # 11 Exhibit 61 - T Deveau Email to J Morris 3-3-21, # 12 Exhibit 62 - Subpoena to Thomas Horstemeyer 9-9-22, # 13 Exhibit 63 - R421A LLC's Objections and Responses to Dynatemp/FluoroFusion Parties' Second Set of Interrogatories (No. 4-17), # 14 Exhibit 64 - Response to Final Office Action 3-24-16 (179 Application), # 15 Exhibit 65 - Non-Final Rejection 8-29-16 (179 Application), # 16 Exhibit 66 - |

| | | |
|---|---|---|
| | | Resopnse to Non-Final Office Action 2-28-17 (179 Application), # 17 Exhibit 67 - Non-Final Rejection 3-28-17 (179 Application), # 18 Exhibit 68 - Resopnse to Non-Final Office Action 9-28-17 (179 Application), # 19 Exhibit 69 - Final Rejection 10-12-17 (179 Application), # 20 Exhibit 70 - Applicant-Initiated Interview Summary 12-5-17 (179 Application)) (Morris, Robert) (Entered: 06/09/2023) |
| 06/09/2023 | 309 | Notice filed by Dynatemp International, Inc., FluoroFusion Specialty Chemicals, Inc. regarding 304 PROPOSED SEALED Document,,,, *(Appendix of Exhibits to Dynatemp International, Inc.'s and FluoroFusion Specialty Chemicals, Inc.'s Amended Affirmative Defenses and Counterclaims - Part 4)*. (Attachments: # 1 Exhibit 71 - Response to Final Office Action 12-21-17 (179 Application), # 2 Exhibit 72 - Second Declaration of K Ponder 12-21-17 (179 Application), # 3 Exhibit 73 - Widiatmo (1997), # 4 Exhibit 74 - Madermacher (1992)) (Morris, Robert) (Entered: 06/09/2023) |
| 06/09/2023 | 310 | Notice filed by Dynatemp International, Inc., FluoroFusion Specialty Chemicals, Inc. regarding 304 PROPOSED SEALED Document,,,, *(Appendix of Exhibits to Dynatemp International, Inc.'s and FluoroFusion Specialty Chemicals, Inc.'s Amended Affirmative Defenses and Counterclaims - Part 5)*. (Attachments: # 1 Exhibit 74A - Madermacher (cont.), # 2 Exhibit 75 - Japanese Patent No. JP07-042454 (Segami), # 3 Exhibit 76 - Information Disclosure Statement 2-12-07 (736 Application), # 4 Exhibit 77 - J Calm & G Hourahan( 2001), # 5 Exhibit 78 - P Domanski (1999), # 6 Exhibit 79 - ASHRAE Standard 34-2001 (736 Application), # 7 Exhibit 80 - Second Declaration of K Ponder 6-20-10 (736 Application), # 8 Exhibit 81 - Selected docs produced by RMS Parties re R-421A capacity (Filed Provisionally Under Seal), # 9 Exhibit 82 - J Calm, 421-A Mass Flow Rate Comparisons 1-13-14, # 10 Exhibit 83 - Non-Final Rejection 2-23-18 (179 Applicaiton), # 11 Exhibit 84 - Preliminary Amendment 6-5-18 (949 Application), # 12 Exhibit 85 - Non-Final Rejecdtion 9-24-19 (949 Application), # 13 Exhibit 86 - Second Declaration of K Ponder 2-24-20 (949 Application), # 14 Exhibit 87 - Response to Non-Final Office Action 2-24-20 (949 Applicaiton), # 15 Exhibit 88 - Final Rejection 3-9-20 (949 Application), # 16 Exhibit 89 - Response to Final Office Action 4-30-20 (949 Application), # 17 Exhibit 90 - US Patent No. 6,606,868 (Powell), # 18 Exhibit 91 - Second Declaration of A Gbur 5-16-08 (736 Application), # 19 Exhibit 92 - Notice of Allowability 5-18-20 (949 Application)) (Morris, Robert) (Entered: 06/09/2023) |
| 06/09/2023 | 311 | Notice filed by Harold B. Kivlan, IV regarding 142 Answer to Amended Complaint, 131 Amended Complaint,, *(Harold B. Kivlan, IV's Amended Affirmative Defenses)*. (Morris, Robert) (Entered: 06/09/2023) |
| 06/09/2023 | 312 | Notice filed by William Gresham regarding 143 Answer to Amended Complaint, 131 Amended Complaint,, *(William Gresham's Amended Affirmative Defenses)*. (Morris, Robert) (Entered: 06/09/2023) |
| 06/09/2023 | 313 | Notice filed by David Couchot regarding 144 Answer to Amended Complaint, 131 Amended Complaint,, *(David Couchot's Amended Affirmative Defenses)*. (Morris, Robert) (Entered: 06/09/2023) |
| 06/12/2023 | | Motion Submitted to District Judge Louise Wood Flanagan regarding 303 Joint MOTION to Amend/Correct *Case Management Order*. (Collins, S.) (Entered: 06/12/2023) |
| 06/12/2023 | 314 | **ORDER granting 303 Joint MOTION to Amend/Correct *Case Management Order*. Counsel is reminded to read the order in its entirety for critical deadlines and information. Signed by District Judge Louise Wood Flanagan on 6/12/2023.** (Collins, S.) (Entered: 06/12/2023) |

| 06/12/2023 | 315 | Notice filed by Dynatemp International, Inc., FluoroFusion Specialty Chemicals, Inc. regarding 300 Order on Motion to Seal,,,,,,,,, Order on Motion to Strike,,,,,,,, Order on Motion for Leave to File,,,,,,,,,,,,,,, Order on Motion for Sanctions,,,,,,, Order on Motion to Seal Document,,,,,,,,,,,,,,,,,,,,,,,,,,,,, Order on Motion for Miscellaneous Relief,,,,,, 304 PROPOSED SEALED Document,,,,, *(Joint Notice of Filing of Proposed Redacted Version of Amended Affirmative Defenses and Counterclaims)*. (Attachments: # 1 Exhibit Dynatemp International, Inc.'s and FluroFusion Specialty Chemicals, Inc.'s Amended Affirmative Defenses and Counterclaims (Redacted)) (Morris, Robert) (Entered: 06/12/2023) |
| 06/23/2023 | | Notice of Documents To Be Unsealed regarding DE 304 - The Plaintiff having given proper notice of the filing of materials that have been designatedconfidential at DE 305 and there having been no motion to seal filed in response, the Court will removed the temporary seal placed on certaindocuments at DE304 pursuant to Section V.G.1(g)(iii) of the CM/ECF Policy and Procedures Manual *within 5 days of the date of this notice*. (Collins, S.) (Entered: 06/23/2023) |
| 06/23/2023 | 316 | RESPONSE regarding 304 PROPOSED SEALED Document,,,,, *Dynatemp International Inc.'s and Fluorofusion Specialty Chemicals, Inc.'s Amended Counterclaims* filed by R421A, LLC, RMS of Georgia, LLC. (Staley, Joseph) (Entered: 06/23/2023) |
| 06/28/2023 | 317 | MOTION to Seal 304 PROPOSED SEALED Document,,,,, filed by Kenneth M. Ponder, R421A, LLC, RMS of Georgia, LLC(d/b/a Choice Refrigerants). (Attachments: # 1 Text of Proposed Order) (Staley, Joseph) (Entered: 06/28/2023) |
| 06/28/2023 | 318 | Memorandum in Support regarding 317 MOTION to Seal 304 PROPOSED SEALED Document,,,,, filed by Kenneth M. Ponder, R421A, LLC, RMS of Georgia, LLC. (Staley, Joseph) (Entered: 06/28/2023) |
| 08/02/2023 | | Motion Submitted to District Judge Louise Wood Flanagan regarding 317 MOTION to Seal 304 PROPOSED SEALED Document. (Collins, S) (Entered: 08/02/2023) |
| 08/03/2023 | 319 | MOTION to Withdraw as Attorney *Motion to Withdraw as Co-Counsel* filed by Kenneth M. Ponder, R421A, LLC, RMS of Georgia, LLC. (Attachments: # 1 Text of Proposed Order) (George, Charles) (Entered: 08/03/2023) |
| 08/03/2023 | 320 | **ORDER granting 317 MOTION to Seal 304 PROPOSED SEALED Document. Signed by District Judge Louise Wood Flanagan on 8/3/2023.** (Collins, S) (Entered: 08/03/2023) |
| 08/03/2023 | 321 | **ORDER granting 319 Motion to Withdraw as Attorney. Attorney Todd Deveau terminated. Signed by District Judge Louise Wood Flanagan on 8/3/2023.** (Collins, S) (Entered: 08/03/2023) |
| 09/08/2023 | 322 | MOTION to Withdraw as Attorney *(Motion to Withdraw as Co-Counsel for Dynatemp Parties by Robert J. Morris and Smith, Anderson, Blount, Dorsett, Mitchell & Jernigan, LLP)* filed by David Couchot, Dynatemp International, Inc., FluoroFusion Specialty Chemicals, Inc., William Gresham, Harold B. Kivlan, IV. (Attachments: # 1 Text of Proposed Order 1 - Text of Proposed Order) (Morris, Robert) (Entered: 09/08/2023) |
| 09/12/2023 | 323 | **ORDER granting 322 Motion to Withdraw as Attorney. Attorney Robert J. Morris terminated. Signed by District Judge Louise Wood Flanagan on 9/12/2023.** (Collins, S) (Entered: 09/12/2023) |
| 09/14/2023 | 324 | **Order Setting Status Conference. The court referred this matter to the undersigned to conduct a status conference on disputed discovery matters. The** |

| | | |
|---|---|---|
| | | undersigned will hold a telephonic status conference on Friday, September 15, 2023, at 10:00 a.m. Signed by U.S. Magistrate Judge Robert T. Numbers II on 9/14/2023. (McNally, Kimberly) (Entered: 09/14/2023) |
| 09/14/2023 | 325 | Notice of Special Appearance for non-district by Andrew Wilson on behalf of Kenneth M. Ponder, R421A, LLC, RMS of Georgia, LLC(d/b/a Choice Refrigerants). (Wilson, Andrew) (Entered: 09/14/2023) |
| 09/15/2023 | 326 | Minute Entry for proceedings held before Magistrate Judge Robert T. Numbers, II in Raleigh - Status Conference held on 9/15/2023. Parties present via teleconference. Parties update the court as to the status of this case and discovery disputes. Parties are to meet and discus their disputes over the next two weeks to try to get them resolved. Parties to file a notice with the court by 10/2/2023 regarding any outstanding disputes. (Court Reporter - FTR) (Pendergrass, Carson) (Entered: 09/15/2023) |
| 10/02/2023 | 327 | STATUS REPORT *(Joint Status Report)* by David Couchot, Dynatemp International, Inc., FluoroFusion Specialty Chemicals, Inc., William Gresham, Harold B. Kivlan, IV (Attachments: # 1 Exhibit 1 (Motion Regarding Thomas Horstemeyer Subpoena)) (Russell, Stephen) (Entered: 10/02/2023) |
| 10/05/2023 | | **Text Order: The court has reviewed the parties October 2, 2023 Status Report. As requested by the parties, the court will allow them additional time to attempt to resolve any outstanding discovery issues. Another status update should be filed no later than October 11, 2023. If the parties are unable to resolve their disputes by that date, the status report should include a proposed briefing schedule for any motions necessary to resolve the remaining disputes.Entered by Magistrate Judge Robert T. Numbers, II on 10/5/2023. (Pendergrass, Carson) (Entered: 10/05/2023)** |
| 10/11/2023 | 328 | STATUS REPORT *(Joint Status Report)* by David Couchot, Dynatemp International, Inc., FluoroFusion Specialty Chemicals, Inc., William Gresham, Harold B. Kivlan, IV (Russell, Stephen) (Entered: 10/11/2023) |
| 10/13/2023 | 329 | **ORDER - The parties must submit another status report on the issues raised in the RMS Parties' October 10, 2023 letter by October 27, 2023. If any issues remain, the parties' submission should include a briefing schedule to address those issues. Signed by Magistrate Judge Robert T. Numbers, II on 10/13/2023.** (Collins, S) (Entered: 10/13/2023) |
| 10/17/2023 | 330 | Notice of Special Appearance for non-district by Michael Ryan Laing on behalf of David Couchot, Dynatemp International, Inc., FluoroFusion Specialty Chemicals, Inc., William Gresham, Harold B. Kivlan, IV. (Laing, Michael) (Entered: 10/17/2023) |
| 10/20/2023 | 331 | MOTION to Compel filed by David Couchot, Dynatemp International, Inc., FluoroFusion Specialty Chemicals, Inc., William Gresham, Harold B. Kivlan, IV. (Attachments: # 1 Exhibit 1 - Index of Exhibits, # 2 Exhibit 2 - Dynatemp Parties' Fifth Set of Interrogatories to RMS Parties (No. 34)) (Jackson, Robin) (Entered: 10/20/2023) |
| 10/20/2023 | 332 | SEALED Exhibit *(Selected Participants Only)*by Dynatemp International, Inc., Fluorofusion Specialty Chemicals, Inc, Harold B. Kivlan, IV, William Gresham and David CouchotDynatemp International, Inc., Fluorofusion Specialty Chemicals, Inc, Harold B. Kivlan, IV, William Gresham and David Couchot (available to: Plaintiffs David Couchot, Dynatemp International, Inc., FluoroFusion Specialty Chemicals, Inc., William Gresham, Harold B. Kivlan, IV, Counter Defendants Dynatemp International, Inc., Dynatemp International, Inc., FluoroFusion Specialty Chemicals, Inc., R421A, LLC, R421A, LLC, RMS of Georgia, LLC, RMS of Georgia, LLC, Counter Claimants Dynatemp International, Inc., FluoroFusion Specialty Chemicals, Inc., RMS of Georgia, LLC, RMS of Georgia, LLC, Defendants Lenz Sales & Distributing, Inc., Kenneth M. Ponder, R421A, LLC, RMS of Georgia, LLC) regarding 331 MOTION to |

| | | |
|---|---|---|
| | | Compel . (Attachments: # [1] Exhibit 4 - Dynatemps July 26th Conferral Letter re: Response, # [2] Exhibit 5 - The Parties August 24th Correspondence, # [3] Exhibit 6 - The Parties August 18th Correspondence, # [4] Exhibit 7 - Dynatemps August 1st Conferral Letter, # [5] Exhibit 8 - The Parties September 18th Conferral Correspondence, # [6] Exhibit 9 - Dynatemps August 21st Conferral Letter, # [7] Exhibit 10- RMSs September 25th E-mail Correspondence containing Claw-Back Notice and Amended Response to Rog 34, # [8] Exhibit 11 - Sample redacted communications in discovery involving Jim Calm) (Jackson, Robin) Modified on 2/23/2024 to remove word proposed. (Collins, S). (Entered: 10/20/2023) |
| 10/20/2023 | 333 | SEALED Memorandum in Support *(Selected Participants Only)* by Dynatemp International, Inc., Fluorofusion Specialty Chemicals, Inc, Harold B. Kivlan, IV, William Gresham and David Couchot (available to: Plaintiffs David Couchot, Dynatemp International, Inc., FluoroFusion Specialty Chemicals, Inc., William Gresham, Harold B. Kivlan, IV, Counter Defendants Dynatemp International, Inc., Dynatemp International, Inc., FluoroFusion Specialty Chemicals, Inc., R421A, LLC, R421A, LLC, RMS of Georgia, LLC, RMS of Georgia, LLC, Counter Claimants Dynatemp International, Inc., FluoroFusion Specialty Chemicals, Inc., RMS of Georgia, LLC, RMS of Georgia, LLC, Defendants Lenz Sales & Distributing, Inc., Kenneth M. Ponder, R421A, LLC, RMS of Georgia, LLC) regarding [331] MOTION to Compel . (Attachments: # [1] Text of Proposed Order) (Jackson, Robin) Modified on 2/23/2024 to remove word proposed. (Collins, S). (Entered: 10/20/2023) |
| 10/20/2023 | 334 | MOTION to Seal [332] PROPOSED SEALED Exhibit.,,,,, [333] PROPOSED SEALED Memorandum in Support,,, filed by David Couchot, Dynatemp International, Inc., FluoroFusion Specialty Chemicals, Inc., William Gresham, Harold B. Kivlan, IV. (Attachments: # [1] Text of Proposed Order) (Jackson, Robin) (Entered: 10/20/2023) |
| 10/20/2023 | 335 | MOTION for Clarification/Reconsideration of Amended Claim Construction regarding [300] Order on Motion to Seal, Strike. (Attachments: # [1] Text of Proposed Order) (Staley, Joseph) Modified on 10/23/2023 to revise docket text. (Collins, S). (Entered: 10/20/2023) |
| 10/20/2023 | 336 | Memorandum in Support regarding [335] MOTION for Clarification/Reconsideration of Amended Claim Construction regarding [300] Order on Motion to Seal, Strike filed by Kenneth M. Ponder, R421A, LLC, RMS of Georgia, LLC. (Attachments: # [1] Exhibit A - June 21 email of Counsel, # [2] Exhibit B - Sept 15 email of Counsel) (Staley, Joseph) Modified on 10/23/2023 (Collins, S). (Entered: 10/20/2023) |
| 10/20/2023 | 337 | **WITHDRAWN BY ORDER [357] ** MOTION for Extension of Time *to Complete Expert Discovery* filed by Kenneth M. Ponder, R421A, LLC, RMS of Georgia, LLC. (Attachments: # [1] Text of Proposed Order, # [2] Exhibit A - Sept 15 email of Counsel) (Staley, Joseph) Modified on 11/21/2023 (Collins, S). (Entered: 10/20/2023) |
| 10/24/2023 | 338 | Notice of Substitution of Counsel filed by Andrew A. Vanore, III on behalf of Lenz Sales & Distributing, Inc. substituting for Andrew A. Vanore, III. (Vanore, Andrew) (Entered: 10/24/2023) |
| 10/25/2023 | | Notice to Counsel regarding: [338] Notice of Substitution of Counsel. Attorney W. John Cathcart, Jr. should file a notice of appearance or alternatively be the filer of the Notice of Substitution of Counsel to appear on the docket of this case and prior to the termination on the docket of Attorney Andrew A. Vanore, III. (Collins, S) (Entered: 10/25/2023) |
| 10/25/2023 | 339 | Notice of Substitution of Counsel filed by William John Cathcart, Jr on behalf of Lenz Sales & Distributing, Inc. substituting for Andrew A. Vanore, III. (Cathcart, William) (Entered: 10/25/2023) |

| 10/27/2023 | 340 | STATUS REPORT *Joint Status Report* by David Couchot, Dynatemp International, Inc., FluoroFusion Specialty Chemicals, Inc., William Gresham, Harold B. Kivlan, IV (Russell, Stephen) (Entered: 10/27/2023) |
|---|---|---|
| 10/27/2023 | 341 | SEALED RESPONSE *(Selected Participants Only)* by Defendants (available to: Plaintiffs David Couchot, Dynatemp International, Inc., FluoroFusion Specialty Chemicals, Inc., William Gresham, Harold B. Kivlan, IV, Counter Defendants Dynatemp International, Inc., Dynatemp International, Inc., FluoroFusion Specialty Chemicals, Inc., R421A, LLC, R421A, LLC, RMS of Georgia, LLC, RMS of Georgia, LLC, Counter Claimants Dynatemp International, Inc., FluoroFusion Specialty Chemicals, Inc., RMS of Georgia, LLC, RMS of Georgia, LLC, Defendants Lenz Sales & Distributing, Inc., Kenneth M. Ponder, R421A, LLC, RMS of Georgia, LLC) regarding 331 MOTION to Compel . (Wilson, Andrew) Modified on 2/23/2024 to remove word proposed. (Collins, S). (Entered: 10/27/2023) |
| 10/27/2023 | 342 | MOTION to Seal Document 341 PROPOSED SEALED Response,, *In Opposition to Plaintiffs' Motion To Compel* filed by Kenneth M. Ponder, R421A, LLC, RMS of Georgia, LLC. (Attachments: # 1 Text of Proposed Order) (Wilson, Andrew) (Entered: 10/27/2023) |
| 10/30/2023 | | **Text Order: The RMS Parties must file a motion to compel on any of the items described in Paragraph 4 of the parties October 27, 2023 Joint Status Report (D.E. 340), no later than 14 days after entry of this order. Failure to meet this deadline will result in the waiver of any arguments on those issues. The motion and any response will be governed by the courts Local Civil Rules on discovery motions. Entered by Magistrate Judge Robert T. Numbers, II on 10/30/2023. (Pendergrass, Carson) (Entered: 10/30/2023)** |
| 11/03/2023 | 343 | RESPONSE in Opposition regarding 337 MOTION for Extension of Time *to Complete Expert Discovery* filed by David Couchot, Dynatemp International, Inc., FluoroFusion Specialty Chemicals, Inc., William Gresham, Harold B. Kivlan, IV. (Trembath, Jon) (Entered: 11/03/2023) |
| 11/13/2023 | 344 | MOTION to Compel *Production of Documents and Information Relating to Plaintiffs Destruction of Dynatemp 421A* filed by Kenneth M. Ponder, R421A, LLC, RMS of Georgia, LLC. (Attachments: # 1 Text of Proposed Order) (Staley, Joseph) (Entered: 11/13/2023) |
| 11/13/2023 | 345 | Memorandum in Support regarding 344 MOTION to Compel *Production of Documents and Information Relating to Plaintiffs Destruction of Dynatemp 421A* filed by Kenneth M. Ponder, R421A, LLC, RMS of Georgia, LLC. (Attachments: # 1 Index of Exhibits, # 2 Ex. B RMS Second Requests for Production of Documents and Things to Dynatemp, # 3 Ex. C R421A LLCs Second Interrogatories to Dynatemp, # 4 Ex. D Dynatemps Responses to RMS Second Requests for Production of Documents, # 5 Ex. F 10-10-23 Letter from J. Staley to J. Trembath, # 6 Ex. G 10-26-23 Letter from E. Haas to J. Staley, # 7 Ex. H 10-31-23 Letter from A. Wilson to E. Haas, # 8 Ex. I 11-6-23 Letter from E. Haas to A. Wilson, # 9 Ex. J 11-6-23 Email from A. Wilson to E. Haas, # 10 Ex. K 11-7-23 Letter from E. Haas to A. Wilson, # 11 Ex. L 11-8-23 Letter from A. Wilson to E. Haas, # 12 Ex. M 11-9-23 Letter from E. Hass to A. Wilson) (Staley, Joseph) (Entered: 11/13/2023) |
| 11/13/2023 | 346 | Memorandum in Opposition regarding 335 MOTION for Reconsideration regarding 300 Order on Motion to Seal,,,,,,, Order on Motion to Strike,,,,,,,, Order on Motion for Leave to File,,,,,,,,,,,,,,,, Order on Motion for Sanctions,,,,,,,, Order on Motion to Seal Document,,,,,,,,,,,,,,,,,,,, 336 Memorandum in Support, filed by David Couchot, Dynatemp International, Inc., FluoroFusion Specialty Chemicals, Inc., William |

| | | |
|---|---|---|
| | | Gresham, Harold B. Kivlan, IV. (Attachments: # 1 Exhibit 1 - US Patent No 5,942,149, # 2 Exhibit 2 - Comparison of Weber US '149 and US '706) (Trembath, Jon) (Entered: 11/13/2023) |
| 11/13/2023 | 347 | PROPOSED SEALED Exhibit *(Selected Participants Only)*by Defendants Kenneth M. Ponder, R421A, LLC, RMS of Georgia (available to: Plaintiffs David Couchot, Dynatemp International, Inc., FluoroFusion Specialty Chemicals, Inc., William Gresham, Harold B. Kivlan, IV, Counter Defendants Dynatemp International, Inc., Dynatemp International, Inc., FluoroFusion Specialty Chemicals, Inc., R421A, LLC, R421A, LLC, RMS of Georgia, LLC, RMS of Georgia, LLC, Counter Claimants Dynatemp International, Inc., FluoroFusion Specialty Chemicals, Inc., RMS of Georgia, LLC, RMS of Georgia, LLC, Defendants Lenz Sales & Distributing, Inc., Kenneth M. Ponder, R421A, LLC, RMS of Georgia, LLC) regarding 345 Memorandum in Support,,,. (Attachments: # 1 Ex. E Dynatemps Responses to RMS Second Interrogatories) (Staley, Joseph) (Entered: 11/13/2023) |
| 11/13/2023 | 348 | Notice filed by Kenneth M. Ponder, R421A, LLC, RMS of Georgia, LLC(d/b/a Choice Refrigerants) regarding 347 PROPOSED SEALED Exhibit,,, *Notice of Filing Material Provisionally Under Seal.* (Staley, Joseph) (Entered: 11/13/2023) |
| 11/13/2023 | 349 | MOTION to Compel *Production of Documents and Information Subject to Plaintiffs Advice of Counsel Waiver* filed by Kenneth M. Ponder, R421A, LLC, RMS of Georgia, LLC. (Attachments: # 1 Text of Proposed Order) (Staley, Joseph) (Entered: 11/13/2023) |
| 11/13/2023 | 350 | Memorandum in Support regarding 349 MOTION to Compel *Production of Documents and Information Subject to Plaintiffs Advice of Counsel Waiver* filed by Kenneth M. Ponder, R421A, LLC, RMS of Georgia, LLC. (Attachments: # 1 Ex. A 10-3-22 Email from E. Haas to J. Staley, # 2 Ex. B 10-26-22 email from J. Morris to J. Staley, # 3 Ex. F 3-1-23 letter from S. Amy to J. Trembath and J. Morris, # 4 Ex. G 4-6-23 letter from J. Trembath to J. Staley and S. Amy) (Staley, Joseph) (Entered: 11/13/2023) |
| 11/13/2023 | 351 | PROPOSED SEALED Exhibit *(Selected Participants Only)*by Defendants Kenneth M. Ponder, R421A, LLC, RMS of Georgia (available to: Plaintiffs David Couchot, Dynatemp International, Inc., FluoroFusion Specialty Chemicals, Inc., William Gresham, Harold B. Kivlan, IV, Counter Defendants Dynatemp International, Inc., Dynatemp International, Inc., FluoroFusion Specialty Chemicals, Inc., R421A, LLC, R421A, LLC, RMS of Georgia, LLC, RMS of Georgia, LLC, Counter Claimants Dynatemp International, Inc., FluoroFusion Specialty Chemicals, Inc., RMS of Georgia, LLC, RMS of Georgia, LLC, Defendants Lenz Sales & Distributing, Inc., Kenneth M. Ponder, R421A, LLC, RMS of Georgia, LLC) regarding 350 Memorandum in Support,,. (Attachments: # 1 Ex. D Dynatemp Parties 11-21-22 Redaction Log, # 2 Ex. E Dynatemp Parties 11-21-22 Updated Privilege Log) (Staley, Joseph) (Entered: 11/13/2023) |
| 11/13/2023 | 352 | Notice filed by Kenneth M. Ponder, R421A, LLC, RMS of Georgia, LLC regarding 351 PROPOSED SEALED Exhibit,,, *Notice of Filing Material Provisionally Under Seal.* (Staley, Joseph) (Entered: 11/13/2023) |
| 11/14/2023 | 353 | OFFICIAL TRANSCRIPT of Proceedings held on 9/15/2023, Telephonic Status Conference, before Judge Robert T. Numbers, II. Court Transcriber/ eScribers, Telephone number 800-257-0885, www.escribers.net. Transcript may be viewed at the court public terminal or purchased through the Court Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Please review Attorney obligations regarding the redaction of electronic transcripts of court proceedings available on the court's website Redaction Request due |

| | | |
|---|---|---|
| | | 12/8/2023. Redacted Transcript Deadline set for 12/18/2023. Release of Transcript Restriction set for 2/15/2024. Associated Cases: 5:20-cv-00142-FL, 5:20-cv-00147-FL (Foell, S.) (Entered: 11/14/2023) |
| 11/14/2023 | | NOTICE of Filing of Official Transcript 353 Transcript. The parties have seven calendar days from the filing of the transcript to file a Notice of Intent to Request Redaction. The parties must also serve a copy on the court reporter or transcriber. After filing the Notice of Intent to Request Redaction, a party must submit to the court reporter or transcriber, within 21 calendar days of the filing of the transcript, a written statement indicating where the personal data identifiers to be redacted appear in the transcript. (Foell, S.) (Entered: 11/14/2023) |
| 11/16/2023 | 354 | Joint MOTION for Extension of Time to File Response/Reply as to 344 MOTION to Compel *Production of Documents and Information Relating to Plaintiffs Destruction of Dynatemp 421A*, 335 MOTION for Reconsideration regarding 300 Order on Motion to Seal,,,,,,,, Order on Motion to Strike,,,,,,,, Order on Motion for Leave to File,,,,,,,,,,,,,,,,, Order on Motion for Sanctions,,,,,,,, Order on Motion to Seal Document,,,,,,,,,,,,,,,,,,,, 349 MOTION to Compel *Production of Documents and Information Subject to Plaintiffs Advice of Counsel Waiver* filed by David Couchot, Dynatemp International, Inc., FluoroFusion Specialty Chemicals, Inc., William Gresham, Harold B. Kivlan, IV. (Attachments: # 1 Text of Proposed Order Proposed Order Granting Joint Motion for Extension of Time) (Russell, Stephen) (Entered: 11/16/2023) |
| 11/17/2023 | 355 | **ORDER granting 354 Joint MOTION for Extension of Time to File Responses and Reply as to 344 MOTION to Compel, 349 MOTION to Compel and 335 MOTION for Reconsideration. Responses due by 12/1/2023. Replies due by 12/1/2023. Signed by District Judge Louise Wood Flanagan on 11/17/2023.** (Collins, S) (Entered: 11/17/2023) |
| 11/19/2023 | 356 | Joint MOTION for Extension of Time to Complete Discovery filed by Kenneth M. Ponder, R421A, LLC, RMS of Georgia, LLC. (Attachments: # 1 Text of Proposed Order) (Staley, Joseph) (Entered: 11/19/2023) |
| 11/20/2023 | | Motion Submitted to District Judge Louise Wood Flanagan regarding 356 Joint MOTION for Extension of Time to Complete Discovery . (Collins, S) (Entered: 11/20/2023) |
| 11/21/2023 | 357 | **ORDER granting 356 Joint Motion for Extension of Time to Complete Discovery. Counsel is reminded to read the order in its entirety for critical deadlines and information. Signed by District Judge Louise Wood Flanagan on 11/21/2023.** (Collins, S) (Entered: 11/21/2023) |
| 12/01/2023 | 358 | RESPONSE regarding 344 MOTION to Compel *Production of Documents and Information Relating to Plaintiffs Destruction of Dynatemp 421A* filed by David Couchot, Dynatemp International, Inc., FluoroFusion Specialty Chemicals, Inc., William Gresham, Harold B. Kivlan, IV. (Attachments: # 1 Exhibit 1 - RMS email listing custodians and search terms) (Trembath, Jon) (Entered: 12/01/2023) |
| 12/01/2023 | 359 | Memorandum in Opposition regarding 349 MOTION to Compel *Production of Documents and Information Subject to Plaintiffs Advice of Counsel Waiver* filed by David Couchot, Dynatemp International, Inc., FluoroFusion Specialty Chemicals, Inc., William Gresham, Harold B. Kivlan, IV. (Trembath, Jon) (Entered: 12/01/2023) |
| 12/01/2023 | 360 | REPLY to Response to Motion regarding 335 MOTION for Reconsideration regarding 300 Order on Motion to Seal, Order on Motion to Strike, Order on Motion for Leave to File, Order on Motion for Sanctions, Order on Motion to Seal Document filed by |

| | | |
|---|---|---|
| | | Kenneth M. Ponder, R421A, LLC, RMS of Georgia, LLC. (Staley, Joseph) (Entered: 12/01/2023) |
| 12/04/2023 | | Notice to Counsel regarding: 348 Notice of Provisional Seal 352 Notice of Provisional Seal, 347 PROPOSED SEALED Exhibit, 351 PROPOSED SEALED Exhibit. Notice of Documents To Be Unsealed regarding 347 and 351 - The Defendants having given proper notice of the filing of materials that have been designated confidential and there having been no motion to seal filed in response, the Court will remove the temporary seals placed on certain documents at 347 and 351 pursuant to Section V.G.1(g)(iii) of the CM/ECF Policy and Procedures Manual within 5 days of the date of this notice if a motion to seal is not filed. (Collins, S) (Entered: 12/04/2023) |
| 12/04/2023 | | Motions Referred to US Magistrate Judge Robert T. Numbers, II regarding 344 MOTION to Compel *Production of Documents and Information Relating to Plaintiffs Destruction of Dynatemp 421A*, 335 MOTION for Reconsideration regarding 300 Order on Motion to Seal, 342 MOTION to Seal Document 341 PROPOSED SEALED Response, *In Opposition to Plaintiffs' Motion To Compel*, 349 MOTION to Compel *Production of Documents and Information Subject to Plaintiffs Advice of Counsel Waiver*, 331 MOTION to Compel , 334 MOTION to Seal 332 PROPOSED SEALED Exhibit, 333 PROPOSED SEALED Memorandum in Support. (Collins, S) (Entered: 12/04/2023) |
| 12/05/2023 | 361 | MOTION to Seal 347 PROPOSED SEALED Exhibit,,, 351 PROPOSED SEALED Exhibit,,, filed by David Couchot, Dynatemp International, Inc., FluoroFusion Specialty Chemicals, Inc., William Gresham, Harold B. Kivlan, IV. (Attachments: # 1 Text of Proposed Order) (Haas, Emily) (Entered: 12/05/2023) |
| 12/05/2023 | 362 | Memorandum in Support regarding 361 MOTION to Seal 347 PROPOSED SEALED Exhibit,,, 351 PROPOSED SEALED Exhibit,, filed by David Couchot, Dynatemp International, Inc., FluoroFusion Specialty Chemicals, Inc., William Gresham, Harold B. Kivlan, IV. (Haas, Emily) (Entered: 12/05/2023) |
| 12/21/2023 | 363 | MOTION to Bifurcate filed by David Couchot, Dynatemp International, Inc., FluoroFusion Specialty Chemicals, Inc., William Gresham, Harold B. Kivlan, IV. (Attachments: # 1 Text of Proposed Order Proposed Order) (Haas, Emily) (Entered: 12/21/2023) |
| 12/21/2023 | 364 | Notice of Filing *in support of the motion to bifurcate* filed by David Couchot, Dynatemp International, Inc., FluoroFusion Specialty Chemicals, Inc., William Gresham, Harold B. Kivlan, IV regarding 363 MOTION to Bifurcate. (Attachments: # 1 Exhibit 1: The privilege log for the subpoena production of Thomas Horstemeyer LLP, # 2 Exhibit 2: The document produced at R03753-03755, # 3 Exhibit 3: The document produced at R03756-03760, # 4 Exhibit 4: A certified English translation of RMSs Chinese patent application, Response to Fifth Office Action, produced at TH-DYNA 0004851-4859, # 5 Exhibit 5: U.S. Patent No. 5,492,643 (Weber patent), # 6 Exhibit 6: ASHRAE Refrigerant Designations, # 7 Exhibit 7: Hydrofluorocarbon Blends from the Peoples Republic of China: Antidumping Duty Order, Dkt. A570028, 81 Fed. Reg. 55436 (Aug. 19, 2016), # 8 Exhibit 8: The document produced at R52469-52540, # 9 Exhibit 9: Docket Entry 72 from Case No. 17-cv-1500-ACR (D.D.C.), # 10 Exhibit 10: Complaint in Case No. 8:22-cv- 2225 (M.D. Fla.), # 11 Exhibit 11: The document produced at R52439-52468) (Haas, Emily) Modified on 12/28/2023 to revise docket text. (Collins, S). (Entered: 12/21/2023) |
| 12/21/2023 | 365 | SEALED Document: *(Selected Participants Only)* by Dynatemp International. Inc., FluoroFusion Specialty Chemicals, William Gresham, David Couchot, Harold B Kivlan (available to: Plaintiffs David Couchot, Dynatemp International, Inc., FluoroFusion Specialty Chemicals, Inc., William Gresham, Harold B. Kivlan, IV, |

| | | |
|---|---|---|
| | | Counter Defendants Dynatemp International, Inc., Dynatemp International, Inc., FluoroFusion Specialty Chemicals, Inc., R421A, LLC, R421A, LLC, RMS of Georgia, LLC, RMS of Georgia, LLC, Counter Claimants Dynatemp International, Inc., FluoroFusion Specialty Chemicals, Inc., RMS of Georgia, LLC, RMS of Georgia, LLC, Defendants Lenz Sales & Distributing, Inc., Kenneth M. Ponder, R421A, LLC, RMS of Georgia, LLC) regarding 363 MOTION to Bifurcate . (Attachments: # 1 Exhibit Unredacted Memorandum in Support, # 2 Exhibit 12: The document produced at TH-DYNA 000350-351, # 3 Exhibit 13: The document produced at TH-DYNA 00348-349, # 4 Exhibit 14: Exhibit 92 to the Deposition of James Calm, # 5 Exhibit 15: The document produced at TH-DYNA 000357-358, # 6 Exhibit 16: Exhibit 94 to the Deposition of James Calm, # 7 Exhibit 17: The document produced at TH-DYNA 000345, # 8 Exhibit 18: Exhibit 95 to the Deposition of James Calm, # 9 Exhibit 19: The document produced at TH-DYNA 003699, # 10 Exhibit 20: The document produced at TH-DYNA 004797-4804, # 11 Exhibit 21: The Response to Interrogatory No. 28, # 12 Exhibit 22: The document produced at R13999-14002, # 13 Exhibit 23: The document produced at R12847, # 14 Exhibit 24: The document produced at R13810-13812, # 15 Exhibit 25: Docket Entry 1 Case No. 17-cv-1500-ACR (D.D.C.), # 16 Exhibit 26: Docket Entry 1-1 from Case No. 17-cv-1500-ACR (D.D.C.), # 17 Exhibit 27: The document produced at R52888-52898) (Haas, Emily) Modified on 2/23/2024 to remove word proposed. (Collins, S.) (Entered: 12/21/2023) |
| 12/21/2023 | 366 | SEALED Memorandum in Support *(Selected Participants Only)* by Dynatemp International. Inc., FluoroFusion Specialty Chemicals, William Gresham, David Couchot, Harold B Kivlan (available to: Plaintiffs David Couchot, Dynatemp International, Inc., FluoroFusion Specialty Chemicals, Inc., William Gresham, Harold B. Kivlan, IV, Counter Defendants Dynatemp International, Inc., Dynatemp International, Inc., FluoroFusion Specialty Chemicals, Inc., R421A, LLC, R421A, LLC, RMS of Georgia, LLC, RMS of Georgia, LLC, Counter Claimants Dynatemp International, Inc., FluoroFusion Specialty Chemicals, Inc., RMS of Georgia, LLC, RMS of Georgia, LLC, Defendants Lenz Sales & Distributing, Inc., Kenneth M. Ponder, R421A, LLC, RMS of Georgia, LLC). (Haas, Emily) Modified on 2/23/2024 to remove word proposed. (Collins, S). (Entered: 12/21/2023) |
| 12/21/2023 | 367 | Memorandum in Support *363 of Motion to Bifurcate (Redacted)* filed by David Couchot, Dynatemp International, Inc., FluoroFusion Specialty Chemicals, Inc., William Gresham, Harold B. Kivlan, IV. (Haas, Emily) Modified on 12/28/2023 to link to motion DE363. (Collins, S.) (Entered: 12/21/2023) |
| 12/22/2023 | 368 | MOTION to Stay filed by David Couchot, Dynatemp International, Inc., FluoroFusion Specialty Chemicals, Inc., William Gresham, Harold B. Kivlan, IV. (Attachments: # 1 Text of Proposed Order Proposed Order) (Haas, Emily) (Entered: 12/22/2023) |
| 12/22/2023 | 369 | Memorandum in Support regarding 368 MOTION to Stay filed by David Couchot, Dynatemp International, Inc., FluoroFusion Specialty Chemicals, Inc., William Gresham, Harold B. Kivlan, IV. (Haas, Emily) (Entered: 12/22/2023) |
| 12/27/2023 | 370 | Notice of Change of Address filed by Joseph W. Staley filed by on behalf of Kenneth M. Ponder, R421A, LLC, RMS of Georgia, LLC. (Staley, Joseph) (Entered: 12/27/2023) |
| 12/27/2023 | 371 | Notice of Change of Address filed by Andrea Pham Nguyen filed by on behalf of Kenneth M. Ponder, R421A, LLC, RMS of Georgia, LLC. (Nguyen, Andrea) (Entered: 12/27/2023) |
| 12/28/2023 | 372 | Notice of Change of Address filed by Andrew Wilson filed by on behalf of Kenneth M. Ponder, R421A, LLC, RMS of Georgia, LLC. (Wilson, Andrew) (Entered: 12/28/2023) |

| 12/28/2023 | | NOTICE OF DEFICIENCY regarding 365 PROPOSED SEALED Document, 366 PROPOSED SEALED Memorandum in Support. Counsel should file a motion to seal the documents at DE 365 and DE366 pursuant to Section V.G of the CM/ECF Policies and Procedures Manual. (Collins, S) (Entered: 12/28/2023) |
|---|---|---|
| 12/28/2023 | 373 | Consent MOTION for Extension of Time to File Response/Reply as to 368 MOTION to Stay , 363 MOTION to Bifurcate filed by Kenneth M. Ponder, R421A, LLC, RMS of Georgia, LLC. (Attachments: # 1 Text of Proposed Order) (Staley, Joseph) (Entered: 12/28/2023) |
| 12/28/2023 | 374 | MOTION to Seal Document 366 PROPOSED SEALED Memorandum in Support,,, 365 PROPOSED SEALED Document,,,,,,, filed by Kenneth M. Ponder, R421A, LLC, RMS of Georgia, LLC. (Attachments: # 1 Memorandum in Support, # 2 Text of Proposed Order) (Nguyen, Andrea) (Entered: 12/28/2023) |
| 12/29/2023 | 375 | Notice of Change of Address filed by Scott Patrick Amy filed by on behalf of Kenneth M. Ponder, R421A, LLC, RMS of Georgia, LLC. (Amy, Scott) (Entered: 12/29/2023) |
| 12/29/2023 | 376 | **ORDER granting 373 Consent MOTION for Extension of Time to File Responses as to 368 MOTION to Stay and 363 MOTION to Bifurcate. Responses due by 1/25/2024. Signed by District Judge Louise Wood Flanagan on 12/29/2023.** (Collins, S) (Entered: 12/29/2023) |
| 01/25/2024 | 377 | Memorandum in Opposition regarding 368 MOTION to Stay , 363 MOTION to Bifurcate filed by Kenneth M. Ponder, R421A, LLC, RMS of Georgia, LLC. (Attachments: # 1 Exhibit B - Docket Report for Refac Intl v. Lotus) (Staley, Joseph) (Entered: 01/25/2024) |
| 01/25/2024 | 378 | SEALED RESPONSE *(Selected Participants Only)* by Kenneth M. Ponder, RMS of Georgia, LLC, and R421A LLC (available to: Plaintiffs Dynatemp International, Inc., FluoroFusion Specialty Chemicals, Inc., Defendants Kenneth M. Ponder, R421A, LLC, RMS of Georgia, LLC) regarding 368 MOTION to Stay , 363 MOTION to Bifurcate . (Attachments: # 1 Exhibit A - Expert Report of John White) (Staley, Joseph) Modified on 2/23/2024 to remove word proposed. (Collins, S). (Entered: 01/25/2024) |
| 01/25/2024 | 379 | MOTION to Seal 378 PROPOSED SEALED Response, filed by Kenneth M. Ponder, R421A, LLC, RMS of Georgia, LLC. (Attachments: # 1 Text of Proposed Order) (Staley, Joseph) (Entered: 01/25/2024) |
| 01/25/2024 | 380 | Memorandum in Support regarding 379 MOTION to Seal 378 PROPOSED SEALED Response, filed by Kenneth M. Ponder, R421A, LLC, RMS of Georgia, LLC. (Staley, Joseph) (Entered: 01/25/2024) |
| 02/08/2024 | 381 | SEALED Document: *(Selected Participants Only)* by Jon R. Trembath (available to: Plaintiffs David Couchot, Dynatemp International, Inc., FluoroFusion Specialty Chemicals, Inc., William Gresham, Harold B. Kivlan, IV, Defendants Lenz Sales & Distributing, Inc., Kenneth M. Ponder, R421A, LLC, RMS of Georgia, LLC) regarding 368 MOTION to Stay , 378 PROPOSED SEALED Response, 363 MOTION to Bifurcate . (Attachments: # 1 Reply in Support of Motion to Bifurcate 363 and Motion to Stay 368 - SEALED, # 2 Exhibit 1 - R421A Response to Interrogatory No. 21 - SEALED, # 3 Errata 2 - Excerpt from 05-20-2022 Deposition of Kenneth M. Ponder - SEALED) (Trembath, Jon) Modified on 2/23/2024 to remove word proposed. (Collins, S). (Entered: 02/08/2024) |
| 02/08/2024 | 382 | REPLY to Response to Motion regarding 368 MOTION to Stay , 363 MOTION to Bifurcate - *REDACTED* filed by David Couchot, Dynatemp International, Inc., FluoroFusion Specialty Chemicals, Inc., William Gresham, Harold B. Kivlan, IV. (Attachments: # 1 Exhibit 1 - R421A Response to Interrogatory No. 21 - Filed |

| | | |
|---|---|---|
| | | Provisionally Under Seal, # 2 Exhibit 2 - Excerpt from 05-20-2022 Deposition of Kenneth M. Ponder - Filed Provisionally Under Seal, # 3 Exhibit 3 - McLinden Article re REFPROP v6, # 4 Exhibit 4 - McLinden Article re REFPROP v7, # 5 Exhibit 5 - Motion to Compel - Georgia) (Trembath, Jon) (Entered: 02/08/2024) |
| 02/13/2024 | 383 | Notice filed by Kenneth M. Ponder, R421A, LLC, RMS of Georgia, LLC regarding 368 MOTION to Stay *(Notice of Withdrawal)*. (Staley, Joseph) (Entered: 02/13/2024) |
| 02/14/2024 | 384 | MOTION to Seal 381 PROPOSED SEALED Document,, filed by Kenneth M. Ponder, R421A, LLC, RMS of Georgia, LLC. (Attachments: # 1 Text of Proposed Order) (Nguyen, Andrea) (Entered: 02/14/2024) |
| 02/14/2024 | 385 | Memorandum in Support regarding 384 MOTION to Seal 381 PROPOSED SEALED Document,, filed by Kenneth M. Ponder, R421A, LLC, RMS of Georgia, LLC. (Nguyen, Andrea) (Entered: 02/14/2024) |
| 02/16/2024 | | NOTICE of Hearing on Motions 349 MOTION to Compel *Production of Documents and Information Subject to Plaintiffs Advice of Counsel Waiver*, 334 MOTION to Seal 332 PROPOSED SEALED Exhibit, 333 PROPOSED SEALED Memorandum in Support, , 342 MOTION to Seal Document 341 PROPOSED SEALED Response,, *In Opposition to Plaintiffs' Motion To Compel*, 368 MOTION to Stay , 335 MOTION for Reconsideration regarding 300 Order on Motion to Seal, Order on Motion to Strike, Order on Motion for Leave to File, Order on Motion for Sanctions, Order on Motion to Seal Document, 363 MOTION to Bifurcate , 379 MOTION to Seal 378 PROPOSED SEALED Response, , 361 MOTION to Seal 347 PROPOSED SEALED Exhibit,,, 351 PROPOSED SEALED Exhibit, 374 MOTION to Seal Document 366 PROPOSED SEALED Memorandum in Support, 365 PROPOSED SEALED Document, , 331 MOTION to Compel , 384 MOTION to Seal 381 PROPOSED SEALED Document,, , 344 MOTION to Compel *Production of Documents and Information Relating to Plaintiffs Destruction of Dynatemp 421A:* **Motions Hearing** set for 2/23/2024 at 10:00 AM in New Bern - Courtroom before District Judge Louise Wood Flanagan. (Collins, S) (Entered: 02/16/2024) |
| 02/20/2024 | | Motions No Longer Referred to Magistrate Judge Robert T. Numbers, II: 344 MOTION to Compel *Production of Documents and Information Relating to Plaintiffs Destruction of Dynatemp 421A*, 335 MOTION for Reconsideration regarding 300 Order on Motion to Seal, Order on Motion to Strike, Order on Motion for Leave to File, Order on Motion for Sanctions, Order on Motion to Seal Document, 342 MOTION to Seal Document 341 PROPOSED SEALED Response, *In Opposition to Plaintiffs' Motion To Compel*, 349 MOTION to Compel *Production of Documents and Information Subject to Plaintiffs Advice of Counsel Waiver*, 331 MOTION to Compel , 334 MOTION to Seal 332 PROPOSED SEALED Exhibit,,,,, 333 PROPOSED SEALED Memorandum in Support. (Collins, S) Modified on 2/20/2024 (Collins, S). (Entered: 02/20/2024) |
| 02/23/2024 | 386 | **CORRECTED AND REFILED AT 388** ** Notice of Special Appearance for non-district by Joseph W. Staley on behalf of Kenneth M. Ponder, R421A, LLC, RMS of Georgia, LLC. (Staley, Joseph) Modified on 2/23/2024 (Collins, S). (Entered: 02/23/2024) |
| 02/23/2024 | | NOTICE OF DEFICIENCY regarding 386 Notice of Special Appearance on behalf of attorney Cynthia Lee. Pursuant to Section VI.C.2 of the CM/ECF Policies and Procedures Manual, each attorney making an appearance in the case must be a registered CM/ECF filer with this court and must file his or her own Notice of Appearance. (Collins, S) (Entered: 02/23/2024) |

| 02/23/2024 | 38_ | Notice of Appearance filed by Noelle Kathleen Demeny on behalf of Lenz Sales & Distributing, Inc.. (Demeny, Noelle) (Entered: 02/23/2024) |
|---|---|---|
| 02/23/2024 | 388 | Notice of Special Appearance for non-district by Cynthia J. Lee on behalf of Kenneth M. Ponder, R421A, LLC, RMS of Georgia, LLC(d/b/a Choice Refrigerants). (Lee, Cynthia) (Entered: 02/23/2024) |
| 02/23/2024 | 389 | Minute Entry for proceedings held before District Judge Louise Wood Flanagan: Motion Hearing held on 2/23/2024 regarding 344 MOTION to Compel *Production of Documents and Information Relating to Plaintiffs Destruction of Dynatemp 421A,* 335 MOTION for Reconsideration, 368 MOTION to Stay, 331 MOTION to Compel, 363 MOTION to Bifurcate, 349 MOTION to Compel *Production of Documents and Information Subject to Plaintiffs Advice of Counsel Waiver.* Counsel present for all parties - Arguments heard on pending motions - Oral order allowing motion to stay 368 - Oral Order allowing motion to compel 331 - Parties confer and resolve majority of issues with regard to motion to compel 344 - Oral order allowing remainder of motion to compel 344 - Oral order denying motion to bifurcate 363 - Motion to compel 349 held in abeyance - Stay previously ordered now lifted - Motion for reconsideration 335 held in abeyance - Proposed consent case management order due by 3/8/24 - Plaintiff's forthcoming motion to compel due by 3/8/24 - Oral order enlarging page limit to 40 pages for brief in support of, and brief in opposition to, plaintiffs forthcoming motion to compel. (Court Reporter Tracy McGurk) (Collins, S) (Entered: 02/23/2024) |
| 02/23/2024 | | **ORAL ORDER granting 368 Motion to Stay. Entered by District Judge Louise Wood Flanagan on 2/23/2024.** (Collins, S) (Entered: 02/23/2024) |
| 02/23/2024 | | **ORAL ORDER granting 331 Motion to Compel. Entered by District Judge Louise Wood Flanagan on 2/23/2024.** (Collins, S) (Entered: 02/23/2024) |
| 02/23/2024 | | **ORAL ORDER granting 344 MOTION to Compel *Production of Documents and Information Relating to Plaintiffs Destruction of Dynatemp 421A.* Entered by District Judge Louise Wood Flanagan on 2/23/2024.** (Collins, S) (Entered: 02/23/2024) |
| 02/23/2024 | | **ORAL ORDER denying 363 Motion to Bifurcate. Entered by District Judge Louise Wood Flanagan on 2/23/2024.** (Collins, S) (Entered: 02/23/2024) |
| 02/23/2024 | | **ORAL ORDER enlarging page limit to 40 pages for brief in support of, and brief in opposition to, plaintiff's forthcoming motion to compel. Entered by District Judge Louise Wood Flanagan on 2/23/2024.** (Collins, S) (Entered: 02/23/2024) |
| 02/23/2024 | 390 | **ORDER granting 334 MOTION to Seal 332 PROPOSED SEALED Exhibit, 333 PROPOSED SEALED Memorandum in Support. Signed by District Judge Louise Wood Flanagan on 2/23/2024.** (Collins, S) (Entered: 02/23/2024) |
| 02/23/2024 | 391 | **ORDER granting 342 Motion to Seal Document 341 PROPOSED SEALED Response. Signed by District Judge Louise Wood Flanagan on 2/23/2024.** (Collins, S) (Entered: 02/23/2024) |
| 02/23/2024 | 392 | **ORDER granting 361 MOTION to Seal 347 PROPOSED SEALED Exhibit, 351 PROPOSED SEALED Exhibit. Signed by District Judge Louise Wood Flanagan on 2/23/2024.** (Collins, S) (Entered: 02/23/2024) |
| 02/23/2024 | 393 | **ORDER granting 374 Motion to Seal Document 366 PROPOSED SEALED Memorandum in Support, 365 PROPOSED SEALED Document. Signed by District Judge Louise Wood Flanagan on 2/23/2024.** (Collins, S) (Entered: 02/23/2024) |

| 02/23/2024 | 394 | **ORDER granting 379 MOTION to Seal 378 PROPOSED SEALED Response. Signed by District Judge Louise Wood Flanagan on 2/23/2024.** (Collins, S) (Entered: 02/23/2024) |
|---|---|---|
| 02/23/2024 | 395 | **ORDER granting 384 MOTION to Seal 381 PROPOSED SEALED Document. Signed by District Judge Louise Wood Flanagan on 2/23/2024.** (Collins, S) (Entered: 02/23/2024) |
| 03/08/2024 | 396 | Notice filed by David Couchot, Dynatemp International, Inc., FluoroFusion Specialty Chemicals, Inc., William Gresham, Harold B. Kivlan, IV *(Parties' Joint Submission of Proposed Amendment to Scheduling Order)*. (Attachments: # 1 Text of Proposed Order Proposed Amendment to Scheduling Order) (Russell, Stephen) (Entered: 03/08/2024) |
| 03/08/2024 | 397 | MOTION to Compel *Production of Documents Improperly Withheld Based on Privilege Log* filed by David Couchot, Dynatemp International, Inc., FluoroFusion Specialty Chemicals, Inc., William Gresham, Harold B. Kivlan, IV. (Attachments: # 1 Exhibit 1 Exhibit List, # 2 **REVISED AT DE430** Exhibit 2 Table of Documents from Fourth Privilege Log, # 3 Exhibit 3 Timeline of Critical Dates in 179 Application, # 4 Exhibit 4 Table of Documents from Fourth Privilege Log, # 5 Exhibit 5 RMS Privilege Log 11-21-2022, # 6 Exhibit 6 RMS Privilege Log 6-9-2023, # 7 Exhibit 7 Third Draft Privilege Log dated September 29, 2023, # 8 Exhibit 8 Fourth Privilege Log dated October 11 2023, # 9 Exhibit 9 Conferral documents, # 10 Exhibit 10 Dynatemp Parties' Second Set of RFPs to R421A (8-126)-2021-02-03, # 11 Exhibit 11 Dynatemp Parties' First RFP to RMS (127-266)-2021-02-24, # 12 Exhibit 12 Dynatemp Parties' Third Request for Production to R421A (267-281)-2021-11-18, # 13 Exhibit 13 Dynatemp Parties' Fourth Request for Production to R421A (282-289)-2022-09-09, # 14 Exhibit 14 Dynatemp Parties' Third Request for Production to RMS (290-314)-2022-09-20, # 15 Exhibit 15 Dynatemp Parties' Fifth Set of Interrogatories to RMS (No 34)-2023-06-15, # 16 Exhibit 16 RMS and R421A Responses and Objections to Plaintiffs' Fifth Set of Interrogatories (No. 34)-2023-07-17, # 17 Exhibit 17 Excerpts from 5.20.22 Transcript of Deposition of Ken Ponder, # 18 Exhibit 18 Excerpts from 5.20.22 Transcript of Deposition of Ken Ponder, # 19 Exhibit 19 Excerpts from 6.12.23 Transcript of Deposition of Jim Calm, # 20 Exhibit 20 Excerpts from 6.13.23 Transcript of Deposition of Jim Calm, # 21 Exhibit 21 Excerpts from 2.8.23 Transcript of Deposition of Lisa Martin, # 22 Exhibit 22 TH Privilege Logs, # 23 Exhibit 23 R53162-R53164, # 24 Exhibit 24 R53168-R53172, # 25 Exhibit 25 R53173-R53176, # 26 Exhibit 26 R53210-R53218, # 27 Exhibit 27 (R00711-R00716), # 28 Exhibit 28 TH-DYNA 000838, 855, 901, 933, 952, # 29 Exhibit 29 R05067-R05075, # 30 Exhibit 30 5076-R05077, # 31 Exhibit 31 TH-DYNA 00357, # 32 Exhibit 32 R05078-R05079, # 33 Exhibit 33 R05080-R05086, # 34 Exhibit 34 TH-DYNA 000348, # 35 Exhibit 35 R53228-R53229, # 36 Exhibit 36 R53189-R53199, # 37 Exhibit 37 R53219-R53227, # 38 Exhibit 38 R18764-18766, # 39 Exhibit 39 TH-DYNA 005047-005049, # 40 Exhibit 40 Response to 5th Chinese OA with translation, # 41 Exhibit 41 R05105-R5106, # 42 Exhibit 42 R05087-R05103, # 43 Exhibit 43 Calm Depo Ex. 94, # 44 Exhibit 44 R01774-R01782, # 45 Exhibit 45 R51408-R51416, # 46 Exhibit 46 R51416-R51421, # 47 Exhibit 47 R51622-R51623, # 48 Exhibit 48 R51539-R51541, # 49 Exhibit 49 R51542, # 50 Exhibit 50 R51776-R51778), # 51 Exhibit 51 R51407, # 52 Exhibit 52 R53230-R53232, # 53 Exhibit 53 R41091-R41094, # 54 Exhibit 54 (R41102-R41103)) (Jackson, Robin) Modified on 5/28/2024 (Collins, S). (Entered: 03/08/2024) |
| 03/08/2024 | 398 | **CORRECTED AND REFILED AT 403 ** Notice of Filing Under Provisional Seal filed by David Couchot, Dynatemp International, Inc., FluoroFusion Specialty Chemicals, Inc., William Gresham, Harold B. Kivlan, IV regarding 397 MOTION to Compel *Production of Documents Improperly Withheld Based on Privilege Log* . |

| | | |
|---|---|---|
| | | (Jackson, Robin) Modified on 3/13/2024 t to revise docket text. (Collins, S). Modified on 3/20/2024 (Collins, S). (Entered: 03/08/2024) |
| 03/08/2024 | 399 | **CORRECTED AND REFILED AT 404 ** Notice filed by David Couchot, Dynatemp International, Inc., FluoroFusion Specialty Chemicals, Inc., William Gresham, Harold B. Kivlan, IV regarding 397 MOTION to Compel *Production of Documents Improperly Withheld Based on Privilege Log for Thomas Horstemeyer LLP.* (Jackson, Robin) Modified on 3/20/2024 (Collins, S). (Entered: 03/08/2024) |
| 03/08/2024 | 400 | SEALED Exhibit *(Selected Participants Only)*by Robin A. Jackson (available to: Plaintiffs David Couchot, Dynatemp International, Inc., FluoroFusion Specialty Chemicals, Inc., William Gresham, Harold B. Kivlan, IV, Defendants Lenz Sales & Distributing, Inc., Kenneth M. Ponder, R421A, LLC, RMS of Georgia, LLC) regarding 398 Notice - other, 399 Notice - other, 397 MOTION to Compel *Production of Documents Improperly Withheld Based on Privilege Log.* (Attachments: # 1 Exhibit 2 Table of Documents from Fourth Privilege Log, # 2 Exhibit 3 Timeline of Critical Dates in 179 Application, # 3 Exhibit 4 Table of Documents from Fourth Privilege Log, # 4 Exhibit 5 RMS Privilege Log 11-21-2022, # 5 Exhibit 6 RMS Privilege Log 6-9-2023, # 6 Exhibit 7 Third Draft Privilege Log dated September 29, 2023, # 7 Exhibit 8 Fourth Privilege Log dated October 11 2023, # 8 Exhibit 9 Conferral documents, # 9 Exhibit 10 Dynatemp Parties' Second Set of RFPs to R421A (8-126)-2021-02-03, # 10 Exhibit 11 Dynatemp Parties' First RFP to RMS (127-266)-2021-02-24, # 11 Exhibit 12 Dynatemp Parties' Third Request for Production to R421A (267-281)-2021-11-18, # 12 Exhibit 13 Dynatemp Parties' Fourth Request for Production to R421A (282-289)-2022-09-09, # 13 Exhibit 14 Dynatemp Parties' Third Request for Production to RMS (290-314)-2022-09-20, # 14 Exhibit 15 Dynatemp Parties' Fifth Set of Interrogatories to RMS (No 34)-2023-06-15, # 15 Exhibit 16 RMS and R421A Responses and Objections to Plaintiffs' Fifth Set of Interrogatories (No. 34)-2023-07-17, # 16 Exhibit 17 Excerpts from 5.20.22 Transcript of Deposition of Ken Ponder, # 17 Exhibit 18 Excerpts from 2.7.23 Transcript of Deposition of Lee Ponder, # 18 Exhibit 19 Excerpts from 6.12.23 Transcript of Deposition of Jim Calm, # 19 Exhibit 20 Excerpts from 6.13.23 Transcript of Deposition of Jim Calm, # 20 Exhibit 21 Excerpts from 2.8.23 Transcript of Deposition of Lisa Martin, # 21 Exhibit 22 TH Privilege Logs, # 22 Exhibit 23 R53162-R53164, # 23 Exhibit 24 R53168-R53172, # 24 Exhibit 25 R53173-R53176, # 25 Exhibit 26 R53210-R53218, # 26 Exhibit 27 R00711-R00716, # 27 Exhibit 28 TH-DYNA 000838, 855, 901, 933, 952, # 28 Exhibit 29 R05067-R05075, # 29 Exhibit 30 R05076-R05077, # 30 Exhibit 31 TH-DYNA 00357, # 31 Exhibit 32 R05078-R05079, # 32 Exhibit 33 R05080-R05086, # 33 Exhibit 34 TH-DYNA 000348, # 34 Exhibit 35 R53228-R53229, # 35 Exhibit 36 R53189-R53199, # 36 Exhibit 37 R53219-R53227, # 37 Exhibit 38 R18764-18766, # 38 Exhibit 39 TH-DYNA 005047-005049, # 39 Exhibit 40 Response to 5th Chinese OA with translation, # 40 Exhibit 41 R05105-R05106, # 41 Exhibit 42 R05087-R05103, # 42 Exhibit 43 Calm Depo Ex. 94, # 43 Exhibit 44 R01774-R01782, # 44 Exhibit 45 R51408-R51416, # 45 Exhibit 46 R51416-R51421, # 46 Exhibit 47 R51622-R51623, # 47 Exhibit 48 R51539-R51541, # 48 Exhibit 49 R51542, # 49 Exhibit 50 R51776-R51778, # 50 Exhibit 51 R51407, # 51 Exhibit 52 R53230-R53232, # 52 Exhibit 53 R41091-R41094, # 53 Exhibit 54 R41102-R41103) (Jackson, Robin) Modified on 3/27/2024 to remove word proposed as well as remove seals from the following docket entries: DE400-9 through DE400-14, DE400-25, DE400-26, DE400-28, DE400-29, DE400-31, DE400-32, DE400-36, DE400-39, DE400-40, DE400-41 and DE400-43.(Collins, S). (Entered: 03/08/2024) |
| 03/08/2024 | 401 | SEALED Memorandum in Support *(Selected Participants Only)*by Robin A. Jackson (available to: Plaintiffs David Couchot, Dynatemp International, Inc., FluoroFusion Specialty Chemicals, Inc., William Gresham, Harold B. Kivlan, IV, Defendants Lenz |

| | | |
|---|---|---|
| | | Sales & Distributing, Inc., Kenneth M. Ponder, R421A, LLC, RMS of Georgia, LLC) regarding 397 MOTION to Compel *Production of Documents Improperly Withheld Based on Privilege Log*, 399 Notice - other, 400 PROPOSED SEALED Exhibit, 398 Notice - other,. (Jackson, Robin) Modified on 3/27/2024 to remove word proposed. (Collins, S). (Entered: 03/08/2024) |
| 03/08/2024 | 402 | Notice filed by David Couchot, Dynatemp International, Inc., FluoroFusion Specialty Chemicals, Inc., William Gresham, Harold B. Kivlan, IV regarding 397 MOTION to Compel *Production of Documents Improperly Withheld Based on Privilege Log - Proposed Order*. (Jackson, Robin) (Entered: 03/08/2024) |
| 03/13/2024 | | NOTICE OF DEFICIENCY regarding 398 Notice of Provisional Filing, 399 Notice of Provisional Filing. In lieu of filing a motion to seal, the filing party is required to file a notice of filing pursuant to this subsection. The notice of filing <u>should be docketed after the filing of the provisionally sealed material</u> and <u>linked back to the entry</u> or entries being filed under seal. (Collins, S) (Entered: 03/13/2024) |
| 03/13/2024 | | NOTICE OF DEFICIENCY regarding 402 Notice - other. Counsel shall refile using the event Proposed Order and linking to the motion to which it relates. (Collins, S) (Entered: 03/13/2024) |
| 03/13/2024 | 403 | Notice filed by David Couchot, Dynatemp International, Inc., FluoroFusion Specialty Chemicals, Inc., William Gresham, Harold B. Kivlan, IV regarding 400 PROPOSED SEALED Exhibit,,,,,,,,,,,, 401 PROPOSED SEALED Memorandum in Support,, *of Filing Provisionally Under Seal*. (Jackson, Robin) (Entered: 03/13/2024) |
| 03/13/2024 | 404 | Notice filed by David Couchot, Dynatemp International, Inc., FluoroFusion Specialty Chemicals, Inc., William Gresham, Harold B. Kivlan, IV regarding 400 PROPOSED SEALED Exhibit,,,,,,,,,,,, 401 PROPOSED SEALED Memorandum in Support,, *of Filing Provisionally Under Seal regarding Thomas Horstemeyer Exs. 1, 3 22, 28, 31, 34, 39, 40*. (Jackson, Robin) (Entered: 03/13/2024) |
| 03/13/2024 | 405 | Proposed Order regarding 397 MOTION to Compel *Production of Documents Improperly Withheld Based on Privilege Log* filed by David Couchot, Dynatemp International, Inc., FluoroFusion Specialty Chemicals, Inc., William Gresham, Harold B. Kivlan, IV. (Jackson, Robin) (Entered: 03/13/2024) |
| 03/20/2024 | 406 | MOTION to Seal 401 PROPOSED SEALED Memorandum in Support,, 400 PROPOSED SEALED Exhibit filed by Kenneth M. Ponder, R421A, LLC, RMS of Georgia, LLC. (Attachments: # 1 Text of Proposed Order Proposed Order, # 2 Memorandum in Support of Motion to Seal) (Nguyen, Andrea) (Entered: 03/20/2024) |
| 03/27/2024 | 407 | **CONSENT SCHEDULING ORDER - Counsel is reminded to read the order in its entirety for critical deadlines and information. Signed by District Judge Louise Wood Flanagan on 3/27/2024.** (Collins, S) (Entered: 03/27/2024) |
| 03/27/2024 | 408 | **ORDER granting 406 Motion to Seal 401 PROPOSED SEALED Memorandum in Support, 400 PROPOSED SEALED Exhibit. Signed by District Judge Louise Wood Flanagan on 3/27/2024.** (Collins, S) (Entered: 03/27/2024) |
| 03/27/2024 | 409 | **ORDER granting in part and denying in part 335 MOTION for Clarification/Reconsideration of Amended Claim Construction. Signed by District Judge Louise Wood Flanagan on 3/27/2024.** (Collins, S) (Entered: 03/27/2024) |
| 04/02/2024 | 410 | PROPOSED SEALED Exhibit *(Selected Participants Only)* by Michael R. Laing (available to: Plaintiffs David Couchot, Dynatemp International, Inc., FluoroFusion Specialty Chemicals, Inc., William Gresham, Harold B. Kivlan, IV, Defendants Lenz Sales & Distributing, Inc., Kenneth M. Ponder, R421A, LLC, RMS of Georgia, LLC). |

|  |  | (Attachments: # [1](#) Exhibit B - R10745, # [2](#) Exhibit C - R32911, # [3](#) Exhibit D - R34152, # [4](#) Exhibit E - R38520, # [5](#) Exhibit F - Ex. 122 - 4-28-21 email fr B Goodwin to K Ponder re refrigerant pricing this week R07060-R07062, # [6](#) Exhibit G - Ex. 123 - 3-27-20 email fr K Ponder to B Goodwin re Notice of counterfeit versions of Choice R421A R08375, # [7](#) Exhibit H - Barry Goodwin 03-13-2024 - highlighted, # [8](#) Exhibit I - Amended R421A RMS Initial Disclosures-2023-03-17, # [9](#) Exhibit J - Request for Deposition Dates for Barry Goodwin, # [10](#) Exhibit K - Response to Goodwin Subpoena Final, # [11](#) Exhibit L - Ltr 2 16 24 Re Goodwin Objections, # [12](#) Exhibit M - Email dated 2-6-24 fr J Trembath to J Staley re Goodwin Subpoena, # [13](#) Exhibit N - Email dated 2-13-24 fr J Staley to E Haas re Goodwin Subpoena, # [14](#) Exhibit O - Fwd Meet and confer re Goodwin deposition scheduling, # [15](#) Exhibit P - Goodwin Declaration) (Laing, Michael) (Entered: 04/02/2024) |
| 04/02/2024 | [411](#) | MOTION Expedited Partial Relief from Protective Order regarding [410](#) PROPOSED SEALED Exhibit,,,,, filed by David Couchot, Dynatemp International, Inc., FluoroFusion Specialty Chemicals, Inc., William Gresham, Harold B. Kivlan, IV. (Attachments: # [1](#) Text of Proposed Order, # [2](#) Text of Proposed Order) (Laing, Michael) (Entered: 04/02/2024) |
| 04/02/2024 | [412](#) | SEALED Memorandum in Support *(Selected Participants Only)*by Michael R. Laing (available to: Plaintiffs David Couchot, Dynatemp International, Inc., FluoroFusion Specialty Chemicals, Inc., William Gresham, Harold B. Kivlan, IV, Defendants Lenz Sales & Distributing, Inc., Kenneth M. Ponder, R421A, LLC, RMS of Georgia, LLC) regarding [410](#) PROPOSED SEALED Exhibit, [411](#) MOTION Expedited Partial Relief from Protective Order regarding [410](#) PROPOSED SEALED Exhibit. (Laing, Michael) Modified on 4/15/2024 to remove word proposed. (Collins, S). (Entered: 04/02/2024) |
| 04/02/2024 | [413](#) | MOTION to Seal [412](#) PROPOSED SEALED Memorandum in Support,, [410](#) PROPOSED SEALED Exhibit,,,,, filed by David Couchot, Dynatemp International, Inc., FluoroFusion Specialty Chemicals, Inc., William Gresham, Harold B. Kivlan, IV. (Attachments: # [1](#) Text of Proposed Order) (Laing, Michael) (Entered: 04/02/2024) |
| 04/02/2024 | [414](#) | Memorandum in Support regarding [413](#) MOTION to Seal [412](#) PROPOSED SEALED Memorandum in Support,, [410](#) PROPOSED SEALED Exhibit,,,,, filed by David Couchot, Dynatemp International, Inc., FluoroFusion Specialty Chemicals, Inc., William Gresham, Harold B. Kivlan, IV. (Laing, Michael) (Entered: 04/02/2024) |
| 04/02/2024 |  | Motions Submitted to District Judge Louise Wood Flanagan regarding [413](#) MOTION to Seal and [411](#) MOTION Expedited Partial Relief from Protective Order. (Castania, M) (Entered: 04/02/2024) |
| 04/02/2024 | [415](#) | **ORDER regarding [411](#) MOTION Expedited Partial Relief from Protective Order - The Court finds that good cause exists for an expedited briefing schedule and ORDERS that RMS's opposition to Dynatemp's Motion shall be filed no later than April 10, 2024. Signed by District Judge Louise Wood Flanagan on 4/2/2024.** (Castania, M) (Entered: 04/02/2024) |
| 04/03/2024 | [416](#) | Consent MOTION for Extension of Time to File Response/Reply as to [397](#) MOTION to Compel *Production of Documents Improperly Withheld Based on Privilege Log* filed by Kenneth M. Ponder, R421A, LLC, RMS of Georgia, LLC. (Attachments: # [1](#) Text of Proposed Order) (Wilson, Andrew) (Entered: 04/03/2024) |
| 04/08/2024 | [417](#) | **ORDER granting [416](#) Consent MOTION for Extension of Time to File Response as to [397](#) MOTION to Compel *Production of Documents Improperly Withheld Based on Privilege Log* , [397](#) MOTION to Compel *Production of Documents Improperly Withheld Based on Privilege Log*. Response due by 4/29/2024. Signed by** |

| | | |
|---|---|---|
| | | **District Judge Louise Wood Flanagan on 4/8/2024.** (Collins, S) (Entered: 04/08/2024) |
| 04/10/2024 | 418 | RESPONSE in Opposition regarding 411 MOTION Expedited Partial Relief from Protective Order regarding 410 PROPOSED SEALED Exhibit,,,,, filed by Kenneth M. Ponder, R421A, LLC, RMS of Georgia, LLC. (Attachments: # 1 Exhibit A - Email from N. Wood, # 2 Exhibit B - Email from N. Wood, # 3 Exhibit C - Email exchange with E. Haas, # 4 Exhibit D - Transcript of Meet and Confer, # 5 Exhibit E - NDGA Standing Order) (Staley, Joseph) (Entered: 04/10/2024) |
| 04/15/2024 | 419 | **ORDER - Plaintiffs' motion for relief from protective order DE 411 is GRANTED IN PART and DENIED IN PART. Plaintiffs' motion to seal DE 413 is GRANTED. Signed by District Judge Louise Wood Flanagan on 4/12/2024.** (Collins, S) Modified on 4/29/2024 to remove seal pursuant to directive from chambers. (Collins, S). (Entered: 04/15/2024) |
| 04/22/2024 | 420 | Consent MOTION for Extension of Time to File Response/Reply as to 397 MOTION to Compel *Production of Documents Improperly Withheld Based on Privilege Log* filed by Kenneth M. Ponder, R421A, LLC, RMS of Georgia, LLC. (Attachments: # 1 Text of Proposed Order) (Wilson, Andrew) (Entered: 04/22/2024) |
| 04/24/2024 | 421 | **ORDER denying 349 MOTION to Compel *Production of Documents and Information Subject to Plaintiffs Advice of Counsel Waiver.* Signed by District Judge Louise Wood Flanagan on 4/24/2024.** (Collins, S) (Entered: 04/24/2024) |
| 04/24/2024 | 422 | **ORDER granting 420 Consent MOTION for Extension of Time to File Response as to 397 MOTION to Compel *Production of Documents Improperly Withheld Based on Privilege Log.* Response due by 5/13/2024. Signed by District Judge Louise Wood Flanagan on 4/24/2024.** (Collins, S) (Entered: 04/24/2024) |
| 04/26/2024 | 423 | Notice filed by Kenneth M. Ponder, R421A, LLC, RMS of Georgia, LLC regarding 419 SEALED Order, *(Joint Notice re 419 Sealed Order).* (Staley, Joseph) (Entered: 04/26/2024) |
| 05/08/2024 | 424 | Joint MOTION for Extension of Time to File Response/Reply as to 397 MOTION to Compel *Production of Documents Improperly Withheld Based on Privilege Log* filed by Kenneth M. Ponder, R421A, LLC, RMS of Georgia, LLC. (Attachments: # 1 Text of Proposed Order) (Wilson, Andrew) (Entered: 05/08/2024) |
| 05/08/2024 | | Motion Submitted to District Judge Louise Wood Flanagan regarding 424 Joint MOTION for Extension of Time to File Response/Reply as to 397 MOTION to Compel *Production of Documents Improperly Withheld Based on Privilege Log.* (Collins, S) (Entered: 05/08/2024) |
| 05/08/2024 | 425 | **ORDER granting 424 Joint MOTION for Extension of Time to File Response as to 397 MOTION to Compel *Production of Documents Improperly Withheld Based on Privilege Log.* Responses due by 6/3/2024. Signed by District Judge Louise Wood Flanagan on 5/8/2024.** (Collins, S) (Entered: 05/08/2024) |
| 05/20/2024 | 426 | **CORRECTED AND REFILED AT 428 ** MOTION for Reconsideration regarding 421 Order on Motion to Compel *Production of Documents and Information Subject to Plaintiffs' Advice of Counsel Waiver and Alternative Request for Certification for Interlocutory Appeal* filed by Kenneth M. Ponder, R421A, LLC, RMS of Georgia, LLC. (Attachments: # 1 Text of Proposed Order) (Staley, Joseph) Modified on 5/23/2024 (Collins, S). (Entered: 05/20/2024) |
| 05/20/2024 | 427 | Memorandum in Support regarding 426 MOTION for Reconsideration regarding 421 Order on Motion to Compel *Production of Documents and Information Subject to* |

| | | |
|---|---|---|
| | | *Plaintiffs' Advice of Counsel Waiver and Alternative Request for Certification for Interlocutory Appeal* filed by Kenneth M. Ponder, R421A, LLC, RMS of Georgia, LLC. (Staley, Joseph) (Entered: 05/20/2024) |
| 05/22/2024 | | NOTICE OF DEFICIENCY regarding 426 Motion for Reconsideration. Counsel failed to select all of the motion events requested in the document. Counsel is directed to re-file the document, selecting all motions that apply to the filing. See page 33 of the CM/ECF User's Manual for instructions on how to select multiple motions. (Collins, S) (Entered: 05/22/2024) |
| 05/22/2024 | 428 | MOTION for Reconsideration regarding 421 Order on Motion to Compel *Production of Documents and Information Subject to Plaintiffs' Advice of Counsel Waiver*, MOTION for Certificate of Appealability *(Alternative Request for Certification for Interlocutory Appeal)* filed by Kenneth M. Ponder, R421A, LLC, RMS of Georgia, LLC. (Attachments: # 1 Text of Proposed Order) (Staley, Joseph) (Entered: 05/22/2024) |
| 05/22/2024 | 429 | Memorandum in Support regarding 428 MOTION for Reconsideration regarding 421 Order on Motion to Compel *Production of Documents and Information Subject to Plaintiffs' Advice of Counsel Waiver* MOTION for Certificate of Appealability *(Alternative Request for Certification for Interlocutory Appeal)* filed by Kenneth M. Ponder, R421A, LLC, RMS of Georgia, LLC. (Staley, Joseph) (Entered: 05/22/2024) |
| 05/24/2024 | 430 | Joint MOTION for Extension of Time to File Response/Reply as to 397 MOTION to Compel *Production of Documents Improperly Withheld Based on Privilege Log* filed by Kenneth M. Ponder, R421A, LLC, RMS of Georgia, LLC. (Attachments: # 1 Exhibit A - Revised Exhibit 2 to Motion to Compel, # 2 Text of Proposed Order) (Wilson, Andrew) (Entered: 05/24/2024) |
| 05/24/2024 | | Motion Submitted to District Judge Louise Wood Flanagan regarding 430 Joint MOTION for Extension of Time to File Response/Reply as to 397 MOTION to Compel *Production of Documents Improperly Withheld Based on Privilege Log*. (Collins, S) (Entered: 05/24/2024) |
| 05/28/2024 | 431 | **ORDER granting 430 Joint MOTION for Extension of Time to File Response as to 397 MOTION to Compel *Production of Documents Improperly Withheld Based on Privilege Log*. Response due by 6/17/2024. Plaintiffs may file a reply in support of their Motion of up to 15 pages, within 21 days of Defendants' response, and Defendants may file a surreply to Plaintiffs' reply of up to 15 pages, within 21 days of Plaintiffs' reply. Signed by District Judge Louise Wood Flanagan on 5/28/2024.** (Collins, S) (Entered: 05/28/2024) |
| 06/03/2024 | 432 | OFFICIAL TRANSCRIPT of Motion Hearing held on 2/23/2024, before Judge Louise Wood Flanagan. Court Reporter/Transcriber Tracy McGurk, Telephone number 419-392-6626. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Please review Attorney obligations regarding the redaction of electronic transcripts of court proceedings available on the court's website Redaction Request due 6/27/2024. Redacted Transcript Deadline set for 7/7/2024. Release of Transcript Restriction set for 9/4/2024. (McGurk, T.) (Entered: 06/03/2024) |
| 06/03/2024 | | NOTICE of Filing of Official Transcript 432 Transcript,,,. The parties have seven calendar days from the filing of the transcript to file a Notice of Intent to Request Redaction. The parties must also serve a copy on the court reporter or transcriber. After filing the Notice of Intent to Request Redaction, a party must submit to the court reporter or transcriber, within 21 calendar days of the filing of the transcript, a written |

| | | |
|---|---|---|
| | | statement indicating where the personal data identifiers to be redacted appear in the transcript. (McGurk, T.) (Entered: 06/03/2024) |
| 06/10/2024 | 433 | RESPONSE in Opposition regarding 428 MOTION for Reconsideration regarding 421 Order on Motion to Compel *Production of Documents and Information Subject to Plaintiffs' Advice of Counsel Waiver* MOTION for Certificate of Appealability *(Alternative Request for Certification for Interlocutory Appeal) Plaintiffs' Memorandum in Opposition to Defendants' Motion for Reconsideration* filed by David Couchot, Dynatemp International, Inc., FluoroFusion Specialty Chemicals, Inc., William Gresham, Harold B. Kivlan, IV. (Attachments: # 1 Exhibit 1 (Subpoena to Smith Anderson)) (Russell, Stephen) (Entered: 06/10/2024) |
| 06/17/2024 | 434 | RESPONSE in Opposition regarding 397 MOTION to Compel *Production of Documents Improperly Withheld Based on Privilege Log* filed by Kenneth M. Ponder, R421A, LLC, RMS of Georgia, LLC. (Attachments: # 1 Exhibit Contested documents not identified in September 18, 2023 email of Dynatemps counsel, # 2 Exhibit March 10, 2022 email from E. Haas to S. Amy and J. Staley regarding search terms) (Wilson, Andrew) (Entered: 06/17/2024) |
| 06/17/2024 | 435 | PROPOSED SEALED RESPONSE *(Selected Participants Only)* by Andrew Wilson (available to: Defendants Kenneth M. Ponder, R421A, LLC, RMS of Georgia, LLC, Counter Defendants R421A, LLC, R421A, LLC, RMS of Georgia, LLC, RMS of Georgia, LLC, Counter Claimants RMS of Georgia, LLC, RMS of Georgia, LLC) regarding 397 MOTION to Compel *Production of Documents Improperly Withheld Based on Privilege Log*. (Attachments: # 1 Index Index of Exhibits, # 2 Exhibit Defendants privilege log with September 18, 2023 markup by Dynatemps counsel, # 3 Exhibit Contested documents not identified in September 18, 2023 email of Dynatemps counsel, # 4 Exhibit R21524 - R21526, July 25, 2023 email thread from K. Ponder to New Era Group, # 5 Exhibit R41378 - R41379, July 25, 2023 email from B. Morgan regarding R-22 price, # 6 Exhibit R08499 - R08500, March 4, 2020 email from K. Ponder to L. Ponder regarding R421A, # 7 Exhibit March 10, 2022 email from E. Haas to S. Amy and J. Staley regarding search terms, # 8 Exhibit R18764, July 14, 2014 email from K. Ponder to K. Ponder, # 9 Exhibit R53928 - R53930, February 26, 2014 email from L. Morgan to L. Ponder and K. Ponder, # 10 Exhibit Defendants May 3, 2024 privilege log, # 11 Exhibit June 17, 2024 Declaration of K. Ponder, # 12 Exhibit Transcript excerpts of February 8, 2023 Deposition of L. Martin, # 13 Exhibit R53237 R53238, January 31, 2014 email from K. Ponder to L. Morgan, # 14 Exhibit R53239 R53240, January 31, 2014 email from L. Morgan to K. Ponder, # 15 Exhibit R53694, February 2, 2014 email from W. Kraby to K. Ponder, # 16 Exhibit Transcript excerpts of June 13, 2023 Deposition of J. Calm) (Wilson, Andrew) Modified on 6/18/2024 - following phone call from counsel's office, access changed to all case participants following filing error. (Collins, S). (Entered: 06/17/2024) |
| 06/18/2024 | 436 | MOTION to Seal Document 435 PROPOSED SEALED Response,,,,,, *to Plaintiffs' Motion to Compel* filed by Kenneth M. Ponder, R421A, LLC, RMS of Georgia, LLC. (Attachments: # 1 Text of Proposed Order) (Wilson, Andrew) (Entered: 06/18/2024) |
| 06/18/2024 | 437 | Memorandum in Support regarding 436 MOTION to Seal Document 435 PROPOSED SEALED Response,,,,,, *to Plaintiffs' Motion to Compel* filed by Kenneth M. Ponder, R421A, LLC, RMS of Georgia, LLC. (Wilson, Andrew) (Entered: 06/18/2024) |
| 06/24/2024 | 438 | REPLY to Response to Motion regarding 428 MOTION for Reconsideration regarding 421 Order on Motion to Compel *Production of Documents and Information Subject to Plaintiffs' Advice of Counsel Waiver* MOTION for Certificate of Appealability *(Alternative Request for Certification for Interlocutory Appeal)* filed by Kenneth M. Ponder, R421A, LLC, RMS of Georgia, LLC. (Attachments: # 1 Exhibit 1 - Showing |

| | | |
|---|---|---|
| | | agreement to produce emails from 2013-2020, # 2 Exhibit 2 - S. Amy Letter) (Staley, Joseph) (Entered: 06/24/2024) |
| 07/01/2024 | | Motion Submitted to District Judge Louise Wood Flanagan regarding 428 MOTION for Reconsideration regarding 421 Order on Motion to Compel *Production of Documents and Information Subject to Plaintiffs' Advice of Counsel Waiver* MOTION for Certificate of Appealability *(Alternative Request for Certification for Interlocutory Appeal).* (Collins, S) (Entered: 07/01/2024) |
| 07/03/2024 | 439 | Joint MOTION for Extension of Time to File Response/Reply as to 397 MOTION to Compel *Production of Documents Improperly Withheld Based on Privilege Log (Parties' joint request for 10-day extensions of deadlines to file reply and sur-reply briefs)* filed by David Couchot, Dynatemp International, Inc., FluoroFusion Specialty Chemicals, Inc., William Gresham, Harold B. Kivlan, IV. (Attachments: # 1 Text of Proposed Order Proposed Order) (Russell, Stephen) (Entered: 07/03/2024) |
| 07/03/2024 | 440 | **ORDER granting 439 Joint MOTION for Extension of Time to File Reply and Surreply as to 397 MOTION to Compel *Production of Documents Improperly Withheld Based on Privilege Log (Parties' joint request for 10-day extensions of deadlines to file reply.* Reply due by 7/18/2024. Counsel is reminded to read the order in its entirety for critical deadlines and information. Signed by District Judge Louise Wood Flanagan on 7/3/2024.** (Collins, S) (Entered: 07/03/2024) |
| 07/18/2024 | 441 | PROPOSED SEALED REPLY *(Selected Participants Only)* by Plaintiffs (available to: Plaintiffs David Couchot, Dynatemp International, Inc., FluoroFusion Specialty Chemicals, Inc., William Gresham, Harold B. Kivlan, IV, Counter Defendants Dynatemp International, Inc., FluoroFusion Specialty Chemicals, Inc., R421A, LLC, R421A, LLC, RMS of Georgia, LLC, RMS of Georgia, LLC, Counter Claimants Dynatemp International, Inc., FluoroFusion Specialty Chemicals, Inc., RMS of Georgia, LLC, RMS of Georgia, LLC, Defendants Lenz Sales & Distributing, Inc., Kenneth M. Ponder, R421A, LLC, RMS of Georgia, LLC) regarding 397 MOTION to Compel *Production of Documents Improperly Withheld Based on Privilege Log.* (Attachments: # 1 Exhibit 1 (Updated exhibit list), # 2 Exhibit 55 (counsel email exchange), # 3 Exhibit 56 (Ponder-Calm emails R18764-66), # 4 Exhibit 57 (RMS PTO documents R5113, 5146, 5189-5230, 5255), # 5 Exhibit 58 (Calm 6-13-23 Depo Excerpts), # 6 Exhibit 59 (Ken Ponder 5-20-22 Depo Excerpts), # 7 Exhibit 60 (Lisa Martin 2-8-23 Depo Excerpts)) (Russell, Stephen) (Entered: 07/18/2024) |
| 07/18/2024 | 442 | Notice filed by David Couchot, Dynatemp International, Inc., FluoroFusion Specialty Chemicals, Inc., William Gresham, Harold B. Kivlan, IV regarding 441 PROPOSED SEALED Reply,,,, *Notice of Filing Provisionally Under Seal.* (Attachments: # 1 Exhibit 1 (Updated exhibit list), # 2 Exhibit 55 (counsel email exchange), # 3 Exhibit 56 (Ponder-Calm emails R18764-66), # 4 Exhibit 57 (RMS PTO documents R5113, 5146, 5189-5230, 5255), # 5 Exhibit 58 (Calm 6-13-23 Depo Excerpts), # 6 Exhibit 59 (Ken Ponder 5-20-22 Depo Excerpts), # 7 Exhibit 60 (Lisa Martin 2-8-23 Depo Excerpts)) (Russell, Stephen) (Entered: 07/18/2024) |
| 07/25/2024 | 443 | MOTION to Seal Document 441 PROPOSED SEALED Reply,,,, filed by Kenneth M. Ponder, R421A, LLC, RMS of Georgia, LLC. (Attachments: # 1 Text of Proposed Order) (Nguyen, Andrea) (Entered: 07/25/2024) |
| 07/25/2024 | 444 | Memorandum in Support regarding 443 MOTION to Seal Document 441 PROPOSED SEALED Reply,,,, filed by Kenneth M. Ponder, R421A, LLC, RMS of Georgia, LLC. (Nguyen, Andrea) (Entered: 07/25/2024) |

| 08/06/2024 | 445 | **ORDER - RMS's motion for reconsideration DE 428 is GRANTED IN PART and DENIED IN PART. The motion is granted in alternative part seeking certification of interlocutory appeal of the 421 Order. The motion is otherwise denied. RMS shall file its appeal application within the timeline established in 28 U.S.C. § 1292(b). The parties are DIRECTED to file, within 21 days of the date of this order, a joint status report suggesting proposed alterations to the case schedule, if any. If the parties agree on necessary changes, they may file a new proposed schedule in the form of a consent order. Signed by District Judge Louise Wood Flanagan on 8/6/2024.** (Collins, S) (Entered: 08/06/2024) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 08/15/2024 08:33:56 | | | |
| **PACER Login:** | Joestaley | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 5:20-cv-00142-FL |
| **Billable Pages:** | 30 | **Cost:** | 3.00 |

# Exhibit B –
## Docket No. 445:
## August 6, 2024, Order Granting Certification for Interlocutory Appeal ("Certification Order") (Appx078 – Appx087)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:20-CV-142-FL

| | | |
|---|---|---|
| DYNATEMP INTERNATIONAL, INC.; FLUOROFUSION SPECIALTY CHEMICALS, INC.; HAROLD B. KIVLAN, IV; WILLIAM GRESHAM; and DAVID COUCHOT, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | ORDER |
| v. | ) ) | |
| R421A, LLC; RMS OF GEORGIA, LLC, d/b/a Choice Refrigerants; KENNETH M. PONDER; and LENZ SALES & DISTRIBUTING, INC., | ) ) ) ) ) ) | |
| Defendants. | ) ) | |

This matter is before the court on defendants' (collectively, "RMS") motion for reconsideration of the court's April 24, 2024, order on RMS's motion to compel (DE 421, hereinafter the "421 Order"), and alternative request for certification for interlocutory appeal. (DE 428). The motion has been briefed fully and the issues raised are ripe for ruling. For the following reasons, the motion is granted in its alternative part.

**BACKGROUND**

The court assumes familiarity with the factual and procedural background of this case, and incorporates by reference its discussion of the same presented in the 421 Order. As relevant here, the court held in the 421 Order that a waiver of attorney-client privilege by plaintiffs (collectively, "Dynatemp") over certain communications pertaining to patent invalidity does not require disclosure of communications pertaining to infringement, or of communications between opinion counsel, trial

counsel, and Dynatemp.  RMS filed the instant motion for the reconsideration of that order, or in the alternative for certification of the order for interlocutory appeal to the United States Court of Appeals for the Federal Circuit.  Dynatemp responded in opposition to the instant motion, relying upon a May 24, 2024, subpoena.  RMS replied, relying upon correspondence between various counsel for both parties and non-parties to this case.

On March 27, 2024, the court reconsidered its claim construction in this case.  Following that order and the 421 Order, "Dynatemp has stipulated to infringement under the current claim construction, if the patents are found valid and enforceable," leaving "Dynatemp's patent defenses consist[ing] of invalidity and unenforceability (including inequitable conduct)." (Dynatemp Mem. (DE 433) at 2).

## COURT'S DISCUSSION

A.      Standard of Review

1.      Reconsideration

Federal Rule of Civil Procedure 54(b) provides that "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."  Fed. R. Civ. P. 54(b). Thus, a district court retains the power to reconsider and modify its interlocutory judgments at any time before final judgment.  Am. Canoe Ass'n v. Murphy Farms, Inc., 326 F.3d 505, 514-15 (4th Cir. 2003).[1]  Resolution of a motion to reconsider is "committed to the discretion of the district court," bearing in mind that "[t]he ultimate responsibility of the federal courts, at all levels, is to reach the correct judgment under law."  Id.

---

[1]      Throughout this order, internal citations and quotation marks are omitted from citations unless otherwise specified.

2.      Certification

A United States Court of Appeals may "in its discretion, permit an appeal to be taken" from an interlocutory order, if the district court certifies the order "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation."  28 U.S.C. § 1292(b). Three criteria thus must be met for a district court to certify an order for interlocutory appeal: 1) the order involves a controlling question of law, 2) as to which there is substantial ground for difference of opinion, 3) and immediate appeal may materially advance the ultimate termination of the litigation. Nystrom v. TREX Co., Inc., 339 F.3d 1347, 1350–51 (Fed. Cir. 2003).[2]

B.      Analysis

1.      Reconsideration

The court first concludes that reconsideration under Rule 54 is not warranted.

RMS advances no intervening change in law or new evidence-based arguments, and so relies only upon the clear and manifest error of law prong under Rule 54.  (See RMS Br. (DE 429) 11).

RMS's arguments in effect, ask the court "to rethink what [it has] already thought through – rightly or wrongly," which is not a proper basis for reconsideration.  See, e.g., In re Yankah, 514 B.R. 159, 165 (E.D. Va. 2014); Wiseman v. First Citizens Bank & Tr. Co., 215 F.R.D. 507, 509 (W.D.N.C. 2003).  The court declines RMS's invitation for several reasons.  First, the court adheres to its prior analysis of the interaction between the two Federal Circuit cases that addressed the relevant standard for waiver under these circumstances, and its decision to side with the disjunctive waiver side of the

---

[2]      Federal Circuit precedent governs the certification issues addressed in this order, because certification for interlocutory appeal is a question involving that court's jurisdiction.  See Nystrom, 339 F.3d at 1350.  The court nonetheless continues to cite cases from other courts as persuasive authority insofar as such authority does not clash with Federal Circuit precedent.

3

resulting district court split.  RMS relies upon a longer strong citation of cases that took a different view.  (RMS Br. 9–11).  This is not a proper basis for reconsideration.

The court further declines to depart from its reading of <u>Fort James Corp. v. Solo Cup Co.</u>, 412 F.3d 1340 (Fed. Cir. 2005), on the basis of document titles as RMS suggests.  The court also disagrees with RMS's suggestion that the Fourth Circuit district court cases the court relied upon are no longer good law.  If this is indeed the case, the Federal Circuit can provide this direction, as noted below.  Finally, the court disagrees with RMS that the 421 Order permits Dynatemp to selectively invoke privilege, which is demonstrated by Dynatemp's stipulation to factual infringement.

In sum, the court adheres to the analysis presented in the 421 Order, and denies the motion insofar as it seeks reconsideration.

2.    Certification

a.    Controlling Question of Law

A controlling question of law presents a "pure question of law," "an abstract legal issue that the [reviewing court] can decide quickly and cleanly" without having to engage with the record beyond the surface.  <u>United States ex rel. Michaels v. Agape Senior Community, Inc.</u>, 848 F.3d 330, 340–41 (4th Cir. 2017).  Such issue need not be case-dispositive, so long as it will have serious impact on the conduct of the litigation, either practically or legally.  <u>Regents of Univ. of Cal. v. Dako N. Am., Inc.</u>, 477 F.3d 1335, 1336 (Fed. Cir. 2007) (permitting interlocutory appeal of non-dispositive claim construction); <u>Adams v. S. Produce Distribs., Inc.</u>, No. 7:20-cv-53-FL, 2021 WL 394842, at 3 (E.D.N.C. Feb. 4, 2021); <u>see also, e.g.</u>, <u>In re Baker & Getty Fin. Servs., Inc.</u>, 954 F.2d 1169, 1172 (6th Cir. 1992); <u>Johnson v. Burken</u>, 930 F.2d 1202, 1205–06 (7th Cir. 1991); <u>Klinghoffer v. S.N.C. Achille Lauro Ed Altri-Gestione Motonave Achille Lauro in Amminstrazione Straordinaria</u>, 921 F.2d 21, 24 (2d Cir. 1990); 16 Charles Alan Wright & Arthur R. Miller, <u>Federal Practice and Procedure</u> §

4

3930 (3d ed. 2024).  Finally, no categorical bar against immediate appeal of privilege questions exists.  See Mohawk Indus. v. Carpenter, 558 U.S. 100, 111 (2009).

The 421 Order meets this first requirement for certification because it turns on a pure question of law, namely what is the proper standard for waiver of attorney-client privilege announced in two Federal Circuit cases, not on how to apply standard to the facts of this case.  This question of the proper standard poses a potentially serious impact upon this case, as it is crucial for the determination of Dynatemp's willful infringement defense, because such waiver may encompass all three willful infringement defenses or, as the court concluded in the 421 Order, just the ones actually asserted by the allegedly infringing party.  (421 Order 5).  The possible dramatic widening of the scope of this vital discovery issue, or the confirmation on appeal of the 421 Order's more limited reasoning, may dramatically alter the merits and potential damages in this suit, and thus the remainder of discovery, the course of trial, and possible settlement negotiations.

Dynatemp advances three arguments regarding the first requirement for certification, which are unavailing.  First, Dynatemp contends that an issue must be case-dispositive to satisfy this criterion.  But such effect is not required as recounted above, including in the binding Federal Circuit case, Regents of Univ. of Cal., 477 F.3d at 1336.

Second, Dynatemp argues that certification would be improper because RMS seeks to pierce Dynatemp's privilege, not to defend its own privilege from an erroneous and irrevocable production order.  The court agrees with Dynatemp that those circumstances would present an even stronger case for certification, but disagrees that only such defensive interlocutory appeals of privilege rulings are permitted.  Dynatemp presents no authority for that proposition, and instead argues this point on grounds that ultimately ordering production would in fact lengthen this action by requiring increased discovery activity.  The court again agrees in part, but such increased discovery obligations are

5

certainly less than the extraordinary waste of party and judicial resources that would ensue should remand and retrial become required as the result of an erroneous ruling here.

Third, Dynatemp opposes certification on grounds that following the court's most recent round of claim construction, it stipulated to factual infringement and now relies solely upon defenses of invalidity and enforceability. But this logic is circular: it assumes that the 421 Order will necessarily be affirmed on appeal, under which circumstances this stipulation would indeed have significant weight. But affirmance is not guaranteed, and if the Federal Circuit reverses the 421 Order, the stipulation may have little or no weight in the analysis, because such reversal would render factual infringement relevant again, at least to some degree, by holding Dynatemp's waiver to extend beyond its actually asserted defenses. For example, such discovery might be relevant to trial strategy or to damages.

The controlling question of law prong is satisfied.

      b.     Substantial Ground for Disagreement

Next, there is substantial ground for disagreement on this controlling question of law. The 421 Order recounted the wide fragmentation among district courts nationally on the proper approach for addressing the privilege issue presented. Numerous courts have concurred with the 421 Order's approach,[3] while many have disagreed,[4] all in the absence of further guidance from the Federal Circuit. Put simply, "interpreting the 'same subject matter' standard established by [In re] Echostar

---

[3]     See, e.g., Autobytel, Inc. v. Dealix Corp., 455 F. Supp. 2d 569, 575 (E.D. Tex. 2006); AKEVA LLC v. Mizuno Corp., 243 F. Supp. 2d 418, 422 (M.D.N.C. 2003); Nitinol Med. Techs., Inc. v. AGA Med. Corp., 135 F. Supp. 2d 212, 217 (D. Mass. 2000); Krausz Indus. Ltd. v. Smith-Blair, Inc., No. 5:12-cv-570, 2016 WL 10538004, at *8 (E.D.N.C. Dec. 13, 2016).

[4]     See, e.g., LifeNet, Inc. v. Musculoskeletal Transplant Found., Inc., 490 F. Supp. 2d 681, 686 (E.D. Va. 2007); Affinion Net Patents, Inc. v. Maritz, Inc., 440 F. Supp. 2d 354, 356 (D. Del. 2006); Intex Recreation Corp. v. Team Worldwide Corp., 439 F. Supp. 2d 46, 49 (D.D.C. 2006); Kimberly-Clark Corp. v. Tyco Healthcare Retail Grp., No. 05-C-985, 2007 WL 218721, at *2 (E.D. Wis. Jan. 26, 2007).

6

[Commc'ns Corp., 448 F.3d 1294 (Fed. Cir. 2006)] has proved difficult, and courts have come to varying conclusions." Zen Design Grp., Ltd. v. Scholastic, Inc., No. 16-12936, 2019 WL 4891206, at *3 (E.D. Mich. Mar. 26, 2019); see Genentech, Inc. v. Insmed Inc., 442 F. Supp. 2d 838, 846–48 (N.D. Cal. 2006) (summarizing three different approaches, rejecting them all, and applying a fourth). This widely divergent legal landscape demonstrates substantial ground for reasonable difference of opinion.

Dynatemp's arguments on this prong are unconvincing. Dynatemp argues that a mere lack of unanimity does not produce the needed degree of discord. (Dynatemp Br. 22). But the degree of disagreement here goes far beyond a mere lack of unanimity; district courts nationwide are fractured on the pertinent standard here some two decades after the last two Federal Circuit opinions to address it. Accordingly, this requirement for interlocutory appeal is satisfied.

c.    Materially Advance Termination

Finally, interlocutory appeal would materially advance the ultimate termination of this litigation. Willful infringement is a, if not the, central issue in discovery in this case, and it carries heavy influence upon the parties' legal positions and settlement prospects. Moreover, if the court erred in its 421 Order, the ultimate disposition of this case would be served better by prompt correction by the Federal Circuit, rather than forging ahead into summary judgment and trial, involving an advice of counsel defense confined solely to invalidity and based upon improperly limited discovery, which may ultimately require remand and retrial at great cost in judicial and party resources. Conversely, if the 421 Order applied the correct standard, the parties will be able to approach future proceedings in this case, and settlement negotiations, on sound discovery footing. See Mun. Ass'n of S.C. v. Serv. Ins. Co., Inc., No. 3:08-03072, at *3 (D.S.C. Sept. 21, 2011); Jimenez-

7

<u>Orozco v. Baker Roofing Co.</u>, No. 5:05-cv-34-FL, 2006 WL 8438693, at *7 (E.D.N.C. Mar. 28, 2006).

Dynatemp advances the same arguments on this third prong as it does for the first, which the court has already rejected above. Accordingly, the court rejects them again here for the same reasons. The final requirement for certification thus is met.

Finally, and unconnected to the three statutory requirements, Dynatemp argues that certification is improper because RMS demonstrates no "exceptional circumstances" in favor of immediate review. (Dynatemp Br. 20–21). But RMS bears this burden in convincing the Federal Circuit to accept the case, not in persuading this court to certify under § 1292(b). <u>See</u> <u>Coopers & Lybrand v. Livesay</u>, 437 U.S. 463, 474–75 (1978), <u>superseded on other grounds by rule</u>, Fed. R. Civ. P. 23(f), <u>as recognized in</u> <u>Microsoft Corp. v. Baker</u>, 582 U.S. 23, 30 (2017). Even if exceptional circumstances were required in this posture, the significant issues and possible advantages of permitting interlocutory appeal would counsel in favor of certification. This argument against certification thus is unpersuasive.

In sum, the statutory criteria for certification of the 421 Order for interlocutory appeal set forth in 28 U.S.C. § 1292(b) are satisfied.

d.    Exercise of Discretion

There are no fixed factors the court must consider in exercising its discretion under a § 1292(b) analysis. <u>See</u> <u>Swint v. Chambers Cnty. Comm'n</u>, 514 U.S. 35, 46 (1995) (discussing whether issue is "pivotal and debatable" as guiding discretion, which overlap virtually entirely with statutory criteria). Thus, the court's discretion bolsters its conclusion that certification is proper here, for the reasons recounted above, especially avoiding waste of resources and time, and the degree of district court disagreement on the controlling question of law.

8

In the exercise of its discretion, the court concludes that certification of interlocutory appeal is appropriate.

3.      Discovery Schedule

The court recognizes that certification will substantially alter the parties' discovery activities. The current scheduling order at DE 407 provides that fact discovery will close the later of three months after this court's rulings on three specified motions or October 1, 2024.  The remaining deadlines are set by reference to the triggering date, as follows:

| Event | Deadline |
| --- | --- |
| New and amended initial expert disclosures | 30 days after fact discovery |
| Responsive expert disclosures | 75 days after fact discovery |
| Rebuttal experts due | 120 days after fact discovery |
| Expert depositions start | 135 days after fact discovery |
| Supplementations due | 155 days after fact discovery |
| Expert discovery closes | 195 days after fact discovery |
| Dispositive motions due | 225 days after fact discovery |

The court therefore directs the parties to file a joint status report suggesting proposed alterations to this schedule, if any, to promote efficiencies in discovery and adjudication of this case going forward.

**CONCLUSION**

For the foregoing reasons, RMS's motion for reconsideration (DE 428) is GRANTED IN PART and DENIED IN PART.  The motion is granted in alternative part seeking certification of interlocutory appeal of the 421 Order.  The motion is otherwise denied.  RMS shall file its appeal

9

application within the timeline established in 28 U.S.C. § 1292(b). The parties are DIRECTED to file, within 21 days of the date of this order, a joint status report suggesting proposed alterations to the case schedule, if any. If the parties agree on necessary changes, they may file a new proposed schedule in the form of a consent order.

SO ORDERED, this the 6th day of August, 2024.

LOUISE W. FLANAGAN
United States District Judge

10

# Exhibit C –
Docket No. 421:
April 24, 2024, Order On
Motion to Compel Production
of Documents and Information
Subject to Plaintiffs' Advice of
Counsel Waiver ("Waiver Order")
(Appx088 – Appx096)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:20-CV-142-FL

| | | |
|---|---|---|
| DYNATEMP INTERNATIONAL, INC.; FLUOROFUSION SPECIALTY CHEMICALS, INC.; HAROLD B. KIVLAN, IV; WILLIAM GRESHAM; and DAVID COUCHOT, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | ORDER |
| v. | ) ) | |
| R421A, LLC; RMS OF GEORGIA, LLC, d/b/a Choice Refrigerants; KENNETH M. PONDER; and LENZ SALES & DISTRIBUTING, INC., | ) ) ) ) ) | |
| Defendants. | ) ) | |

This matter is before the court on defendants' motion to compel production of documents and information subject to plaintiffs' advice of counsel waiver (DE 349). The motion has been briefed fully and the issues raised are ripe for ruling. For the following reasons, defendants' motion is denied.

**COURT'S DISCUSSION**

At the outset, the court assumes familiarity with the factual and procedural background of this case, and incorporates by reference its discussion of the same presented in its March 27, 2024, order on defendants' motion for reconsideration. In the instant motion, defendants seek the court to order plaintiffs to produce unredacted copies of all written legal opinions on which plaintiffs rely in opposing claims of patent infringement, together with associated documents and information, of or relating to communications between plaintiffs' former trial counsel, Robert J. Morris ("Morris"), and plaintiffs.

Patent law provides enhanced damages in cases in which the accused infringer acted willfully. In re Seagate Tech., LLC, 497 F.3d 1360, 1368 (Fed. Cir. 2007), overruled on other grounds by Halo Electronics, Inc. v. Pulse Electronics, Inc., 579 U.S. 93 (2016). Because enhanced damages therefore depend on the accused infringer's state of mind, alleged willful infringers commonly advance an advice of counsel defense (an "advice defense"). Seagate, 497 F.3d at 1369. Under this defense, an accused infringer tries to establish that its alleged infringement was in good faith because it relied upon the advice of counsel that the patent at issue was invalid, unenforceable, and/or not infringed. Id.

Once a party announces that it will advance an advice defense on one or more of these theories, that party waives attorney-client privilege over all other "communications relating to the same subject matter." In re EchoStar Commc'ns Corp., 448 F.3d 1294, 1299 (Fed. Cir. 2006).[1] The parties' present disagreement revolves around whether certain communications "relat[e] to the same subject matter" as plaintiffs' defense. Id.

Plaintiffs have asserted an advice defense based on invalidity of the patents at issue. (See Pls' Br. (DE 359) 4; see generally Defs' Br. (DE 350) Ex. C (DE 351); id. Ex. A (DE 350-1); id. Ex. B (DE 350-2)).[2] Plaintiffs acknowledge that the opinion at issue also discusses infringement issues behind plaintiffs' redactions. (See Defs' Br. Ex. G (DE 350-4) 5). The parties therefore agree that plaintiffs have waived privilege over communications related to invalidity of the patents, (see Pls' Br. (DE 359) 2), but defendants argue that such waiver should extend also to communications on infringement, on grounds that these matters are discussed behind redactions in the same opinion of

---

[1]    Scope of waiver in these circumstances is a matter of substantive patent law, so Federal Circuit precedent controls. Echostar, 448 F.3d at 1298.

[2]    Unless otherwise specified, page numbers specified in citations to the record in this order refer to the page number of the document designated in the court's electronic case filing (ECF) system, and not to page numbering, if any, specified on the face of the underlying document.

2

counsel, and because waiver on one defense requires waiver on <u>all</u> willful infringement defenses. (<u>See</u> Defs' Br. (DE 350) 4). Defendants also argue that plaintiffs improperly have refused to produce 1) communications from the entire period of infringement; and 2) communications between opinion counsel, trial counsel, and plaintiffs. (<u>Id.</u> (DE 350) 4–5). The court addresses each issue in turn.

    1.      Subject Matter Waiver

Defendants argue that plaintiffs' waiver of privilege on invalidity also operates on all other defenses, such as non-infringement. Plaintiffs contend that waiver is limited to invalidity. The court agrees with plaintiffs.

There is no "bright line test" to determine the subject matter of a waiver; instead, courts weigh the circumstances of the disclosure, the nature of the advice sought, and the prejudice to the parties of requiring or prohibiting further disclosures. <u>Fort James Corp. v. Solo Cup Co.</u>, 412 F.3d 1340, 1349–50 (Fed. Cir. 2005).

Courts interpreting <u>Fort James</u> and <u>Echostar</u>'s broad language have splintered on whether presenting an advice defense under one theory, such as infringement, waives privilege only as to that specific theory, or as to all other theories, such as invalidity and unenforceability. <u>See</u> <u>Autobytel, Inc. v. Dealix Corp.</u>, 455 F. Supp. 2d 569, 574–75 (E.D. Tex. 2006) (summarizing this split and collecting cases on both sides). The court concludes that waiver is limited to the particular asserted defense for three reasons.

First, <u>Fort James</u> supports plaintiff's position that redactions and production on only some defenses, even within the same document, is permissible. <u>Fort James</u> provides that withholding or redaction of material on defenses <u>besides</u> the one relied upon is permissible, even in the same document. <u>See</u> <u>id.</u> at 1350. Indeed, <u>Fort James</u> even chided a party for failing to make such redactions and therefore unwittingly waiving more than it intended. <u>See</u> <u>id.</u> EchoStar cites <u>Fort James</u>

<div align="center">3</div>

repeatedly, including to support the statement that a waiver of privilege under an advice defense waives privilege over all other communications on the same subject matter. See EchoStar, 448 F.3d at 1299.

Second, each party cites numerous district court cases supporting its position. (See Defs' Br. (DE 350) 7–9; Pls' Br. (DE 359) 5–7). The court acknowledges that a split among district courts exists, as catalogued at length in Dealix Corp., 455 F. Supp. 2d at 574–75. Because both sides muster authority to support their positions, the court considers such authority in equipoise, and breaks the deadlock by agreeing with courts from within the Fourth Circuit, which favor plaintiffs' position.

For example, AKEVA LLC v. Mizuno Corp., 243 F. Supp. 2d 418 (M.D.N.C. 2003) held that "[s]ubject matter waiver does not mean all opinions as to all possible defenses, but does mean all opinions of the specific issue of advice asserted as a defense . . . be it infringement, validity, enforcement, or a combination." Id. at 422 (emphases added). Mizuno predated EchoStar, but the EchoStar court cited to Mizuno for its statement that an advice defense waives all communications relating to the asserted subject matter. See EchoStar, 448 F.3d at 1299.

Krausz Indus. Ltd. v. Smith-Blair, Inc., No. 5:12-CV-570-FL, 2016 WL 10538004, at *8 (E.D.N.C. Dec. 13, 2016) is similar. There this court declined to broaden a waiver on one issue to cover defenses the defendant had not raised. See id. Defendants' attempt to distinguish Smith-Blair is unpersuasive. Defendants point out that in Smith-Blair, the advice contained only "passing reference" to other issues, rather than "any substantive advice"; but the very next sentence in that opinion is the critical overlap between this case and Smith-Blair: "[defendant] is not relying on any advice it received . . . on these [other] topics to rebut [plaintiff's] willful infringement claim." Id. The same is true here. Plaintiffs rely on an advice defense only on the issue of invalidity, not on infringement. Smith-Blair therefore supports plaintiffs, contrary to defendants' contentions.

4

Third, the court turns to the circumstances of the requested disclosure and prejudice respectively accruing to the parties. These considerations favor plaintiffs. As plaintiffs point out, Local Patent Rule 303.8(b) requires a party asserting an advice defense to produce a copy of all written opinions "to be relied on" to support that defense. If a portion of an opinion document addresses only the defense that an alleged infringer intends to assert, but the larger document mentions other issues, defendants' position would wipe out privilege over a slew of subjects unrelated to the issues the parties presented. This is at odds with EchoStar's admonition that an advice defense waiver does not give the other party "unfettered discretion to rummage through all of [the asserting party's] files and pillage all of their litigation strategies." EchoStar, 448 F.3d at 1303.

Further, these circumstances present no danger of plaintiffs using privilege as both a sword and a shield. Because under Local Patent Rule 303.8 plaintiffs currently may assert their advice defense only on the basis of invalidity, other issues in the opinion simply are not relevant to that defense. In contrast, defendants' position would, again, result in "pillag[ing]" of plaintiffs' privilege and files. Id.

At bottom, defendants' position attempts to obtain a waiver of privilege over issues not present in this case, which are part of defenses that plaintiffs did not (and, under the Local Patent Rules and plaintiffs' disclosures, currently cannot) raise. As was the case in Smith-Blair, this waiver would "result in substantial interference with [plaintiffs'] attorney-client relationship while providing minimal additional assurances that [plaintiffs] could not inappropriately invoke the privileges to shield unfavorable . . . communications." Smith-Blair, 2016 WL 10538004, at *8. Thus, after considering authority and the Fort James factors, the court declines to extend plaintiffs' waiver beyond the issue of invalidity.

5

2.      Temporal Waiver

Defendants next argue that plaintiffs must produce documents within the topical scope of the waiver during the entire period during which plaintiffs manufactured, sold, or offered to sell the accused product, including after this litigation began.  (Defs' Br. (DE 350) 11).  However, plaintiffs represent that if the court keeps the subject matter waiver in place as is, which the court in fact does, then it has already produced all relevant communications from all time periods within that topical scope.  (See Pls' Br. (DE 359) 8).  The court rejects defendants' motion as it is premised on an attempted expansion of temporal waiver because, with the topical waiver undisturbed, there remains nothing else for plaintiffs to produce.

3.      Communications Involving Trial Counsel

Defendants argue that plaintiffs' waiver must encompass communications between opinion counsel and former trial counsel, and between former trial counsel and plaintiffs, that relate to the subject of the waiver, on two grounds:  1) opinion and former trial counsel work for the same firm; and 2) opinion counsel remained impermissibly active in this litigation, meriting such disclosures.  The court disagrees.

The opinion underlying plaintiffs' advice defense was prepared by Edward Roney ("Roney") and Robert Goozner ("Goozner").  (Defs' Br. (DE 350) 12; Pls' Br. (DE 359) 9 n.2).  Roney worked for the same firm ("Smith Anderson") as plaintiffs' former trial counsel, Morris.  The parties' briefing does not reflect whether or when Goozner worked at Smith Anderson, and Roney left the firm in "early January 2021."  (See Pls' Br. (DE 359) 9 n.2).

Generally, an advice defense waiver will not waive privilege over communications with trial counsel, absent "chicanery."  Seagate, 497 F.3d at 1374–75.  Seagate offered no detail on behavior that might constitute "chicanery," but its admonition that courts should extend waiver only "in unique

6

circumstances," and the ordinary meaning of the word "chicanery," convince the court that "chicanery" is bad faith, deceptive, or gamesman-like conduct. See Seagate, 497 F.3d at 1374–75; Chicanery, Black's Law Dictionary (11th ed. 2019) ("use of clever plans or actions to deceive people; trickery; deception"); see also Duhn Oil Tool, Inc. v. Cooper Cameron Corp., No. 1:05-cv-01411, 2009 WL 3381052, at *14–15 (E.D. Cal. Oct. 15, 2009) (concluding that gamesman-like shuffling of labels among counsel constituted chicanery under Seagate).

First, the court disagrees with defendants that under these circumstances, opinion counsel was impermissibly active in this litigation. Plaintiffs' privilege and redaction logs contain numerous entries reflecting, in defendants' view, opinion counsel's involvement in litigation decisions about filing suit, and about substantive litigation matters after this action began. (See Defs' Br. (DE 350) Ex. D (DE 351-1) 10, 56–57, 67–69, 71–72, 85, 108, 111–13).

This court confronted a similar dispute in Smith-Blair. There, the court concluded that opinion counsel had taken an active role in litigation, meriting extension of waiver to cover trial counsel. See Smith-Blair, 2016 WL 10538004, at *10. However, the court distinguished the circumstances before it from those in Alloc, Inc. v. Pergo, LLC, No. 00-C-0999, 2010 WL 3808977 (E.D. Wis. Sept. 23, 2010), where the court did not extend waiver, on grounds that in Alloc, opinion counsel had remained involved in litigation only "briefly," for six months after the filing of the complaint. See Smith-Blair, 2016 WL 10538004, at *10.

Here, defendants point to numerous entries on plaintiffs' redaction and privilege logs that they argue demonstrate Roney's continued involvement in this litigation. However, all of these entries reflect activity that occurred before or within a few months of the filing of plaintiffs' complaint, or which do not squarely relate to this case, such as tangentially related proceedings before the Patent and Trademark Office, or on which Roney was only a carbon copy, not an author or recipient. (See

7

Defs' Br. (DE 350) Ex. D (DE 351-1) at 10, 21, 39–41, 56–57, 59–60, 67–69, 71–72, 79–80, 85, 87, 108–13; Defs' Br. (DE 350) Ex. E (DE 351-2) at 3–10, 17–20, 22–24, 30, 33).  The court cannot conclude that Roney was actively involved in this litigation beyond the span which <u>Alloc</u> and <u>Smith-Blair</u> deemed permissible.  Thus, he did not "blur[] the lines between . . . objective advisor and partisan advocate."  <u>Smith-Blair</u>, 2016 WL 10538004, at *10.  Finally, that Roney left Smith Anderson in "early January 2021," and that the record does not reflect whether Goozner ever worked for that firm, further weaken an inference of improper active involvement.  (Pls' Br. (DE 359) 9 n.2).  Accordingly, communications between Morris and Roney are not subject to the waiver here.

Next, defendants request communications between Morris and plaintiffs.  Defendants' argument appears to be that, because Morris is tainted by Roney having remained involved in this litigation, such taint expands waiver to Morris's other communications, including with plaintiffs.  However, the court has concluded above that Roney did not remain actively engaged in this litigation for an impermissible length of time.  Such resulting expansion of waiver therefore necessarily could not have transferred over to Morris's other communications.  <u>See also</u> <u>Wash World, Inc. v. Belanger Inc.</u>, No. 19-C-1562, 2020 WL 7321160, at *3–4 (E.D. Wis. Dec. 11, 2020) (rejecting expansion of waiver even though opinion and trial counsel were from same firm).  The court thus concludes that plaintiffs have not engaged in "chicanery" which would merit waiver of trial counsel communications.  <u>Seagate</u>, 497 F.3d at 1374–75.

The court therefore determines that this portion of defendants' motion should also be denied.

**CONCLUSION**

For the forgoing reasons, defendants' motion to compel (DE 349) is DENIED.

SO ORDERED, this the 24th day of April, 2024.

LOUISE W. FLANAGAN
United States District Judge

9

# Exhibit D –
## Docket Entry 407: Scheduling Order (Appx097 – Appx098)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
Western Division
5:20-CV-00142-FL

| | | |
|---|---|---|
| DYNATEMP INTERNATIONAL, INC.; FLUOROFUSION SPECIALTY CHEMICALS, INC.; HAROLD B. KIVLAN, IV; WILLIAM GRESHAM; and DAVID COUCHOT, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | **CONSENT SCHEDULING ORDER** |
| R421A LLC; RMS OF GEORGIA, LLC d/b/a Choice® Refrigerants; KENNETH M. PONDER; and LENZ SALES & DISTRIBUTING, INC., | ) ) ) ) ) | |
| Defendants. | ) ) | |

THIS MATTER is before the Court following the Court's direction at the hearing on 23 February 2024 for the parties to discuss revisions to the case schedule, in light of the Court's rulings on various motions. With the parties' consent following those discussions, the Court modifies the Scheduling Order as follows:

1.     The Court has taken under advisement Defendants' Motion for Clarification/Reconsideration of Amended Claim Construction. (Dkt. 335.)

2.     The Court has taken under advisement Defendants' Motion to Compel Production of Documents and Information Subject to Plaintiffs' Advice of Counsel Waiver. (Dkt. 349.) In the event the Court concludes that additional argument on the motion would be helpful, it anticipates setting a telephonic hearing.

3.     Plaintiffs shall file their motion to compel regarding RMS's privilege log no later than 8 March 2024. Defendants shall have 30 days to file a response. The parties' memoranda shall not exceed 40 pages.

4.      Fact discovery is open and ongoing at this time.  Fact discovery shall close the later of three months after the Court's rulings on the motions described in Paragraphs 1-3, or 1 October 2024.

5.      The remaining deadlines in the case are as follows:

| | |
|---|---|
| New and Amended Initial Expert Disclosures[1] | 30 days after fact discovery |
| Responsive Expert Disclosures | 75 days after fact discovery |
| Rebuttal Experts Due | 120 days after fact discovery |
| Expert Depositions Start | 135 days after fact discovery |
| Supplementations Due | 155 days after fact discovery |
| Expert Discovery Closes | 195 days after fact discovery |
| Dispositive Motions Due | 225 days after fact discovery |

SO ORDERED, this the 27th day of March, 2024.

LOUISE W. FLANAGAN
United States District Judge

---

[1] This deadline is intended to allow the parties to amend or supplement expert disclosures that were served at an earlier time, and to designate new expert witnesses on issues on which the designating party bears the burden of proof.

2

# Exhibit E –

Docket Entry 359: Respondents'
Opposition to Motion to Compel
(Appx099 – Appx111)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
Western Division
5:20-CV-00142-FL

| | | |
|---|---|---|
| DYNATEMP INTERNATIONAL, INC.; | ) | |
| FLUOROFUSION SPECIALTY | ) | |
| CHEMICALS, INC.; HAROLD B. | ) | |
| KIVLAN, IV; WILLIAM GRESHAM; and | ) | |
| DAVID COUCHOT, | ) | **PLAINTIFFS' MEMORANDUM IN** |
| | ) | **OPPOSITION TO DEFENDANTS'** |
| Plaintiffs, | ) | **MOTION TO COMPEL PRODUCTION** |
| | ) | **OF DOCUMENTS AND INFORMATION** |
| v. | ) | **SUBJECT TO PLAINTIFFS' ADVICE-** |
| | ) | **OF-COUNSEL WAIVER** |
| R421A LLC; RMS OF GEORGIA, LLC | ) | |
| d/b/a Choice® Refrigerants; KENNETH M. | ) | |
| PONDER; and LENZ SALES & | ) | |
| DISTRIBUTING, INC., | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiffs, Dynatemp International, Inc., FluoroFusion Specialty Chemicals, Inc., Harold

B. Kivlan, IV, William Gresham, and David Couchot (collectively, "Dynatemp") respond to

Defendants R421A, LLC and RMS of Georgia, LLC's (collectively, "RMS") Motion to Compel

Production of Documents and Information Subject to Plaintiffs' Advice-of-Counsel Waiver

("Motion") as follows:

## I.    INTRODUCTION AND BACKGROUND

In Fall of 2022, Dynatemp advised RMS they intended to rely on an advice-of-counsel

defense against RMS' assertions of willfulness, namely legal advice that the patents-at-issue were

invalid [DE 350-1, 350-2]. Dynatemp produced all documents related to the invalidity opinion(s)

relied upon. DFF-54060–83 is a letter from counsel containing an opinion regarding invalidity of

the patents-in-suit, plus redacted advice on other subject matter upon which Dynatemp does not

rely to support its advice-of-counsel defense. [DE 351]. Dynatemp produced a redaction log, updated privilege log, and over 2,500 documents on November 21, 2022. [DE 351-1, 351-2].

Four months later, RMS conferred regarding purported deficiencies in the waiver-related production. [DE 350-3]. As relevant here, RMS raised issues with Dynatemp's redactions to the letter from counsel at DFF-54060–83 and purported missing documents and information. Dynatemp responded on April 6, 2023, explaining their opinion-related production was within the framework of the Local Patent Rules, clarifying that the scope of the subject-matter waiver for opinion-related materials extends only to materials related to invalidity, and providing detailed explanations for the redactions in the letter. [DE 350-4].

The Parties agree that raising an advice-of-counsel defense results in waiver of attorney-client privilege but disagree as to the scope of that waiver. Dynatemp made clear that the advice upon which they intend to rely relates solely to invalidity of the patents-in-suit. RMS nonetheless seeks privileged information upon which Dynatemp will not rely in their advice-of-counsel defense, broken out into three categories of documents and communications: (1) an unredacted copy of the letter from Dynatemp's opinion counsel and all other attorney-client communications relating to any subject matter included in said letter; (2) attorney-client communications from the entire period of infringement; and (3) communications involving certain trial counsel. RMS' Motion should be denied because it improperly seeks privileged materials not subject to waiver.

## II.    APPLICABLE LAW

"Once a party announces that it will rely on advice of counsel … in response to an assertion of willful infringement, the attorney-client privilege is waived." *In re EchoStar Commc'ns Corp.*, 448 F.3d 1294, 1299 (Fed. Cir. 2006). "By asserting the advice-of-counsel defense to a charge of willful infringement, the accused infringer and his or her attorney do not give their opponent

unfettered discretion to rummage through all of their files and pillage all of their litigation strategies." *Id.* at 1303. Rather, the "widely applied standard for determining the scope of a waiver of attorney-client privilege is that the waiver applies to all other communications relating to the same subject matter." *Id.* at 1299; *see also Fort James Corp. v. Solo Cup Co.*, 412 F.3d 1340, 1349–50 (Fed. Cir. 2005) (encouraging redactions to protect privileged material related to subject matter other than the asserted defense); *Krausz Indus. Ltd. v. Smith-Blair, Inc.*, No. 5:12-CV-00570-FL, 2016 WL 10538004, at *4 (E.D.N.C. Dec. 13, 2016) (declining to extend waiver to include advice concerning unasserted defenses); *Autobytel, Inc. v. Dealix Corp.*, 455 F. Supp. 2d 569, 575 (E.D. Tex. 2006) (same).

The Federal Circuit explained "there is no bright line test for determining what constitutes the subject matter of a waiver, rather courts weigh the circumstances of the disclosure, the nature of the legal advice sought and the prejudice to the parties of permitting or prohibiting further disclosures." *Smith-Blair*, 2016 WL 10538004, at * 7 (quoting *Fort James*, 412 F.3d at 1349–50). In *Fort James*, a case *EchoStar* relied upon, the court limited the scope of waiver to "commercial sales or public disclosures of the invention," which is itself only a subset of possible invalidity theories. 412 F.3d at 1350. Fort James then produced documents unrelated to the initially waived sale/disclosure subject matter to "avoid court intervention." *Id.* In evaluating this disclosure, the Federal Circuit stated, "If the additional documents produced by Fort James involved subject matter beyond the applicability of the on-sale bar … Fort James *should have redacted those portions of the documents produced*." *Id.* (emphasis added). The Federal Circuit expressly recognized that waived subject matter, such as an opinion relating to the on-sale bar, could be in the same document as other privileged material and that redaction of the other privileged material is appropriate. *Id.* Put another way, reliance on one opinion contained in a document did not

3

automatically waive privilege as to other privileged material in the document which did not cover the same subject matter. *Id.* When read in context, *EchoStar* does not deviate from this understanding—just the opposite. In *EchoStar*, waiver was limited to the subject matter of the opinion, and the court consistently limited waiver to the subject matter of the opinions at issue—in that case infringement. *EchoStar*, 448 F.3d 1294.

## III. ARGUMENT

RMS' attempt to obtain privileged materials unrelated to Dynatemp's defense must fail. The information is privileged, and Dynatemp has properly asserted such privilege through their privilege and redaction logs. [DE 351-1, 351-2]; *see United States v. Jones*, 696 F.2d 1069, 1072 (4th Cir. 1982) (reciting elements of attorney-client privilege).

The assertion of advice-of-counsel waives privilege for documents and communications related to the advice relied upon, but the scope of the waiver is limited to the subject matter of the asserted defense—in this case, the opinion that the patents-in-suit are invalid. RMS' Motion does not define what "subject matter" was waived to entitle it to the production it seeks. RMS suggests that waiver should extend to *all* possible defenses related to the patents-in-suit, regardless of whether they are asserted, simply because information incidentally appears in the same letter as the written opinion relied upon by Dynatemp. This puts form over substance and is inconsistent with the subject matter limitation on waiver recognized in *EchoStar* and articulated in *Fort James*.

While courts disagree on where the bright line of a subject matter waiver should be drawn, most courts agree that a line exists *somewhere* to prevent the asserting party from using privilege as both a shield and a sword while also preventing the erosion of attorney-client privilege absent justifying circumstances. Courts approach this scenario with a scalpel, not a bone saw. When the circumstances are viewed in light of the legal advice relied upon and the prejudice that would be

felt by either party from the resulting waiver, it is clear that the scope of waiver should be limited to only that subject matter Dynatemp relies on for their defense. As shown below, the redactions to the opinion are appropriate, Dynatemp has complied with the temporal scope of the waiver, and waiver should not extend to trial counsel.

A.      **Topical Scope of the Waiver.**

Federal Circuit law applies to determine the scope of waiver for an advice-of-counsel defense where the materials sought relate to an issue of substantive patent law. *EchoStar*, 448 F.3d at 1298. The Federal Circuit made clear through both *EchoStar* and *Fort James* that it not only has adopted a subject matter limitation on waiver related to advice-of-counsel, but also endorses the use of redactions where the advice relied upon may appear in a document containing unrelated privileged information. *EchoStar*, 448 F.3d at 1299; *Fort James,* 412 F.3d at 1350. Consistent with this, district courts in the Fourth Circuit have interpreted subject matter waiver not as meaning "all opinions as to all possible defenses," but rather "all opinions of the specific issue of advice asserted as a defense to willfulness, be it infringement, validity, enforcement, or a combination." *AKEVA L.L.C. v. Mizuno Corp.*, 243 F. Supp. 2d 418, 422 (M.D.N.C. 2003).

The letter at issue (DFF-54060-83) includes an invalidity opinion as well as redacted privileged information unrelated to invalidity. RMS asserts that "[t]he substance of counsel's entire written opinion was waived once Plaintiffs asserted an advice-of-counsel defense, and it must be produced in unredacted form, together with all other documents and communications regarding the same subject matter(s)." [DE 350 at 7]. RMS suggests that the "subject matter" of the waiver should extend to anything discussed in the letter from counsel, regardless of whether the information has any bearing on the instant case or the defense asserted, because advice on one defense such as infringement may impact the asserted defense of invalidity. [DE 350 at 6].

5

RMS' logic is flawed for several reasons. First, RMS conflates the "subject matter" underlying the asserted defense with *any* subject matter that opinion counsel may have discussed in the written communication relaying the subject opinion. Such a position is unsupported by the authority cited in RMS' Motion and by the Federal Circuit. *See Fort James*, 412 F.3d at 1350. *Fort James* taught that if a document disclosed opinion related information as well as other privileged information, it is appropriate to redact the privileged information unrelated to the opinion. 412 F.3d at 1350.  RMS' argument that reliance on an opinion in a document containing other privileged material requires production of the entire document is at odds with *Fort James*' teaching and requires disclosure of the very privileged information *Fort James* taught should be redacted. RMS' argument that advice on other defenses may impact the asserted defense of invalidity is similarly flawed. Invalidity operates as a complete defense to RMS' claims, irrespective of any other defenses asserted (or not). *See Autobytel*, 455 F. Supp. 2d at 575 ("The purpose of the advice-of-counsel privilege waiver is to allow an inquiry into the infringer's state of mind regarding the infringer's reasonable reliance on its advice of counsel. Non-infringement, invalidity, and unenforceability are separate and independent defenses to infringement.")

To the extent RMS argues the subject matter limitation on waiver broadens the waiver to capture other defenses, RMS is wrong.  Both *Fort James* and *EchoStar* unambiguously define the relevant subject matter as the specific and discrete legal theory embodied in the opinion relied upon. In *Fort James*, the theory was a subset of possible invalidity arguments under 35 U.S.C. § 120(b) (on sale and public use) whereas, in *EchoStar*, the opinion was based on noninfringement. RMS' demand for privileged information unrelated to invalidity is inconsistent with the approach taken in controlling Federal Circuit precedent. RMS' position also encourages absurd results: the mere inclusion in a communication of subject matter other than the opinion to be relied upon would

automatically operate, years later during litigation, as a waiver for that unrelated subject matter. Such a distinction does nothing to protect against evisceration of privilege or the use of privilege as a sword and a shield.

Local Patent Rule 303.8(b) requires a party asserting an advice-of-counsel defense to produce, among other things, "a copy of all written opinions *to be relied on* by the party opposing the claim of infringement." (emphasis added). Where a communication from counsel discusses a range of issues in addition to the advice asserted and relied upon, requiring the asserting party to produce the entire unredacted communication would force it to choose between Scylla and Charybdis—either abandon the defense altogether and maintain privilege over unrelated issues, or waive privilege entirely over unrelated issues simply because they were discussed in the same document. Even the broadest reading of *EchoStar* does not require this choice, and the Federal Circuit expressly endorsed the use of redactions in *Fort James*. *See CCC Info. Servs., Inc. v. Mitchell Int'l, Inc.*, No. 03 C 2695, 2006 WL 3486810, at *6 (N.D. Ill. Dec. 1, 2006) ("After a review of the redacted portions of [the disclosure] and applying the principle in *EchoStar* … this Court finds that the information in the redacted portion … is not within the same subject matter as the relevant topic addressed in the advice-of-counsel defense").

As in *Smith-Blair*, it is difficult to discern the necessity of expanding the scope of waiver beyond invalidity, the sole topic of Dynatemp's advice-of-counsel defense. *See Smith-Blair*, 2016 WL 10538004, *8. Dynatemp does not rely on unenforceability or noninfringement opinions, and there is no risk in allowing Dynatemp to retain privilege on unasserted issues. *Id*. Rather, stretching waiver beyond the asserted basis of Dynatemp's defense risks allowing RMS unfettered access to almost any issue contemplated prior to and during the course of this litigation. *Id*. Such unfettered access would prejudice Dynatemp and result in substantial interference with the attorney-client

relationship, while providing minimal assurances Dynatemp does not invoke privilege to shield unfavorable documents and communications. The Court should limit waiver to only the subject matter—invalidity—upon which Dynatemp relies in asserting their advice-of-counsel defense.

**B.     Temporal Scope of the Waiver.**

RMS argues Dynatemp "appear[s] to have impermissibly limited their production of relevant attorney-client communications to the time period prior to filing the lawsuit" while in the same breath conceding that Dynatemp has produced communications that occurred after this litigation began.[1] RMS also notes that Dynatemp's privilege log contains no entries after the lawsuit was filed presumably to support the appearance that Dynatemp is withholding relevant communications. The benign reality is the Parties agreed that privilege logs need not log communications occurring after litigation commenced. RMS fails to identify any compelling need that would justify the burden of logging each and every communication between Dynatemp and its counsel over the three years since this litigation began.

Dynatemp does not contest that ongoing infringement has been alleged and is at-issue in this litigation, nor do they contest that the temporal scope of the waiver extends beyond the start of this litigation. *See EchoStar*, 488 F.3d at 1302. Dynatemp, however, produced all communications arising from their invocation of the advice-of-counsel defense that the asserted patents are invalid—the subject matter of the asserted defense. To the extent Dynatemp has post-filing attorney-client communications related to broader subject matter unrelated to invalidity, it should not be compelled to produce those for the reasons set forth above. If this Court determines that the topical scope of the waiver extends only to invalidity-related information, then Dynatemp has already produced all relevant communications.

---

[1] Plaintiffs supplemented the production with more recent communications on February 24, 2023.

### C.     Communications Between Opinion Counsel and Trial Counsel.

Asserting the advice of counsel defense does not constitute waiver of the attorney-client privilege for communications with trial counsel, nor does it waive trial counsel's work product privilege, "absent exceptional circumstances." *In re Seagate Tech., LLC*, 497 F.3d 1360, 1374-76 (Fed. Cir. 2007), *abrogated on other grounds by Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 579 U.S. 93 (2016). While courts have discretion to extend waiver to trial counsel in exceptional circumstances, the privilege is intended to promote the integrity of the adversarial process and any waiver should be narrowly construed. *Id.* at 1375–76. Courts have found that, without more, the fact that opinion counsel and trial counsel are from the same firm does not by itself indicate "chicanery" or "exceptional circumstances" as contemplated by *Seagate. See, e.g., Ampex Corp. v. Eastman Kodak Co.,* No. CIV A. 04–1373–KAJ, 2006 WL 1995140, at *3 (D. Del. July 17, 2006) (rejecting argument that waiver should extend to trial counsel as that would "demolish[ ] the practical significance of the attorney-client privilege, a result obviously at odds with other comments in *EchoStar*"); *see also, Informatica Corp. v. Bus. Objects Data Integration,* 454 F. Supp. 2d 957, 965 (N.D. Cal. 2006), *aff'd,* No. C-02-3378-JSW, 2006 WL 2329460 (N.D. Cal. Aug. 9, 2006); Manual for Complex Litigation (Fourth) § 33.25 n.2218 ("Where the opinion of counsel was prepared by … a lawyer not actively involved in the litigation … courts again often limit disclosure to communications between the opinion writer and the client representative who received the opinion").

RMS argues that the distinctions between opinion counsel and trial counsel are blurred because both attorneys worked for the same firm.[2] However, RMS fails to identify any facts or circumstances to justify extending the subject matter waiver to communications between opinion

---

[2] Opinion counsel, Ed Roney, left Smith Anderson in early January 2021. Mr. Morris, trial counsel, remains at the firm.

counsel and trial counsel, or between trial counsel and Dynatemp. Each highlighted portion of the privilege log [DE 351-2] that RMS points to in support of its position identifies communications made prior to the filing of this lawsuit[3] and does little to support that opinion counsel actively participated in litigation strategy. RMS also relies upon Mr. Roney's name appearing in the signature block of a complaint involving Lanham Act claims [DE 1], and his attendance at a scheduling conference [DE 22]—neither are indicative that he had any involvement in invalididty litigation theory, and indeed, Mr. Roney never noticed his appearance in this litigation. RMS offers scant support for the proposition that opinion counsel provided advice to trial counsel regarding invalidity or that opinion counsel was involved materially in the invalidity theories of this case.

Although it is obvious why RMS might *want* privileged materials relating to Dynatemp's trial strategy, RMS makes no showing of *need* for the materials it seeks. Indeed, RMS was provided all required disclosures under the Local Patent Rules, including thousands of documents supporting Dynatemp's defense. If a broad waiver over subject matter unrelated to the advice-of-counsel defense is allowed, RMS would have unfettered access to Dynatemp's litigation strategy. Such a broad waiver would erode the protections of attorney-client privilege, prejudice Dynatemp irrevocably, and severely diminish the integrity of the adversarial trial process. Accordingly, the Court should determine that the limited subject matter waiver does not extend to trial counsel.

### IV.     CONCLUSION

For the foregoing reasons, this Court should deny RMS' Motion and determine that the scope of the subject matter waiver is limited to invalidity-related subject matter and does not extend to communications with trial counsel.

---

[3] Dynatemp filed the instant lawsuit to bring business tort claims. *See* No. 5:20-CV-142-FL; [DE-1]. RMS, in a separate lawsuit, filed the patent-related claims. *See* No. 5:20-CV-147-FL; [DE-30]. The cases were consolidated into this action, with RMS styled as Defendants. [DE 29].

Dated this 1st day of December, 2023,

Respectfully submitted,

**MICHAEL BEST & FRIEDRICH LLP**

/s/ *Jon R. Trembath*
Jon R. Trembath (CO Bar No. 38845)
Robin A. Jackson (CO Bar No. 48959)
675 15th Street, Suite 2000
Denver, CO 80202
Telephone:    (720) 745-4868
Fax:              (877) 398-5240
Email:           jrtrembath@michaelbest.com
Email:           rajackson@michaelbest.com

Emily M. Haas (NC Bar No. 39716)
4509 Creedmoor Road, Suite 501
Raleigh, NC 27612
Telephone:    (984) 220-8750
Fax:              (877) 398-5240
Email:           emhaas@michaelbest.com

Michael R. Laing (WI Bar No. 1097958)
790 North Water Street, Suite 2500
Milwaukee, WI 53202
Telephone:    414.271.6560
Fax:              414.277.0656
Email:           michael.laing@michaelbest.com

**MULLINS DUNCAN HARRELL & RUSSELL PLLC**
Stephen M. Russell, Jr. (NC State Bar No. 35552)
Allison Mullins (NC State Bar No. 23430)
300 N. Greene St., Suite 2000
Greensboro, NC 27401
Telephone:    336-645-3320
Fax:              336-645-3330
Email:           srussell@turningpointlit.com
Email:           amullins@turningpointlit.com

*Attorneys for Dynatemp International, Inc.,*
*Fluorofusion Specialty Chemicals, Inc., Harold*
*B. Kivlan, IV, William Gresham, and*
*David Couchot*

## LOCAL CIVIL RULE 7.2(f) CERTIFICATION

I hereby certify and attest that the foregoing **Plaintiffs' Memorandum in Opposition to Defendants' Motion to Compel Production of Documents and Information Subject to Plaintiffs' Advice-of-Counsel Waiver** complies with the applicable page limit established by Local Civil Rule 7.2(f)(2)(B) and does not exceed 10 pages in length. This page count does not include the case caption, signature block, required certificates, exhibits, nor any other permissible exclusions outlined in Rule 7.2(f)(1).

<div style="margin-left:40%">

/s/ *Jon R. Trembath*

Jon R. Trembath
MICHAEL BEST & FRIEDRICH LLP
675 15th Street, Suite 2000
Denver, CO 80202
Telephone:    (720) 745-4868
Email:          jrtrembath@michaelbest.com

*Attorneys for Dynatemp International, Inc.,*
*Fluorofusion Specialty Chemicals, Inc.,*
*Harold B. Kivlan, IV, William Gresham, and*
*David Couchot*

</div>

## CERTIFICATE OF SERVICE

I hereby certify that, on December 1, 2023, the foregoing **Plaintiffs' Memorandum in Opposition to Defendants' Motion to Compel Production of Documents and Information Subject to Plaintiffs' Advice-of-Counsel Waiver** was filed with the Clerk of Court using the CM/ECF system, which will send notice thereof to all counsel of record.

Joseph W. Staley j.staley@pkhip.com

Andrea Nguyen a.nguyen@pkhip.com

Scott Amy s.amy@pkhip.law

W. John Cathcart, Jr. jcathcart@bcvtlaw.com

T. Cullen Stafford cstafford@wyrick.com

Charles George cgeorge@wyrick.com

David Wisz dwisz@bdixon.com


/s/ *Jon R. Trembath*
Jon R. Trembath
MICHAEL BEST & FRIEDRICH LLP
675 15th Street, Suite 2000
Denver, CO 80202
Telephone:    (720) 745-4868
Email:         jrtrembath@michaelbest.com

*Attorneys for Dynatemp International, Inc.,*
*Fluorofusion Specialty Chemicals, Inc.,*
*Harold B. Kivlan, IV, William Gresham, and*
*David Couchot*

13

# Exhibit F –
Docket Entry 351:
Undated Redacted Preliminary
Invalidity Analysis (Dedesignated)
(Appx112 – Appx136)

Exhibit C

| | |
|---|---|
| **From:** | Edward M. Roney |
| **Sent:** | Wednesday, October 2, 2019 6:09 PM |
| **To:** | bkivlan@dynatempintl.com; dave@fluorofusion.com |
| **Cc:** | Tracy Benning |
| **Subject:** | RE: Cease & Desist Notice [SMITHLAW-RDU.015692.00001] |
| **Attachments:** | 15692-1 R421A Preliminary Patent Invalidity Analysis v03.docx |

Hi Brad, I have attached an R421 preliminary patent invalidity analysis for your review and comment. We had some back-and-forth on a couple points that delayed its release. Please let me know a convenient time for a call to discuss such report. Best, Ed.

---

**From:** Edward M. Roney [eroney@smithlaw.com]
**Sent:** Wed Sep 18 2019 16:08:11 GMT-0500 (CDT)
**To:** Brad Kivlan [bkivlan@dynatempintl.com],David Couchot [dave@fluorofusion.com]
**Cc:** Tracy Benning [tbenning@smithlaw.com]
**Subject:** RE: Cease & Desist Notice [SMITHLAW-RDU.015692.00001]

Brad, almost done, send it shortly, sorry for the delay. Best, Ed.

Sent with Blackberry Work

---

**From:** Brad Kivlan <bkivlan@dynatempintl.com>
**Date:** Wednesday, Sep 18, 2019, 1:47 PM
**To:** David Couchot <dave@fluorofusion.com>
**Cc:** Edward M. Roney <eroney@smithlaw.com>, Tracy Benning <tbenning@smithlaw.com>
**Subject:** Re: FW: Cease & Desist Notice [SMITHLAW-RDU.015692.00001]

Good afternoon Ed,

Hope you're doing well. I just wanted to circle back to see if there are any new developments or information regarding this matter.

Best Regards,

On Thu, Aug 29, 2019 at 8:30 AM David Couchot <dave@fluorofusion.com> wrote:
This is the weakest patent in the world. If I could make a recommendation, how we would attack this patent it in the large chemical world is to look at the original patent that just has 134a and R125. All of the 422x products are prior art. Its terrible super weak. He knows this so he tried to patent putting a lubricant in it to extend its life.

As Brad describes, the product does not work well without a lubricant (none of them do) and typically a POE lubricant is added to the blend while filling at the home. This is not new or novel, but existing procedure for retrofits. We would say that there is a ton of instances of prior art in every application.

1

DFF-54060

Dave

**Dave Couchot**
https://fluorofusion.com/
President - FluoroFusion Specialty Chemicals
3950 Powhatan Road, Clayton NC 27520
(p) 513.545.0680

On Thu, Aug 29, 2019 at 8:21 AM Brad Kivlan <bkivlan@dynatempintl.com> wrote:

There is an inherent lack of oil flow in HCFC (R22) equipment retrofitted with an HFC refrigerant blend. You need either a hydrocarbon or a lubricant to assist with equipment oil flow.

Brad Kivlan
**Dynatemp International, Inc.**
Ph: 717.713.2727
Email: bkivlan@dynatempintl.com




On Wed, Aug 28, 2019 at 3:39 PM Edward M. Roney <eroney@smithlaw.com> wrote:
Brad, after a preliminary review, we have the following comments. After reviewing the Ponder patents, t . We are reviewing the prosecution history for potential weaknesses and/or inconsistencies. Thanks, Ed.

---

From: Brad Kivlan [bkivlan@dynatempintl.com]
Sent: Mon Aug 26 2019 09:06:12 GMT-0400 (EDT)
To: Edward M. Roney [eroney@smithlaw.com]
Cc: Tracy Benning [tbenning@smithlaw.com]
Subject: Re: FW: Cease & Desist Notice [SMITHLAW-RDU.015692.00001]

Ed:

Could we make similar arguments about the validity of the Ken Ponder R421A patent? All they did was replace a hydrocarbon (isobutane or propane) with a lubricant. I am told that there is prior art at National Refrigerants, but I don't have any confirmation of that.

Brad Kivlan
Dynatemp International, Inc.
Ph: 717.713.2727
Email: bkivlan@dynatempintl.com<mailto:bkivlan@dynatempintl.com>
[Image result for dynatemp international logo]

On Mon, Jun 24, 2019 at 4:59 PM Tracy Benning
<tbenning@smithlaw.com<mailto:tbenning@smithlaw.com>> wrote:
Sent on behalf of Chris Smith.

TRACY L. BENNING | ADMINISTRATIVE ASSISTANT
tbenning@smithlaw.com<mailto:tbenning@smithlaw.com>
919.821.6654 | smithlaw.com<http://www.smithlaw.com> |
map<http://www.smithlaw.com/contact#Directions>
[Smith Anderson]<https://twitter.com/smithlaw>[Smith
Anderson]<https://www.facebook.com/SmithAndersonLaw>[Smith
Anderson]<http://www.linkedin.com/company/smith-anderson>
[Smith Anderson]
Sign up<http://www.smithlaw.com/signup> to receive legal updates

From: Tracy Benning
Sent: Monday, June 24, 2019 4:56 PM
To: 'michael.boyer1@chemours.com<mailto:michael.boyer1@chemours.com>'
<michael.boyer1@chemours.com<mailto:michael.boyer1@chemours.com>>
Cc: Edward M. Roney <eroney@smithlaw.com<mailto:eroney@smithlaw.com>>; Christopher G. Smith
<csmith@smithlaw.com<mailto:csmith@smithlaw.com>>
Subject: Cease & Desist Notice [SMITHLAW-RDU.015692.00001]

Sent on behalf of Chris Smith.

TRACY L. BENNING | ADMINISTRATIVE ASSISTANT
tbenning@smithlaw.com<mailto:tbenning@smithlaw.com>
919.821.6654 | smithlaw.com<http://www.smithlaw.com> |
map<http://www.smithlaw.com/contact#Directions>
[Smith Anderson]<https://twitter.com/smithlaw>[Smith
Anderson]<https://www.facebook.com/SmithAndersonLaw>[Smith
Anderson]<http://www.linkedin.com/company/smith-anderson>
[Smith Anderson]
Sign up<http://www.smithlaw.com/signup> to receive legal updates

IMPORTANT: This e-mail message is intended solely for the individual or individuals to whom it is addressed. It may contain confidential attorney-client privileged information and attorney work product. If

3

DFF-54062

the reader of this message is not the intended recipient, you are requested not to read, copy or distribute it or any of the information it contains. Please delete it immediately and notify us by return e-mail or by telephone (919) 821-1220.

--
Brad Kivlan

ATTORNEY CLIENT PRIVILEGED AND CONFIDENTIAL

## R421A PRELIMINARY PATENT INVALIDITY ANALYSIS

### EXECUTIVE SUMMARY

This preliminary patent invalidity analysis is focused on those patents that claim the R421a formulation, which was originally formulated as a replacement for R22 (CHClF2). R421a is the following mixture:

- 58 wt% R125, pentaflouroethane (CF3CHF2); and
- 42% wt% R134a, tetrafluoroethane (CF3CH2F).

Further, R421a is frequently mixed with a lubricant to inhibit electric pump breakdown.

U.S. Patent No. 9,982,179 by Ponder *et al.* (the "'179 Patent") includes claims that cover the R421a formulation as well as claims that cover the R421a formulation plus a lubricant. Accordingly, this analysis is focused on the '179 Patent. Other patents considered in this analysis include the parent of the '179 Patent, U.S. Patent No. 8,197,706 also by Ponder *et al.* (the "'706 Patent"), with the '179 Patent and the '706 Patent being collectively referred to as the "Ponder Patents." ██████████████████████

██████████████████████████████████████████████████████████

As mentioned, the Ponder Patents claim the R421a formulation with and without a lubricant. However, the prosecution histories of the Ponder Patents show a limited examination of the corresponding applications, including the examiner merely submitting a single prior art reference by Takigawa to assert obviousness. Instead, the teaching of Takigawa should have been combined with that of another prior art reference (such as described herein) to assert obviousness. As such, the filing of an *Inter Partes* Review (IPR) with the USPTO would likely invalidate or narrow the claims of the Ponder Patents. An IPR is an administrative trial proceeding conducted before the Patent Trial and Appeal Board (PTAB) to review the patentability of one or more claims in a patent only on a ground that could be raised under novelty and obviousness standards, and only on the basis of prior art consisting of patents or printed publications.

██████████████████████████████████████████████████████████

### REVIEW OF THE PONDER PATENTS

#### *Review of the '179 Patent*

██████████████████████████████████████████████████████████

Independent composition claim 31 of the '179 Patent sets forth a refrigerant composition as follows:

> *31. A refrigerant composition comprising a combination of refrigerant*
> *gases, the refrigerant gases consisting of a blend of tetrafluoroethane*
> *and pentafluoroethane, the ratio of the tetrafluoroethane to the*

ATTORNEY CLIENT PRIVILEGED AND CONFIDENTIAL

> *pentafluoroethane being selected such that the blend exhibits a dew point at about -32° F. or a bubble point at about -41.5° F. at about one standard atmosphere of pressure, wherein in the substitute refrigerant said pentafluoroethane is present in an amount of 59% to 57% by weight and said tetrafluoroethane is present in an amount of 41% to 43% by weight of the combined weight of the pentafluoroethane and tetrafluoroethane on the basis of the combined weights of said pentafluoroethane and said tetrafluoroethane totaling 100%, and wherein the tetrafluoroethane is 1,1,1,2-tetrafluoroethane.*



The R421a formulation is covered by other independent claims of the '179 Patent. For instance, independent apparatus claim 21 sets forth:

> *21. In an apparatus designed for use with chlorodifluoromethane refrigerant, the improvement comprising substituting the chlorodifluoromethane with a refrigerant composition designed to achieve a phase change, the refrigerant composition comprising a combination of refrigerant gases, said refrigerant gases consisting of a blend of tetrafluoroethane and pentafluoroethane, the ratio of the tetrafluoroethane to the pentafluoroethane being selected such that the blend exhibits a dew point at about -32°F. or a bubble point at about -41.5° F. at about one standard atmosphere of pressure, wherein in the substitute refrigerant said pentafluoroethane is present in an amount of 59% to 57% by weight and said tetrafluoroethane is present in an amount of 41% to 43% by weight of the combined weight of the pentafluoroethane and tetrafluoroethane on the basis of the combined weights of said pentafluoroethane and said tetrafluoroethane totaling 100%, and wherein the tetrafluoroethane is 1,1,1,2-tetrafluoroethane.*

In another composition claim, independent claim 15 of the '179 Patent sets forth a refrigerant composition that <u>includes a lubricating oil</u>:

Appx118

DFF-54065

ATTORNEY CLIENT PRIVILEGED AND CONFIDENTIAL

*15. A refrigerant composition comprising a combination of refrigerant gases, the refrigerant gases consisting of a blend of tetrafluoroethane and pentafluoroethane, the ratio of the tetrafluoroethane to the pentafluoroethane being selected such that the blend exhibits a dew point at about -32°F. or a bubble point at about -41.5°F. at about one standard atmosphere of pressure,*
*wherein in the substitute refrigerant said pentafluoroethane is present in an amount of 59% to 57% by weight and said tetrafluoroethane is present in an amount of 41% to 43% by weight of the combined weight of the pentafluoroethane and tetrafluoroethane on the basis of the combined weights of said pentafluoroethane and said tetrafluoroethane totaling 100%, and*
*wherein the refrigerant composition further comprises non-refrigerant gas components, said non-refrigerant gas components including a lubricating oil, wherein the lubricating oil is present up to about 20% by weight of the refrigerant gases and is soluble in chlorodifluoromethane, tetrafluoroethane and pentafluoroethane, wherein the lubricating oil is selected from the group consisting of mineral oil, synthetic alkyl aromatic lubricants, and mixtures thereof, and wherein the tetrafluoroethane is 1,1,1,2-tetrafluoroethane.*



Similarly, independent claims 1 and 8 of the '179 Patent recite a refrigerant with an additional component.

DFF-54066

ATTORNEY CLIENT PRIVILEGED AND CONFIDENTIAL

### Review of the '706 Patent

As previously mentioned, the '706 Patent is the parent of the '179 Patent discussed above. Independent composition claim 17 of the '706 Patent sets forth:

> 17. A refrigerant composition comprising a combination of refrigerant gases, the refrigerant gases consisting of a blend of tetrafluoroethane and pentafluoroethane, the ratio of the tetrafluoroethane to the pentafluoroethane being selected such that the blend exhibits a dew point at about -32° F. or a bubble point at about -41.5° F., wherein the refrigerant composition further comprises non-refrigerant gas components, said non-refrigerant gas components including a lubricating oil, wherein the lubricating oil is present up to about 20% by weight of the refrigerant gases and is soluble in chlorodifluoromethane, tetrafluoroethane and pentafluoroethane, wherein the lubricating oil is selected from the group consisting of napthenic based lubricants and polyol ester.



Independent composition claim 19 of the '706 Patent sets forth:

> 19. A refrigerant composition comprising a combination of refrigerant gases, the refrigerant gases consisting of a blend of tetrafluoroethane and pentafluoroethane, the ratio of the tetrafluoroethane to the pentafluoroethane being selected such that the blend exhibits one or more of a dew point at about -32° or a bubble point at about -41.5° F., wherein the refrigerant composition further comprises non-refrigerant gas components, said non-refrigerant gas components including up to about 20% by weight of the refrigerant gases a lubricating oil that is soluble in

Version 0.3                                        - 4 -

Appx120

DFF-54067

ATTORNEY CLIENT PRIVILEGED AND CONFIDENTIAL

*the lubricating oil having the following components: 65-88% hydrotreated light napthenic distillate, and 10-20% solvent refined light napthenic distillate petroleum.*



Independent claims 1 and 3 of the '706 Patent are Jepsen claims reciting an extra component. Independent claims 8 and 15 of the '706 Patent are method claims reciting an extra component.



Version 0.3                                          - 5 -

ATTORNEY CLIENT PRIVILEGED AND CONFIDENTIAL



## PRELIMINARY INVALIDITY ANALYSIS

### *The subject matter of the '709 Patent is not prior art to the '176 Patent.*

The patent application corresponding to the '176 Patent was filed as a continuation of the patent application of the '709 Patent. As such, the subject matter of the '176 Patent cannot be used as prior art to the '176 Patent. However, the Background Section of the '709 Patent admits to prior art and discusses prior art patents.

### *The claims of the Ponder Patents received merely a single reference obviousness rejection.*

In reviewing the prosecution histories of the Ponder Patents, the examiner rejected the claims as being obvious over the single reference of U.S. Pat. No. 6,207,071 by Takigawa *et al.* ("Takigawa"). Takigawa discloses 40% or more of R134a and 40% or more of R125,[3] which implicitly teaches a 40%-60% range of each of R134a and R125. Further, Takigawa teaches that lubricants include alkylbenzene oils.[4] However, Takigawa does not explicitly teach that these mixtures are a replacement for R22. The applicant of the Ponder Patents repeatedly argued that there is no teaching or suggestion in Takigawa of a replacement for R22. In response, the examiner argued that the need for a replacement for R22 is well known in the art.

Importantly, the Background section of the Ponder Patents admits to certain prior art patents by identifying U.S. Pat. No. 5,384,057 by Wilczek, U.S. Pat. No. 4,971,712 by Gorski, U.S. Pat. No. 5,145,594 by Anton, U.S. Pat. No. 4,983,312 by Tamura, and U.S. Pat. No. 5,942,149 by Weber. These references were not filed in an information disclosure statement (IDS). In reviewing this admitted prior art, it becomes clear that the examiner could have used such references to identify a need or motivation to use R134a and R125 as a replacement for R22. For instance, Tamura teaches the need to reduce the use of R22 by substituting with tetrafluoroethanes,[5] and by substituting with R134a.[6] The examiner should have submitted that the combination of Takigawa and Tamura explicitly suggests a need or motivation to use R134a and R125 as a replacement for R22.

Other references could also be combined with Takigawa to suggest this motivation. For example, U.S. Pat. No. 6,606,868 by Powell *et al.* ("Powell"), filed October 2, 2000, discusses replacing R22,[7] and teaches a mixture of 50% to 80% of R125 and 50 to 20% of R134a.[8] Powell can also be combined with Takigawa to challenge the Ponder patents.

In another example, U.S. Pat. No. 6,863,840 by Goble, filed June 25, 2003, claims the benefit of U.S. Provisional App. No. 60/392,294, filed June 27, 2003, claim the benefit of U.S. Provisional App. No.

---

[3] Takigawa, col. 8, ll. 20-28.
[4] Takigawa, col. 2, ll. 30+.
[5] Tamura, col. 1.
[6] Tamura, col. 2, ln. 23.
[7] Powell, col. 1.
[8] Powell, col. 2, ll. 50-53.

Appx122

DFF-54069

ATTORNEY CLIENT PRIVILEGED AND CONFIDENTIAL

60/501,049, filed June 27, 2002, and teaches the substitution of R22 with a mixture that includes R125 and R134a (see Abstract).

The basis for obviousness is stated in *Graham v. John Deere Co.*, 383 U.S. 1, 148 USPQ 459 (1966). Obviousness is a question of law based on underlying factual inquiries. The factual inquiries enunciated by the Court are as follows:

(A) determining the scope and content of the prior art;

(B) ascertaining the differences between the claimed invention and the prior art; and

(C) resolving the level of ordinary skill in the pertinent art.

As is set forth in the Manual of Patent Examining Procedure (MPEP) 2143, obviousness can be established by combining or modifying the teachings of the prior art to produce the claimed invention where there is some teaching, suggestion, or motivation to do so. *In re Kahn*, 441 F.3d 977, 986, 78 USPQ2d 1329, 1335 (Fed. Cir. 2006) (discussing rationale underlying the motivation-suggestion-teaching test as a guard against using hindsight in an obviousness analysis). Also, a reasonable expectation of success should be present. A rationale to support a conclusion that a claim would have been obvious is that all the claimed elements were known in the prior art and one skilled in the art could have combined the elements as claimed by known methods with no change in their respective functions, and the combination would have yielded nothing more than predictable results to one of ordinary skill in the art. See, e.g., *KSR Int'l Co. v. Teleflex Inc.*, 550 U.S. 538, 416, 82 USPQ2d 1385, 1395 (2007). Moreover, the applicant may present evidence that there was not reasonable expectation of success. Obviousness does not require absolute predictability, however, at least some degree of predictability is required. Evidence showing there was no reasonable expectation of success may support a conclusion of non-obviousness. *In re Rinehart*, 531 F.2d 1048, 189 USPQ 143 (CCPA 1976).

For the Ponder Patents, the single reference of Takigawa was applied. Arguments were presented regarding "obvious to try," the narrowness of the range, and the "unexpected results" of the invention.

To achieve a much stronger obviousness argument, the examiner should have combined Takigawa with another reference that taught the desirability of replacing R22 such as by combining Takigawa with Tamura, Powell or Goble. Takigawa was the only prior art reference of record in the application (having been included in the IDS filed with the application). The applicant filed a second IDS on February 28, 2017, which merely listed standards. Even in the examination of the parent application, only Takigawa was searched and cited on June 11, 2011. Accordingly, the prior art searches performed during examination of the Ponder Patents was very limited and as such, failed to identify relevant prior art.

### *The wrong standard was used in examining the composition ranges of R125 and R134a.*

Takigawa teaches a 40% or more range for each of R125 and R134a, from which a 40% to 60% range is obviously inferred. During prosecution of the '179 Patent, Kenneth M. Ponder declared in a first affidavit that this range was unreasonably broad, as follows:

> *I understand the Office Action mailed March 25, 2013 takes the position that Takigawa teaches to one skilled in the refrigerant art a refrigerant composition consisting of 40-60% R134a and 60-40% R125 to the exclusion of any other refrigerant gas. I respectfully disagree. Even assuming this position is correct, this covers a wide range of combinations of R134a and R125 that are not suitable for use with or as a substitute or a replacement for R-22. As examples, refrigerant compositions of 1) 40% R134a and 60% R125, 2) 60% R134a and 40%*

Appx123

ATTORNEY CLIENT PRIVILEGED AND CONFIDENTIAL

> *R125, and 3) 50% R134a and 50% R 125 are considered unsuitable as substitutes or replacements for R-22, and do not have approval, by EPA or ASHRAE for use with or as a substitute or replacement for R- 22.*

The '179 Patent, Declaration of Kenneth M. Ponder, Aug. 26, 2013, ¶ 12.

Further, the applicant asserted in a separate response to a final office action that the standard 40% to 60% range is too broad and that the American Society of Heating, Refrigerating and Air-Conditioning Engineers (ASHRAE) defines refrigerant compositions using a much smaller range, as follows:

> *Second, this comment makes reference to "motivation to experiment within a relatively narrow range". The "relatively narrow range" is not identified or explained in the response to arguments. Applicants understand, however, that Takigawa is relied upon as teaching a range of (40 to 60% R-134a) and a range of 60 to 40% R125, relying for example, on column 8, lines 20-28. Applicants, therefore, have to question what is meant in the Office Action by "a relatively narrow range" when as previously shown a range of 40 to 60% of one refrigerant gas and a range of 60 to 40% of another refrigerant gas is not considered a "relatively narrow range" by the standards organization ASHRAE who define refrigerant compositions by a range of only ±0.5% or a range of ±1.0%. Applicants note that, though this point was previously raised, the Office Action does not respond to this point. Additionally, the ASHRAE standards previously discussed and provided show that this 20% variation is an unacceptably large range in the context of refrigerants and refrigerant gases. Moreover, as previously shown, this range can be considered as including a refrigerant such as R416a that is not acceptable as a substitute for HCFC-22.*

The '179 Patent, Response to Final Office Action, Sep. 28, 2017, pg. 9.

However, this ASHRAE standard is for a composition and not for an experimental range. Further, the applicant's argument here is essentially an enablement argument, and the standard for enablement is undue experimentation. This standard is elaborated in the *Wands* Factors. In re *Wands*, 858 F.2d 731, 737, 8 USPQ2d 1400, 1404 (Fed. Cir. 1988). The *Wands* Factors are:

- (A) breadth of the claims;
- (B) nature of the invention;
- (C) state of the prior art;
- (D) level of one of ordinary skill;
- (E) level of predictability in the art;
- (F) amount of direction provided by the inventor;
- (G) existence of working examples; and
- (H) quantity of experimentation needed to make or use the invention based on the content of the disclosure.

The experimentation may be complex, but that does not necessarily make it undue. *In re Certain Limited-Charge Cell Culture Microcarriers*, 221 USPQ 1165, 1174 (Int'l Trade Comm'n 1983). See also MPEP 2164.01.

In this case, there was no discussion of the *Wands* Factors by either the applicant or the examiner. Also, the experimentation required is over a portion of a two-component phase diagram, which

Version 0.3                                             - 8 -

DFF-54071

**ATTORNEY CLIENT PRIVILEGED AND CONFIDENTIAL**

one of skill in the art would recognize as not being particularly complex. As a result, the argument can be made that the amount of experimentation starting from Takigawa is fairly straightforward.

### *The examiner should have recognized the inherent properties of R421a.*

The applicant argued that there was no teaching or suggestion in Takigawa to reach a dew point at about -32°F or a bubble point at about -41.5°F. However, these properties are inherent to the R421a formulation, which is explicitly set forth in the claims of the '179 patent.

The claiming of a new use, new function or unknown property, which is inherently present in the prior art, does not necessary make the claim patentable. In re *Best*, 562 F.2d 1252, 1254, 195 SIPQ 430, 433 (CCPA 1977). However, the fact that a certain result or characteristic may occur or be present in the prior art is not sufficient to establish the inherency of that result or characteristic. See In re *Rijckaert*, 9 F.3d. 1531, 1534, 28 SPQ2d 1955, 1957 (Fed. Cir. 1993). "In relying upon the theory of inherency, the examiner must provide a basis in fact and/or technical reasoning to reasonably support the determination that the allegedly inherent characteristic necessarily flows from the teachings of the applied prior art." *Ex Parte Levy*, 17 USPQ2d 1461, 1464 (Bd. Pat. App. & Inter. 1990).

In the '179 Patent, the R421a composition was explicitly set forth in the claims, and the dew point and bubble point are just properties of R421a which add no additional patentable weight.

In the '706 Patent, there is no explicit formulation amounts in the claims. However, the dew point and bubble point are clearly inherent to composition of R421a.

### *The graphs in the second Ponder affidavit do not show unexpected results.*

During prosecution of the '179 Patent, Kenneth M. Ponder submitted, in a second affidavit, two graphs related to the 60/40 and 58/42 mixtures of R125 and R134a. The first graph shows theoretical calculations of deviations from R22 comparing the 60/40 and 58/42 mixtures, as follows:



The '179 Patent, Second Declaration of Kenneth M. Ponder, Dec. 21, 2017, pg. 2.

This second affidavit asserts that the 58/42 mixture better approximates the pressure-temperature characteristics of R22. *Id.* at ¶ 6 ("As shown in the above figure, R-421A **[58% R-125 / 42%134a (58.0/42.0)] offers a much closer approximation of the thermodynamic R-22 pressure-temperature (P-T) characteristics** than 60% R-125 / 40% R134a (60.0/40.0), an important consideration for replacement of the HCFC refrigerant Freon - 22 (R22) and for retrofit and specifically for thermostatic

Version 0.3                                                    - 9 -

Appx125

DFF-54072

ATTORNEY CLIENT PRIVILEGED AND CONFIDENTIAL

expansion valve control of refrigerant flow metering in air conditioning and refrigeration machinery.") (emphasis in original). However, there was no data showing that this fit had a significant effect on actual performance.

Furthermore, a second chart of this affidavit asserts that the 6/40 and 58/42 mixtures yield the same nominal coefficient of performance (COP) for R22, as follows:



As shown, there is hardly any difference over much of the temperature range. Even at 65°C, the difference still appears to be less than 1%. As a result, it is likely that the results presented in the declaration are insufficient to demonstrate an unexpected result.

"A greater than expected result is an evidentiary factor pertinent to the legal conclusion of obviousness ... of the claims at issue." *In re Corkill*, 711 F.2d 1496, 226 USPQ 1005 (Fed. Cir. 1985). Applicants must show that the results were greater than those which would have been expected from the prior art to an unobvious extent, and that the results are of a significant, practical advantage. *Ex parte The NutraSweet Co.*, 19 USPQ2d 1586 (Bd. Pat. App. & Inter. 1991).

While a slight difference is shown between 58/42 and 60/40 formulations for COP, the applicant failed to disclose whether these differences would have a significant effect on the performance of the refrigerant.

Appx126

ATTORNEY CLIENT PRIVILEGED AND CONFIDENTIAL

### APPENDIX A PROSECUTION HISTORY REVIEW AND ANALYSIS OF THE '179 PATENT

The '179 Patent was filed on June 11, 2012 as a continuation of U.S. Pat. App. Ser. No. 12/961,045, filed Dec. 6, 2010, which is a continuation of U.S. Pat. App. Ser. No. 10/937,736, filed Sep. 8, 2004 (abandoned), which claims the benefit of U.S. Provisional App. Ser. No. 60/501,049, filed Sep. 8, 2003.

On the filing date claims 1-29 were canceled and new claims 30-46 were presented. Typically independent claim 30 recited a mixture of pentafluoroethane and tetrafluoroethane exhibiting a dew pint of -32oF and a bubble point of -41.5oF with an addition of lubricating oil.

On March 25, 2013, The Examiner rejected the claims as being indefinite for lacking percentage limitations, and as being obvious over the single reference of Takigawa et al. (USP 6,207,071):

> 7.    Claims 30-46 are rejected under 35 U.S.C. 103(a) as being unpatentable over
> Takigawa et al., US 6,207,071. The reference discloses lubricating oil compositions and
> their use in compositions comprising R134a and R125 (col. 1, lines 13+). The reference
> further discloses the use of hydrofluorocarbons as replacements for chlorofluorocarbons
> (col. 1, lines 20+). Suitable lubricants include the alkylbenzene oils described at col. 2,
> lines 30+. Refrigerants include alkane fluorides containing 40% or more of R134a in
> admixture with alkyl fluorides containing, most preferably, 40% or more of R125 (col. 8,
> lines 20+). The reference further discloses that there is "no restriction as to the kind of
> HFC to be mixed with" the disclosed refrigerants. The examiner takes the position that
> this can reasonably be construed to mean that no additional HFC need be added, and
> that the disclosure reads on refrigerant compositions consisting of 40-60% R134a and
> 60-40% of R125. Conventional additives may be added, including those disclosed at the
> top of col. 8. The examiner takes the position that anticorrosion additives are
> conventional, and that their use would be obvious over this disclosure. Lubricant
> compositions comprising naphthenic mineral oil and polyol polyesters are disclosed in
> Table 1. Note the disclosure in Evaluation Tests 2 and 3 of refrigerant being premixed
> with lubricant prior to charging a compressor. The disclosed lubricating refrigerant
> compositions are useful in a variety of refrigeration apparatus, as disclosed at the top of
> col. 9. Determination of the lubrication-effective amount of a disclosed lubricant
> amounts to routine optimization. This reference differs from the claimed subject matter
> in that it does not disclose a composition which reads on appellant's claims with
> sufficient specificity to constitute anticipation.

On August 6, 2013, the application responded with an amendment and a declaration.

The amendment amended the claims to recite atmospheric pressure, but did not add percentages of components. The indefiniteness rejection was addressed by citing case law (*Ex Parte Slob*, 157 USPQ 172(BPAI 1967)).

DFF-54074

ATTORNEY CLIENT PRIVILEGED AND CONFIDENTIAL

Regarding the obviousness rejection, applicant argued that Takigawa et al. had no teaching or suggestion of designed for use with or as a replacement for chlorodifluoromethane (R22). Argument was also made that Takigawa et al. had no teaching regarding the claim dew point and bubble point.

The declaration was executed by Kenneth Ponder. The declaration contained no new data, but merely presented arguments, typically:

> 8.    As noted in my above application, one way of exemplifying such a refrigerant gas composition that consists of pentafluoroethane and tetrafluoroethane for use with or as a replacement for R-22 refrigerant for high and medium temperature applications is by specifying a dew point at about -32°F or a bubble point at about -41.5°F or both for the refrigerant composition blend. This is a specific recitation that is not met by just any combination of tetrafluoroethane and pentafluoroethane. Table 2 in my above application is a temperature/pressure chart that presents the bubble point or boiling point for the various compositions for given temperatures and pressures. As can be seen a bubble point of about -41.5°F for the (58-42) composition is at about 14.7 psi, or at about one standard atmosphere of pressure. The "glide" is simply the difference between the bubble point temperature and the dew point temperature for a given composition at the same pressure.

> 9.    I have read U.S. Patent No. 6,207,071 (Takigawa) and do not find any mention or suggestion in Takigawa of combining pentafluoroethane with tetrafluoroethane to create a composition including refrigerant gases consisting of pentafluoroethane and tetrafluoroethane to the exclusion of other refrigerant gases except for impurities ordinarily associated with those two gases having a temperature-pressure profile that provides superior properties for use in high and medium temperature applications as described above.

On September 9, 2013, The Examiner issued a final office action upholding the rejection over Takigawa. The response to arguments stated:

#### Response to Arguments

> 5.    Applicant's arguments filed August 26, 2013 have been fully considered but they are not persuasive. Applicant argues that the Takigawa reference does not present any teaching or suggestion of a refrigerant composition as recited in claims 30 and 32. This is not persuasive because Takigawa discloses the desirability of replacing chlorofluorocarbons at col. 1, lines 20+. Furthermore, chlorodifluoromethane, or R22, is notoriously well known in the art for its ozone depletion and global warming properties.

Appx128

DFF-54075

ATTORNEY CLIENT PRIVILEGED AND CONFIDENTIAL

> At col. 8, lines 64+, the reference discloses a variety of heat transfer apparatus in which the disclosed refrigerant compositions are useful, with no teaching that any alteration would be required. Applicant's arguments regarding dew points and bubble points are not persuasive because they recite characteristics of combinations of tetrafluoroethane and pentafluoroethane which are obvious over the reference. See the PTO Board of Patent Appeals and Interferences decision in the grandfather case, 10/937,736.

Following this, the application was abandoned for an improper RCE and then revived.

On March 24, 2016, Applicant filed an amendment amending independent claims 30, 32 and 34 to recite less than 60% by weight pentafluoroethane and greater than 40% by weight tetrafluoroethane. The remarks argued that an "obvious to try" legal standard was being used, citing In re *Kubin*, 561 F.3d 1351 (Fed. Cir 2009). The remarks also asserted that there is not teaching or suggestion in Takigawa of dew point and bubble point. At page 10, the applicant argued:

> Moreover, there is no teaching or suggestion whatsoever in Takigawa that these features, namely the recited dew point and bubble point, are result-effective parameters. Nor does the Office stated why these are result-effective parameters. A particular parameter must first be recognized as a result-effective variable, i.e., a variable which achieves a recognized result, before the determination of the optimum or workable ranges of said variable might be characterized as routine experimentation. In re Antonie, 559 F.2d 618, 195 USPQ 6 (CCPA 1977). Only result-effective variables can be optimized. The Office has failed to describe why these features are result-effective variables as they are used in the claimed subject matter.

On August 29, 2016, the Examiner entered a non-final Office Action again rejecting the claims over Takigawa et al. The response to arguments set forth:

Appx129

DFF-54076

ATTORNEY CLIENT PRIVILEGED AND CONFIDENTIAL

*Response to Arguments*

5.    Applicant's arguments filed March 24, 2016 have been fully considered but they are not persuasive. Applicant argues that the Takigawa reference does not disclose dew points or bubble points. The examiner has acknowledged this. Nonetheless, the reference provides motivation to make compositions within a fairly narrow range of percentages which are suitable replacements for chlorofluorocarbon refrigerants. If optimizing a refrigerant composition to be as CFC-like as possible places it outside the recited ranges of dew point and bubble point, such should be demonstrated via timely filed declaration.

Applicant's arguments regarding R-421A are not persuasive, because the examiner has not rejected the claims over R-421A. If applicant believes that a 58:42 composition is significantly different from a 60:40 composition, such should be demonstrated via declaration. Attorney arguments cannot take the place of evidence. In addition, the ASHRAE standard has not been made of record.

The declaration of Kenneth Ponder, discussed previously, remains unpersuasive for the reasons of record. The declaration is drawn largely to the properties of R-421B refrigerant. R-421B is not the closest prior art. Regarding Mr. Ponder's opinions of the obviousness of the claims over the Takigawa reference, a declarant or affiant's opinion evidence as to an ultimate legal conclusion is afforded no weight, though the underlying reasons for the opinion may be considered. *In re Lindell*, 385 F.2d 453, 456 (CCPA 1967).

On February 28, 2017, the applicant filed an amendment that amended the independent claims to recite 59% to 57% pentafluoroethane and 41% to 43% tetrafluoroethane, with the combined weights totaling 100%. The extra components were still in the claims.

The Remarks argued that the invention was not a CFC refrigerant substitute but is intended to substitute chlorodifluoromethane, asserting that it is not a CFC refrigerant and is not accepted by the EPA.

In fact, the cited reference, Takigawa, provides no teaching that any of its thousands, if not millions, of possible combinations of refrigerants described therein are suitable as a replacement for any particular CFC refrigerant. Submitted herewith is a List of Refrigerants printed from Wikipedia (see the Supplemental Information Statement (IDS) submitted herewith). The List includes, among others, the following CFC refrigerants.

By this, the applicant is alleging undue experimentation.

On March 28, 2017, the Examiner entered a non-final Office Action maintaining the rejection over Takigawa et al. The Response to arguments set forth:

**ATTORNEY CLIENT PRIVILEGED AND CONFIDENTIAL**

*Response to Arguments*

3.    Applicant's arguments filed February 28, 2017 have been fully considered but they are not persuasive. Arguments regarding chlorofluorocarbon substitutes versus hydrochlorofluorocarbons substitutes are well taken. As a courtesy to applicant, this action is NOT FINAL. Nonetheless, the reference does provide motivation to experiment within a relatively narrow range to find suitable hydrochlorofluorocarbons substitutes. The examiner has not argued, nor does he believe that all compositions falling within this narrow range will behave identically. This is the purpose of experimentation, and the motivation provided in the reference is more explicit than an "obvious to try" standard. The reference implicitly discloses a refrigerant composition consisting of 40% of 1,1,1,2-tetrafluoroethane and 60% of pentafluoroethane at col. 8, line 39. This is the closest prior art. If applicant believes that compositions according to the current claims provide unexpected benefits over this composition, such should be demonstrated via timely filed declaration. Attorney arguments cannot take the place of evidence.

On September 28, 2017, the applicant filed an amendment that did not amend the claims. The applicant also filed a second declaration by Kenneth Ponder. The arguments presented included the following:

- Takigawa does not teach or suggest a replacement for R22.
- Takigawa does not focus on bubble point and dew point.
- The 60/40 percentages do not define a very narrow range, arguing that ASRAE defines refrigerant compositions as ±0.5%. However, this standard is for a formulation and not for an experimental range.
- The Examiner has not stated what are the result-effective parameters.
- A second declaration by Kenneth Ponder demonstrates the patentability of the invention.

The Declaration presented a graph showing theoretical calculations of deviations from R22 comparing the 60/40 and 58/42 mixtures:



The declaration asserted that the 58/42 mixture better approximates the pressure-temperature characteristics of R22. At page 3, the declaration asserted that 58/42 mixture unexpected better

Appx131

DFF-54078

**ATTORNEY CLIENT PRIVILEGED AND CONFIDENTIAL**

approximates the pressure-temperature characteristics of R22. However, there was no data showing that this fit had a significant effect on actual performance.

At para. 8 the declaration presents a coefficient of performance (COP) for 6/40 and 58/42 mixtures:



First, there is hardly any difference over much of the temperature range. Even at 65oC, the difference still appears to be less than 1%. As a result, it is problematic that the results presented in the declaration are significant sufficient to demonstrate an unexpected result.

On October 12, 2017, the Examiner entered a final Office Action again rejecting the claims over the single reference of Takigawa. The Response to Arguments stated:

### Response to Arguments

4.    Applicant's arguments filed September 28, 2017 have been fully considered but they are not persuasive. Applicant's arguments largely repeat those answered in the previous office action and remain non-persuasive for the reasons of record. Applicant argues that the Takigawa reference does not provide any teaching or suggestion on how to select a refrigerant composition to serve as a substitute specifically for R-22. This is not persuasive because the rejection was made for obviousness, not anticipation. Again, the examiner has not argued that all 40:60 to 60:40 mixtures of R-125 and R-134a will behave identically. The reference provides this relatively narrow window in which to experiment. Reproduction of the content of the declarations of Kenneth Ponder is appreciated. This information has been considered and commented upon previously. Applicant's citation of case law is well taken. Perhaps the issue is ripe

DFF-54079

ATTORNEY CLIENT PRIVILEGED AND CONFIDENTIAL

for appeal and for additional guidance to be provided to both the examiner and the

attorney by the PTAB.

On December 21, 2017, the applicant filed a response that did not amend the claims. At page 8, the applicant summarized the argument:

Applicants cannot find where the Examiner has addressed or commented upon:

1) the unexpected benefits of the present refrigerant;

2) that unexpectedly adjusting the present refrigerant blend so that the dew point more closely matches that of R-22 for which it is to serve as a substitute negatively impacts the GWP of the Applicants' blend;

3) where in Takigawa any teaching or suggestion can be found for determining a refrigerant blend that can serve as a substitute for HCFC-22 (R-22);

4) that the Examiner, while asserting that Takigawa provides motivation to experiment within "the relatively narrow range of 40:60 to 60:40 pentafluoroethane to tetrafluroethane, fails to identify any purpose or objective allegedly taught by Takigawa for such blind experimentation;

5) that a range of 40:60 to 60:40 is not at all a "relatively narrow range";

6) that various refrigerant blends within the 40:60 to 60:40 range are not suitable as substitutes for various types of refrigerants including, in particular, HCFC-22; and

7) why one might select a dew point for a refrigerant blend that does not approximate that of the refrigerant for which it is to act as a substitute, among other arguments.

After an advisory action, the applicant filed and RCE on February 8, 2018.

On February 23, 2018, The Examiner issued a non-final Office Action which only contained claim objections and a double patenting rejection over USP 8,197,706.

On March 8, 2018, the applicant filed a terminal disclaimer accompanied by an amendment which addressed the claim objections and presented new claims 50-69. Regarding the new independent claims 53, 58 and 63:

Appx133

DFF-54080

ATTORNEY CLIENT PRIVILEGED AND CONFIDENTIAL

base independent claims allowable. New independent claims 53, 58 and 63 are presented which are patterned after independent claims 30, 32 and 34 respectively specifying that the tetrafluoroethane is 1,1,1,2-tetrafluoroethane but removing from the claim that the refrigerant composition further comprises non-refrigerant gas components, said non-refrigerant gas components including a lubricating oil. The remaining new claims 54-57, 59-62 and 64-69 are dependent upon new independent claims 53, 58 and 63, respectively. Applicants submit that these claims 53-69 are allowable for the same reasons as independent claims 30, 32 and 34 in that the specification that the tetrafluoroethane is 1,1,1,2-tetrafluoroethane appears to be the feature important in the Office Action to render the claims patentable in view of the evidence previously presented.

Despite the new claims being significantly broader in scope than the previous claims, the Examiner allowed the application without comment on April 5, 2018.

Appx134

DFF-54081

ATTORNEY CLIENT PRIVILEGED AND CONFIDENTIAL

APPENDIX B '706 PROSECUTION HISTORY REVIEW AND ANALYSIS

The application was filed on December 6, 2010 and presented claims reciting 40%to 45% of R134a and 55% to 60% of R125.

On March 22, 2011 a preliminary amended was filed canceling claims and presenting new claims claim dew point and bubble point.

On June 6, 2011 the Examiner entered a non-final office action, which was later withdrawn as not being directed at the claims of March 22, 2011 preliminary amendment and replaced with a new rejection on July 11, 2011. The claims were rejected over the single reference of Takigawa.

On January 11, 2012, the applicant filed a declaration and an amendment amending claims. The applicant responded to an indefiniteness rejection for not reciting specific compositions by citing Ex parte Slob, 157 USPQ 172(BPAI 1967). The obviousness rejection over Takigawa making the following points:

- the reference teaches providing oil to prevent a seizure
- a refrigerator oil is incompatible with R134A
- Table 1 does not disclose polyol esters
- Tables 4 and 6show that naphthenic mineral is unsuitable
- the reference does not guide the addition of oil to R134a and R125 in any composition.

The declaration asserted the R421a is covered by the pending claims. At para. 10, the declaration asserted:

> 10.    I understand the Office Action mailed July 11, 2011 takes the position that
> Takigawa teaches to one skilled in the refrigerant art a refrigerant composition consisting
> of 40-60% R134a and 60-40% R125 to the exclusion of any other refrigerant gas. I
> respectfully disagree. Even assuming this position is correct, this covers a wide range of
> combinations of R134a and R125 that are not suitable as a substitute or a replacement
> for R-22. As examples, refrigerant compositions of 1) 40% R134a and 60% R125, 2)
> 60% R134a and 40% R125, and 3) 50% R134a and 50% R125 are considered
> unsuitable as substitutes or replacements for R-22 and do not have approval by EPA for
> use a substitutes or replacements for R-22.

On February 9, 2012, the Examiner entered an interview summary offering to allow claim 25 and its dependent claims.

On February 15, 2012, the Examiner entered a notice of allowance that amended claim 24 to be independent reciting an apparatus containing the mixture defining the mixture by bubble point and dew point. Claims 28 and 20 were rewritten as method claims.

The Examiner gave the following reasons for allowance:

DFF-54082

ATTORNEY CLIENT PRIVILEGED AND CONFIDENTIAL

3.    The following is an examiner's statement of reasons for allowance: The closest prior art of record is Takigawa, US 6,207,071. The reference discloses the utility of compositions comprising pentafluoroethane and tetrafluoroethane in amounts which make obvious those presently recited. However, the reference further discloses that naphthenic based lubricants and polyol esters were not satisfactory lubricants. As the present claims require those lubricants, they are not obvious over the prior art of record.

# Exhibit G –
## Docket Entry 350:
## RMS's Motion to Compel
## (Appx137 – Appx151)

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NORTH CAROLINA**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **DYNATEMP INTERNATIONAL,** | ) | |
| **INC.; FLUOROFUSION SPECIALTY** | ) | |
| **CHEMICALS, INC.; HAROLD B.** | ) | |
| **KIVLAN, IV; WILLIAM GRESHAM;** | ) | |
| **and DAVID COUCHOT,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | **No. 5:20-CV-142-FL** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **R421A LLC; RMS OF GEORGIA, LLC** | ) | |
| **d/b/a Choice Refrigerants; KENNETH** | ) | |
| **M. PONDER; and LENZ SALES &** | ) | |
| **DISTRIBUTING, INC.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO COMPEL
PRODUCTION OF DOCUMENTS AND INFORMATION SUBJECT TO
PLAINTIFFS' ADVICE-OF-COUNSEL WAIVER**

## **TABLE OF CONTENTS**

I.    INTRODUCTION ................................................................................................. 1

II.   FACTUAL BACKGROUND ............................................................................. 2

III.  ARGUMENT ...................................................................................................... 3

    A.   Unredacted Opinion of Counsel and Related Documents ..................... 4

    B.   Communications During the Entire Period of Infringement ................ 7

    C.   Communications Involving Trial Counsel. ............................................. 8

IV.   CONCLUSION ................................................................................................... 9

i

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Akeva LLC v. Mizuno Corp.*, 243 F. Supp. 2d 418 (M.D.N.C. 2003)............................................ 7

*EchoStar Communs. Corp.*, 448 F.3d 1294 (Fed. Cir. 2006) ..................................................... 3, 7

*Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 579 U.S. 93 (2016)......................................................... 3, 6

*Intex Rec. Corp. v. Metalast*, No. 01-1213 (JDB), 2005 U.S. Dist. LEXIS 10149  (D.D.C. Mar. 2, 2005)........................................................................................................... 3, 4

*Kimberly-Clark Corp. v. Tyco Healthcare Retail Group*, No. 05-C-985, 2007 U.S. Dist. LEXIS 5974 (E.D.Wisc. Jan. 26, 2007) ............................................................................... 6

*Kraus Indus., Ltd. v. Smith-Blair, Inc.*, No. 5:12-CV-00570-FL, 2016 U.S. Dist. LEXIS 191859 (E.D.N.C. Dec. 16, 2016) ........................................................................... 5, 8

*Medline Indus. v. C.R. Bard, Inc.*, No. 16-C-3529, 2019 U.S. Dist. LEXIS 129694 (N.D.Ill. Aug. 2, 2019)........................................................................................................ 5

*Procom Heating v. GHP Group*, No. 1:13CV-00163-GNS, 2016 U.S. Dist. LEXIS 202475 (W.D.Ky. May 11, 2016) ................................................................................. 4

*Seagate Technologies, LLC*, 497 F.3d 1360 (Fed. Cir. 2007) ....................................................... 8

*Tech Pharm., LLC v. Alixa RX LLC*, No. 4:15cv766, 2017 U.S. Dist LEXIS 127965 (E.D. Tex. Aug. 11, 2017)............................................................................................. 6

*Tyco Healthcare Grp. LP v. EZ-EM, Inc.*, No. 2:07cv262 (TJW), 2010 U.S. Dist. LEXIS 51512 (E.D. Tex. May 24, 2010) ............................................................................. 6

## I.    INTRODUCTION

This case involves Plaintiffs' infringement of certain patents invented, owned or licensed by Defendants R421A LLC, RMS of Georgia, LLC and Kenneth Ponder (collectively, "RMS") – infringement that RMS alleges to be willful. In defense to that allegation, Plaintiffs claim any infringement was not willful because they purportedly relied upon advice of counsel regarding the patents-in-suit. Because this position puts the opinion of counsel at issue in this case, the parties agree that Plaintiffs have waived attorney-client privilege in at least some respect. The parties, however, disagree regarding both the topical and temporal scope of the waiver.

Plaintiffs have produced a document to RMS that, although unsigned and undated, purports to be a written opinion of counsel, and they have indicated that this document is a "formal opinion" upon which they intend to rely to challenge RMS' claim of willfulness. While this document does opine regarding the validity of the patents-in-suit, it is heavily redacted. Plaintiffs have asserted that most of these redactions relate to counsel's opinion concerning infringement of the patents-in-suit by the accused product. Plaintiffs' redactions are impermissible under controlling Federal Circuit precedent, and Plaintiffs should be compelled to produce an unredacted copy of counsel's opinion. In addition, because that opinion also indisputably opines on topics beyond just the validity/invalidity of the patents-in-suit (including infringement/non-infringement), the scope of Plaintiffs' waiver extends to those topics too and Plaintiffs should be compelled to produce unredacted copies of all documents that relate to those opinions,[1] as well as documents from their privilege and redaction logs relating to the same subject matters.

Finally, Plaintiffs have failed to comply with the temporal and topical scope of their waiver

---

[1]    Pursuant to Local Patent Rule ("LPR") 303.8(b), Plaintiffs produced approximately 2,500 total pages of documents that either constitute opinion of counsel or that relate to such opinion. In addition to the "formal opinion" of counsel, redactions appear throughout Plaintiffs' LPR 303.8(b) production.

1

by refusing to produce (1) attorney-client communications from the entire period of infringement, (2) communications between opinion counsel and certain trial counsel, and (3) attorney-client communications between certain trial counsel and Plaintiffs. Plaintiffs should also be compelled to produce these documents and to update their privilege log accordingly.

## II.    FACTUAL BACKGROUND

In September/October 2022, RMS was working with Plaintiffs to schedule depositions of Plaintiffs' principals. On October 3, 2022, Plaintiffs advised RMS that they intended to rely on an opinion-of-counsel defense against RMS' willful infringement claims, that they would be producing the opinion and documents subject to the resulting waiver, and they would consequently need to reschedule one or more of the depositions. [*See* 10/3/22 Haas email, Ex. A]. On October 26, 2022, Plaintiffs produced documents bates-labeled DFF 54029-107, stating that they were produced pursuant to LPR 303.8(b)(1)-(3). [*See* 10/26/22 Morris email, Ex. B]. Plaintiffs' production included an unsigned, undated document that Plaintiffs have since identified to be their written opinion of counsel. [*See* DFF 54060-083, Ex. C]. Nearly a month later, on November 21, 2022, Plaintiffs provided a redaction log and updated privilege log, [*see* Redaction Log, Ex. D; Privilege Log, Ex. E], as well as approximately 2,500 pages of purported opinion-related documents.

What followed has been a year-long process of wrangling with Plaintiffs regarding their LPR 303.8(b) disclosures and the scope of their advice-of-counsel waiver. RMS wrote Plaintiffs on March 1, 2023 noting that Plaintiffs' production was narrower than the scope of the waiver and requesting additional production. [*See* 3/1/23 Amy letter, Ex. F]. Plaintiffs replied that their reliance on an alleged invalidity opinion "does not effect a waiver … as to advice they may have received on other defenses," even though such advice was provided to Plaintiffs in the same opinion. [4/6/23 Trembath letter, Ex. G]. Despite additional letters and conferences aimed at

2

resolving these issues, the parties remain in disagreement regarding the scope of the waiver.

### III.    ARGUMENT

Under the Patent Act, enhanced damages are available for "egregious infringement behavior" – frequently characterized as "willful" behavior. *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 579 U.S. 93, 103 (2016) (emphasis added). This generally requires a showing of "the subjective willfulness of a patent infringer." *Id*. at 105. A party may rely upon advice of counsel in defense to an assertion of willful patent infringement, but "[o]nce a party announces that it will rely on advice of counsel … the attorney-client privilege is waived." *In re EchoStar Communs. Corp*., 448 F.3d 1294, 1299 (Fed. Cir. 2006). The scope of that waiver is a matter of substantive patent law and is therefore governed by Federal Circuit precedent. *See id*. at 1298.

The Federal Circuit does not permit a selective waiver of privilege, as this could allow a party to reveal favorable advice while protecting unfavorable advice, effectively using the attorney-client privilege "as both a sword and a shield." *Id*. at 1301. Courts protect against this outcome by applying the waiver "to all other communications relating to the same subject matter." *Id*. at 1299 (citation omitted). Thus, as summarized by the Federal Circuit,

> when an accused infringer asserts an advice-of-counsel defense, it waives its immunity for any document or opinion that embodies or discusses a communication to or from it concerning whether that patent is valid, enforceable, and infringed by the accused. This waiver of both the attorney-client privilege and the work-product immunity includes not only any letters, memorandum, conversation, or the like between the attorney and his or her client, but also includes, when appropriate, any documents referencing a communication between attorney and client.

*Id*. at 1304. The scope of an advice-of-counsel waiver is therefore "very broad." *Intex Rec. Corp. v. Metalast*, No. 01-1213 (JDB), 2005 U.S. Dist. LEXIS 10149, *6 (D.D.C. Mar. 2, 2005).

Despite RMS's repeated demands, Plaintiffs have refused to produce documents relating to the same subject matter as their opinion of counsel – indeed, they have even resisted producing the entirety of the opinion itself – and, as set forth below, Plaintiffs should be compelled to produce

3

at least three categories of documents and information: (1) an unredacted copy of their opinion of counsel and all other attorney-client communications relating to the subject matter(s) thereof, including without limitation documents produced pursuant to LPR 303.8(b) and documents from Plaintiffs' privilege log; (2) attorney-client communications from the entire period of infringement; (3) communications involving certain trial counsel.

### A. Unredacted Opinion of Counsel and Related Documents.

Redaction of documents that are subject to an advice-of-counsel waiver is impermissible where there is "a relationship between the asserted patent and the redacted information." *Procom Heating v. GHP Group*, No. 1:13CV-00163-GNS, 2016 U.S. Dist. LEXIS 202475, *15 (W.D.Ky. May 11, 2016); *see also Intex*, 2005 U.S. Dist. LEXIS 10149 at *18 ("to the extent the redacted portion … relates in any way to the [asserted] patent, then it must be produced as a necessary consequence of the broad subject matter wavier of privilege"). Notably, Plaintiffs *admit* that the majority of the redactions made to their "formal opinion" relate to the patents-in-suit. [*See* Ex. G, p.4] (describing redactions that "concern infringement/non-infringement" of two patents-in-suit and "the legal standard for patent infringement").[2] Yet Plaintiffs have impermissibly refused to produce unredacted copies of the opinion, contending instead that the advice-of-counsel waiver does not extend to advice they may have received on defenses other than invalidity, including non-infringement, *even within the same written opinion*, because Plaintiffs do not intend to rely on those portions of the opinion. [*See id*.]. For this proposition, Plaintiffs rely upon *Kraus Indus., Ltd. v. Smith-Blair, Inc.*, No. 5:12-CV-00570-FL, 2016 U.S. Dist. LEXIS 191859 (E.D.N.C. Dec. 16,

---

[2]     Plaintiffs also cite three redactions (Redactions A, B and J) that allegedly relate to patents other than the patents-in-suit. [*See id*.] This claim is dubious, as at least one of these redactions (Redaction J), appears in a section of the opinion titled "Review of the '706 Patent". [*See id*., p. 15]. To the extent the Court is reluctant to order production of a completely unredacted version of the opinion(s) to be relied upon by Plaintiff, Defendants request an *in camera* review to verify which redactions relate to the patents-in-suit.

4

2016). This reliance, however, is grossly misplaced.

Unlike this case, in *Smith-Blair*, this Court noted that the single, apparently unredacted opinion at issue was limited to the issue of non-infringement – correspondence from opinion counsel "contains passing reference to issues related to prior art, seeking reexamination of the [asserted patent], and initiating litigation directly against [plaintiff]. However, the correspondence does not indicate that [opinion counsel] provided any substantive advice on these topics." *Id*. at 23-24. This was an important consideration for the Court, which, in limiting the scope of waiver to only non-infringement, reiterated that "Smith-Blair sought and received advice geared principally, although not exclusively, at whether the [accused product] infringes the [asserted patent]." Unlike the opinion at issue in the instant case, there is no indication that the opinion of counsel in *Smith-Blair* contained substantive advice on multiple legal topics – much less substantive advice on multiple topics rendered in the same written opinion – *nor, significantly, is there any indication that the written opinion of counsel in Smith-Blair was redacted*.

These important considerations have been highly relevant to other courts. *See, e.g.*, *Medline Indus. v. C.R. Bard, Inc.*, No. 16-C-3529, 2019 U.S. Dist. LEXIS 129694, *15 (N.D.Ill. Aug. 2, 2019) (distinguishing cases finding broader subject matter waiver because the documents sought in *Medline* "are separate documents; they are not redacted and commingled analyses contained within communications about the Asserted Patents.") As one court framed the issue:

> [H]aving asserted advice of counsel as a defense to a claim of willful infringement, the question at this point is not whether Tyco relied upon advice of counsel on the question of validity, *but whether such advice was given*. Invalidity, like non-infringement, is a defense to a claim of infringement. If counsel rendered an opinion to Tyco on both defenses, Tyco cannot disclose only the opinion it finds favorable to its position and conceal the unfavorable opinion.

*Kimberly-Clark Corp. v. Tyco Healthcare Retail Group*, No. 05-C-985, 2007 U.S. Dist. LEXIS 5974, *4 (E.D.Wisc. Jan. 26, 2007) (emphasis added); *see also Tyco Healthcare Grp. LP v. EZ-EM*,

*Inc.*, No. 2:07cv262 (TJW), 2010 U.S. Dist. LEXIS 51512, *10 (E.D. Tex. May 24, 2010) ("[I]t is clear that the waiver of attorney client privilege extends to all subjects that are discussed in the opinion letter: prosecution history, claim construction, non-infringement literally or under the doctrine of equivalence, inequitable conduct, anticipation, and obviousness."); *Tech Pharm., LLC v. Alixa RX LLC*, No. 4:15cv766, 2017 U.S. Dist LEXIS 127965, *9 (E.D. Tex. Aug. 11, 2017) ("the 'same subject matter' provision … limits the scope of the waiver to the same subject matter of the underlying opinion.").

There is good reason for this distinction – because it is "the *subjective* willfulness of a patent infringer" that may warrant enhanced damages. *Halo Elecs.*, 579 U.S. at 105 (emphasis added). Where an accused infringer puts the advice of counsel at issue to prove his state of mind, the analysis necessarily depends upon a complete understanding of the advice provided by counsel. For example, perhaps opinion counsel advised that evidence of infringement of the patents-in-suit was so strong that it counseled against taking the risk of manufacturing or marketing Dynatemp 421A, notwithstanding its opinion regarding the patents' validity. This advice would be directly probative of Plaintiffs' subjective willfulness, as Plaintiffs would have manufactured and marketed the infringing product *against counsel's advice*. This is plainly the sort of egregious conduct that merits enhanced damages. It is also precisely why court after court has rejected a selective waiver of privilege – because RMS would never know those facts if Plaintiffs' improper redactions were allowed to stand.

Plaintiffs cannot be allowed to waive privilege to use invalidity advice as a sword to attack willfulness, while shielding other portions of the very same legal opinion from discovery via redaction. Permitting use of the privilege in such a manner would be highly prejudicial to RMS. In contrast, potential prejudice to Plaintiffs in a waiver that extends to infringement/non-infringement (and any other topics contained in the opinion) is minimal, since Plaintiffs have made

the calculated, strategic decision to put their opinion of counsel at issue with full knowledge of the consequences.

The substance of counsel's entire written opinion was waived once Plaintiffs asserted an advice-of-counsel defense, and it must be produced in unredacted form, together with all other documents and communications regarding the same subject matter(s), including unredacted copies of all opinion-related documents produced pursuant to LPR 303.8(b) and documents regarding the same subject matter(s) still withheld on Plaintiffs' privilege log.

### B. Communications During the Entire Period of Infringement.

Plaintiffs also appear to have impermissibly limited their production of relevant attorney-client communications to the time period prior to filing of this lawsuit, producing only limited communications after April 6, 2020 (the filing date of Plaintiffs' Complaint)[3] and no communications at all after December 2020, despite the fact that they continued to infringe the patents-in-suit at least until April 2021.

The waiver of both the attorney-client privilege and work product immunity arising from an advice-of-counsel defense extends beyond the filing of a complaint "so long as . . . ongoing infringement is at issue in the litigation." *In re EchoStar*, 448 F.3d at 1302 n.4; *see also Akeva LLC v. Mizuno Corp.*, 243 F. Supp. 2d 418, 423 (M.D.N.C. 2003) ("Once a party asserts the defense of advice of counsel, this opens to inspection the advice received during the entire course of the alleged infringement."). Despite their waiver, however, Defendants have failed to produce virtually any attorney-client communications for the entire final year of their infringement. These communications are highly relevant to Plaintiffs' post-filing conduct and are specifically probative of, at minimum, the basis for Plaintiffs' decision to stop manufacturing and selling the accused

---

[3] Plaintiffs' privilege log contains zero entries after this date and must be updated.

7

product and whether, prior to that point, Plaintiffs engaged in the sort of egregious conduct that merits an award of enhanced willfulness damages. *See Smith-Blair*, 2016 U.S. Dist. LEXIS 191859 at *19-20 ("developments in litigation can impact either a party's decision to continue with its allegedly infringing conduct or its faith in an opinion previously issued by counsel").

Because the temporal scope of Plaintiffs' waiver extends through the entire period of willful infringement, Plaintiffs should be compelled to produce all attorney-client communications with the topical scope of the waiver for the entire period that they manufactured, sold, or offered to sell the accused product, and to update their privilege log through that period.

## C. Communications Involving Trial Counsel.

Advice-of-counsel waivers are typically limited to communications with, and work product of, opinion counsel. *See In re Seagate Technologies, LLC*, 497 F.3d 1360, 1374 (Fed. Cir. 2007). They can, however, extend to trial counsel when opinion counsel becomes involved in developing and implementing trial strategy. *See Smith-Blair,* 2016 U.S. Dist. LEXIS 191859, at *28. As this Court noted in *Smith-Blair*:

> *In re Seagate*'s limitation of the waiver of both attorney-client privilege and work product immunity is predicated on opinion counsel and trial counsel performing distinct roles in advising the alleged infringer .... By allowing opinion counsel to take an active role in ongoing litigation, the alleged infringer eliminates the safeguards justifying the omission of trial counsel from the broad waiver of both attorney-client privilege and work product immunity that results from asserting an advice of counsel defense.

*Smith-Blair*, 2016 U.S. Dist. LEXIS 191859 at *27-28.

Here, there is no such distinction between opinion counsel and trial counsel. The same law firm that rendered Plaintiff's "formal opinion" (Smith Anderson) not only filed Plaintiffs' complaint, [*see* Doc. 1], but was trial counsel for more than two and a half years, until September 12, 2023 [*See* Doc. 322]. By RMS's count, there are *one hundred and sixteen* docket entries in this case made by Smith Anderson attorney Robert "Joey" Morris prior to his withdrawal. There

8

is also substantial evidence that the individual attorneys rendering the "formal opinion" that resulted in the advice-of-counsel waiver (Edward Roney and Robert Goozner) extended their involvement to litigation and trial strategy both before and after filing of RMS's counterclaim. [*See* Doc. 1 (Complaint), p. 20; Doc. 22 (Rule 26(f) Report), p. 1; Exs. D and E (non-comprehensive examples of relevant entries highlighted in yellow)]. As in *Smith-Blair*, this involvement "blurs the lines between the roles of objective advisor and partisan advocate," and must result in a waiver that extends to communications involving Mr. Morris. *Id*. at *29.

These extraordinary circumstances merit extending the scope of Plaintiffs' waiver to include communications between opinion counsel and trial counsel, and between Mr. Morris and Plaintiffs themselves, that relate to the subject matter of the waiver.

## IV.    CONCLUSION

For the foregoing reasons, RMS respectfully requests that RMS's Motion to Compel be granted.

Respectfully submitted, this 13th day of November, 2023.

/s/ Joseph W. Staley

Joseph W. Staley (Ga. Bar No. 142571)
(Admitted pro hac vice)
Scott P. Amy (Ga. Bar No. 141416)
(Admitted pro hac vice)
Andrea P. Nguyen (Ga. Bar No. 306931)
(Admitted pro hac vice)
Andrew J. Wilson (Ga. Bar No. 737599)
(Admitted pro hac vice)

PERILLA KNOX & HILDEBRANDT LLP
5871 Glenridge Drive, Suite 350
Atlanta, GA 30328
Telephone: (770) 927-7802
Facsimile: (877) 389-6779
j.staley@pkhip.com
s.amy@pkhip.com
a.nguyen@pkhip.com
a.wilson@pkhip.com

/s/ T. Cullen Stafford

T. Cullen Stafford (NC State Bar No. 48872)
WYRICK ROBBINS YATES & PONTON LLP
4101 Lake Boone Trail, Suite 300
Raleigh, North Carolina 27607
Telephone: 919.781.4000
Facsimile: 919.781.4865
cstafford@wyrick.com

*Counsel for Defendants RMS of Georgia LLC,
R421A LLC, and Kenneth M. Ponder*

10

## **CERTIFICATE OF COMPLIANCE**

Pursuant to Local Civil Rule 7.2(f)(3), the undersigned counsel certifies that the foregoing MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND INFORMATION SUBJECT TO PLAINTIFFS' ADVICE-OF-COUNSEL WAIVER complies with the word limit set forth in Local Civil Rule 7.2(f)(3)(B). The total word count of this Memorandum is 2,791, based upon the word count generated by the undersigned's word-processing software. This word count excludes the case caption, signature block, required certificates, table of contents, table of authorities, exhibits, and other permissible exclusions set forth in Local Civil Rule 7.2(f)(1).

Pursuant to Local Civil Rule 7.1(c)(2) and Fed. R. Civ. P. 37(a)(1), the undersigned counsel further certifies that Defendants have undertaken a good faith effort to resolve the disputes set forth herein prior to filing the instant motion; specifically, Defendants have conferred in good faith with Plaintiffs in an effort to obtain the discovery that is the subject to the instant motion without Court action.

Date: November 13, 2023.

/s/ Joseph W. Staley
Joseph W. Staley
Georgia Bar No. 142571

## **CERTIFICATE OF SERVICE**

I hereby certify that, on the 13th day of November, 2023, the foregoing was filed using the

Court's CM/ECF system, which will send notice to all counsel of record.

*/s/ Joseph W. Staley*

Joseph W. Staley
*Attorney for Defendants RMS of
Georgia LLC, R421A LLC, and
Kenneth M. Ponder*

12

# Exhibit H –

Docket Entry 350-1:
October 3, 2022 Email
from E. Haas to J. Staley
(Appx152 – Appx158)

# Exhibit A

| From: | Haas, Emily M (78745) |
|---|---|
| To: | Joe Staley |
| Cc: | Robert Morris (jmorris@smithlaw.com); T. Cullen Stafford; Charles George (cgeorge@wyrick.com); David Wisz (DWisz@bdixon.com); Andrew Vanore (dvanore@bcvtlaw.com); Trembath, Jon R (74868); Russell M. Racine; Heersink, Linda K (70028); Todd Deveau; Scott Amy; Andrea Nguyen; Natalie Wood |
| Subject: | RE: Dynatemp v R421A (MBF Ref 217522-9004) |
| Date: | Monday, October 3, 2022 10:31:33 AM |
| Attachments: | image003.png<br>image001.png |

Good Morning, Joe,

I am writing regarding my email below. Our team has decided to waive privilege with regard to the opinion of counsel. As a result, we'll need to review our documents to see what documents now need to be produced. We will do that as quickly as possible. Nonetheless, we are not sure we'll be able to get all the documents to you in time for you to be able to fully review and analyze them before Mr. Kivlan's deposition. In order for you to have time to prepare, we are going to look at times in the latter part of October during which Mr. Kivlan could be available for deposition. I hope to have some proposed alternative dates to you later this week.

With regard to the additional information below, we are planning to depose Leslie Nalley on the 13th. We cannot take Lee Ponder's deposition on the 14th due to prior commitments. Could you please provide other dates that Mr. Ponder would be available for deposition?

## Emily M. Haas

Senior Counsel
**T** 984.220.8745 | **M** 919.244.2013
emhaas@michaelbest.com | bio

 **Michael Best** · A LexMundi Member
Michael Best & Friedrich LLP

**From:** Haas, Emily M (78745)
**Sent:** Wednesday, September 28, 2022 6:25 PM
**To:** Joe Staley <j.staley@thip.law>
**Cc:** Robert Morris (jmorris@smithlaw.com) <jmorris@smithlaw.com>; **T.** Cullen Stafford <cstafford@wyrick.com>; Charles George (cgeorge@wyrick.com) <cgeorge@wyrick.com>; David Wisz (DWisz@bdixon.com) <dwisz@bdixon.com>; Andrew Vanore (dvanore@bcvtlaw.com) <dvanore@bcvtlaw.com>; Trembath, Jon R (74868) <jrtrembath@michaelbest.com>; Russell M. Racine <rracine@cshlaw.com>; Heersink, Linda K (70028) <lkheersink@michaelbest.com>; Todd Deveau <t.deveau@thip.law>; Scott Amy <s.amy@thip.law>; Andrea Nguyen <a.nguyen@thip.law>; Natalie Wood <n.wood@thip.law>
**Subject:** RE: Dynatemp v R421A (MBF Ref 217522-9004)

Good Afternoon, Joe,

Thank you for the deposition date proposals below.

We confirm that we are able to take Leslie Nalley's deposition on the 13th.

Unfortunately, we have a prior commitment on the 14th. We had proposed Mr. Kivlan to be deposed on the 11th. We spoke with Mr. Kivlan, and he would be willing to travel to Georgia for his deposition on the 11th if we could also take Mr. Ponder's deposition on either the 10th or the 12th. Could you check with your team as to whether this would work?

## Emily M. Haas

Senior Counsel
**T** 984.220.8745 | **M** 919.244.2013
emhaas@michaelbest.com | bio



**From:** Joe Staley <j.staley@thip.law>
**Sent:** Friday, September 23, 2022 5:46 PM
**To:** Haas, Emily M (78745) <emhaas@michaelbest.com>
**Cc:** Robert Morris (jmorris@smithlaw.com) <jmorris@smithlaw.com>; T. Cullen Stafford <cstafford@wyrick.com>; Charles George (cgeorge@wyrick.com) <cgeorge@wyrick.com>; David Wisz (DWisz@bdixon.com) <dwisz@bdixon.com>; Andrew Vanore (dvanore@bcvtlaw.com) <dvanore@bcvtlaw.com>; Trembath, Jon R (74868) <jrtrembath@michaelbest.com>; Russell M. Racine <rracine@cshlaw.com>; Heersink, Linda K (70028) <lkheersink@michaelbest.com>; Todd Deveau <t.deveau@thip.law>; Scott Amy <s.amy@thip.law>; Andrea Nguyen <a.nguyen@thip.law>; Natalie Wood <n.wood@thip.law>
**Subject:** RE: Dynatemp v R421A (MBF Ref 217522-9004)

Hi Emily:

Lee Ponder is available for a deposition on Friday, October 14.

Leslie Nalley is available on Thursday, October 13.

We understand that Jim Calm is available on November 8 or November 15.

We will get back to you regarding the proposed dates for Mr. Kivlan, Mr. Gresham, and Mr. Couchot.

Best Regards,

Joe

**Joe Staley**
Patents | Trademarks | IP Litigation



3200 Windy Hill Road SE | Suite 1600E | Atlanta, GA 30339
O: (770) 933-9500 | F: (770) 951-0933
thomashorstemeyer.com

*Confidentiality Notice: This e-mail message and any attachments are intended only for the use of those to whom it is addressed and may contain information that is confidential and prohibited from further disclosure under law. If you have received this e-mail message in error, its review, use, retention, and/or distribution is strictly prohibited. If you are not the intended recipient, please contact the sender by reply e-mail message and destroy all copies of the original message and any attachments.*

**From:** Haas, Emily M (78745) <emhaas@michaelbest.com>
**Sent:** Friday, September 23, 2022 8:02 AM
**To:** Joe Staley <j.staley@thip.law>
**Cc:** Robert Morris (jmorris@smithlaw.com) <jmorris@smithlaw.com>; T. Cullen Stafford <cstafford@wyrick.com>; Charles George (cgeorge@wyrick.com) <cgeorge@wyrick.com>; David Wisz (DWisz@bdixon.com) <dwisz@bdixon.com>; Andrew Vanore (dvanore@bcvtlaw.com) <dvanore@bcvtlaw.com>; Trembath, Jon R (74868) <jrtrembath@michaelbest.com>; Russell M. Racine <rracine@cshlaw.com>; Heersink, Linda K (70028) <lkheersink@michaelbest.com>; Todd Deveau <t.deveau@thip.law>; Scott Amy <s.amy@thip.law>; Andrea Nguyen <a.nguyen@thip.law>; Natalie Wood <n.wood@thip.law>
**Subject:** RE: Dynatemp v R421A (MBF Ref 217522-9004)

Hi Joe –

No one on our side represents Ms. Brinker.

**Emily M. Haas**
Senior Counsel
**T** 984.220.8745 | **M** 919.244.2013
emhaas@michaelbest.com | bio



Michael Best & Friedrich LLP

**From:** Joe Staley <j.staley@thip.law>
**Sent:** Thursday, September 22, 2022 2:35 PM
**To:** Haas, Emily M (78745) <emhaas@michaelbest.com>
**Cc:** Robert Morris (jmorris@smithlaw.com) <jmorris@smithlaw.com>; T. Cullen Stafford <cstafford@wyrick.com>; Charles George (cgeorge@wyrick.com) <cgeorge@wyrick.com>; David Wisz (DWisz@bdixon.com) <dwisz@bdixon.com>; Andrew Vanore (dvanore@bcvtlaw.com) <dvanore@bcvtlaw.com>; Trembath, Jon R (74868) <jrtrembath@michaelbest.com>; Russell M. Racine <rracine@cshlaw.com>; Heersink, Linda K (70028) <lkheersink@michaelbest.com>; Todd Deveau <t.deveau@thip.law>; Scott Amy <s.amy@thip.law>; Andrea Nguyen <a.nguyen@thip.law>; Natalie Wood <n.wood@thip.law>
**Subject:** RE: Dynatemp v R421A (MBF Ref 217522-9004)
Hi Emily:
Does anyone from your side represent Callie Brinker?
-Joe

**From:** Haas, Emily M (78745) <emhaas@michaelbest.com>
**Sent:** Thursday, September 22, 2022 2:24 PM
**To:** Joe Staley <j.staley@thip.law>
**Cc:** Robert Morris (jmorris@smithlaw.com) <jmorris@smithlaw.com>; T. Cullen Stafford <cstafford@wyrick.com>; Charles George (cgeorge@wyrick.com) <cgeorge@wyrick.com>; David Wisz (DWisz@bdixon.com) <dwisz@bdixon.com>; Andrew Vanore (dvanore@bcvtlaw.com) <dvanore@bcvtlaw.com>; Trembath, Jon R (74868) <jrtrembath@michaelbest.com>; Russell M. Racine <rracine@cshlaw.com>; Heersink, Linda K (70028) <lkheersink@michaelbest.com>; Todd Deveau <t.deveau@thip.law>; Scott Amy <s.amy@thip.law>; Andrea Nguyen <a.nguyen@thip.law>; Natalie Wood <n.wood@thip.law>
**Subject:** RE: Dynatemp v R421A (MBF Ref 217522-9004)
Good Afternoon, Joe,
Thank you for your email. I now have further information regarding the issues raised below.
With regards to the depositions of Lee Ponder and Leslie Nalley, we understand that the depositions will not be occurring next week and that you will be providing us new proposed dates before the end of the week. We look forward to receiving their availabilities.
With regard to Callie Brinker, we do not have her current contact information.
With regard to Sankara Ramanan, he is no longer an employee and we do not represent him. It is our understanding that Mr. Ramanan has moved back to India, but we do not have current contact information for him.
Finally, with regard to proposed dates for depositions, Mr. Kivlan can be available on October 11, 2022; Mr. Gresham can be available on October 28, 2022; and Mr. Couchot can be available on November 2, 2022.

Kind Regards,

**Emily M. Haas**
Senior Counsel
**T** 984.220.8745 | **M** 919.244.2013
emhaas@michaelbest.com | bio


Michael Best & Friedrich LLP

**From:** Joe Staley <j.staley@thip.law>
**Sent:** Tuesday, September 20, 2022 5:11 PM
**To:** Haas, Emily M (78745) <emhaas@michaelbest.com>
**Cc:** Robert Morris (jmorris@smithlaw.com) <jmorris@smithlaw.com>; T. Cullen Stafford <cstafford@wyrick.com>; Charles George (cgeorge@wyrick.com) <cgeorge@wyrick.com>; David Wisz (DWisz@bdixon.com) <dwisz@bdixon.com>; Andrew Vanore (dvanore@bcvtlaw.com) <dvanore@bcvtlaw.com>; Trembath, Jon R (74868) <jrtrembath@michaelbest.com>; Russell M. Racine <rracine@cshlaw.com>; Heersink, Linda K (70028) <lkheersink@michaelbest.com>; Todd Deveau <t.deveau@thip.law>; Scott Amy <s.amy@thip.law>; Andrea Nguyen <a.nguyen@thip.law>; Natalie Wood <n.wood@thip.law>
**Subject:** RE: Dynatemp v R421A (MBF Ref 217522-9004)

Hi Emily:

Thank you for reaching out.

On our call last Wednesday, I believe we said that we were unsure if the 29th and 30th would work for Lee Ponder and Leslie Nalley. I suspect that those dates will not work for us, but I will get you a list of dates that they are available by the end of the week.

Similarly, I specifically stated that Jim Calm's deposition could not proceed on October 3. I will also give your team proposed dates for Mr. Calm's deposition by the end of the week.

We don't have a firm date from the EPA or Johnstone regarding production dates for documents or any depositions. We will update you as soon as we have any additional information.

Callie Brinker has not been served as far as I understand. Our process server has been unable to locate her. On this topic, Andrea reached out to your team last week and asked if anyone from your team represents Ms. Brinker, and if so, would you accept service of the subpoenas. Andrea also asked if you have her current contact information. I don't believe we have received a response. Please advise.

Similarly, we have now asked a couple of times whether Sankara Ramanan is still an employee of D/FF. If not, do you represent him? We also have requested current contact info to the extent your team has this information. Please advise.

We look forward to receiving dates for Mr. Couchot, Mr. Kivlan, and Mr. Gresham. However, as Scott mentioned earlier today, it appears that you served an additional 21,000 pages of email last night. We are going to want to review those emails before taking the depositions of your folks.

Best Regards,

Joe

**Joe Staley**
Patents | Trademarks | IP Litigation



3200 Windy Hill Road SE | Suite 1600E | Atlanta, GA 30339
O: (770) 933-9500 | F: (770) 951-0933
thomashorstemeyer.com
*Confidentiality Notice: This e-mail message and any attachments are intended only for the use of those to whom it is addressed and may contain information that is confidential and prohibited from further disclosure under law. If you have received this e-mail message in error, its review, use, retention, and/or distribution is strictly prohibited. If you are not the intended recipient, please contact the sender by reply e-mail message and destroy all copies of the original message and any attachments.*

**From:** Haas, Emily M (78745) <emhaas@michaelbest.com>
**Sent:** Tuesday, September 20, 2022 2:05 PM
**To:** Joe Staley <j.staley@thip.law>
**Cc:** Robert Morris (jmorris@smithlaw.com) <jmorris@smithlaw.com>; T. Cullen Stafford <cstafford@wyrick.com>; Charles George (cgeorge@wyrick.com) <cgeorge@wyrick.com>; David Wisz (DWisz@bdixon.com) <dwisz@bdixon.com>; Andrew Vanore (dvanore@bcvtlaw.com) <dvanore@bcvtlaw.com>; Trembath, Jon R (74868) <jrtrembath@michaelbest.com>; Russell M. Racine <rracine@cshlaw.com>; Heersink, Linda K (70028) <lkheersink@michaelbest.com>; Todd Deveau <t.deveau@thip.law>; Scott Amy <s.amy@thip.law>; Andrea Nguyen <a.nguyen@thip.law>; Natalie Wood <n.wood@thip.law>
**Subject:** Dynatemp v R421A (MBF Ref 217522-9004)

> **Caution:** This email originated from outside our organization. Do not click links or open attachments unless you recognize the sender and know that content is safe.

Hi Joe –

I hope you're having a good week. The team asked me to reach out to see if we can make sure we're all on the same page about some things that are coming up.

We understand that Leslie Nalley's and Lee Ponder's depositions are on the 29th and 30th. Please let us know by COB on Thursday, the 22nd, if that understanding is incorrect or if anything has changed.

We understand that Jim Calm's deposition will be on October 3rd. There had been some talk about possible alternative arrangements for this deposition. If there are alternative arrangements you'd like to propose for Mr. Calm, please let us know by COB on Monday the 26th.

We understand that you've been communication with the EPA and Johnstone. Could you please let us know the dates you've agreed with them to produce documents and for them to be deposed?

It appears from the mail we received yesterday that the subpoena to Callie Brinker has already gone out for service. Please let us know whether it has been served.

Finally, we are finalizing dates with Mr. Couchot, Mr. Gresham, and Mr. Kivlan. We anticipate having those to you within the next few days.

We look forward to your response regarding the above referenced issues. If you have any questions, please let us know.

**Emily M. Haas**
Senior Counsel
**T** 984.220.8745 | **M** 919.244.2013
emhaas@michaelbest.com | bio



Email Disclaimer

*****************************************************************

The information contained in this communication may be confidential, is intended only for the use of the recipient(s) named above, and may be legally privileged. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please return it to the sender immediately and delete the original message and any copy of it from your computer system. If you have any questions concerning this message, please contact the sender.

# Exhibit I –
## Docket Entry 131:
## April 22, 2021,
## Second Amended Complaint
## (Appx159 – Appx195)

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION**

**Case Number:  5:20-CV-00142**

| | | |
|---|---|---|
| DYNATEMP INTERNATIONAL, INC. and FLUOROFUSION SPECIALTY CHEMICALS, INC., | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 5:20-CV-142-FL |
| RMS OF GEORGIA, LLC d/b/a Choice Refrigerants and LENZ SALES & DISTRIBUTING, INC., | ) ) ) ) | |
| Defendants. | ) | |

- - -

| | | |
|---|---|---|
| R421A, LLC and RMS OF GEORGIA, LLC d/b/a CHOICE REFRIGERANTS, | ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 5:20-CV-147-FL |
| DYNATEMP INTERNATIONAL, INC.; HAROLD B. KIVLAN, IV; WILLIAM GRESHAM; FLUOROFUSION SPECIALTY CHEMICALS, INC.; and DAVID COUCHOT, | ) ) ) ) ) ) | |
| Defendants. | ) | |

**R421A LLC AND RMS OF GEORGIA LLC'S SECOND AMENDED COMPLAINT**

Plaintiffs R421A, LLC ("R421A LLC") and RMS of Georgia, LLC d/b/a Choice Refrigerants ("RMS" or "Choice" and collectively, "Plaintiffs") file this Second Amended Complaint against Defendants Dynatemp International, Inc. ("Dynatemp"), FluoroFusion

1

Specialty Chemicals, Inc. ("FluoroFusion"), Harold B. Kivlan, IV ("Kivlan"), William Gresham

("Gresham"), and David Couchot ("Couchot"), and in support thereof allege as follows:

## NATURE AND BASIS OF ACTION

1.     This is an action for patent infringement under the patent laws of the United States,

35 U.S.C. § 1 *et seq.* Plaintiffs seek injunctive relief, damages, and recovery of its reasonable costs

and attorneys' fees.

## THE PARTIES

2.     Plaintiff R421A LLC is a limited liability company organized and existing under

the laws of the State of Georgia having its principal place of business at 610 McFarland 400 Drive,

Alpharetta, Georgia, 30004.

3.     Plaintiff RMS of Georgia, LLC is a limited liability company organized and

existing under the laws of the State of Georgia having its principal place of business at 610

McFarland 400 Drive, Alpharetta, Georgia 30004-3374.

4.     Defendant Dynatemp International, Inc. ("Dynatemp") is a corporation organized

and existing under the laws of the State of Pennsylvania, having its principal place of business at

100 Sterling Parkway, Suite 111, Mechanicsburg, Pennsylvania, 17050. Dynatemp has a registered

office at 2626 Glenwood Ave., Suite 550, Raleigh, North Carolina, 27608. Dynatemp also has a

distribution center at 8184 U.S. 70 Business Hwy W., Clayton, North Carolina 27520. Upon

information and belief, Dynatemp may be served by serving its Registered Agent, Corporation

Service Company, 2626 Glenwood Ave., Suite 550, Raleigh, North Carolina, 27608.

5.     Upon information and belief, Defendant Harold B. Kivlan, IV ("Kivlan") is a

resident of Durham, North Carolina and is Chief Executive Officer and Chief Financial Officer of

Defendant Dynatemp and personally oversees Dynatemp's operations in North Carolina and is also an officer in Defendant FluoroFusion Specialty Chemicals, Inc.

6.    Upon information and belief, Defendant William ("Will") Gresham ("Gresham") is a resident of Durham, North Carolina and is Vice-President of Defendant Dynatemp and is the sales manager of its refrigerant products including the Dynatemp R421A refrigerant product described herein and the subject of this Complaint.

7.    Defendant FluoroFusion Specialty Chemicals, Inc. ("FluoroFusion") is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business at 3950 Powhatan Road, Clayton, North Carolina, 27520. Upon information and belief, FluoroFusion may be served by serving its Registered Agent, Corporation Service Company, 2626 Glenwood Ave., Suite 550, Raleigh, North Carolina, 27608.

8.    Upon information and belief, Defendant David Couchot ("Couchot") is President of FluoroFusion and personally oversees FluoroFusion's operations in Clayton, North Carolina and coordinates FluoroFusion's operations with those of Defendant Dynatemp particularly regarding the Dynatemp R421A refrigerant product that is described herein and the subject of this Complaint.

9.    Defendants Dynatemp, FluoroFusion, Kivlan, Gresham, and Couchot will sometimes collectively be referred to herein as the "Dynatemp Defendants."

## JURISDICTION AND VENUE

10.    This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338 because this Complaint includes a cause of action for patent infringement under the patent laws of the United States, including but not limited to, 35 U.S.C. §§ 271, 281, 283-285, and 287.

3

11.    Venue is proper in this District under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in North Carolina.

12.    Venue is proper in this District under 28 U.S.C. § 1400(b) because the Defendants have committed acts of infringement here and have regular and established places of business here. Namely, Defendant Dynatemp has a regular and established place of business at 8184 U.S. 70 Business Hwy W., Clayton, North Carolina 27520 and Defendant FluoroFusion has a regular and established place of business at 3950 Powhatan Road, Clayton, North Carolina, 27520.  Upon information and belief, Defendant Kivlan IV, Gresham and have residences within this District and/or personally carried out and committed the actions complained of herein within this District. Upon information and belief, the BMP Defendants conspired in North Carolina to carry out acts of infringement that are the subject of this Complaint in North Carolina.

## PLAINTIFFS' INNOVATIVE REFRIGERANT BLEND

13.    Choice is an innovative manufacturer of heating, ventilation, and air conditioning (HVAC) products, namely refrigerants and condensing units.

14.    One HVAC product, chlorodifluoromethane, referred to as R-22 or Freon, is a known ozone-depleting refrigerant common in many industrial applications, including residential air conditioning systems.

15.    R-22 itself is a refrigerant gas within the class of chemicals known as hydrochlorofluorocarbons or "HCFCs." Use of R-22 in the United States has been phased out by the U.S. Environmental Protection Agency ("EPA") pursuant to the Montreal Protocol on Substances that Deplete the Ozone Layer (the "Montreal Protocol"), a protocol to the Vienna Convention for the Protection of the Ozone Layer, and domestic legislation under the federal Clean Air Act, 42 U.S.C. §§ 7671-7671q, and the Stratospheric Ozone Protection regulations promulgated by the EPA in Title 40, Code of Federal Regulations, Part 82, due to the environmentally damaging effect of HCFCs on the global ozone layer.

16.    As of January 1, 2020, production and import of R-22 was banned in the United States by the Environmental Protection Agency pursuant to the Clean Air Act. The banned R-22 was subject to a phaseout period beginning January 1, 2010.

17.    In anticipation of the R-22 ban, R421A LLC, by and through their predecessors in interest, developed a novel blend of two refrigerant gases, known as R125 and R134a, as a replacement for R-22. This novel refrigerant blend became known in the industry as R-421A and more particularly as Choice® R-421A.

18.    Choice applied to the American Society of Heating, Refrigerating and Air-Conditioning Engineers (ASHRAE) to receive a new refrigerant designation for the

aforementioned new refrigerant blend and for approval of the new refrigerant blend as a substitute refrigerant and replacement for R-22.

19.     ASHRAE approved the new refrigerant, giving it the designation R-421A.

20.     Choice also applied to the US Environmental Protection Agency (EPA) for approval of a particular embodiment of the Choice® R-421A refrigerant including an additive in the form of a proprietary lubricant under the EPA's Significant New Alternatives Policy (SNAP) Program under which the EPA evaluates and has authority to approve new refrigerants as substitutes for ozone-depleting substances, such as R-22. The EPA approved the particular embodiment of the Choice® R-421A refrigerant including a proprietary lubricant, and that embodiment of the Choice® R-421A refrigerant is an EPA SNAP-approved R-22 substitute refrigerant and replacement.[1]

21.     In accordance with ASHRAE's designation, for a refrigerant to be called or referred to as R-421A it must have certain fixed properties and, more specifically, must constitute a blend of refrigerant gasses comprising 58% (plus or minus 1%) R-125 and 42% (plus or minus 1%) R-134a.[2] R-125 is a refrigerant gas known as pentafluoroethane, and R-134a is a refrigerant gas known as tetrafluoroethane, in particular 1,1,1,2-tetrafluoroethane.[3] Accordingly, for any refrigerant to be marketed as R-421A in accordance with ASHRAE's designated standard, the refrigerant so marketed must include 58% (plus or minus 1%) R-125 refrigerant gas and 42% (plus or minus 1%) R134a refrigerant gas, wherein the combined weights of R-125 and R-134a total 100% by mass of the two refrigerant gasses in the refrigerant composition.

---

[1] https://www.epa.gov/snap/compositions-refrigerant-blends
[2] https://www.ashrae.org/technical-resources/standards-and-guidelines/ashrae-refrigerant-designations
[3] *Id.*

6

22.    Further, as set forth by ASHRAE, there are non-refrigerant gas components that are considered additives that can be included in a refrigerant composition but that are not considered in determining the refrigerant gas composition of a refrigerant product or whether a refrigerant product meets a particular refrigerant designation such as R-421A. Such additives can include, for example, a lubricating oil, a corrosion inhibitor, a surfactant and a foaming agent.

23.    A blend of refrigerant gasses comprised of components having different boiling temperatures will undergo a phase change that results in a gliding evaporation and condensing temperature, affecting the functionality of the blend of refrigerant gasses. The particular ratio of pentafluoroethane and tetrafluoroethane in the novel R-421A refrigerant product, in particular the Choice® R-421A product, provides a temperature glide that makes it particularly effective as a substitute and replacement for R-22. R-421A is thus designed to retrofit and for use in systems that previously accepted R-22, without requiring further modification.

24.    R421A's predecessors spent a substantial amount of time and resources designing, developing, and bringing their innovative R-421A product to the market. As a result, beginning in 2012, multiple patents have been granted for their R-421A product, including: 1) U.S. Patent No. 9,982,179, entitled, "Refrigerant with Lubricating Oil for Replacement of R22 Refrigerant"; 2) U.S. Patent No. 8,197,706, entitled, "Refrigerant with Lubricating Oil for Replacement of R22 Refrigerant"; and 3) U.S. Patent No. 10,703,949, entitled, "Refrigerant with Lubricating Oil for Replacement of R22 Refrigerant."

25.    Plaintiffs' Choice® R-421A is a valuable gas refrigerant composition or blend used in residential and commercial air conditioning and refrigeration equipment as a substitute and retrofit for the older refrigerant R-22.

7

26.    Plaintiffs' Choice® R-421A is a more ozone-friendly substitute to replace HCFCs such as R-22.

27.    Choice® R-421A is marketed in the United States under the registered incontestable trademark Choice®.    Information regarding Choice® R-421A is available at http://rmsgas.com/r-421a-info/.

28.    Plaintiffs' Choice® R-421A is initially blended by a single global source for U.S. markets licensed and imported into the U.S. exclusively for Choice Refrigerants for completion by Choice Refrigerants for sale and distribution in the US.

29.    Defendant Dynatemp was formerly a distributor of Plaintiffs' Choice® R-421A refrigerant product.

**THE '179 PATENT**

30.    R421A LLC is the owner, by assignment, of all right, title, and interest in and to U.S. Patent No. 9,982,179 ("the '179 Patent") which issued from the United States Patent and Trademark Office on May 29, 2018.

31.    Choice is the exclusive licensee of the '179 Patent.

32.    A true and correct copy of the '179 Patent is attached hereto as Exhibit A.

33.    Claim 21 of the '179 Patent reads as follows:

In an apparatus designed for use with chlorodifluoromethane refrigerant, the improvement comprising substituting the chlorodifluoromethane with a refrigerant composition designed to achieve a phase change,

[a] the refrigerant composition comprising a combination of refrigerant gases, said refrigerant gases consisting of a blend of tetrafluoroethane and pentafluoroethane, the ratio of the tetrafluoroethane to the pentafluoroethane being selected such that the blend exhibits a dew point at about −32° F. or a bubble point at about −41.5° F. at about one standard atmosphere of pressure,

[b] wherein in the substitute refrigerant said pentafluoroethane is present in an amount of 59% to 57% by weight and said tetrafluoroethane is present in an amount of 41% to 43%

8

by weight of the combined weight of the pentafluoroethane and tetrafluoroethane on the basis of the combined weights of said pentafluoroethane and said tetrafluoroethane totaling 100%, and

[c] wherein the tetrafluoroethane is 1,1,1,2-tetrafluoroethane.

34.    Claim 26 of the '179 Patent reads as follows:

A method for refilling an apparatus designed for use with a chlorodifluoromethane refrigerant, the method comprising:

[a] selecting a substitute refrigerant composition designed to achieve a phase change and comprising a combination of refrigerant gases, the refrigerant gases consisting of a blend of tetrafluoroethane and pentafluoroethane, the ratio of the tetrafluoroethane to the pentafluoroethane being selected such that the blend exhibits a dew point at about −32° F. or a bubble point at about −41.5° F. at about one standard atmosphere of pressure, wherein in the substitute refrigerant said pentafluoroethane is present in an amount of 59% to 57% by weight and said tetrafluoroethane is present in an amount of 41% to 43% by weight of the combined weight of the pentafluoroethane and tetrafluoroethane on the basis of the combined weights of said pentafluoroethane and said tetrafluoroethane totaling 100%,

[b] supplying the substitute refrigerant composition under pressure, in a cylinder can fitted with an outlet compatible with a chlorodifluoromethane recharging manifold of the apparatus; and

[c] adding to said apparatus via the manifold the substitute refrigerant composition for chlorodifluoromethane, and wherein the tetrafluoroethane is 1,1,1,2-tetrafluoroethane.

35.    Claim 31 of the '179 Patent reads as follows:

A refrigerant composition comprising a combination of refrigerant gases, the refrigerant gases consisting of

[a] a blend of tetrafluoroethane and pentafluoroethane, the ratio of the tetrafluoroethane to the pentafluoroethane being selected such that the blend exhibits a dew point at about −32° F. or a bubble point at about −41.5° F. at about one standard atmosphere of pressure,

[b] wherein in the substitute refrigerant said pentafluoroethane is present in an amount of 59% to 57% by weight and said tetrafluoroethane is present in an amount of 41% to 43% by weight of the combined weight of the pentafluoroethane and tetrafluoroethane on the basis of the combined weights of said pentafluoroethane and said tetrafluoroethane totaling 100%, and

[c] wherein the tetrafluoroethane is 1,1,1,2-tetrafluoroethane.

9

36.    Claims 24, 29 and 34 further recite that the blend of refrigerant gasses of claims 21, 26 and 31, respectively, "exhibits a glide of about 9.5°F."

37.    Claims 25, 30 and 35 recite that "said pentafluoroethane is present in the ratio of about 58% by weight to said tetrafluoroethane present in an amount of about 42% by weight."

## THE '706 PATENT

38.    R421A LLC is also the owner, by assignment, of all right, title, and interest in and to U.S. Patent No. 8,197,706 ("the '706 Patent") which issued from the United States Patent and Trademark Office on June 12, 2012.

39.    Choice is the exclusive licensee of the '706 Patent.

40.    A true and correct copy of the '706 Patent is attached hereto as Exhibit B.

41.    Claim 1 of the '706 Patent reads as follows:

In an apparatus designed for use with chlorodifluoromethane refrigerant, the improvement comprising substituting the chlorodifluoromethane with a refrigerant composition designed to achieve a phase change,

[a] the refrigerant composition comprising a combination of refrigerant gases, said refrigerant gases consisting of a blend of tetrafluoroethane and pentafluoroethane, the ratio of the tetrafluoroethane to the pentafluoroethane being selected such that the blend exhibits a dew point at about −32° F. or a bubble point at about −41.5° F. at about one standard atmosphere of pressure,

[b] wherein the refrigerant composition further comprises non-refrigerant gas components, said non-refrigerant gas components including a lubricating oil, wherein the lubricating oil is present up to about 20% by weight of the refrigerant gases and is soluble in chlorodifluoromethane, tetrafluoroethane and pentafluoroethane wherein the lubricating oil is selected from the group consisting of napthenic based lubricants and polyol ester.

42.    Claim 9 of the '706 Patent reads as follows:

A method for refilling an apparatus designed for use with a chlorodifluoromethane refrigerant, the method comprising:
(1) selecting a substitute refrigerant composition designed to achieve a phase change and comprising a combination of refrigerant gases, the refrigerant gases consisting of a blend of tetrafluoroethane and pentafluoroethane, the ratio of the tetrafluoroethane to the

10

pentafluoroethane being selected such that the blend exhibits a dew point at about −32° F. or a bubble point at about −41.5° F,

(2) supplying a the substitute refrigerant composition under pressure, in a cylinder can fitted with an outlet compatible with a chlorodifluoromethane recharging manifold of the apparatus; and

(3) adding to said apparatus via the manifold the substitute refrigerant composition for chlorodifluoromethane,

wherein the refrigerant composition further comprises non-refrigerant gas components, said non-refrigerant gas components including a lubricating oil, wherein the lubricating oil is present up to about 20% by weight of the refrigerant gases and is soluble in chlorodifluoromethane, tetrafluoroethane and pentafluoroethane, wherein the lubricating oil is selected from the group consisting of napthenic based lubricants and polyol ester.

43.    Claim 17 of the '706 Patent reads as follows:


A refrigerant composition comprising a combination of refrigerant gases, the refrigerant gases consisting of a blend of tetrafluoroethane and pentafluoroethane, the ratio of the tetrafluoroethane to the pentafluoroethane being selected such that the blend exhibits a dew point at about −32° F. or a bubble point at about −41.5° F,

wherein the refrigerant composition further comprises non-refrigerant gas components, said non-refrigerant gas components including a lubricating oil, wherein the lubricating oil is present up to about 20% by weight of the refrigerant gases and is soluble in chlorodifluoromethane, tetrafluoroethane and pentafluoroethane, wherein the lubricating oil is selected from the group consisting of napthenic based lubricants and polyol ester.

44.    Claims 2, 10 and 18 further recite that the blend of refrigerant gases "exhibits a dew point at about −32° F. and a bubble point at about −41.5° F."

## THE '949 PATENT

45.    R421A LLC is also the owner, by assignment, of all right, title, and interest in and to U.S. Patent No. 10,703,949 ("the '949 Patent") which issued from the United States Patent and Trademark Office on July 7, 2020.

46.    Choice is the exclusive licensee of the '949 Patent.

47.    A true and correct copy of the '949 Patent is attached hereto as Exhibit C.

48.    Claim 1 of the '949 patent reads as follows:

In an apparatus designed for use with chlorodifluoromethane refrigerant, the improvement comprising substituting the chlorodifluoromethane with a refrigerant composition designed to

11

achieve a phase change, the refrigerant composition comprising a combination of refrigerant gases, said refrigerant gases consisting of a blend of tetrafluoroethane and pentafluoroethane, wherein in the substitute refrigerant said pentafluoroethane is present in an amount of 59% to 57% by weight and said tetrafluoroethane is present in an amount of 41% to 43% by weight on the basis of the combined weights of said pentafluoroethane and said tetrafluoroethane totaling 100%, and wherein said tetrafluoroethane is 1,1,1,2- tetrafluoroethane.

49.     Claim 2 of the '949 Patent reads as follows:

A method for refilling an apparatus designed for use with a chlorodifluoromethane refrigerant, the method comprising:
(1) selecting a substitute refrigerant composition designed to achieve a phase change and comprising a combination of refrigerant gases, the refrigerant gases consisting of a blend of tetrafluoroethane and pentafluoroethane, wherein in the substitute refrigerant said pentafluoroethane is present in an amount of 59% to 57% by weight and said tetrafluoroethane is present in an amount of 41% to 43% by weight on the basis of the combined weights of said pentafluoroethane and said tetrafluoroethane totaling 100%, and wherein the tetrafluoroethane is 1,1,1,2- tetrafluoroethane, and
(2) supplying the substitute refrigerant composition under pressure, in a cylinder can fitted with an outlet compatible with a chlorodifluoromethane recharging manifold of the apparatus.

50.     Claim 3 of the '949 Patent reads as follows:

A refrigerant composition comprising a combination of refrigerant gases, the refrigerant gases consisting of a blend of tetrafluoroethane and pentafluoroethane, wherein in the refrigerant composition said pentafluoroethane is present in an amount of 59% to 57% by weight and said tetrafluoroethane is present in an amount of 41% to 43% by weight on the basis of the combined weights of said pentafluoroethane, and said tetrafluoroethane totaling 100% and wherein  said tetrafluoroethane is 1,1,1,2- tetrafluoroethane.

51.     Claims 4 and 6 further recite that "the apparatus is selected from the group consisting of refrigeration equipment, air-conditioning equipment, and HVAC equipment."

52.     Claims 8, 9 and 10 further recite that "said pentafluoroethane is present in the ratio of about 58% by weight to said tetrafluoroethane present in an amount of about 42% by weight."

53.     Claims 11 - 16 further recite that "the refrigerant composition further comprises a non-refrigerant gas component in the form of a lubricating oil, wherein the lubricating oil is present up to about 20% by weight of the refrigerant gases and is soluble in chlorodifluoromethane, tetrafluoroethane and pentafluoroethane."

12

## THE INFRINGING PRODUCTS

54.     None of the Defendants have a license to manufacture, import or sell any product that practices any one or more of the '179 Patent, the '706 Patent or the '949 Patent and they are not authorized to otherwise practice said Patents in any manner.

55.     Any R421-A refrigerant not manufactured according to and licensed under R421A LLC's '179 Patent or '949 Patent, and including its proprietary synthetic alkyl aromatic lubricant, is not Choice® R421A under applicable environmental laws.

56.     Any R421-A refrigerant not manufactured according to and licensed under R421A LLC's '179 Patent, '706 Patent or '949 Patent is not Plaintiffs' R421A product under the customs laws.

### The Dynatemp Defendants' Infringing Products

57.     In response to Defendant Dynatemp's termination as a distributor of Choice, in early 2020, the Dynatemp Defendants began marketing a product called "Dynatemp R421A" for sale in the U.S. refrigerant market as a replacement for, and in direct competition with, the Choice® R421A refrigerant product of which Dynatemp previously was the exclusive distributor.

58.     Upon information and belief, Defendant FluoroFusion is a blender of refrigerants.

59.     Upon information and belief, FluoroFusion orders, combines, blends and/or packages two refrigerant gasses, namely pentafluoroethane (R-125) and 1,1,1,2-tetrafluoroethane (R-134a), such that pentafluoroethane is present in an amount of 59% to 57% by weight and tetrafluoroethane is present in an amount of 41% to 43% by weight, in particular in an amount consisting of 58% pentafluoroethane and 42% 1,1,1,2-tetrafluoroethane and further including a lubricant, in particular polyol ester as the lubricant packaged with the two refrigerant gasses.

13

60.     Upon information and belief, FluoroFusion orders, combines, blends and/or packages pentafluoroethane (R-125) and 1,1,1,2-tetrafluoroethane (R-134a) such that pentafluoroethane is present in an amount of 59% to 57% by weight and tetrafluoroethane is present in an amount of 41% to 43% by weight, in particular in an amount consisting of 58% pentafluoroethane and 42% 1,1,1,2-tetrafluoroethane and further including a lubricant, in particular polyol ester as the lubricant packaged with the two refrigerant gasses, knowing and intending that it will be used in place of or as an alternative to or a substitute for chlorodifluoromethane (R-22) refrigerant and also as an alternative to or as a substitute for Choice® R421A.

61.     Defendant Dynatemp is a distributor and seller of refrigerant products.  Upon information and belief, Dynatemp purchases a product that contains pentafluoroethane (R-125) and 1,1,1,2-tetrafluoroethane (R-134a) such that pentafluoroethane is present in an amount of 59% to 57% by weight and tetrafluoroethane is present in an amount of 41% to 43% by weight, in particular in an amount consisting of 58% pentafluoroethane and 42% 1,1,1,2-tetrafluoroethane and further including a lubricant, in particular polyol ester as the lubricant packaged with the two refrigerant gasses, from or through Defendant FluoroFusion and uses, distributes, sells, and/or offers for sale that refrigerant product labeled as Dynatemp R-421A that it offers as an alternative to or a substitute for chlorodifluoromethane (R-22) refrigerant and also as an alternative to or as a substitute for Choice® R421A.

62.     Upon information and belief, Defendant Kivlan, who is Chief Executive Officer of Defendant Dynatemp and also an officer of Defendant FluoroFusion, Defendant Gresham, who is Vice-President and sales manager of Defendant Dynatemp and Defendant Couchot who is

14

President of Defendant FluoroFusion have collaborated together and directed the activities of Defendant Dynatemp and Defendant FluoroFusion complained of herein.

63. Upon information and belief, another officer of Defendant FluoroFusion is William B. Gresham, IV, who is listed as its Vice-President.

64. Upon information and belief, Defendant Gresham issued a statement, on behalf of Defendant Dynatemp, informing customers of their new Dynatemp R421A product to replace Choice's R-421A product that it previously exclusively distributed with its new Dynatemp R421A refrigerant product, touting the Dynatemp R421A product has having a refrigerant formulation that "has remained the same; therefore, [pressure/temperature] charts are identical, Glide is identical, and the refrigerant performance is identical. The only changes in the product are the name and the lubricant it is packaged with. … This means the only noticeable change for the end-user will be the packaging. … It will be important to stress that the product … falls under the ASHRAE-approved designation of R421A. … We are very excited to continue to provide this R22 alternative to our customers."  A true and correct copy of Defendant Dynatemp's statement offering the Dynatemp R421A product is attached as Exhibit D (hereinafter also "Defendant Dynatemp's Statement").

65. A true and correct copy of Dynatemp's Safety Data Sheet for its Dynatemp R421A product, issued 3/8/2019, is attached as Exhibit E.

66. Dynatemp's Safety Data Sheet states that its Dynatemp R421A product consists of the two refrigerant gasses pentafluoroethane, R 125, and 1,1,1,2-tetrafluoroethane, R 134a, in the ratio of 58% pentafluoroethane to 42% 1,1,1,2-tetrafluoroethane.

67. A true and correct copy of promotional information and an image displaying packaging for Dynatemp's R421A product is attached as Exhibit F (red markup added).  The

15

labeling on the package states that Dynatemp's R421A product includes pentafluoroethane, 1,1,1,2-tetrafluoroethane and a polyol ester as a lubricant. The promotional information states that applications include "Medium Temp Refrigeration, Air Conditioning, and R-22 Retrofits."

68. Thus, as shown by Dynatemp's Safety Data Sheet for its Dynatemp R421A product, Exhibit E, and the labeling on packing for the Dynatemp R421A product, Exhibit F, its product includes two refrigerant gasses consisting of 58% pentafluroethane and 42% 1,1,1,2-tetrafluoroethane, and further including polyol ester (POE) as a lubricant, and has applications including refrigeration, air conditioning and retrofitting of R-22 refrigerant units with their R421A product.

### The Infringement of the '179 Patent

69. Upon information and belief, Defendants' ongoing manufacture, use, offer for sale, and sale of refrigerant gasses that are ultimately packaged and marketed as the Dynatemp R421A product infringes at least Claims 21, 24, 25, 26, 29, 30, 31, 34 and 35 of the '179 Patent.

70. Based upon the Dynatemp Defendants' own Statement and promotional information, the Dynatemp R421A refrigerant product is designed for use in an apparatus that is designed for use with chlorodifluoromethane (R22) refrigerant, as set forth in the preamble of Claim 21.

71. Based on the Dynatemp Defendants' own Statement and promotional information, Defendants' Dynatemp R421A product is a refrigerant composition provided as a substitute for chlorodifluoromethane (R-22) in an apparatus designed for use with chlorodifluoromethane (R-22), the Dynatemp R421A product being a refrigerant composition designed to achieve a phase change, the Dynatemp R421A refrigerant composition comprising a combination of refrigerant

16

gases, said refrigerant gases consisting of a blend of tetrafluoroethane and pentafluoroethane, the ratio of the tetrafluoroethane to the pentafluoroethane being selected such that the blend exhibits a dew point at about −32° F or a bubble point at about −41.5° F at about one standard atmosphere of pressure, as set forth in feature [a] of claim 21 of the '179 Patent.

72.    Based on the Dynatemp Defendants' own Statement and Safety Data Sheet, the substitute refrigerant of Defendants' Dynatemp R421A product is a combination of refrigerant gasses, in which pentafluoroethane is present in an amount of 59% to 57%, i.e., 58% (plus or minus 1%), by weight and said tetrafluoroethane is present in an amount of 41% to 43%, i.e., 42% (plus or minus 1%), by weight of the combined weight of the pentafluoroethane and tetrafluoroethane on the basis of the combined weights of said pentafluoroethane and said tetrafluoroethane totaling 100%, more particularly the pentafluoroethane is present in an amount of 58% by weight and said tetrafluoroethane is present in an amount of 42% by weight of the combined weight of the pentafluoroethane and tetrafluoroethane on the basis of the combined weights of said pentafluoroethane and said tetrafluoroethane totaling 100%, as set forth in feature [b] of claim 21, and also in claim 25, of the '179 Patent.

73.    Based on the Dynatemp Defendants' own Safety Data Sheet, the tetrafluoroethane of Defendants' Dynatemp R421A product is 1,1,1,2-tetrafluoroethane as set forth in feature [c] of claim 21 of the '179 Patent.

74.    Based upon the Dynatemp Defendants' own Statement and promotional information, Defendants' Dynatemp R-421 refrigerant is offered for carrying out a method for refilling an apparatus designed for use with a chlorodifluoromethane (R-22) refrigerant, as set forth in the preamble of Claim 26.

17

75.    Based on the Dynatemp Defendants' own Statement, Safety Data Sheet and promotional information, Defendants' Dynatemp R-421A product is offered as an alternative or substitute refrigerant composition to chlorodifluoromethane (R-22) and is designed to achieve a phase change and comprising a combination of refrigerant gases, the refrigerant gases consisting of a blend of tetrafluoroethane and pentafluoroethane, the ratio of the tetrafluoroethane to the pentafluoroethane being selected such that the blend exhibits a dew point at about −32° F or a bubble point at about −41.5° F. at about one standard atmosphere of pressure, wherein in the substitute refrigerant said pentafluoroethane is present in an amount of 59% to 57%, i.e., 58% (plus or minus 1%), by weight and said tetrafluoroethane is present in an amount of 41% to 43%, i.e., 42% (plus or minus 1%), by weight of the combined weight of the pentafluoroethane and tetrafluoroethane on the basis of the combined weights of said pentafluoroethane and said tetrafluoroethane totaling 100% to meet the ASHRAE-approved designation for R-421A, more particularly the pentafluoroethane present in an amount of 58% by weight and said tetrafluoroethane present in an amount of 42% by weight of the combined weight of the pentafluoroethane and tetrafluoroethane on the basis of the combined weights of said pentafluoroethane and said tetrafluoroethane totaling 100%, as set forth in feature [a] of Claim 26, and also in Claim 30.

76.    Based on the Dynatemp Defendants' own Statement, Safety Data Sheet and promotional information, Defendants supply their Dynatemp R421A product under pressure, in a cylinder that can fitted with an outlet compatible with a chlorodifluoromethane (R-22) recharging manifold of the apparatus, as set forth in feature [b] of Claim 26.

77.    Based on the Dynatemp Defendants' own Safety Data Sheet and promotional information, Defendants' Dynatemp R421A product is designed to be added to the apparatus via

18

the manifold the substitute refrigerant composition for chlorodifluoromethane, and the tetrafluoroethane of Defendants' R421A is 1,1,1,2-tetrafluoroethane, as set forth in feature [c] of Claim 26.

78.    Based upon the Dynatemp Defendants' own Statement and promotional information, Defendants' Dynatemp R421A product is a refrigerant composition comprising a combination of refrigerant gases, as set forth in the preamble of Claim 31.

79.    Based on the Dynatemp Defendants' own Statement and Safety Data Sheet, Defendants' Dynatemp R421A product includes a blend of tetrafluoroethane and pentafluoroethane, the ratio of the tetrafluoroethane to the pentafluoroethane being selected such that the blend exhibits a dew point at about $-32°$ F or a bubble point at about $-41.5°$ F. at about one standard atmosphere of pressure, as set forth in feature [a] of Claim 31.

80.    Based on the Dynatemp Defendants' own Statement and Safety Data Sheet, in Defendant's Dynatemp R421A product,  the pentafluoroethane is present in an amount of 59% to 57%, i.e., 58% (plus or minus 1%), by weight and said tetrafluoroethane is present in an amount of 41% to 43%, i.e., 42% (plus or minus 1%), by weight of the combined weight of the pentafluoroethane and tetrafluoroethane on the basis of the combined weights of said pentafluoroethane and said tetrafluoroethane totaling 100% to meet the ASHRAE-approved designation for R-421a, more particularly the pentafluoroethane is present in an amount of 58% by weight and said tetrafluoroethane is present in an amount of 42% by weight of the combined weight of the pentafluoroethane and tetrafluoroethane on the basis of the combined weights of said pentafluoroethane and said tetrafluoroethane totaling 100%, as set forth in feature [b] of Claim 31, and also in Claim 35.

19

81.    Based on the Dynatemp Defendants' own Safety Data Sheet, the tetrafluoroethane in Defendants' Dynatemp R421A is 1,1,1,2-tetrafluoroethane, as set forth in feature [c] of Claim 31.

82.    Furthermore, based on the Dynatemp Defendants' own Statement admitting that "Glide is identical" Defendants' Dynatemp R421A meets the features as set forth in Claims 24, 29 and 34.

83.    Accordingly, Defendants directly infringe at least claims 31, 34 and 35 of the '179 Patent under 35 U.S.C. § 271(a) by making, using, offering to sell, or selling the Dynatemp R421A product.

84.    Defendants also indirectly infringe at least claims 21, 24, 25, 26, 29 and 30 of the '179 Patent under 35 U.S.C. § 271(b) and (c).  Defendants have knowingly and intentionally induced and/or contributed to the infringement of the '179 Patent with the Dynatemp R421A product by, *inter alia*, i) providing instructions on how to install and use the Dynatemp R421A product in an infringing manner, ii) directing and encouraging the actions of employees, distributors, and customers to directly infringe; and/or iii) offering a product with no substantial non-infringing use that is not a staple article or commodity of commerce.

### The Infringement of the '706 Patent

85.    Upon information and belief, Defendants' ongoing manufacture, use, offer for sale, and sale of refrigerant gasses that are ultimately packaged and marketed as the Dynatemp R421A product also infringes at least Claims 1, 2, 9, 10, 17 and 18 of the '706 Patent.

86.    As shown above in connection with the infringement by the Dynatemp Defendants of the '179 Patent, the Dynatemp Defendant's R421A product includes all of the features of claims 1, 2, 9, 10, 17 and 18 of the '706 Patent leaving only whether the product includes a lubricant

20

selected from the group consisting of naphthenic based lubricants and polyol ester. In addition to the features shown above in connection with the infringement of the '179 Patent, the Dynatemp Defendants' labeling on the packaging for their Dynatemp R421A product, Exhibit F, shows the product includes polyol ester as a lubricant as set forth in claims 1, 9 and 17.

87.     Accordingly, Defendants directly infringe at least claims 17 and 18 of the '706 Patent under 35 U.S.C. § 271(a) by making, using, offering to sell, or selling the Dynatemp R421A product.

88.     Defendants also indirectly infringe at least claims 1, 2, 9 and 10 of the '706 Patent under 35 U.S.C. § 271(b) and (c). Defendants have knowingly and intentionally induced and/or contributed to the infringement of the '706 Patent with the Dynatemp R421A product by, *inter alia*, i) providing instructions on how to install and use the Dynatemp R421A product in an infringing manner, ii) directing and encouraging the actions of employees, distributors, and customers to directly infringe; and/or iii) offering a product with no substantial non-infringing use that is not a staple article or commodity of commerce.

**The Infringement of the '949 Patent**

89.     Upon information and belief, Defendants' ongoing manufacture, use, offer for sale, and sale of refrigerant gasses that are ultimately packaged and marketed as the Dynatemp R421A product also infringes at least Claims 1-4, 6, and 8-16 of the '949 Patent.

90.     As shown above in connection with the infringement of the '179 Patent, the Dynatemp Defendant's R421A product includes all of the features of claims 1-3 and 8-10 of the '949 Patent.

91.    In addition to the features shown above, the Dynatemp Defendants' labeling on the packaging for their Dynatemp R421A product, Exhibit F, shows the product includes a lubricant as set forth in claims 11-16.

92.    Further, the Defendant Dynatemp's promotion of their R421A product includes applications for "Medium Temp Refrigeration, Air Conditioning and R-22 Retrofits (Exhibit F) as set forth in claims 4 and 6 of the '949 Patent.

93.    Accordingly, Defendants directly infringe at least claims 3, 10, 13 and 16 of the '949 Patent under 35 U.S.C. § 271(a) by making, using, offering to sell, or selling the Dynatemp R421A product.

94.    Defendants also indirectly infringe at least claims 1, 2, 4, 6, 8, 9, 11, 12, 14 and 15 of the '949 Patent under 35 U.S.C. § 271(b) and (c).  Defendants have knowingly and intentionally induced and/or contributed to the infringement of the '949 Patent with the Dynatemp R421A product by, *inter alia*, i) providing instructions on how to install and use the Dynatemp R421A product in an infringing manner, ii) directing and encouraging the actions of employees, distributors, and customers to directly infringe; and/or iii) offering a product with no substantial non-infringing use that is not a staple article or commodity of commerce.

95.    At least by April 23, 2020, the Dynatemp Defendants were put on actual notice, under 35 U.S.C. § 154(d), that they were making, using, offering for sale, and/or selling in the United States the product they call Dynatemp R421A as claimed in the published US patent application no. 2018/0362821 A1, published December 20, 2018, now US Patent 10,703,949, and further that the allowed claims in the application are substantially identical to those as published.

22

## COUNT I
## Direct Infringement of the '179 Patent, 35 U.S.C. § 271(a)

96.    Plaintiffs incorporate by reference the allegations contained in paragraphs 1-95 of this Complaint, as if fully set forth herein.

97.    Defendants directly infringe, literally or under the doctrine of equivalents, at least Claims 31, 34 and 35 of the '179 Patent by, without authority, making, using, importing, selling, or offering to sell a product that is ultimately packaged and marketed as Dynatemp R421A within the United States in violation of 35 U.S.C. § 271(a).

98.    As a result of Defendants' infringement of the '179 Patent, Plaintiffs have been damaged and will continue to be damaged by Defendants' unlawful conduct. Plaintiffs are entitled to recover damages pursuant to 28 U.S.C. § 284 adequate to compensate them for Defendants' infringing activities in an amount to be determined at trial, but in no event less than a reasonable royalty.

99.    Defendants' infringement of the '179 Patent has injured and continues to injure Plaintiffs and will continue to cause irreparable harm to Plaintiffs unless Defendants are enjoined from infringing one or more claims of the '179 Patent. Plaintiffs are entitled to preliminary and/or permanent injunctive relief against Defendants from further infringement pursuant to 28 U.S.C. § 283.

100.    Upon information and belief, Defendants' past and continued infringement of the '179 Patent has been deliberate and willful, which warrants an award of treble damages and attorneys' fees to Plaintiffs pursuant to 28 U.S.C. §§ 284 & 285.

## COUNT II
## Induced Infringement of the '179 Patent, 35 U.S.C. § 271(b)

101. Plaintiffs incorporate by reference the allegations contained in paragraphs 1-95 of this Complaint, as if fully set forth herein.

102. Upon information and belief, Defendants instruct their customers on how to install and use the refrigerant product that is ultimately packaged and marketed as Dynatemp R421A in an infringing manner.

103. Upon information and belief, Defendants direct and encourage their employees, distributors, and customers to install and use a refrigerant product that is ultimately packaged and marketed as the Dynatemp R421A product in an infringing manner, in particular as an alternative or a substitute for chlorofluoromethane (R-22) refrigerant.

104. When the Dynatemp R421A product is used by Defendants' employees, distributors, and customers in the manner instructed and directed by Defendants, Defendants' employees, distributors, and customers directly infringe at least Claims 21, 24, 25, 26, 29 and 30 of the '179 Patent, as set forth above.

105. Accordingly, Defendants indirectly infringe the '179 Patent by inducing the infringement by others of the '179 Patent, pursuant to 35 U.S.C. § 271(b).

106. As a result of Defendants' infringement of the '179 Patent, Plaintiffs have been damaged and will continue to be damaged by Defendants' unlawful conduct. Plaintiffs are entitled to recover damages pursuant to 28 U.S.C. § 284 adequate to compensate them for Defendants' infringing activities in an amount to be determined at trial, but in no event less than a reasonable royalty.

107. Defendants' infringement of the '179 Patent has injured and continues to injure Plaintiffs and will continue to cause irreparable harm to Plaintiffs unless Defendants are enjoined

from infringing one or more claims of the '179 Patent. Plaintiffs are entitled to preliminary and/or permanent injunctive relief against Defendants from further infringement pursuant to 28 U.S.C. § 283.

108.    Upon information and belief, Defendants' past and continued infringement of the '179 Patent has been deliberate and willful, which warrants an award of treble damages and attorneys' fees to Plaintiffs pursuant to 28 U.S.C. §§ 284 & 285.

## <u>COUNT III</u>
## <u>Contributory Infringement of the '179 Patent, 35 U.S.C. § 271(c)</u>

109.    Plaintiffs incorporate by reference the allegations contained in paragraphs 1-95 of this Complaint, as if fully set forth herein.

110.    Defendants have had knowledge of the '179 Patent.

111.    Based on the Dynatemp Defendants' own Statement, Safety Data Sheet and promotional information, Defendants are selling, packaging and marketing a refrigerant product ultimately called Dynatemp R421A separately rather than as a part of a system.

112.    Dynatemp R-421A is essential to practicing claims 21, 24, 25, 26, 29 and 30 of the '179 Patent, because the claimed  substituting the chlorofluoromethane in an apparatus designed for use with chlorofluoroethane of claims 21, 24 and 25 and the method of claims 26, 29 and 30 cannot be carried out using a product described as R421A refrigerant, such as the Choice® R421A product, unless the refrigerant product meets ASHRAE's criteria for designation of an R421A refrigerant product, meaning the product must consist of 58% (plus or minus 1%) pentafluoroethane (R125) and 48% (plus or minus 1%) 1,1,1,2-tetrafluoroethane (R134a).

113.    Dynatemp R421A has no substantial non-infringing use(s), because, being labelled an R421A refrigerant, it is intended for use as a substitute or alternative to chlorodifluoromethane

(R22) and must be used in an apparatus also designed for use with chlorodifluoromethane (R-22) refrigerant.

114.    When Dynatemp R421A is introduced or installed by the customer into an apparatus designed for use with a chlorodifluoromethane (R-22) refrigerant, pursuant to the Dynatemp Defendants' Statement, Safety Data Sheet and promotional information, the apparatus and the method of refilling the apparatus directly infringe at least claims 21, 24, 25, 26, 29 and 30 of the '179 Patent.

115.    Defendants are aware that the refrigerant product packaged and marketed as Dynatemp R421A is especially made or especially adapted for use in infringement of the '179 Patent, in that it can only be used in a manner that infringes the '179 Patent.

116.    Accordingly, Defendants indirectly infringe the '179 Patent by contributing to infringement of the '179 patent, pursuant to 35 U.S.C. § 271(c).

## COUNT IV
### Direct Infringement of the '706 Patent, 35 U.S.C. § 271(a)

117.    Plaintiffs incorporate by reference the allegations contained in paragraphs 1-95 of this Complaint, as if fully set forth herein.

118.    Defendants directly infringe, literally or under the doctrine of equivalents, at least Claims 17 and 18 of the '706 Patent by, without authority, making, using, importing, selling, or offering to sell a product that is ultimately packaged and marketed as Dynatemp R421A within the United States in violation of 35 U.S.C. § 271(a).

119.    As a result of Defendants' infringement of the '706 Patent, Plaintiffs have been damaged and will continue to be damaged by Defendants' unlawful conduct. Plaintiffs are entitled to recover damages pursuant to 28 U.S.C. § 284 adequate to compensate it for Defendants'

26

infringing activities in an amount to be determined at trial, but in no event less than a reasonable royalty.

120.    Defendants' infringement of the '706 Patent has injured and continues to injure Plaintiffs and will continue to cause irreparable harm to Plaintiffs unless Defendants are enjoined from infringing one or more claims of the '706 Patent. Plaintiffs are entitled to preliminary and/or permanent injunctive relief against Defendants from further infringement pursuant to 28 U.S.C. § 283.

121.    Upon information and belief, Defendants' past and continued infringement of the '706 Patent has been deliberate and willful, which warrants an award of treble damages and attorneys' fees to Plaintiffs pursuant to 28 U.S.C. §§ 284 & 285.

## COUNT V
## Induced Infringement of the '706 Patent, 35 U.S.C. § 271(b)

122.    Plaintiffs incorporate by reference the allegations contained in paragraphs 1-95 of this Complaint, as if fully set forth herein.

123.    Upon information and belief, Defendants instruct their customers on how to install and use the refrigerant product that is ultimately packaged and marketed as Dynatemp R421A in an infringing manner.

124.    Upon information and belief, Defendants direct and encourage their employees, distributors, and customers to install and use a refrigerant product that is ultimately packaged and marketed as the Dynatemp R421A product in an infringing manner, in particular as an alternative or a substitute for chlorofluoromethane (R-22) refrigerant.

125.    When the Dynatemp R421A product is used by Defendants' employees, distributors, and customers in the manner instructed and directed by Defendants, Defendants'

employees, distributors, and customers directly infringe at least Claims 1, 2, 9 and 10 of the '706 Patent, as set forth above.

126.     Accordingly, Defendants indirectly infringe the '706 Patent by inducing the infringement by others of the '706 Patent, pursuant to 35 U.S.C. § 271(b).

127.     As a result of Defendants' infringement of the '706 Patent, Plaintiffs have been damaged and will continue to be damaged by Defendants' unlawful conduct. Plaintiffs are entitled to recover damages pursuant to 28 U.S.C. § 284 adequate to compensate them for Defendants' infringing activities in an amount to be determined at trial, but in no event less than a reasonable royalty.

128.     Defendants' infringement of the '706 Patent has injured and continues to injure Plaintiffs and will continue to cause irreparable harm to Plaintiffs unless Defendants are enjoined from infringing one or more claims of the '706 Patent. Plaintiffs are entitled to preliminary and/or permanent injunctive relief against Defendants from further infringement pursuant to 28 U.S.C. § 283.

129.     Upon information and belief, Defendants' past and continued infringement of the '706 Patent has been deliberate and willful, which warrants an award of treble damages and attorneys' fees to Plaintiffs pursuant to 28 U.S.C. §§ 284 & 285.

**<u>COUNT VI</u>**
**<u>Contributory Infringement of the '706 Patent, 35 U.S.C. § 271(c)</u>**

130.     Plaintiffs incorporate by reference the allegations contained in paragraphs 1-95 of this Complaint, as if fully set forth herein.

131.     Defendants have had knowledge of the '706 Patent.

132.     Based on the Dynatemp Defendants' own Statement, Safety Data Sheet and promotional information, Defendants are selling, packaging and marketing a refrigerant product ultimately called Dynatemp R421A separately rather than as a part of a system.

133.     Dynatemp R-421A is essential to practicing claims 1, 2, 9 and 10 of the '706 Patent, because the claimed substituting the chlorofluoromethane in an apparatus designed for use with chlorofluoroethane of claims 1 and 2 and the method of claims 9 and 10 cannot be carried out using a product described as R421A refrigerant, such as the Choice® R421A product, unless the refrigerant product meets ASHRAE's criteria for designation of an R421A refrigerant product, meaning the product must consist of 58% (plus or minus 1%) pentafluoroethane (R125) and 48% (plus or minus 1%) 1,1,1,2-tetrafluoroethane (R134a).

134.     Dynatemp R421A has no substantial non-infringing use(s), because, being labelled an R421A refrigerant, it is intended for use as a substitute or alternative to chlorodifluoromethane (R22) and must be used in an apparatus also designed for use with chlorodifluoromethane (R-22) refrigerant.

135.     When Dynatemp R421A is introduced or installed by the customer into an apparatus designed for use with a chlorodifluoromethane (R-22) refrigerant, pursuant to the Dynatemp Defendants' Statement, Safety Data Sheet and promotional information, the apparatus and the method of refilling the apparatus directly infringe at least claims 1, 2, 9 and 10 of the '706 Patent.

136.     Defendants are aware that the refrigerant product packaged and marketed as Dynatemp R421A is especially made or especially adapted for use in infringement of the '706 Patent, in that it can only be used in a manner that infringes the '706 Patent.

137.    Accordingly, Defendants indirectly infringe the '706 Patent by contributing to infringement of the '706 patent, pursuant to 35 U.S.C. § 271(c).

## COUNT VII
### Direct Infringement of the '949 Patent, 35 U.S.C. § 271(a)

138.    Plaintiffs incorporate by reference the allegations contained in paragraphs 1-95 of this Complaint, as if fully set forth herein.

139.    Defendants directly infringe, literally or under the doctrine of equivalents, at least Claims 3, 10, 13 and 16 of the '949 Patent by, without authority, making, using, importing, selling, or offering to sell a product that is ultimately packaged and marketed as Dynatemp R421A within the United States in violation of 35 U.S.C. § 271(a).

140.    As a result of Defendants' infringement of the '949 Patent, Plaintiffs have been damaged and will continue to be damaged by Defendants' unlawful conduct. Plaintiffs are entitled to recover damages pursuant to 28 U.S.C. § 284 adequate to compensate them for Defendants' infringing activities in an amount to be determined at trial, but in no event less than a reasonable royalty.

141.    Defendants' infringement of the '949 Patent has injured and continues to injure Plaintiffs and will continue to cause irreparable harm to Plaintiffs unless Defendants are enjoined from infringing one or more claims of the '949 Patent. Plaintiffs are entitled to preliminary and/or permanent injunctive relief against Defendants from further infringement pursuant to 28 U.S.C. § 283.

142.    Upon information and belief, Defendants' past and continued infringement of the '949 Patent has been deliberate and willful, which warrants an award of treble damages and attorneys' fees to Plaintiffs pursuant to 28 U.S.C. §§ 284 & 285.

## COUNT VIII
## Induced Infringement of the '949 Patent, 35 U.S.C. § 271(b)

143.    Plaintiffs incorporate by reference the allegations contained in paragraphs 1-95 of this Complaint, as if fully set forth herein.

144.    Upon information and belief, Defendants instruct their customers on how to install and use the refrigerant product that is ultimately packaged and marketed as Dynatemp R421A in an infringing manner.

145.    Upon information and belief, Defendants direct and encourage their employees, distributors, and customers to install and use a refrigerant product that is ultimately packaged and marketed as the Dynatemp R421A product in an infringing manner, in particular as an alternative or a substitute for chlorofluoromethane (R-22) refrigerant.

146.    When the Dynatemp R421A product is used by Defendants' employees, distributors, and customers in the manner instructed and directed by Defendants, Defendants' employees, distributors, and customers directly infringe at least Claims 1, 2, 4, 6, 8, 9, 11, 12, 14 and 15 of the '949 Patent, as set forth above.

147.    Accordingly, Defendants indirectly infringe the '949 Patent by inducing the infringement by others of the '949 Patent, pursuant to 35 U.S.C. § 271(b).

148.    As a result of Defendants' infringement of the '949 Patent, Plaintiffs have been damaged and will continue to be damaged by Defendants' unlawful conduct. Plaintiffs are entitled to recover damages pursuant to 28 U.S.C. § 284 adequate to compensate them for Defendants' infringing activities in an amount to be determined at trial, but in no event less than a reasonable royalty.

149.    Defendants' infringement of the '949 Patent has injured and continues to injure Plaintiffs and will continue to cause irreparable harm to Plaintiffs unless Defendants are enjoined

from infringing one or more claims of the '949 Patent. Plaintiffs are entitled to preliminary and/or permanent injunctive relief against Defendants from further infringement pursuant to 28 U.S.C. § 283.

150.    Upon information and belief, Defendants' past and continued infringement of the '949 Patent has been deliberate and willful, which warrants an award of treble damages and attorneys' fees to Plaintiffs pursuant to 28 U.S.C. §§ 284 & 285.

## COUNT IX
## Contributory Infringement of the '949 Patent, 35 U.S.C. § 271(c)

151.    Plaintiffs incorporate by reference the allegations contained in paragraphs 1-95 of this Complaint, as if fully set forth herein.

152.    Defendants have had knowledge of the '949 Patent.

153.    Based on the Dynatemp Defendants' own Statement, Safety Data Sheet and promotional information, Defendants are selling, packaging and marketing a refrigerant product ultimately called Dynatemp R421A separately rather than as a part of a system.

154.    Dynatemp R-421A is essential to practicing claims 1, 2, 4, 6, 8, 9, 11, 12, 14 and 15 of the '949 Patent, because the claimed  substituting the chlorofluoromethane in an apparatus designed for use with chlorofluoroethane of claims 1, 4, 8, 11, and 14 and the method of claims 2, 6, 9, 12 and 15 cannot be carried out using an product described as R421A refrigerant, such as the Choice® R421A product, unless the refrigerant product meets ASHRAE's criteria for designation of an R421A refrigerant product, meaning the product must consist of 58% (plus or minus 1%) pentafluoroethane (R125) and 48% (plus or minus 1%) 1,1,1,2-tetrafluoroethane (R134a).

155.    Dynatemp R421A has no substantial non-infringing use(s), because, being labelled an R421A refrigerant, it is intended for use as a substitute or alternative to chlorodifluoromethane

32

(R22) and must be used in an apparatus also designed for use with chlorodifluoromethane (R-22) refrigerant.

156. When Dynatemp R421A is introduced or installed by the customer into an apparatus designed for use with a chlorodifluoromethane (R-22) refrigerant, pursuant to the Dynatemp Defendants' Statement, Safety Data Sheet and promotional information, the apparatus and the method of refilling the apparatus directly infringe at least claims 1, 2, 4, 6, 8, 9, 11, 12, 14 and 15 of the '949 Patent.

157. Defendants are aware that the refrigerant product packaged and marketed as Dynatemp R421A is especially made or especially adapted for use in infringement of the '949 Patent, in that it can only be used in a manner that infringes the '949 Patent.

158. Accordingly, Defendants indirectly infringe the '949 Patent by contributing to infringement of the '949 patent, pursuant to 35 U.S.C. § 271(c).

## JURY DEMAND

Plaintiffs hereby respectfully request a trial by jury of all issues raised in this Complaint, pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that this Court enter judgment in favor of Plaintiffs and against Defendants Dynatemp International, LLC, FluoroFusion Specialty Chemicals, LLC, Harold B. Kivlan, IV, William Gresham, and David Couchot, as follows:

A.    Entry of judgment that Defendants have directly and indirectly infringed the '179 Patent pursuant to 35 U.S.C. § 271 (a), (b) and (c);

B.    An order preliminarily and permanently enjoining Defendants, and their respective agents, servants, officers, directors, employees, attorneys, affiliated companies, successors-in-interest, and all those in active concert or participation with them, and all other parties properly enjoined by law, from infringing directly or indirectly, inducing others to directly infringe, and/or contributing to the infringement of the claims of the '179 Patent;

C.    An order that Defendants be ordered to file with this Court, and to promptly serve on counsel for Plaintiffs, within twenty (20) days after entry of any injunction issued by the Court in connection with the '179 Patent in this action, a sworn statement setting forth in detail the manner and form in which Defendants have complied with the injunction;

D.    An order that Defendants provide an accounting and pay to Plaintiffs damages in an amount adequate to compensate Plaintiffs for Defendants' infringement of the '179 Patent, including damages for lost profits, but in

34

no event less than a reasonable royalty, including up to treble damages for Defendants' willful infringement pursuant to 35 U.S.C. § 284;

E.    Entry of judgment that Defendants have directly and indirectly infringed the '706 Patent pursuant to 35 U.S.C. § 271 (a), (b) and (c);

F.    An order preliminarily and permanently enjoining Defendants, and their respective agents, servants, officers, directors, employees, attorneys, affiliated companies, successors-in-interest, and all those in active concert or participation with them, and all other parties properly enjoined by law, from infringing directly or indirectly, inducing others to directly infringe, and/or contributing to the infringement of the claims of the '706 Patent;

G.    An order that Defendants be ordered to file with this Court, and to promptly serve on counsel for Plaintiffs, within twenty (20) days after entry of any injunction issued by the Court in connection with the '706 Patent in this action, a sworn statement setting forth in detail the manner and form in which Defendants have complied with the injunction;

H.    An order that Defendants provide an accounting and pay to Plaintiffs damages in an amount adequate to compensate Plaintiffs for Defendants' infringement of the '706 Patent, including damages for lost profits, but in no event less than a reasonable royalty, including up to treble damages for Defendants' willful infringement pursuant to 35 U.S.C. § 284;

I.    Entry of judgment that Defendants have directly and indirectly infringed the '949 Patent pursuant to 35 U.S.C. § 271 (a), (b) and (c);

35

J.      An order preliminarily and permanently enjoining Defendants, and their respective agents, servants, officers, directors, employees, attorneys, affiliated companies, successors-in-interest, and all those in active concert or participation with them, and all other parties properly enjoined by law, from infringing directly or indirectly, inducing others to directly infringe, and/or contributing to the infringement of the claims of the '949 Patent;

K.      An order that Defendants be ordered to file with this Court, and to promptly serve on counsel for Plaintiffs, within twenty (20) days after entry of any injunction issued by the Court in connection with the '949 Patent in this action, a sworn statement setting forth in detail the manner and form in which Defendants have complied with the injunction;

L.      An order that Defendants provide an accounting and pay to Plaintiffs damages in an amount adequate to compensate Plaintiffs for Defendants' infringement of the '949 Patent, including damages for lost profits, but in no event less than a reasonable royalty, including up to treble damages for Defendants' willful infringement pursuant to 35 U.S.C. § 284;

M.      An order that this is an exceptional case under 35 U.S.C. § 285 meriting that Plaintiffs be awarded its costs, including its reasonable attorneys' fees and other expenses incurred in connection with this action;

N.      Any other relief that the Court finds legal, just and equitable, as may be available under law or equity, and which the Court finds proper.

This 22nd day of April, 2021.

Respectfully submitted,

/s/ Joseph W. Staley

David Wisz (NC State Bar No. 22789)
BAILEY & DIXON, LLP
P.O. Box 1351
Raleigh, North Carolina 27602
Telephone: 919.828.0731
dwisz@bdixon.com

T. Cullen Stafford (NC State Bar No. 48872)
Charles George (NC State Bar No. 21003)
WYRICK ROBBINS YATES & PONTON LLP
4101 Lake Boone Trail, Suite 300
Raleigh, North Carolina 27607
Telephone: 919.781.4000
Facsimile: 919.781.4865
*cstafford@wyrick.com*
*cgeorge@wyrick.com*

Todd Deveau (Ga. Bar No. 219725)
(Admitted pro hac vice)
Andrea N. Bonner (Ga. Bar No. 306931)
(Admitted pro hac vice)
Joseph W. Staley (Ga. Bar No. 142571)
(Admitted pro hac vice)
THOMAS | HORSTEMEYER LLP
3200 Windy Hill Road SE, Suite 1600E
Atlanta, Georgia 30339
Telephone: (770) 933-9500
Facsimile: (770) 951-0933
t.deveau@thip.law
a.bonner@thip.law
j.staley@thip.law

*Counsel for R421A, LLC and RMS of Georgia, LLC*

37

# Exhibit J –
## Docket Entry 65-02:
## October 28, 2020
## Declaration of Kenneth Ponder
## (Appx196 – Appx208)

Exhibit A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NORTH CAROLINA**
**WESTERN DIVISION**

| | |
|---|---|
| DYNATEMP INTERNATIONAL, INC. and FLUOROFUSION SPECIALTY CHEMICALS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> RMS OF GEORGIA, LLC d/b/a Choice Refrigerants and LENZ SALES & DISTRIBUTING, INC., <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> No. 5:20-CV-142-FL |

- - -

| | |
|---|---|
| R421A LLC, d/b/a Choice Refrigerants, <br><br> Plaintiffs, <br><br> v. <br><br> DYNATEMP INTERNATIONAL, INC.; HAROLD B. KIVLAN, IV; WILLIAM GRESHAM; FLUOROFUSION SPECIALTY CHEMICALS, INC.; and DAVID COUCHOT, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> No. 5:20-CV-147-FL |

## DECLARATION OF KENNETH M. PONDER

I, Kenneth M. Ponder, hereby declare and state as follows:

1.      I am over eighteen years of age and am competent to testify to the matters stated

herein. The statements in this declaration are made based upon personal knowledge, and where I

lacked personal knowledge, I have undertaken efforts to verify the information, in my capacity as

an authorized agent of the company, based on the records and books of the company and the knowledge of its products, to confirm the information contained herein is true and correct. I have knowledge of the facts and opinions stated in this Declaration and make this Declaration in Support of Plaintiff R421 LLC's Motion for a Preliminary Injunction.

2.     I am an inventor on U.S. Patents No. 10,703,949 ("the '949 Patent") and No. 8,197,706 ("the "706 Patent"), and also No. 9,982,179 ("the '179 Patent"), that are asserted in the Amended Complaint in this action.

3.     The '949 Patent, the '706 Patent and the '179 Patent have been assigned to R421A, LLC, the above-named Plaintiff in this action.

4.     Plaintiff R421A, LLC has exclusively licensed the rights under the '949 Patent, the '706 Patent and the '179 Patent to RMS of Georgia, LLC dba Choice Refrigerants ("Choice").

5.     Choice is an innovative provider of heating, ventilation, air conditioning and refrigeration (HVACR) products, in particular refrigerants and condensing units, and a leading reclaimer of refrigerants.

6.     I founded Choice Refrigerants ("Choice") in 1993.  Since then, I have been an owner and President of Choice Refrigerants.

7.     Our focus at Choice has been providing and reclaiming refrigerants, and more recently also providing refrigerant condensing units, particularly for the heating, ventilation, air conditioning and refrigeration (HVACR) markets.

8.     I am being paid my standard salary as an employee of Choice Refrigerants for my work in this matter, and I am not being compensated in any particular or other way with respect to the testimony in this declaration.

9.      At Choice, we first started out reclaiming refrigerants, such as the refrigerant R12, developed by Du Pont.  Choice is one of the first thirteen companies in the entire United States to be approved by the U.S. Environmental Protection Agency ("EPA") as a certified refrigerant reclaimer.

10.     The refrigerant R12 was determined to be an ozone-depleting refrigerant gas.  As a result, I saw a need to develop a new refrigerant gas blend to be an alternative to and a substitute for R12 that the EPA determined was to be phased out.  We then developed a new refrigerant gas blend that was approved as an R12 substitute and given the designation R420A by the American Society of Heating, Refrigerating, and Air-Conditioning Engineers (ASHRAE) and for which we received U.S. Patent No. 7,332,102 on which I am a co-inventor.

11.     Based on my experience with refrigerants, I next saw a need in the HVACR industry for a refrigerant gas product that could be used in place of and as a substitute for the refrigerant R22, which was determined to be another ozone depleting refrigerant that the EPA also determined was to be phased out in advance of a total ban in the United States.

12.     We then began to develop another new refrigerant gas blend, which became known as R421A refrigerant.  We invented and achieved market success for our R421A refrigerant product because of its suitability as a substitute for the refrigerant R22 that, due to its harmful efforts on the ozone layer, can no longer be imported into, or manufactured in, the U.S.

13.     We applied for and were granted the '949 Patent, the '706 Patent and the '179 Patent by the U.S. Patent and Trademark Office that are directed to our R421A refrigerant and that were ultimately assigned to R421A, LLC.

14.     I am also the President of R421A LLC that is the intellectual property holding company for the '949 Patent, the '706 Patent and the '179 Patent.

15.     Heating, ventilation, air conditioning and refrigeration (HVACR) products are virtually ubiquitous in the United States.  One HVACR product, chlorodifluoromethane, commonly known as R22, is an ozone-depleting hydrochlorofluorocarbon (HCFC) refrigerant used in many industrial applications, including residential air conditioning systems.  Prior to 2010, R22 was the major, if not sole, refrigerant used in residential air-conditioners, refrigerators, and freezers.

16.     Starting January 1, 2010, the United States Environmental Protection Agency (EPA) implemented a mandatory phaseout of HCFCs, including R22, in the U.S. due to the environmentally damaging effect of HCFCs on the global ozone layer.  Starting about January 1, 2015, Congress banned the use of R22 in new equipment, and as of about January 1, 2020, the HCFC R22 can no longer be produced in or imported into the United States.

17.     Due to the ubiquity of R22 as a refrigerant, vehicle, home, industrial, and commercial refrigerators, freezers, and air conditioners in the United States were typically designed for use with R22.

18.     With the phase-out of R22, users of R22-adapted units have had to transition to alternative refrigerant gases, such as hydrofluorocarbon (HFC) refrigerant gases.  The transition can require retrofitting existing air conditioning systems because of differences in mass flow, operating pressures, and lubricants.  Retrofitting an R22 system to accommodate an HFC refrigerant can be both costly and often technically unsatisfactory.

19.     For example, the refrigerants R407C, R417A and R438A are among the more common R22 substitutes.  They, however, can require equipment changes to equipment designed to use R22 when being substituted for R22 into such equipment.

20.     Moreover, many R22 alternatives on the market are blends of 3, 4 and even 5 separate refrigerant components.  For example, the refrigerants R407C and R417A are both blends of three separate refrigerant components, while R438A is a blend of five separate refrigerant components.   Each of the refrigerant components in those blends have unique pressure pressure/temperature (P/T) curves that can vary from one another widely. This is known as temperature glide, and glide can be a big problem. Glide can cause inconsistent evaporator temperatures, that can result in performance degradation.  To my knowledge and understanding Choice® R421A having only 2 refrigerant components has the lowest temperature glide of the leading R22 alternatives.

21.     Therefore, there existed in the HVACR industry a need for a replacement refrigerant that could be substituted for R22 without the need for fitting or retrofitting adaptors, add-in chemicals, or other adjustments and also having a low temperature glide.  There also existed a need to provide a substitute refrigerant product packaged with a lubricating oil to make up for oil loss during substitution.

22.     In recognition of these needs we developed our Choice® R421A product as a two-component blend of refrigerant gases to be an R22 substitute.  To my knowledge and understanding we have the only two-component refrigerant blend that is approved as an R22 substitute.  Further, to my knowledge and understanding we are the only company that includes and uses a lubricating oil as a performance enhancing component packaged together with our two-component refrigerant blend.

23.     Our new refrigerant blend was submitted to the American Society of Heating, Refrigerating, and Air-Conditioning Engineers (ASHRAE) to receive ASHRAE approval and R-number designation, and was approved and designated R421A.  ASHRAE approval and R- number

designation indicates that a refrigerant gas has been reviewed by the industry standards committee and a safety classification has been assigned.

24.    We also applied to the EPA for approval of a particular embodiment of Choice's R421A refrigerant including an additive in the form of a proprietary lubricant under the EPA's Significant New Alternatives Policy (SNAP) Program.   Under the SNAP Program, the EPA evaluates and approves new refrigerants as substitutes for ozone-depleting substances, such as R22, based on a framework involving the potential substitute's atmospheric effects, population exposure assessments, toxicity data, flammability, and other environmental impacts. Within the context of refrigerants, SNAP approval functions to promote the use of acceptable substitutes for ozone-depleting substances.

25.    The EPA approved our Choice® R421A refrigerant and, accordingly, the Choice® R421A refrigerant is an EPA SNAP-approved R22 substitute refrigerant and replacement.[1]

26.    The EPA website has published tables of SNAP-approved substitutes for various applications, including residential and light commercial air conditioning, household refrigerators and freezers, ice skating rinks, industrial process air conditioning, industrial process refrigeration, residential dehumidifiers, refrigerated transport, vending machines, and water coolers, among others.[2] Each of the aforementioned tables lists R421A as a SNAP-approved substitute and indicates "Choice R421A" as the only trade name for this substitute composition.

---

[1] https://www.epa.gov/snap/compositions-refrigerant-blends

[2] https://www.epa.gov/snap/substitutes-residential-and-light-commercial-air-conditioning-and-heat-pumps; https://www.epa.gov/snap/substitutes-household-refrigerators-and-freezers; https://www.epa.gov/snap/substitutes-ice-skating-rinks; https://www.epa.gov/snap/substitutes-industrial-process-air-conditioning; https://www.epa.gov/snap/substitutes-industrial-process-refrigeration; https://www.epa.gov/snap/substitutes-residential-dehumidifiers; https://www.epa.gov/snap/substitutes-refrigerated-transport;

27.     To my knowledge and understanding our R421A refrigerant is the only SNAP approved R22 substitute that consists only of two refrigerant components.   Further, to my knowledge and understanding our Choice® R421A is the only SNAP approved R22 substitute that is packaged with a performance enhancing lubricating oil.

28.     As designated by ASHRAE, R421A refrigerant is a blend of two refrigerant gases consisting of 58% by weight (plus or minus 1%) R125 and 42% by weight (plus or minus 1%) R134a of the total weight of the two refrigerant gases.   R125 is a refrigerant gas known as pentafluoroethane, and R134a is a refrigerant gas known as tetrafluoroethane, in particular 1,1,1,2-tetrafluoroethane.

29.     For any refrigerant to be marketed as R421A refrigerant in accordance with ASHRAE's designated standard, the refrigerant so marketed must include 58% (plus or minus 1%) R125 refrigerant gas and 42% (plus or minus 1%) R134a refrigerant gas, wherein the percentages are based on the combined weights of the two refrigerant gases R125 and R134a totaling 100%.

30.     It is my understanding that for any refrigerant to be marketed as a SNAP-approved R22 substitute, an application must be submitted to and the application must undergo scrutiny and receive approval by the EPA and for an R421A refrigerant to claim SNAP approval it must consist of the same formulation submitted to and approved by the EPA.

31.     In September 2009, I received an award from Contracting Business.com.   Our Choice® R421A refrigerant was "voted #1 in the Contracting Business.com HVAC Comfortech 2009 Product Showcase Awards, in the category of Miscellaneous.   Among all the entries in the

---

https://www.epa.gov/snap/substitutes-vending-machines;
https://www.epa.gov/snap/substitutes-water-coolers

category, the judges felt the product was the most innovative and useful to HVAC contractors who are seeking HVAC controls solutions." (Exhibit 1, attached hereto).

32.    In recognition of our innovative R421A refrigerant blend, the USPTO has issued a number of patents, including US Patents No. 10,703,949 ("the '949 Patent") and No. 8,197,706 ("the '706 Patent"), that are now owned by R421A, LLC.

33.    In or around 2012, Choice and Dynatemp commenced a multi-year relationship for the Choice R421A product in the United States. From about 2012 up to the end of last year, 2019, Defendant Dynatemp, Inc. ("Dynatemp") was a reseller and/or distributor of our Choice® R421A refrigerant.

34.    During this time, I supported Dynatemp's sales and distribution of our Choice® R421A refrigerant by, for example, visiting at their request their customer base, giving at their request technical advice and technical support, marketing and co-marketing support for their promotion and sales of our Choice® R421A refrigerant product.

35.    In about October 2019, I met with Harold B. ("Brad") Kivlan, IV, CEO and Chief Financial Officer of Dynatemp International, Inc. ("Dynatemp") and Dave Couchot, President of FluoroFusion Specialty Chemicals, Inc. ("FluoroFusion"). During that meeting, Mr. Couchot demanded a renegotiation of the distribution relationship between Choice and Dynatemp. Mr. Couchot bluntly stated: "We are going to make your product and pay you a royalty." I interpreted his statement as a demand that they be granted a license under our patents covering the Choice® R421A patents, with new terms that were much more favorable to Dynatemp, at Choice's expense.

36.    I responded to Mr. Kivlan and Mr. Couchot advising them that I was not willing to accept their terms.

37.     I understood Mr. Couchot to reiterate their demands in an e-mail to me on February 25, 2020, with the comment, "Let me know if you want to get together and try to work something out because continuing down this path only opens you up to the Chinese coming after you next and this is not in anyone's best interest."

38.     After the meeting in October 2019, we quit selling our Choice® R421A refrigerant to Defendants for their resale and engaged different distributors for our Choice® R421A product.

39.     Defendants are now offering and promoting a refrigerant product under the brand name Dynatemp R421A also as a two-component refrigerant substitute for R22 refrigerant in direct competition against our Choice® R421A refrigerant.  Moreover, Defendants are now the only company other than us to offer an R22 refrigerant substitute that is packaged with a lubricating oil for performance enhancement.

40.     I understand the Dynatemp R421A refrigerant product is supplied in cannisters to Dynatemp by FluoroFusion.

41.     Dynatemp is promoting the Dynatemp R421A product as an "R22 retrofit" on its website (Exhibit G to Motion for Preliminary Injunction), along with a Safety Data Sheet (SDS) (Exhibit H to Motion for Preliminary Injunction).  Dynatemp's Safety Data Sheet states that the Dynatemp R421A product is a blend of two refrigerant gases consisting of 58% pentafluoroethane (R125) and 42% 1,1,1-2 tetrafluoroethane (R134a).

42.     Defendants' Dynatemp R421A refrigerant product falls within a number of claims of our US Patent No. 10,703,949, which issued July 7, 2020, and also a number of claims of our US Patent No. 8,197,706.  Defendants' Dynatemp R421A™ refrigerant product directly falls within the wording of at least claims 14, 15, 16 and 18 and indirectly at least claims 1, 2, 4-8, 10, 11 and 13 of our US Patent No. 10,703,949 (the '949 Patent) and also directly within the wording

of at least claims 17 and 18 and indirectly within claims 1, 2 and 9 of our US Patent No. 8,197,706. Claim charts spelling out the infringement of the independent claims by Defendants are attached as Exhibits 2 and 3, respectively.

43.    Furthermore, Defendants, through their customers, are promoting and selling their Dynatemp R421A product using images of our Choice® R421A product packaging.  For example, Johnstone Supply, that I understand is a customer of Dynatemp and FluoroFusion, is offering and promoting the sale of R421A refrigerant on its website (Exhibits L, M to Motion for Preliminary Injunction) as an "R22 Alternative," such as on the web pages in Exhibits L, M that have the header "B77-208 | Dynatemp | R421A-25 | Johnstone Supply" prominently displaying images of Choice's R421A trade dress packaging displaying Choice's registered trademarks Choice® and THE EASY CHOICE® with the label "Brand: Dynatemp," and on the web page for Southern Pipe (Exhibit N to Motion for Preliminary Injunction), that I understand is another customer of Dynatemp and FluoroFusion, also displaying an image of Choice's R421A trade dress packaging displaying the Choice® trademark with the label "Dynatemp International R421A" and lower on the page stating "Mfg. Name Dynatemp International."

44.    Our Choice® R421A refrigerant is neither a Dynatemp brand, nor is it manufactured by Dynatemp.

45.    I have reason to believe that Johnstone Supply corporate and Southern Pipe do not have inventory of our Choice® R421A product to sell.

46.    Defendants' promotion and sale of the Dynatemp R421A puts our reputation and goodwill at risk, where we are unable to control the safety and quality of the Dynatemp R421A product and, further, it is confusing to the market.

47.     Our sales of our R421A refrigerant have dropped significantly this year as a result of Defendants' actions.  Our sales of our Choice® R421A product have dropped millions of dollars as compared to the same period in 2019.  The drop in our sales of our Choice® R421A product this year exceeds the amount our sales of Choice® R421A product to Dynatemp for the same period in 2019.

48.     Defendants now directly compete with us for sales of R22 substitute refrigerant gas blends. It is my understanding that Choice and Defendants are the only entities in the marketplace now offering R421A refrigerant, let alone, as an R22 substitute and are the only entities offering a two-component refrigerant gas blend as an R22 substitute.

49.     When we originally introduced our novel two-component R22 substitute, we were a pioneer in the field and the first to offer such a two-component solution.  Dynatemp, as a distributor of Choice® R421A, was able to create a relationship with purchasers of the R421A product by selling the Choice® R421A product with my assistance.

50.     Because we are having to compete against the Dynatemp R421A product the profitability and margins of our sales of Choice® R421A product and the sales by our distributors are being eroded.  In particular, Defendants have attempted to undercut the price for our Choice® R421A product.  We have had to drop the distributor price of our R421A product in the range of about 7% - 15% and our wholesale price in some cases by about 18%-19%, as a result of their conduct.

51.     The Choice® R421A product is the core of our business, accounting for 100% of Plaintiff R421A, LLC's refrigerant sales revenues.

I hereby declare that all statements made herein of my own knowledge are true and that all statements made on information or belief are believed to be true; and further that these statements were made with the knowledge that willful false statements and the like so made are punishable by fine or imprisonment, or both, under Section 1001 of Title 18 of the United States Code.

Respectfully submitted, this 28 day of October, 2020.

By: _Kenneth M Ponder_

Kenneth M. Ponder

# Exhibit K –
Docket Entry 29:
October 23, 2020,
Consolidation Order
(Appx209 – Appx220)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | | |
|---|---|---|
| DYNATEMP INTERNATIONAL, INC.<br>and FLUOROFUSION SPECIALTY<br>CHEMICALS, INC., | ) <br> ) <br> ) <br> ) | |
| Plaintiffs, | ) <br> ) | |
| v. | ) <br> ) | No. 5:20-CV-142-FL |
| RMS OF GEORGIA, LLC d/b/a Choice<br>Refrigerants and LENZ SALES &<br>DISTRIBUTING, INC., | ) <br> ) <br> ) <br> ) | |
| Defendants. | ) <br> ) | |

- - -

| | | |
|---|---|---|
| R421A LLC d/b/a Choice Refrigerants, | ) <br> ) | |
| Plaintiffs, | ) <br> ) | |
| v. | ) <br> ) | No. 5:20-CV-147-FL |
| DYNATEMP INTERNATIONAL, INC.;<br>HAROLD B. KIVLAN, IV; WILLIAM<br>GRESHAM; FLUOROFUSION<br>SPECIALTY CHEMICALS, INC.; and<br>DAVID COUCHOT, | ) <br> ) <br> ) <br> ) <br> ) | |
| Defendants. | ) <br> ) | |

**ORDER**

The above-captioned related cases, Nos. 5:20-CV-142-FL (the "142 case") and 5:20-CV-147-FL (the "147 case"), are before the court upon filing of joint reports and plans in each case,

setting forth proposed unified plan for discovery and case scheduling, and including a request for consolidation of the two instant cases.[1]

Pursuant to Federal Rule of Civil Procedure 26(f), the following parties conducted pretrial conferences by telephone on September 29, 2020. Dynatemp and FluoroFusion appeared through counsel Robert J. Morris and Edward R. Roney; and RMS of Georgia, LLC ("RMS") appeared through counsel Todd Deveau and David S. Wisz in the 142 case.[2] In the 147 case, Dynatemp, FluoroFusion, Harold B. Kivlan, IV ("Kivlan"), William Gresham ("Gresham"), and David Couchot ("Couchot") appeared through counsel Robert J. Morris and Edward R. Roney; and R421A LLC ("R421A") appeared though counsel Todd Deveau and T. Cullen Stafford.

A.     Consolidation

In their joint reports, the parties request that the court consolidate the instant matters, where they involve common questions of law and fact and "arise from the same general dispute between the various parties concerning their interactions involving a refrigerant product known as R-421A." (142 case (DE 22) at 3-4; 147 case (DE 40) at 2). Under Federal Rule of Civil Procedure 42, the court may "consolidate the actions," with or without a motion by the parties, "[i]f the actions before the court involve a common question of law or fact," and "issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a).

---

[1] Also pending in the 142 case are motions to dismiss (DE 23, 24) by plaintiffs Dynatemp International, Inc. ("Dynatemp"), and FluoroFusion Specialty Chemicals, Inc. ("FluoroFusion"), which motions are not ripe for ruling, and motion for extension of time to file answer (DE 28) by defendant Lenz Sales and Distributing, Inc. ("Lenz"), which motion shall be addressed by separate order.

[2] On September 25, 2020, Dynatemp and FluoroFusion amended their complaint in the 142 case, naming Lenz as a defendant, and dropping formerly-named defendants T.T International Co., Ltd, BMP USA, Inc. and IGAS USA, Inc. The parties indicate that Lenz was not served until after the Rule 26(f) conference, on October 5, 2020. (See 142 case (DE 22) at 1-2). As such, Lenz did not attend the Rule 26(f) conference or participate in preparing a joint report and plan. Lenz, or any other party who later appears in this action, is bound by this case management order unless otherwise ordered by the court.

In this case, the instant related actions involve common questions of law and fact. The parties have demonstrated efficiencies in coordinated discovery and case scheduling accruing from consolidation. In addition, where claims against recently-added defendant Lenz in the 142 case are related to the other claims in the related cases, the court finds no prejudice to Lenz arising from consolidation. Therefore, the court hereby CONSOLIDATES in all respects the above-captioned matters into one case, designating case 142 as the repository for filings in the consolidated case.

The clerk is DIRECTED to re-file in case 142 all the filings made previously in case 147 and then to CLOSE administratively the case file in case 147. Thereafter, the parties shall make all filings only in this consolidated case 142. The following terms of the court's case management order, as set forth herein, shall govern the consolidated case for all purposes.

B.      Discovery

    1.      The parties shall exchange by **October 27, 2020**, the information required by Federal Rule of Civil Procedure 26(a)(1).

    2.      Discovery will be necessary on the following subjects: reference is made to the discovery proposed to be undertaken in the parties' joint reports and plans.

    3.      Fact discovery shall be completed **within 90 days** after the court's order on claim construction.

    4.      Disclosure of any advice of counsel tendered in defense to a charge of willful infringement shall occur **60 days** after the court's order on claim construction.

    5.      The court incorporates herein by reference the parties' agreements regarding discovery of electronically stored information and privileged materials, set forth at sections C(8) and C(10) of the joint reports and plans.

3

Appx211

6.    Dynatemp, FluoroFusion, Kivlan, Gresham, and Couchot, collectively shall serve no more than 35 interrogatories, including all discrete subparts.  RMS, Lenz, and R421A, collectively shall serve no more than 35 interrogatories, including all discrete subparts.  Responses are due 30 days after service of those interrogatories.

7.    Dynatemp, FluoroFusion, Kivlan, Gresham, and Couchot, collectively shall serve no more than 35 requests for admission. RMS, Lenz, and R421A, collectively shall serve no more than 35 requests for admission.  These limits do not include requests for admission for authentication of documents, which are not limited.  Responses are due 30 days after service of those requests for admissions.

8.    Dynatemp, FluoroFusion, Kivlan, Gresham, and Couchot, collectively, shall take no more than 12 depositions of fact witnesses, including party and non-party.  RMS, Lenz, and R421A, collectively, shall take not more than 12 depositions of fact witnesses, including party and non-party.  The parties may depose disclosed experts, and any such depositions of disclosed experts shall not count against the limit on the number of depositions.  A deposition taken under Rule 30(b)(6) shall be considered a single deposition, regardless of the number of individuals the responding party designates to testify.

9.    Each deposition shall be limited to 7 hours in length on a single day, unless otherwise agreed by the parties, except that Rule 30 (b)(6) depositions shall be limited to 12 hours in length on two consecutive days.

10.   Disclosures required by Federal Rule of Civil Procedure 26(a)(2), including reports from retained experts, shall be served by the party bearing the burden of proof on an issue **within 120 days** of the court's order on claim construction, and by the

4

rebutting party **within 150 days** of the court's order on claim construction. Disclosures and reports by any rebuttal experts shall be served **within 170 days** of the court's order on claim construction. The parties shall serve any objections to such disclosures, other than objections pursuant to Federal Rules of Evidence 702, 703, or 705, <u>Daubert v. Merrell Dow Pharmaceuticals, Inc.</u>, 509 U.S. 579 (1993), <u>Kumho Tire Co. v. Carmichael</u>, 526 U.S. 137 (1999) or similar case law, **within 14 days** after service of the disclosures upon them. These objections should be confined to technical objections related to the sufficiency of the written expert disclosures (e.g., whether all of the information required by Rule 26(a)(2) has been provided, such as lists of prior testimony and publications). These objections need not extend to the admissibility of the expert's proposed testimony. If such technical objections are served, counsel shall confer or make a reasonable effort to confer before filing any motion based on those objections.

11.   Expert witness depositions shall commence not earlier than **180 days** after the court's order on claim construction and shall terminate **240 days** after the court's order on claim construction.

12.   Supplementations of disclosures under Federal Rule of Civil Procedure 26(e) shall be served at such times and under such circumstances as required by the rule. In addition, such supplemental disclosures shall be served **within 15 days** of the court's order on claim construction except with respect to rebuttal experts. The supplemental disclosures served 75 days before the deadline for completion of fact discovery must identify the universe of all witnesses and exhibits that probably or even might be used at trial other than solely for impeachment. The rationale for the

5

mandatory supplemental disclosures 75 days before the fact discovery deadline is to put opposing counsel in a realistic position to make strategic, tactical, and economic judgments about whether to take a particular deposition (or pursue follow-up "written" discovery) concerning a witness or exhibit disclosed by another party before the time allowed for discovery expires. Counsel should bear in mind that seldom should anything be included in the final Rule 26(a)(3) pretrial disclosures that has not previously appeared in the initial Rule 26(a)(1) disclosures or a timely Rule 26(e) supplement thereto; otherwise, the witness or exhibit probably will be excluded at trial. See Fed. R. Civ. P. 37(c)(1).

13.     A disclosure of asserted claims and preliminary infringement contentions and accompanying documents pursuant to Local Patent Rule 303.1 and 303.2 shall be served by R421A by **November 13, 2020.** Each party opposing a claim of patent infringement (hereinafter "opposing patent party") shall serve on all parties its preliminary non-infringement and invalidity contentions and accompanying documents pursuant to Local Patent Rule 303.3 and 303.4 by **January 11, 2021.** R421A and any opposing patent party shall exchange the proposed terms and claim elements for construction pursuant to Local Patent Rule 304.1 by **February 9, 2021**. R421A and any opposing patent party shall exchange preliminary claim constructions and extrinsic evidence pursuant to Local Patent Rule 304.2 by **March 9, 2021**.

14.     The parties shall have substantially completed initial document production and exchanged initial privilege logs by **March 15, 2021.**

15.     R421A and any opposing patent party shall file a joint claim construction statement pursuant to Local Patent Rule 304.3 by **March 26, 2021**. All claim construction discovery shall be completed by **April 28, 2021**. Opening briefs on claim construction shall be filed by **May 14, 2021**. Responsive briefs shall be filed by **June 16, 2021**.

16.     To avoid the filing of unnecessary motions, the court encourages the parties to utilize stipulations regarding discovery procedures. However, this does not apply to extensions of time that interfere with the deadlines to complete all discovery, for the briefing or hearing of a motion, or for trial. See Fed. R. Civ. P. 29. Nor does this apply to modifying the requirements of Federal Rule of Civil Procedure 26(a)(2) concerning experts' reports.

17.     Discovery in this case may be governed by a protective order. If the parties disagree concerning the need for, and/or the scope or form of, a protective order, the party or parties seeking such an order shall file an appropriate motion and supporting memorandum. If the parties agree concerning the need for and scope and form of a protective order, their counsel shall confer and then submit a jointly proposed protective order as soon as is practicable.

   a.     A jointly proposed protective order shall include, in the first paragraph, a concise but sufficiently specific recitation of the particular facts in this case that would provide the court with an adequate basis upon which to make the required finding of good cause for issuance of the protective order pursuant to Federal Rule of Civil Procedure 26(c).

b.      Any proposed protective order shall set out the procedure for filing under

seal confidential documents, things, and/or information, pursuant to the

requirements of <u>Stone v. University of Maryland Medical System Corp.</u>,

855 F.2d 178, 180-181 (4th Cir. 1988).  Specifically, a proposed protective

order shall include the following language: "Each time a party seeks to file

under seal confidential documents, things, and/or information, said party

shall accompany the request with a motion to seal and a supporting

memorandum of law specifying (a) the exact documents, things, and/or

information, or portions thereof, for which filing under seal is requested; (b)

where it is necessary for the court to determine the source of the public's

right to access before a request to seal may be evaluated, whether any such

request to seal seeks to overcome the common law or the First Amendment

presumption to access; (c) the specific qualities of the material at issue

which justify sealing such material, taking into account the balance of

competing interests in access; (d) the reasons why alternatives to sealing are

inadequate; and, (e) whether there is consent to the motion.  Finally, in

addition to the motion and supporting memorandum, said party must set out

such findings in a proposed order to seal for the court."

c.      Before ruling on any motion to seal the court will give the public notice of

the motion and a reasonable opportunity to challenge it. While individual

notice is unwarranted, the court will docket the motion reasonably in

advance of deciding the issue, or, where applicable, the court will notify

persons present in courtroom proceedings of the motion.  The court will rule

8

favorably upon any motion to seal only after carefully weighing the interest advanced by the movant and those interests favoring public access to judicial documents and records, and only upon finding that the interests advanced by the movant override any constitutional or common law right of public access which may attach to the documents, things, and/or information at issue.

d.    The parties are directed to Section V.G. of the court's Electronic Case Filing Administrative Policies and Procedures Manual, available online at http://www.nced.uscourts.gov/pdfs/cmecfPolicyManual.pdf,                for information regarding how to file and serve sealed documents through the court's Case Management/ Electronic Case Filing system ("CM/ECF").

C.    Motions

1.    Any motion requesting relief shall be accompanied at time of filing with a proposed form of order, stating its requested relief.

2.    Any motion for leave to join additional parties or to otherwise amend the pleadings shall be filed by **April 15, 2021**.

3.    All potentially dispositive motions shall be filed **within 270 days** of this court's order on claim construction. All motions to exclude testimony of expert witnesses pursuant to Federal Rules of Evidence 702, 703, or 705, <u>Daubert v. Merrell Dow Pharmaceuticals, Inc.</u>, 509 U.S. 579 (1993), <u>Kumho Tire Co. v. Carmichael</u>, 526 U.S. 137 (1999), or similar case law, shall be filed by the deadline set for dispositive motions.[3] In conjunction with any such motion to exclude expert testimony or

---

[3]    Given the court's specific directives expressed herein, allowance by the Local Civil Rules for filing of motions in limine in advance of trial does not provide a renewed opportunity in this case to file motions to exclude

9

response thereto, the parties shall include where available all materials associated with the challenged expert, including resumes, reports, depositions, and objections to qualifications.

4.    Any motion raising a disputed issue of or relating to discovery, including any disputed motion to compel, for protective order, or to alter discovery requirements set forth herein (hereinafter, "discovery motions"), shall be filed and served within 30 days of the act or omission in discovery complained of, after good faith effort between the parties to resolve issue(s), unless upon good cause shown, time for filing such motion is extended.  Before filing, the court requires notice of such disputed discovery issue(s) for its consideration in setting a telephonic discovery conference.  The complaining party must notify the office of the case manager, by telephone at (252) 638-8534, of the discovery dispute, and provide the parties' mutually agreed to suggested dates and times for such conference.  The complaining party then will be instructed by the case manager how to transmit discovery material directly bearing on the particular dispute(s), either by facsimile or email, to the court for its preview.  Any material provided to the court shall be copied to the opposition.  If the opposing party is desirous of supplementing discovery material for the court, counsel similarly shall contact the case manager by telephone, for transmittal instruction. The case manager promptly will notify counsel by email as to any conference setting. Discovery motions filed after the 30 day deadline and/or without advance conference with the court, absent extenuating

---

testimony of expert witnesses, absent showing that issues raised in motions in limine could not have been raised at the time of deadline for filing dispositive motions.

10

circumstances, summarily will be denied.  Discovery motions ordinarily will be referred to a magistrate judge for ruling.

6.    Any motion to continue must conform with the requirements set forth in Local Civil Rule 6.1, and also include a detailed statement as to the reason for the requested continuance or extension of time together with the proposed order.  Continuances will be granted only upon showing of good cause, particularly focusing upon the evidence of diligence by the party seeking delay and of prejudice that may result if the continuance is denied.

C.    Alternative Dispute Resolution ("ADR")

1.    A settlement procedure is required in virtually every case, to be conducted before the close of discovery if the case is automatically selected for mediation pursuant to Local Alternative Dispute Rule 101.1a(b), or before the final pretrial conference if not automatically selected.

2.    This case has been automatically selected for mediation.  Reference is made to Local Alternative Dispute Rule 101.1 et seq. for required deadlines.  In addition, the parties have stipulated to the following: the parties intend to select a mediator and will advise the court of the selection within the time specified in Local Civil Rule 101.1c.

3.    If at any time a settlement is reached, it shall be reported immediately to this court. The parties shall refer to Local Alternative Dispute Rule 101.1e for their specific obligations.

D.    Other Matters

1.  At the close of briefing on claim construction on **June 16, 2021**, the parties are directed to file a joint report wherein the parties shall propose three alternative dates of availability for the claim construction hearing. The report shall also notify the court whether the parties plan to elicit live testimony at hearing and which parties shall present first.

2.  **Within 14 days** of the court's order on claim construction, the parties shall file a proposed order setting forth dates certain for case management deadlines, consistent with the terms herein.

E.  Pretrial and Trial Scheduling

After the court has ruled on any dispositive motion(s), the court will enter a scheduling order governing deadlines and procedures for final pretrial conference and trial, as appropriate.

This case management order shall not be modified except by leave of court upon a showing of good cause, and all requirements set forth in the court's Local Civil Rules governing pretrial and trial procedures not altered herein shall be strictly observed.

SO ORDERED, this the 23rd day of October, 2020.


LOUISE W. FLANAGAN
United States District Judge

FORM 30. Certificate of Service

Form 30
July 2020

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## CERTIFICATE OF SERVICE

**Case Number** _____

**Short Case Caption** _____

> **NOTE:** Proof of service is only required when the rules specify that service must be accomplished outside the court's electronic filing system.  See Fed. R. App. P. 25(d); Fed. Cir. R. 25(e).  Attach additional pages as needed.

I certify that I served a copy of the foregoing filing on  August 16, 2024

by  ☑ U.S. Mail    ☐ Hand Delivery    ☐ Email    ☐ Facsimile
     ☐ Other: _____

on the below individuals at the following locations.

| Person Served | Service Location (Address, Facsimile, Email) |
|---|---|
| Allison Mullins | Mullins Duncan Harrell & Russell/Turning Point Litigation<br>300 N. Greene St., Suite 200, Greensboro, NC 27401<br>Fax: 336-645-3330; Email: amullins@turningpointlit.com |
| Stephen McDaniel Russell , Jr. | Mullins Duncan Harrell & Russell/Turning Point Litigation<br>300 N. Greene St., Suite 200, Greensboro, NC 27401<br>Fax: 336-645-3330; Email: srussell@mullinsduncan.com |
| Emily M. Haas | Michael Best & Friedrich LLP<br>4509 Creedmoor Road, Ste 501, Raleigh, NC 27612<br>Fax: 877-398-5240; Email: emhaas@michaelbest.com |
| Jon R. Trembath | Michael Best & Friedrich LLP<br>675 15th St., Suite 2000, Denver, CO 80202<br>Fax: 877-398-5240; Email: jrtrembath@michaelbest.com |
| Michael Ryan Laing | Michael Best & Friedrich LLP<br>790 N Water Street, Suite 2500, Milwaukee, WI 53202<br>Fax: 414-277-0656; Email: michael.laing@michaelbest.com |

☑  Additional pages attached.

Date: August 16, 2024

Signature:  /s/ Joseph W. Staley

Name:  Joseph W. Staley

**UNITED STATES COURT OF APPEALS**
**FOR THE FEDERAL CIRCUIT**

**<u>CERTIFICATE OF SERVICE (FORM 30) – Additional Page</u>**

| Person Served | Service Location (Address, Facsimile, Email) |
|---|---|
| Robin Jackson | Michael Best & Friedrich LLP<br>675 15th St., Suite 2000, Denver, CO 80202<br>Fax: 877-398-5240; Email: rajackson@michaelbest.com |
| William John Cathcart, Jr. | Brown Crump Vanore & Tierney<br>805 Oberlin Road, Suite 330, Raleigh, NC 27605<br>Fax: 919-835-0915; Email: jcathcart@bcvtlaw.com |
| Noelle Kathleen Demeny | Brown Crump Vanore & Tierney<br>805 Oberlin Road, Suite 330, Raleigh, NC 27605<br>Fax: 919-835-0915; Email: ndemeny@bcvtlaw.com |
| United States District Judge Louise W. Flanagan | c/o Sandra Collins<br>United States Courthouse<br>413 Middle Street, New Bern, NC 28560<br>Fax: 252.638.1529 |

**FORM 19. Certificate of Compliance with Type-Volume Limitations**

Form 19
July 2020

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATIONS

**Case Number:** _____

**Short Case Caption:** _____

> **Instructions:** When computing a word, line, or page count, you may exclude any items listed as exempted under Fed. R. App. P. 5(c), Fed. R. App. P. 21(d), Fed. R. App. P. 27(d)(2), Fed. R. App. P. 32(f), or Fed. Cir. R. 32(b)(2).

The foregoing filing complies with the relevant type-volume limitation of the Federal Rules of Appellate Procedure and Federal Circuit Rules because it meets one of the following:

☑ the filing has been prepared using a proportionally-spaced typeface and includes _4774_____ words.

☐ the filing has been prepared using a monospaced typeface and includes _____ lines of text.

☐ the filing contains _____ pages / _____ words / _____ lines of text, which does not exceed the maximum authorized by this court's order (ECF No. _____).

Date: _August 16, 2024_    Signature: _/s/ Joseph W. Staley_____

Name: _Joseph W. Staley_____

Save for Filing